UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                                Case Number 20-13293

v.                                           Honorable David M. Lawson

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

               Defendant.

_____/

## **CONSENT DECREE**

The government has filed a civil complaint, and the parties have submitted a proposed consent decree stating their stipulation to the following facts and circumstances.

The defendant union acknowledges that there have been criminal convictions, allegations, sworn testimony, and judicial findings of past problems with fraud, corruption, and criminal conduct by certain officials within the UAW and certain of its related entities. By bringing certain criminal prosecutions and related proceedings, the United States has halted and punished past fraud, corruption, and criminal conduct, and the parties enter into this agreement to ensure that no further unlawful activity occurs.

The United States and the UAW agree that it is imperative that the UAW, as one of the largest trade unions in the world, be free of such criminal conduct, that every aspect of the operations of the UAW and its constituent entities be conducted with integrity and for the benefit of its members, and that UAW members be able to democratically participate in their union's affairs as guaranteed by the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, *et seq.* The parties agree that further cooperative efforts, subject to judicial

supervision and assistance as outlined in this consent decree, are necessary and appropriate.

The United States and the UAW agree that honest and duly-elected officials of the UAW are the best equipped to collectively bargain on behalf of its members and to enforce said agreements vigorously and aggressively. To that end, the United States and the UAW agree that the UAW shall continue to negotiate and administer its collective bargaining agreements absent oversight or approval from the United States government, except as may be necessary to ensure the elimination of fraud, corruption, or illegal conduct. The parties agreed to the filing of the complaint in this case seeking equitable relief under 18 U.S.C. § 1345(b), 28 U.S.C. § 1651, and Fed. R. Civ. P. 65, and to the contemporaneous issuance of this decree. The parties agree that the Court has exclusive subject matter jurisdiction over the claims in this matter under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331, 1345, that the Court has personal jurisdiction over the parties, and that it should retain jurisdiction to enforce the terms of the decree. They further concur that venue is proper in this district under 28 U.S.C. § 1391.

Accordingly, pursuant to the consent of the parties and the order granting their joint motion for entry of a consent decree entered on this date, all of the following are **ORDERED, ADJUDGED, AND DECREED**.

## A.    JURISDICTION AND VENUE

1.      The Court finds that it has subject matter jurisdiction over the claims and personal jurisdiction over the parties, and that it is appropriate for the Court to retain jurisdiction in this matter to enforce the terms of this consent decree for the duration of the term specified herein.

2.      If the Court-Approved Monitor and Adjudications Officer described below (the Monitor and Adjudications Officer will be referred to collectively herein as the "Officers"), any party, or other person or entity files a separate action pursuant to this decree, the parties must

designate such action a related action pursuant to the Rules of this Court.  The Court shall have exclusive jurisdiction to decide any and all issues and disputes arising from the interpretation or application of this decree until further order of the Court.  Subject to court approval, the United States shall have the right to intervene as a party in any dispute regarding any interpretation or application of this decree.

3.     This consent decree is binding upon the UAW and its constituent entities and all current and future officers, agents, employees, representatives, members, and persons holding positions of trust in the UAW and its constituent entities or any employee benefit plan, labor-management cooperation committee, and voluntary employee beneficiary association in which such persons act on behalf of the UAW or its constituent entities.  For the purposes of this decree, the term "constituent entity" includes any joint council, committee, bargaining council, district council, region, community action program, national department, public review board, or any subordinate body of the UAW International Union.  Officers of UAW local unions who are members of the UAW also shall be subject to the disciplinary mechanisms set forth herein.

4.     The Court shall retain jurisdiction to enforce the terms of this consent decree **through January 12, 2027**.  On or before that date, any party may file an appropriate motion with the Court to extend the term of the decree, showing good grounds why further Court supervision is required.  No party is entitled to costs under this Consent Decree.

## B.     <u>DURATION</u>

5.     The authority of the Officers established below shall be in effect for six years, beginning from the date the Court approves appointment of all the Officers.

6.     Some or all of the Officers' powers may be terminated early if (1) all parties and the United States Secretary of Labor (or his or her designee) approve the early termination or a

party with the support of the Monitor moves the Court for early termination; and (2) after full consideration, the Court approves the early termination of some or all powers.

7.      Some or all of the Officers' powers, and this consent decree, may be extended beyond the six year term if (1) all parties and the United States Secretary of Labor (or his or her designee) approve the extension, or a party with the support of the Monitor moves the Court for an extension; and (2) the Court approves the extension of some or all powers.

### C.      UAW MEMBERSHIP VOTE ON DIRECT ELECTIONS

8.      Within six months after appointment of the Monitor, the UAW shall hold a secret ballot vote (a referendum) by all UAW members concerning the method and procedures for the election of the members of the IEB.  Specifically, the UAW membership shall vote whether to keep the current method for electing members to the IEB or, instead, the method should be changed to a direct election, sometimes referred to as "one member, one vote," by which each UAW member shall directly elect the IEB.

9.      The UAW agrees that the United States Department of Labor, Office of Labor-Management Standards ("OLMS") shall, upon request of the Monitor, assist the Monitor in administering the UAW membership vote on the referendum described above to ensure it is conducted consistent with the standards applicable to the officer election provisions established in Title IV of the LMRDA.

10.     The Monitor and the UAW shall develop the rules, method, and ballot language to be used in the referendum, and shall obtain approval from OLMS for those rules, method and ballot language prior to conducting the referendum.

11.     At the conclusion of the referendum, the Monitor will prepare a report summarizing the results and provide it to OLMS for approval.  If OLMS is satisfied that the referendum was

properly conducted and that no violation of the rules may have affected the outcome thereof, the report shall be filed with the Court for final approval. If OLMS fails to endorse the referendum results, it shall state the basis and reasons for its decision in writing not later than 14 days after the results of the referendum are provided to it and provide that to the parties; and the parties may appeal that OLMS decision to the Court. If the Court finds, by clear and convincing evidence (or other standard of proof that is required by law), that the referendum was not properly conducted and that a violation of the rules may have affected the outcome thereof, a new referendum will be held as soon as practicable thereafter using the same provisions and methodology described herein.

12. If the membership of the UAW chooses the "one member, one vote" principle through the referendum, the UAW Constitution shall be amended to incorporate that principle with respect to its IEB elections prior to the next IEB elections taking place at or following the next UAW Constitutional Convention in June 2022. In such case, the Monitor will promptly confer with the UAW to draft language amending the UAW Constitution affirming the "one member, one vote" principle for inclusion in the UAW Constitution at the next UAW Constitutional Convention.

13. If the membership of the UAW chooses the "one member, one vote" principle through the referendum, the Monitor, in consultation with the UAW, shall develop all election rules and methods for the election of members of the IEB during the period of oversight. Without regard to the method of election – delegate election or direct election – nothing in this consent decree will eliminate or limit a union member's right to seek relief from the Secretary of Labor and OLMS pursuant to the LMRDA, 29 U.S.C. § 401, *et seq.*

### D.   CHANGES IN THE UAW CONSTITUTION

14. Article 19 of the UAW Constitution shall continue to remain and require all collective bargaining agreements and other agreements negotiated with Employers be reduced to

writing and made available to the UAW membership, and the UAW will further make those written products available to its membership on its website along with the entire contents of the National Agreements.  This includes all agreements, modifications, alterations, hand-shake agreements or interpretations of National Agreements.  Modifications or alterations agreed to between the UAW and an employer that do not significantly alter the terms of a National Agreement are not subject to this requirement.  At the request of any member of the organization with demonstrable cause to believe otherwise, the UAW shall review and affirm that all modifications to a National Agreement, including any unpublished letters, unpublished letter agreements, or side agreements, have been reduced to writing and made publicly available.

15.    Article 31 of the UAW Constitution specifically provides for the filing and consideration of charges that any member of the UAW has violated the UAW Constitution or has engaged in conduct unbecoming a member of the UAW.   The UAW affirms that violations of the UAW Constitution or conduct unbecoming a member or officer of the UAW have been, are currently, and remain, valid bases for charges under Article 30 of the UAW Constitution. In addition to any means currently available to initiate charges under Article 30, the UAW Constitution shall be amended to provide that such charges may be prepared by means of a written affidavit signed by a Local Union member or members in good standing and whose propriety for trial is affirmed by (a) his/her/their respective local union(s) by a majority vote of the members in good standing attending a special membership meeting held for that purpose, and (b) by a majority vote of the members in good standing of at least five other local unions at a special membership meeting held for that purpose.  In the case of charges against an IEB member who is elected by region (e.g., Regional Directors), all Local Unions involved in initiating/affirming such charges must be within the region from which the IEB member is elected.   In case of such charges against

an International Officer or IEB Member subject to Article 30, the charges shall be referred to the Monitor for review and consideration of possible disciplinary action described in this consent decree. It is understood that the Monitor can bring any type of misconduct or disciplinary charge under this consent decree without requiring the concurrence of any Local Union member or the support of any local union.

16.     The UAW Constitution shall be amended, as set forth in this decree, at the next regularly-scheduled UAW Constitutional convention scheduled in June 2022. The UAW and its IEB hereby agree that the terms of this consent decree govern any provision of the UAW Constitution which may be inconsistent with the terms of this decree.

17.     By no later than the conclusion of the next UAW convention and before its next election of UAW IEB members, the UAW shall have formally amended the UAW Constitution to incorporate all of the terms set forth in this decree by presenting said terms to the Convention delegates for approval. If the UAW has not formally so amended the UAW Constitution by the end of the 38th Convention, the United States retains the right to seek any appropriate action, including enforcement of this decree, contempt, or reopening this litigation.

## E.     INJUNCTIVE PROHIBITIONS

18.     The UAW and its constituent entities, the IEB, and all current and future officers, agents, employees, representatives, and persons holding positions of trust in the UAW and its constituent entities, as well as all current and future members of the UAW and its constituent entities **ARE HEREBY PERMANENTLY ENJOINED** from:

a.     Committing any Criminal Activity (defined below);

b.     Knowingly associating with a barred person, except when associating with a barred person for the purpose of providing bona fide union representation to persons

covered by paragraph 20(b) below;

  c. Knowingly permitting any barred person from exercising any control or influence, directly or indirectly, in the conduct and affairs of the UAW, its constituent entities, or an employee benefit plan, labor management cooperation committee or voluntary employee beneficiary association affiliated with the UAW or its constituent entities; and

  d. Obstructing or otherwise interfering, directly or indirectly, in any way or degree, with the work of the Officers or his/her/their designated agents and representatives.

19. The term "Criminal Activity" means violations of federal law, including, but not limited to:

  a. mail fraud, in violation of 18 U.S.C. § 1341;

  b. wire fraud, in violation of 18 U.S.C. § 1343;

  c. honest services mail or wire fraud, in violation of 18 U.S.C. § 1346;

  d. any type of mail or wire fraud that would also constitute embezzlement of union funds, in violation of 29 U.S.C. § 501;

  e. honest services mail or wire fraud that would also constitute the acceptance of illegal Taft-Hartley payments under 29 U.S.C. § 186;

  f. conspiracy to defraud the United States or any agency thereof, in violation of 18 U.S.C. § 371;

  g. any violations of 18 U.S.C. § 1001 in any of the UAW's filings with any agency of the United States government; and

  h. conspiring to commit any of the above referenced offenses.

20. The term "barred person" shall include:

a.      the following named individuals: Gary R. Jones, Dennis D. Williams, Joseph J. Ashton, Norwood H. Jewell, Vance R. Pearson, Michael X. Grimes, Edward N. Robinson, Jeffrey X. Pietrzyk, Nancy Johnson, Virdell King, and Keith Mickens;

b.      any convicted individual currently prohibited from serving in an office or employment by 29 U.S.C. § 504 or 29 U.S.C. § 1111;

c.      any person enjoined from serving in a prohibited position or employment with a labor organization, employer association, employee benefit plan or as a consultant to such organizations;

d.      any person who is a member of a criminal group designated by the Federal Bureau of Investigation; and

e.      any person designated by the Monitor under the process outlined in this decree.  Any person designated as a barred person under this subsection has the right to seek review of that designation before the Adjudications Officer, with a right to appeal that decision to the Court.

21.     The term "knowingly associating" shall mean that: (a) an enjoined party knew or should have known that the person with whom he or she was associating is a barred person described above; and (b) the association was more than fleeting or casual. Nothing in this paragraph or the preceding paragraph shall preclude: (i) an enjoined party from meeting or communicating with a person who is an employer, agent or person acting in the interest of an employer to discuss the negotiation, execution or management of a collective bargaining agreement, or possible resolution of a labor-management dispute, when the enjoined party represents, seeks to represent, or would admit to membership the employees of that employer, unless the enjoined party knows that such person is barred from serving in a position having

specific collective bargaining authority or direct responsibility in the area of labor-management relations; or (ii) an enjoined party from meeting or communicating with a relative by blood or marriage solely for social purposes.  As used in this paragraph, the term "relative" shall mean a lineal descendent, stepchild, ancestor, cousin, aunt, uncle, sibling or spouse or child of a lineal descendent, stepchild, ancestor, or sibling.

### F.      COURT-APPROVED OFFICERS

22.      The Court will approve and appoint the two Officers — a Monitor and an Adjudications Officer.  As outlined in this decree, these Officers shall have the authority to and shall remove fraud, corruption, and illegality from within the UAW and its constituent entities; and otherwise enforce the injunctive prohibitions of this decree not requiring court approval or adjudication.

23.      No later than thirty days after the date of entry of this decree, and after consultation with the United States, the UAW will propose to the United States three qualified candidates to serve as the Monitor.  If the United States determines, in its sole discretion, that any of the candidates to be the Monitor are not, in fact, qualified to serve as the Monitor, or if the United States, in its sole discretion, is not satisfied with some or all of the candidates proposed, the United States reserves the right to seek additional nominations from the UAW.  The parties will endeavor to complete the Monitor selection process within 60 days of the initial proposal of candidates by the UAW.  Once the United States has selected the Monitor from the UAW's candidates, the parties shall notify the Court of their selection.  The Court then may appoint the designated person to serve as the Monitor as set forth in this decree.  No later than thirty days after the Monitor is appointed, after consultation with the United States, the UAW will propose to the United States three qualified candidates to serve as the Adjudications Officer.  In making the proposal, the UAW

will take into consideration the views of the Monitor in selecting candidates to be the Adjudications Officer.  If the United States determines, in its sole discretion, that any of the candidates to be the Adjudications Officer are not, in fact, qualified to serve as an Officer, or if the United States, in its sole discretion, is not satisfied with some or all of the candidates proposed, the United States reserves the right to seek additional nominations from the UAW.  The parties will endeavor to complete the Adjudications Officer selection process within 60 days of the initial proposal of candidates by the UAW.  Once the United States has selected the Adjudications Officer from the UAW's candidates, the parties shall notify the Court of their selection.  The Court may then appoint the designated person to serve as the Adjudications Officer as set forth in this decree.

24.     The Officers shall have the authority to employ such personnel as are reasonably necessary to assist in the proper discharge of his/her/their duties imposed by this decree.  The Officers may appoint representatives and delegate to them the performance of the electoral, administrative, investigatory, and disciplinary functions detailed below.

25.     The UAW shall pay the reasonable compensation, expenses, and costs associated with the activities of the Officers and of all persons hired under his/her/their authority related to the performance of his/her duties as outlined in this decree.

26.     Other than for actions that constitute fraud, willful or intentional misconduct, workplace harassment, or gross negligence, the UAW shall indemnify the Officers and any person hired by or acting on his/her/their behalf from such personal liability and costs incurred to defend against any claim of such liability arising from their official duties.  In addition, the Officers and any person hired by or acting on his/her/their behalf shall enjoy whatever immunity from personal liability that may exist under the law for court officers.

27.     The Officers and his/her/their designee(s) shall, in addition to the powers and duties

enumerated in this decree, have all of the powers, privileges and immunities of a person appointed pursuant to Rule 66 of the Federal Rules of Civil Procedure and which are customary for court appointed offices performing similar assignments.

## G.    THE MONITOR

28.    The Monitor has the authority and duty to remove fraud, corruption, illegal behavior, dishonesty, and unethical practices from the UAW and its constituent entities. Therefore, the Monitor shall have the following powers, rights, and responsibilities set out below.

29.    The Monitor shall have the right and authority of the UAW International President and IEB to bring charges seeking to discipline, remove, suspend, expel, fine or forfeit the benefits (with the exception of vested employee retirement benefits subject to Title I of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* or otherwise unforfeitable benefits under the law) of any UAW International officer, representative, agent, member, employee or person holding a position of trust in the UAW, its constituent entities, or any employee benefit plan, labor management cooperation committee or voluntary employee beneficiary association in which such person acts on behalf of the UAW or its constituent entities, as well as officers of local unions who are also members of the UAW, when such person engages or has engaged in actions which (i) violate the injunctive prohibitions of this decree, (ii) violate any criminal law involving the establishment or operation of a labor organization, employee benefit plan, labor management cooperation committee, or voluntary employee beneficiary association, or (iii) further the direct or indirect influence of any barred person, or the threat of such influence anow or in the future, as described in this decree.

30.    Alternative resolution of disciplinary charges:

a.    In his or her sole discretion, in lieu of bringing charges before the

Adjudications Officer as described below, the Monitor may refer Article 30 or Article 31 disciplinary charges for adjudication pursuant to the current rules in the UAW Constitution. For any such referrals, within 14 days of a final disposition, the Monitor or the charged party shall have the right to appeal the determination to the Adjudications Officer and, if necessary, the Court pursuant to the procedures set forth in this decree.

      b.     In cases of Article 30 or Article 31 disciplinary charges that do not involve possible violations of federal or state criminal law based on fraud, financial misconduct, corruption, obstruction of a federal investigation, a violation of 18 U.S.C. §§ 1951 or 1954, or a violation of 29 U.S.C. §§ 186 or 501, the Monitor shall refer the charges for adjudication pursuant to the current rules in the UAW Constitution. For any such referrals, within 14 days of a final disposition, the Monitor or the charged party shall have the right to appeal the determination to the Adjudications Officer and, if necessary, the Court pursuant to the procedures set forth in this decree.

31.     Any officer, agent, representative, employee or person holding a position of trust in the UAW or its constituent entities who is named as a defendant in an indictment or other charging document accusing him or her of any crime relating to the conduct of the affairs of a labor organization, employee benefit plan, labor management cooperation committee or voluntary employee beneficiary association shall be placed on temporary leave of absence, without pay, by the UAW or the constituent entity having employment authority over such person, during the pendency of the matter and an investigation shall be undertaken by the Monitor to determine if disciplinary charges should be brought in accordance with this decree. If the charge(s) in such documents are not sustained, and no discipline is imposed, the accused shall be reinstated in office or employment and paid the appropriate salary for the period of suspension during the unexpired

term of office or employment which was held at the time of the suspension.

32.     Whenever the Monitor reasonably believes that any of the following actions, proposed actions, or omissions to act (a) may violate the injunctive prohibitions of this decree, (b) may constitute any crime involving the establishment or operation of a labor organization, employee benefit plan, labor-management cooperation committee or voluntary employee beneficiary association, or (c) may further the direct or indirect influence of any barred person or the threat of such influence now or in the future, he or she has the power to:

> a.     Disapprove the hiring, appointment, reassignment or discharge of any person or business entity by the UAW or its constituent entities.
>
> b.     Disapprove or terminate any commercial contract (including, but not limited to, contracts with service providers or vendors), lease, or other obligation of the UAW or its constituent entities.

33.     In any case when the Monitor disapproves of a UAW action or proposed action pursuant to his or her administration and review authority, as specifically set out above and limited to such identified authority, the action or proposed action shall not go forward.  The Monitor, upon request of the UAW's International President or IEB, shall provide a written decision explaining the reasons for his or her action within 14 days subject to the Court's extension of time for good cause shown.  The UAW may appeal the Monitor's decision by filing a written appeal with the Court within 14 days of the Monitor's written decision in accordance with Part K.

## H.     <u>ADJUDICATIONS OFFICER</u>

34.     Pursuant to the processes set forth in this decree, the Adjudications Officer shall have the right and authority of the UAW International President and IEB to impose discipline up to and including expulsion from membership in the UAW and its constituent entities when a

member has engaged in actions or inactions that (i) violate the injunctive prohibitions of this decree, (ii) violate any criminal law involving the establishment or the operation of a labor organization, employee benefit plan, labor management cooperation committee, or voluntary employee beneficiary association, or (iii) further the direct or indirect influence of any barred person, or the threat of such influence now or in the future, as set out in this decree.

35.     Pursuant to the processes set forth in this decree, the Adjudications Officer is authorized to exercise all of the disciplinary rights and powers of the UAW's International President, IEB, and the UAW Public Review Board for violation of the UAW's Constitution and Ethical Practices Code. The UAW Ethical Practices Code applies to UAW officials and members in every capacity in which they act on behalf of the UAW or its constituent entities, including but not limited to, their roles with the United Auto Workers Voluntary Employee Beneficiary Association (VEBA) Trust, any other voluntary employee beneficiary association, any employee benefit plan in which members of the UAW or its constituent entities participate, any labor-management committee or employee benefit plan trust subject to the provisions of 29 U.S.C. § 186(c), and any UAW-affiliated charity or entity with a tax-exempt status approved by the United States Internal Revenue Service.

## I.     DISCIPLINARY PROCEDURES AND SANCTIONS

36.     When exercising their rights and powers related to discipline, the Monitor and Adjudications Officer shall afford the subject of potential disciplinary action with a fair and impartial process and hearing by using the following procedures:

a.     Disciplinary proceedings shall be initiated by the preparation of a written charge by the Monitor, which shall be served on the charged party.

b.     The charged party shall have at least thirty days prior to the hearing to

prepare a defense, which time may be extended for good cause shown.

      c.     During the disciplinary proceeding conducted by either the Adjudications Officer or the Trial Committee selected pursuant to the terms of the UAW Constitution, the charged party may be represented by counsel or by another UAW member.

      d.     The hearing shall be conducted under the rules and procedures generally applicable in labor arbitration proceedings.

      e.     The Trial Committee or Adjudications Officer, depending on who is conducting the proceeding, shall make decisions using a "just cause" standard.

      f.     The Adjudications Officer or the Trial Committee that hears the case shall render a final decision regarding whether discipline is appropriate and impose the particular discipline.

      g.     In cases where the Trial Committee conducts the proceeding, either the Monitor or the charged party may appeal the decision of the Trial Committee in rendering decisions on discipline to the Adjudications Officer, and upon such appeal the Adjudications Officer shall independently review the record under the standard rules governing appeals under federal law, giving deference to factual findings by the Trial Committee under the clearly erroneous standard and applying an abuse of discretion standard to the particular discipline imposed. The Adjudications Officer shall exercise his or her independent judgment separate from the judgment of the Monitor.

37.     The Monitor or Adjudications Officer may require any component of the UAW, or its constituent entities, or any officer, agent, representative, member or employee of the UAW or any of its constituent entities to produce any book, paper, document, record or other tangible object for use in any hearing initiated by the Monitor or conducted by the Adjudications Officer. Any

willful failure by the UAW or its affiliated entities to comply with any such request may be used by the Trial Committee or the Adjudications Officer, to determine whether such entity should be subject to the imposition of discipline.

38. The UAW expressly recognizes that the UAW Ethical Practices Code applies to UAW officials and members in every capacity. UAW officials serving on outside boards and entities are required to provide non-privileged records to which they are privy, subject to 14 days' written notice to the entity and to objection to the Court by that third party, upon request of the Monitor. The UAW expressly recognizes that this provision applies to UAW officials serving on any outside entity, specifically including the United Auto Workers Voluntary Employee Beneficiary Association (VEBA) Trust, any labor-management committee, fund, or trust formed under 29 U.S.C. § 186(c), and any charity or entity with a tax-exempt designation assigned by the United States Internal Revenue Service under 26 U.S.C. § 501.

39. The Monitor shall have the right and authority to issue subpoenas requiring the attendance and presentation of testimony of any person or the production of documentary or other evidence pursuant to authority conferred by the Court under this consent decree and subject to Ferderal Rule of Civil Procedure 45. Witnesses shall be paid the same fee and mileage allowances which are paid subpoenaed witnesses in the courts of the United States and such payments shall be made by the UAW. In the case of contumacy or willful failure to obey a subpoena issued under this Paragraph, the Monitor may seek to: (i) impose discipline upon the person in accordance with this decree; or (ii) seek an order from the Court requiring the person to testify or to produce documentary or other evidence.

40. All testimony and other evidence shall be received under oath in any disciplinary action brought by the Monitor and shall be subject to the penalties of perjury to the same extent as

if such evidence was submitted directly to the Court.

41.    If any person who is the subject of a disciplinary charge refuses to testify or to provide evidence at a hearing initiated by the Monitor under this decree on the basis of his or her privilege against self-incrimination, (i) the Trial Committee (at trial) and the Adjudications Officer (at trial or on appeal) may take an adverse inference from that assertion of the Fifth Amendment, consistent with federal law; or (ii) the Monitor may seek an order from the Court requiring the person to testify or to produce documentary or other evidence if the assertion of the Fifth Amendment privilege is not legally justified.  Also, failure to testify or provide evidence in the absence of a valid claim of attorney-client or other legally valid privilege may be the basis for discipline.  The Monitor may request that the Court find in contempt of court any person who improperly refuses to testify or provide evidence at any hearing resulting from charges brought by the Monitor under the terms of this decree.  At any hearing resulting from charges brought by the Monitor under the terms of this decree, the Trial Committee (at trial) and the Adjudications Officer (at trial or on appeal) may receive and consider, along with other evidence, the sworn testimony of any law enforcement officer regarding information given to a law enforcement agency by a reliable confidential source of information.  The law enforcement officer shall not be required to reveal the identity of the confidential source of information, but the Trial Committee or the Adjudications Officer can choose what weight, if any, to give such testimony.  In the event of an appeal to the Court of a decision of an Officer based, in part, on information supplied by a reliable confidential source of information, the Court shall make a determination of the fairness of the process and whether the information should remain confidential.

42.    The Adjudications Officer shall have the authority to discipline, suspend, remove, or expel from membership any officer, member, or employee of the UAW or any of its constituent

-18-

entities following the findings pursuant to the processes set forth in this decree.

43. The Adjudications Officer may impose discipline including a period of debarment, up to and including a lifetime debarment from office, employment and membership in the UAW or its constituent entities following the Adjudications Officer's adverse finding in a disciplinary proceeding as described in this decree.

44. Any discipline imposed or other decision of the Adjudications Officer pursuant to the terms of this decree shall be final and binding on the parties subject to Court review as provided in this decree.

## J.     ADDITIONAL TERMS

45. No matter the result of the referendum on the "one member, one vote" issue, the Monitor or his or her representative shall ensure that the election of the members of the IEB of the UAW shall follow the requirements of the UAW Constitution, and all applicable state and federal laws, and this decree. In addition, if the UAW membership votes to change the method of electing members of the IEB, the Monitor shall help implement any such change.

46. In order to ensure that all candidates for elective office in the UAW and its constituent entities must be free from fraud, corruption, and the influence of any barred person, (a) no person who has been found guilty of conduct constituting fraudulent or corrupt activity, whether in a state or federal court of law, or in a disciplinary proceeding brought under this decree or under the terms of the UAW Constitution, shall be permitted to run for International Office; (b) no person whose election would violate the injunctive provisions of this decree, including permitting a barred person to serve in International Office; and (c) no person whose election to International Office is or would be a crime involving the establishment or operation of a labor organization, employee benefit plan, labor-management cooperation committee or voluntary employee beneficiary

association, shall be permitted to run for International Office.  The Monitor shall have the power to prohibit any person described in sub-paragraphs (a), (b), or (c) of this paragraph from running for International Office. The Monitor shall be advised at least four weeks prior to the UAW Convention, or at least two weeks prior to any IEB meeting at which any vacant office will be filled, of all candidates for elective International Union office in the UAW and such candidates shall be reviewed by the Monitor to ensure each candidate complies with the terms of this paragraph.

47.    A person disallowed from running for International Office by the Monitor may appeal the Monitor's action to the Adjudications Officer by filing a written appeal within seven days of such action by the Monitor.  The Monitor's decision, all papers or other material relied upon by the Monitor or Adjudications Officer and the papers filed or issued pursuant to this appeal procedure shall constitute the exclusive record for review by the Adjudication Officer.  The Monitor's decisions pursuant to this Paragraph shall be reviewed by the Adjudications Officer under the standards applicable to federal appeals.   The Adjudications Officer shall issue a written decision regarding the appeal within 10 days after he or she receives such appeal.  Upon application by the Adjudications Officer, the Court may extend the relevant time period in which the Adjudications Officer may render a decision for an additional 10-day period for good cause shown, but all appeals must be briefed in time for the Adjudications Officer to render a final decision at least three weeks in advance of any election of International Officers.

48.    A person disallowed by the Adjudications Officer pursuant to the terms of the prior paragraph may appeal to the Court the Monitor's or the Adjudications Officer's decision regarding his or her candidacy within 14 days of the decision being appealed. The Monitor's or Adjudications Officer's decision(s), all papers or other material relied upon by the Monitor or Adjudications

Officer and the papers filed or issued pursuant to this appeal procedure shall constitute the exclusive record for review. The Monitor's or Adjudications Officer's decisions pursuant to this Paragraph shall be reviewed by this Court under the substantial evidence standard set forth in 5 U.S.C. § 706(2)(E). Materials considered by the Monitor or Adjudications Officer but withheld from the appellant and the public, which contain sensitive information provided by a law enforcement agency may be submitted to the Court for *ex parte*, in camera consideration and may remain sealed if the Court authorizes sealing under the provisions of Eastern District of Michigan Local Rule 5.3. The Court will make a determination as to the fairness of the disallowance process in light of the sensitive information provided by the law enforcement agency. The UAW or the United States may seek the Court's review of a decision not to disallow a person to seek or obtain elected office pursuant to Part K ("Appeals") of this decree. Any decision by the Monitor regarding a person's candidacy which is not appealed in accordance with the terms of this decree may not be appealed or otherwise challenged.

49.     The UAW or the United States may seek the Court's review of the Monitor's or Adjudications Officer's decision to disallow, or not to disallow, a person to seek or obtain elected office in the UAW International. Any such appeal to the Court must be filed within 14 days of the decision being appealed or such other time as the Court directs to permit a decision at least 14 days before the affected election.

50.     The parties agree that it is prohibited from using union assets or using union employees' time for use in the internal election of any candidate for office in the UAW or its constituent entities. No monies held or deposited in union-designated accounts for charitable purposes may be used to promote the candidacy of any individual for elective office. The Monitor will ensure that any contributions from any member, employee, or officer of the UAW or its

constituent entities in support of candidates or slates of candidates for union office are collected on a fully voluntary basis.

### K.    APPEALS

51.    A person disciplined by the Adjudications Officer or a Trial Committee, in instances where that disciplinary decision is upheld or affirmed, in whole or in part, by the Adjudications Officer pursuant to this consent decree, may obtain review of the Trial Committee's and/or Adjudications Officer's decision regarding such discipline by filing a written appeal of such decision with the Court within 14 days of such decision by the Adjudications Officer.   The Adjudications Officer's decision, all papers or other material relied upon by the Trial Committee or the Adjudications Officer and the papers filed or issued pursuant to this appeal procedure exclusively shall constitute the record for review.  The Adjudications Officer's decisions pursuant to this Paragraph shall be reviewed by this Court, if necessary, under the substantial evidence standard set forth in 5 U.S.C. § 706(2)(E).  Any decision by the Adjudications Officer regarding discipline imposed against a person which is not appealed in accordance with this Paragraph may not be appealed or otherwise challenged.  The UAW or the United States may seek the Court's review of the Adjudications Officer's decision not to impose discipline.

52.    This consent decree does not authorize the filing with the Court of any documents under seal.  Documents may be sealed only if authorized by statute, rule, or order of the Court.  If any party believes that papers to be submitted to the Court in connection with enforcement or appeal proceedings under this decree should be filed under seal, then the party must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the

movant in support of the seal; and (e) a memorandum of legal authority supporting the seal.  *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).  With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this paragraph.  Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required.  If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

53.    Any party that anticipates filing any material that has been designated or regarded by any other party as confidential or otherwise potentially subject to filing under seal must provide reasonable notice to the interested party of the proposed filing, so that the interested party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal.  The parties concerned then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of the pertinent information under seal, in a good faith attempt to reach an agreement regarding whether the information should be filed under seal.  *See* E.D. Mich. LR 7.1(a).  If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 52 and Eastern District of Michigan Local Rule 5.3.  If an agreement is not reached, then the interested party may file a motion in compliance with paragraph 52 and Local Rule 5.3.  If the motion is denied, then the pertinent material separately may be filed, but not under seal.

54.    The UAW IEB retains the right to hire counsel of its choosing.  By a majority vote of the IEB, the IEB may direct its counsel to appeal any decision of the Officers and seek review in this Court in accordance with the preceding paragraph.

## L.   <u>ACCESS TO INFORMATION</u>

55.     The Monitor shall have the right to be notified of and attend all meetings of the IEB and the authority to distribute information to the membership of the UAW about the activities of the Officers or his/her/their designated representatives.  The Monitor shall not be entitled to attend or listen to meetings or portions of meetings protected by the attorney-client privilege or concerning collective bargaining strategy.  The Monitor shall keep confidential any information learned during IEB meetings, except as may be necessary to carry out of his, her, or their functions as set forth herein.

56.     The Monitor, or his or her designated representative, shall have the right to be notified of and attend all meetings of any labor management cooperation committee or voluntary employee beneficiary association in which the UAW or its constituent entities participate, if the committee or association consents.

57.     The UAW expressly acknowledges the Monitor's right to review, and upon not less than 14 days' notice to the IEB, disclose non-confidential financial data, books, records, audit findings, and other similar records to UAW members concerning the establishment or operation of the UAW or its constituent entities.  If there is a dispute between the Monitor and the UAW regarding whether any such materials the Monitor intends to disclose are confidential and should not be made available to third parties, the Monitor or the UAW parties may appeal to the Court for a decision on such dispute.

## M.   <u>REPORTS TO THE COURT AND U.S. AGENCIES</u>

58.     The Monitor shall report to the Court whenever he or she sees fit but, in any event, shall file with the Court a written report every six months about his or her activities.  Copies of the Monitor's reports shall be served on the United States, the UAW's International President, the

IEB, and designated counsel for UAW (the "Parties").

59.     The Monitor may make any application to the Court that the Officers deem warranted.  The Monitor shall provide a copy of any such application to the Parties.

60.     The Monitor may refer any matter to the United States Attorney for appropriate action.  The Monitor may request and receive from any department or agency of the United States, including but not limited to any component of the United States Department of Labor, with the consent of such department or agency and to the extent permitted by law, information, facilities, or services, including the services of any employees and information compiled for law enforcement purposes in order to assist in the execution of the Monitor's duties.

## N.     THE UNITED STATES

61.     The United States shall have the right to intervene as a party in any proceeding before the Court to enforce terms of this decree, and to participate in any appeal before the Court of any final decision rendered by the Monitor or the Adjudications Officer arising out of this decree.   The Monitor may request assistance from the United States in the performance of his/her/their duties.   Pursuant to 29 U.S.C. § 627, in order to avoid unnecessary expense and duplication of functions, if assistance from the United States is requested by the Monitor under this paragraph, the Secretary of Labor and the Monitor will engage in cooperation and mutual assistance in the performance of the functions under the LMRDA and this decree.

62.     Nothing in this decree shall preclude the United States, or any of its departments or agencies, from taking any appropriate action in regard to the UAW or its affiliated entities, including any criminal investigation or prosecution or civil action.

## O.     PUBLIC STATEMENTS BY THE UAW

63.     The UAW and the IEB expressly agree that they shall not, through present or future

attorneys, officers, directors, employees, agents or any other person authorized to speak for the UAW, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the UAW set forth in this decree.  Any such contradictory statement shall, subject to cure rights of the UAW described below, constitute a breach of the parties' agreement as part of this decree.  The decision whether any such contradictory statement will be imputed to the UAW for the purpose of determining whether it has committed such a breach shall be at the discretion of the United States, subject to review by the Court.  If the United States determines that a public statement by any such person contradicts in whole or in part the UAW's acceptance of responsibility outlined in this decree, the United States shall notify the UAW, and the UAW may avoid a breach of the parties' agreement by publicly correcting or repudiating such statement(s) within five business days after notification.  The UAW shall be permitted to raise defenses, to take legal positions and to assert affirmative claims in other proceedings relating to the matters set forth in this decree and the complaint in this matter, only if such defenses and claims are made in good faith.  This Paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of the UAW in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the UAW.

64.     The UAW agrees that if, within 90 days after the filing of the complaint in this matter, the UAW issues a press release, issues other written public communication, or prepares a statement for delivery at a press conference directly relating to this consent decree, the UAW shall first consult the United States to determine (a) whether the text of the release, other written statement, or prepared statement for a press conference are true and accurate with respect to matters between the United States and the UAW; and (b) whether the United States has any objection to the release or statement.  The United States shall provide the UAW with a designated contact

person for this review.  Given that responses to press inquiries are often time-sensitive, the UAW is obligated to provide to the government's designated contact person any proposed press release or other written statement it intends to issue directly relating to this decree not less than three hours before issuing such statement, and if there is not a specific substantive objection from the government within that time, the UAW may issue its statement, subject to the provisions of the preceding paragraph regarding remedies available to correct any erroneous statements.

## P.   SETTLEMENT OF TAX INVESTIGATION

65.     Part of the United States' investigation of the UAW concerned whether the UAW had improperly failed to pay taxes on certain administrative fees charged by the UAW to the three joint training centers with the three automobile manufacturers on the chargeback of salary and benefits of UAW employees working for the training centers. In order to fully settle this matter, the UAW has agreed to pay and will pay $1,500,000 to the Internal Revenue Service.  In making this payment, however, the UAW does not admit to any wrongdoing relating to its tax filings or its decision not to declare all or a portion of the administrative fees as unrelated business income. The United States agrees that the UAW will not be subject to any penalties or interest relating to this settlement of the tax issues.

## Q.   CONTEMPT OF COURT

66.     Willful violation of any restriction or prohibition contained herein, or other disobedience to the mandates of this consent decree, by any persons having actual knowledge of the relevant terms, shall be punishable as civil contempt.

## R.   JURISDICTION, MODIFICATION, & ENFORCEMENT

67.     The parties agree that 18 U.S.C. § 1345 provides this Court with jurisdiction over this matter, and that this section, along with the All Writs Act, provides this Court with the

authority and power to provide the injunctive and equitable relief agreed to in this consent decree. However, if the Court makes a specific finding that it lacks the power, authority, or jurisdiction to enforce the injunctive and equitable relief provided for under this decree, then the parties agree that they jointly will seek relief as otherwise provided for under the United States Code to achieve the parties' joint objectives set forth in this consent decree. The UAW agrees that it will consent and will waive any objection to a request by the United States to add the IEB as a party to this lawsuit in the event that the United States decides that the IEB needs to be added to this lawsuit in order to fully achieve the relief sought.

68.     If any provision of this consent decree is hereafter determined to be invalid for any reason, the balance of the decree shall remain in full force and effect.

69.     Either party may hereafter apply to the Court to modify or enforce this consent decree by filing an appropriate motion, and the Court may grant such relief as may be equitable and just having due regard for the remedial purposes of this decree and the circumstances at the time of the motion. In the context of any such motion, the record of all prior proceedings in this matter and in any matter involving the UAW, its constituent entities, or an officer, agent, representative, employee, member or person in a position of trust in the UAW or one of its constituent entities, shall be admissible to the extent that is necessary to make a fair and just determination of the issue. The Officers or any party to this consent decree may apply to the Court by filing an appropriate motion for any order necessary or appropriate to implement this decree, including orders preventing non-parties from interfering with implementation of the decree.

70.     The signatories of this consent decree hereby expressly acknowledge and represent that they possess authority to execute this decree on behalf of the respective parties.

### S.   CIVIL AND CRIMINAL MATTERS

71.     In exchange for the UAW's agreement to enter into this consent decree and the complete fulfillment of all of its obligations under this decree, the United States Attorney's Office for the Eastern District of Michigan ("the Office") agrees that it will not file any criminal charges against the UAW related to:  (1) any conduct described in the complaint; (2) any conduct related to the administration of the chargebacks for UAW employees working at a joint training center as described and defined in the Civil Complaint; (3) any conduct related to the payment of any tax by the UAW relating to the receipt of administrative fees described in the complaint; and (4) any conduct disclosed by, or on behalf of, the UAW or otherwise known to the Office as of the date of this consent decree.   The Office, however, may use any information related to the conduct described in the complaint against the UAW:  (a) in a prosecution for perjury or obstruction of justice; (b) in a prosecution for making a false statement; or (c) in a prosecution or other proceeding relating to any crime of violence.  This Paragraph does not provide any protection against prosecution for any other conduct, including but not limited to crimes committed in the future by the UAW or by any of its affiliates, subsidiaries, officers, directors, employees, agents or consultants, whether or not disclosed by the UAW pursuant to the terms of this consent decree.  In addition, this decree does not provide any protection against prosecution of any joint training center of which the UAW is a part, or any individuals, regardless of their affiliation with the UAW. The UAW agrees that nothing in this consent decree is intended to release the UAW from any and all of the UAW's tax liabilities and reporting obligations for any and all income not properly reported or legally or illegally obtained or derived, except that related to administrative fees

described herein and in the complaint.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   January 29, 2021


Consented to by:

Matthew Schneider
United States Attorney

s/Steven P. Cares
s/David Gardey
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9139
Email: steven.cares@usdoj.gov
Email: david.gardey@usdoj.gov

s/Terence H. Campbell
Attorney for the Defendants
Cotsirilos, Tighe, Streicker, Poulos & Campbell
33 N. Dearborn St., Ste. 600
Chicago, IL  60602
Phone: (312) 263-0345
Email: tcampbell@cotsiriloslaw.com