UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

vs.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

    Defendant.
_____/

Civil No. 20-cv-13293

Hon. David M. Lawson

## GOVERNMENT'S MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS

The government moves for an order allowing it to disclose grand jury materials to the Monitor "in connection with" this "judicial proceeding." *See* Fed. R. Crim. P. 6(e)(3)(E)(i). Pursuant to E.D. Mich. L.R. 7.1, UAW concurs in the government's requested relief.

Respectfully submitted,

Saima S. Mohsin
Acting United States Attorney

| | |
|---|---|
| /s/ Steven P. Cares | /s/ David A. Gardey (with consent) |
| Assistant United States Attorney | Assistant United States Attorney |
| United States Attorney's Office | United States Attorney's Office |
| Eastern District of Michigan | Eastern District of Michigan |
| 211 West Fort Street, Suite 2001 | 211 West Fort Street, Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Phone: (313) 226-9139 | Phone: (313) 226-9591 |
| Email: steven.cares@usdoj.gov | Email: david.gardey@usdoj.gov |

## Issue Presented

Should the Court issue an order permitting the government to disclose grand jury materials to the Monitor that are necessary for him to carry out the mandates of the Consent Decree?

## **Controlling Authority**

Fed. R. Crim. P. 6(e)(3)(E)(i)

*Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211 (1979)

## Memorandum of Law

This case grew out of a criminal and grand jury investigation into high-ranking UAW officials and the UAW itself. Eventually, as part of a resolution with the UAW, the parties proposed and this Court approved a consent decree following the filing of a civil complaint using an anti-fraud and anti-corruption statute, 18 U.S.C. § 1345. This Court recently appointed a Monitor as part of this consent decree. And as part of his duties, the Monitor is required "to remove fraud, corruption, illegal behavior, dishonesty, and unethical practices from the UAW." (ECF No. 10, PageID.119). To allow and to assist the Monitor to fulfill these duties, the government seeks to provide information from its criminal and grand jury investigations.

Rule 6 provides secrecy obligations of government attorneys who were part of and privy to these grand jury matters. But the rule also provides an exception, if authorized by the Court, for instances that are "in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Given the need for the Monitor to review these materials in order to meet the mandate of the Court's consent decree, there is a need for disclosure. So the government requests the Court authorize the disclosure.

## BACKGROUND

For years, the government has been investigating high-level officials at the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"). The investigation was often brought before a federal grand jury. More specifically, the following grand juries requested documents and/or testimony: 15-1-187, 16-1-001, 16-1-016, 17-1-061, 17-1-062, 17-1-110, 18-2-281, 19-1-009, 19-1-043, 19-5-547, 2015R01051 and 2017R00739[1] (together, the "UAW Grand Juries"). And after obtaining this testimony and documents, a number of individuals were charged and convicted. (ECF No. 1, PageID.9-33). The government continued its investigation, including related to the UAW itself.

Eventually, after back-and-forth negotiation, the government and the UAW reached an agreement to resolve civil and criminal liability of the UAW through a proposed Consent Decree. The government filed a civil complaint. (ECF No. 1, PageID.1). And the parties then moved for the entry of a Consent Decree. (ECF No. 7, PageID.91). After its own review of the terms, the Court granted the parties' request and entered the Consent Decree. (ECF No. 9, PageID.107).

The Consent Decree requires the appointment of two court officers,

---

[1] While 2015R01051 and 2017R00739 are not traditional grand jury numbers assigned by the clerk's office, some subpoenas—issued with the authority of the other identified grand juries—used this identification number.

5

including a Monitor, to help carry out the decree's mandates and goals. (ECF No. 10, PageID.117). Following the Consent Decree's procedures, the government moved for the appointment of a Monitor. (ECF No. 28, PageID.340). And recently, the Court appointed Neil M. Barofsky to act in this role. (ECF No. 34, PageID.374). The Consent Decree calls for the Monitor to continue with these duties for six years, unless the Court orders an early termination or extension. (ECF No. 10, PageID.110-111). As part of his duties, the Monitor will also file written reports to the Court, at least every six months, about his progress in fulfilling the mandates of the Consent Decree. (ECF No. 10, PageID.131-132).

## ANALYSIS

As a general matter, attorneys for the government who obtain information from a grand jury must not disclose it. Fed. R. Crim. P. 6(e)(2)(B)(vi). But there are certain exceptions. For instance, the court may authorize disclosure "in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).

This litigation is a "judicial proceeding." *See Doe v. Rosenberry*, 255 F.2d 118, 120 (2d Cir. 1958) (defining a "judicial proceeding" as "determinable" by and "subject to" the "control" of the court) (Hand, J.). And the government's requested disclosure to the Monitor here is "in connection" with it.

In addition, the requesting party must show (1) the material "is needed to avoid a possible injustice in another judicial proceeding," (2) "the need for

disclosure is greater than the need for continued secrecy," and (3) the "request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). But this is "a highly flexible" standard that is "adaptable to different circumstances," recognizing "the fact that the requirements of secrecy are greater in some situations than in others." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 445 (1983). And importantly, the district court making the evaluation is given "wide discretion" to make this determination. *United States v. John Doe, Inc. I*, 481 U.S. 102, 116 (1987).

<u>*Justice Requires Disclosure*</u>. The Monitor is required to investigate and, as appropriate, bring disciplinary actions against UAW members. (ECF No. 10, PageID.119). Naturally, this will require the Monitor to investigate wrongdoing. And in this process, the Monitor needs to review the government's investigation that led to criminal charges against numerous high-ranking UAW officials and, indeed, this case itself, including the Consent Decree. *Cf. In re Comm. on the Judiciary, U.S. House of Representatives*, 951 F.3d 589, 598 (D.C. Cir. 2020) (affirming district court's finding that House Judiciary Committee had need for grand jury materials to "investigate fully," to "evaluate the bases for the conclusions reached by the Special Counsel," and to "reach a final determination" about "whether the President committed an impeachable offense").

7

*Secrecy Does Prohibit Disclosure.* To begin with, the vast majority of the materials from the UAW Grand Juries pertain to completed matters. And the secrecy concerns are significantly less in these circumstances. *See, e.g., United States v. Dynavac, Inc.*, 6 F.3d 1407, 1412 (9th Cir. 1993) ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). A small minority of the materials do relate to open investigations. But, there is a compelling need to keep the Monitor generally apprised of these situations—e.g., so the prosecutors can advise the Monitor not to investigate a certain person and/or area while the government completes its own investigation, so prosecutors could advise the Monitor, if the need arose, about an individual under investigation who may be seeking an elected office, etc.

The need for secrecy is also lessened here given that disclosure is strictly to the Monitor, a court-appointed officer, and not a private litigant or member of the general public. And as part of the disclosure, the government also requests that the Court's Order contain a provision that the Monitor be required to maintain the same secrecy of the materials except insofar as needed for the fulfillments of his duties.

*Material Necessary for Monitor's Duties*. The request is also not overly broad. While the requested materials do cover a significant number of investigations, the Monitor's duties are even more expansive—covering hundreds of thousands of union members.

## CONCLUSION

For the foregoing reasons, the government requests that the Court permit the government to disclose witness transcripts obtained during and documents obtained from the UAW Grand Juries to the Monitor.

Respectfully submitted,

Saima S. Mohsin
Acting United States Attorney

| | |
|---|---|
| /s/ Steven P. Cares | /s/ David A. Gardey (with consent) |
| Assistant United States Attorney | Assistant United States Attorney |
| United States Attorney's Office | United States Attorney's Office |
| Eastern District of Michigan | Eastern District of Michigan |
| 211 West Fort Street, Suite 2001 | 211 West Fort Street, Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Phone: (313) 226-9139 | Phone: (313) 226-9591 |
| Email: steven.cares@usdoj.gov | Email: david.gardey@usdoj.gov |

Dated: June 2, 2021

## Certificate of Service

I hereby certify that on June 2, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Steven P. Cares
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9139
Email: steven.cares@usdoj.gov