UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

       Defendant.

Case Number 20-13293
Honorable David M. Lawson

_____/

## ORDER GRANTING IN PART GOVERNMENT'S UNOPPOSED MOTION TO AUTHORIZE DISCLOSURE OF GRAND JURY MATERIALS

The government has filed a motion to authorize the disclosure to the Court-appointed monitor of grand jury materials relating to various criminal investigations, presumably involving individuals formerly in leadership positions with defendant International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW). The UAW does not oppose the motion.

The well-known general rule is that "[g]rand jury proceedings are usually kept secret." *United States v. Arrick*, No. 18-3479, 2018 WL 8344588, at *1 (6th Cir. Nov. 28, 2018) (citing *In re Grand Jury Subpoenas*, 454 F.3d 511, 521 (6th Cir. 2006)). Among the "varied" reasons for grand jury secrecy are to encourage "full and frank disclosures" during grand jury investigations, and "to protect the innocent from grand jury abuse." *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958) (noting that a reason for grand jury secrecy is "to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt") (quoting *United States v. Rose*, 215 F.2d 617, 628-629

(3d Cir. 1954). This deeply ingrained feature of American criminal jurisprudence is codified in the Rules of Criminal Procedure, which clearly state that "an attorney for the government" "must not disclose a matter occurring before the grand jury." Fed R. Crim P. 6(e)(2)(B)(vi).

The government here relies on an exception to this general rule that allows the Court to authorize disclosure "of a grand jury matter" "preliminary to or in connection with a judicial proceeding." *Id.* 6(e)(2(E)(i). To avail itself of that exception, the government must show that "the material [it] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [its] request is structured to cover only material so needed." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). This "'burden of establishing particularized need is necessarily heavy,'" and "[t]his standard applies even if the grand jury has concluded its proceedings." *Arrick*, 2018 WL 8344588, at *1 (quoting *In re Grand Jury 89-4-72*, 932 F.2d 481, 489 (6th Cir. 1991) (citing *Douglas Oil Co.*, 441 U.S. at 222).

Applying these standards in this case is complicated by the vagueness and imprecision of the government's description of the materials it wants to disclose to the monitor. The motion refers only to "grand jury materials." At the conclusion of its brief the government refers to "witness transcripts obtained during and documents obtained from the UAW Grand Juries." The government also explains that "the vast majority of the materials from the UAW Grand Juries pertain to completed matters." But it concedes that "[a] small minority of the materials do relate to open investigations." The government justifies the need to disclose grand jury matters in ongoing investigations so that the monitor is informed that a person under investigation may be seeking a leadership position in the UAW.

Under the Consent Decree, the monitor is charged with the task of investigating and bringing disciplinary actions against UAW leaders, and his determinations ultimately can be reviewed by this Court. His activity, therefore, can fairly be "considered preliminary to a judicial proceeding' because "a significant judicial role exists in the operation of the . . . scheme" set out in the Decree. *See In re Grand Jury 89-4-72*, 932 F.2d at 485.

The government has made a sufficient showing of its need to disclose certain information to the monitor to prevent injustice in the proceedings in this case with respect to grand jury investigations that have concluded. The government says that it wants to alert the monitor if any person who seeks election to an official position with the Union has been investigated for or charged with federal crimes. The government further asserts that the need for secrecy is diminished in investigations that have been closed, although it does not identify the investigations that are closed and those that are ongoing. For those investigations that have resulted in formal charges and where the criminal prosecutions have been concluded, the harm from disclosing the identities of the suspects will be minimal because those persons presumably already are aware of the government's investigative interest and they have been required to answer for their conduct.

However, the Court is concerned that serious harm to ongoing investigations may ensue if the identities of any targets of those active probes are revealed. That is particularly so for individuals who may be under investigation but who may never be charged with a crime. *See In re Grand Jury 89-4-72*, 932 F.2d at 483. Moreover, the government does not represent that any particular individual about whom it is concerned presently is both the subject of an open investigation and actively seeking an official position with the Union. The Court therefore is not persuaded that disclosure of grand jury materials relating to any presently active criminal

investigation is necessary to the further the monitor's mandate to oversee and ensure the integrity of the Union's elections compares to the need for grand jury secrecy.

Accordingly, it is **ORDERED** that the government's motion for disclosure of grand jury materials (ECF No. 35) is **GRANTED IN PART**.  The government may disclose to the monitor witness transcripts and documents obtained from the UAW Grand Juries only where the investigation has been completed and the criminal prosecution has concluded.  The motion is **DENIED** without prejudice in all other respects.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Date:   June 7, 2021