UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

vs.

Civil No. 20-cv-13293

Hon. David M. Lawson

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

    Defendant.
_____/

## JOINT MOTION FOR MODIFICATION OF CONSENT ORDER

    The United States of America, jointly with the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (hereinafter "UAW"), respectfully move the Court for a modification of the Consent Order. In support of the motion, the parties state the following:

    1.    The parties entered into a settlement that resulted in this Court's entry of the parties' proposed Consent Decree. ECF No. 10, PageID.108. The Consent Decree provides that a Referendum vote (on whether to change UAW's election system) must be overseen by the Monitor, working in consultation the UAW and the United States Department of Labor, Office of Labor-Management Standards ("OLMS"). ECF No. 10, PageID.111. The Consent Decree states that the

1

Referendum should be "conducted consistent with the standards applicable to the officer election provisions established in Title IV of the [Labor Management Reporting and Disclosure Act of 1959]" ("LMRDA"). ECF No. 10, PageID.111.

2. After consultation with the Monitor, the parties request the Court amend the Consent Decree as described herein.

3. Notwithstanding language in this Consent Decree to the contrary, Section 401 of the LMRDA, 29 U.S.C. § 481, shall <u>not</u> apply to the Referendum.

4. However, through the agreement of the parties, the following rules shall apply to the Referendum:

    a. The Referendum will be conducted by secret ballot among the members in good standing.

    b. Unless otherwise set forth in this motion, no Union funds or resources, whether at the International Union or Local Union level, or employer funds or resources, may be used to pay for the following in connection with advocating a position on the Referendum: (i) postal mailings to the membership, in whole or in part; (ii) e-mail communications beyond the equivalent of <u>five</u> e-mail communications to the entire membership on either side of the Referendum question[1]; (iii) advertising in any medium or jurisdiction; (iv) phone calling or

---

[1] The Monitor will supervise the use of e-mail communications through the issuance of rules, and Union funds/resources may be used to send the equivalent of up to 5 email communications to the electorate advocating on one side or the other

other forms of telemarketing, robocalling, or mass/blast texting; (v) pamphlets, leaflets, handouts, or posters; (vi) merchandising or promotional events/items; or (vii) travel expenses, room expenses, or food or beverages of any kind.  Any efforts to advocate on the Referendum question using these methods must be funded privately by individuals or groups within the Union without utilization of Union or employer funds.

      c.      While Union officers, Union employees, Local Union officials/shop stewards (whether paid by the Local Union or employer) may educate the members or advocate on the Referendum question, both through in-person speech or through official and personal social media accounts, such advocacy may not interfere with the performance of their work or otherwise adversely affect or disrupt the workplace or otherwise violate employer rules.  This conduct is only permitted as long as it is <u>incidental</u> to regular Union business or <u>incidental</u> to the performance of their assigned work task and does not interfere with the performance of their work.  In this context, the term "incidental" refers to circumstances where discussion or advocacy around the Referendum is not the primary reason for the Union meeting or gathering (e.g., a Local Union meeting or

---

of the Referendum.  To the extent practical, emails can be done in piecemeal (so individuals or groups can send email to subsets such, e.g., Local Union members) so long as the aggregate does not exceed the maximum set forth in this paragraph.  The maximums set forth above, however, may be raised or lowered by the Monitor at his discretion.

an International Union meeting is not arranged for the sole purpose of discussing the Referendum).  With respect to use of social media, the Monitor will establish rules to assure that the use of Union or employer resources in connection with social media posting (both in the form of funding and use during "on the clock" time) is not abused in a manner inconsistent with the Consent Decree.  Under all circumstances, any advocacy which explicitly or implicitly includes any threats, intimidation, retaliation, penalty, discipline or improper interference or reprisal of any kind, or any similar conduct is strictly prohibited.

        d.     To the extent any Union publication intended for distribution to the general membership (i.e., Solidarity Magazine or a UAW International newsletter; but this does not include social media as referred to in para. 4(c) above) is used to advocate on either side of the Referendum question, equal space in that publication will be afforded to proponents of the other side of the Referendum question to advocate their position.  Similarly, if the UAW website is used to advocate on either side of the Referendum question, equal space will be afforded proponents of the other side of Referendum question to advocate their position.

        5.     Though Section 401 of the LMRDA, 29 U.S.C. § 481, shall not apply to the Referendum, the United States Department of Labor, Office of Labor-Management Standards ("OLMS") shall continue to assist the Monitor in administering the Referendum to ensure it is conducted consistent with the

standards of democracy and fairness and pursuant to the rules established for this Referendum. To that end, OLMS shall still review a report summarizing the Referendum results at its conclusion and, if satisfied that the Referendum was properly conducted and that no violation of the rules may have affect the outcome thereof, certify the Referendum, permitting the report to be filed with the Court for final approval. If OLMS fails to endorse the Referendum results, it shall provide to the parties a statement outlining the basis and reasons for its decision not later than 14 days after the results of the Referendum are provided to it; and the parties may appeal that OLMS decision to the Court. If the Court finds by clear and convincing evidence (or other standard of proof that is required by law), that the Referendum was not properly conducted and that a violation of the rules may have affected the outcome thereof, a new Referendum will be held as soon as practicable thereafter using the same provisions and methodology described in the Consent Decree and this Amendment thereto.

6. The Monitor shall have the authority to implement additional rules governing the Referendum or modify and supplement existing rules as appropriate and necessary to ensure a fair Referendum, upon consultation with the parties and subject to OLMS approval.

7. The Monitor shall have the full powers set forth under the Consent Decree to use the procedures defined therein to bring or refer disciplinary charges

for violating these provisions or any other rule that is promulgated in connection with the Referendum or any other election referenced in the Consent Decree.

8. The parties intend and agree that, except to the extent modified by the above rules, the terms of the Consent Decree shall otherwise remain in full force and effect.

9. The parties are aware of their obligation to seek concurrence pursuant to E.D. Mich. Local Rule 7.1. This is a joint motion and, as such, both parties concur in the relief sought.

Respectfully submitted,

Saima M. Mohsin
Acting United States Attorney

/s/ Steven P. Cares
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9139
Email: steven.cares@usdoj.gov

/s/ David Gardey (with consent)
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9591
Email: david.gardey@usdoj.gov

/s/ Terence H. Campbell  (with consent)
Attorney for the UAW
Cotsirilos, Tighe, Streicker, Poulos & Campbell
33 N. Dearborn St., Ste. 600
Chicago, IL  60602
Phone: (312) 263-0345
Email: tcampbell@cotsiriloslaw.com

## Issue Presented

The Consent Decree applies Section 401 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481, which generally applies to officer elections. Should the Court grant the parties unopposed request to substitute relevant prohibitions instead of a blanket application of 29 U.S.C. § 481?

## Controlling Authority

Consent Decree, ¶ 69, ECF No. 10, PageID.135

## Memorandum of Law

The United States and the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") recently agreed to the entry of a Consent Decree, which this Court approved. ECF No. 10.

The Consent Decree calls for the appointment of a Monitor to, among other things, oversee a Referendum by UAW members. ECF No. 10, PageID.111. The Referendum will allow UAW members to vote on the procedures for the election of UAW's International Executive Board ("IEB"), its managing body. *Id.*

The Consent Decree provides that the Referendum should be "conducted consistent with the standards applicable to the officer election provisions established in Title IV of the [Labor Management Reporting and Disclosure Act of 1959]" ("LMRDA"). ECF No. 10, PageID.111.

Some of the requirements of Title IV, e.g., that the vote occur by secret ballot, were important to the parties and specifically mentioned in the consent decree. *See* ECF No. 10, PageID.111 (noting that there will be "a secret ballot vote . . . by all UAW members concerning the method and procedures for the election of the members of the IEB"). But some of the requirements of Title IV—which generally apply to officer elections—are simply not applicable to the referendum vote contemplated by the Consent Decree. For example, subsection (c) allows for "[e]very bona fide candidate" to have a right to inspection. 29 U.S.C.

1

§ 481(c). So the parties seek to remedy this problem, by implementing more specific rules that would relate to the Referendum and advocacy surrounding it.

The parties also seek to clarify the prohibition of 29 U.S.C. § 481(g), which prohibits the use of union money in the election. More specifically, the parties wish to make clear that UAW international and local union money may not be used for mailings, advertising, phone calls or text message campaigning, pamphletes, merchandising, travel expenses or food / beverages. On the other hand, the parties do want union workers to be able to have conversations about the Referendum at work and to use their social media accounts to communicate about the Referendum. Importantly, however, the parties want to make clear that this "on the job" discussion should be incidental to their other work. And in any case, the parties wish to equip the Monitor with the power to establish and implement additional rules about these items to ensure a fair Referendum.

The parties have consulted with the Monitor, with OLMS, and with members of the UAWD group about the use of Section 401 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481, and with proposed replacements to this section. And like in the lead up to the Consent Decree itself, the parties also engaged in arms-length negotiations about these modifications. Accordingly, after this process, the parties believe that substituting specific prohibitions as set forth in this motion in place of 29 U.S.C. § 481 is fair

2

and just.

Finally, the parties note that the vote for the Referendum is set to begin on October 19, 2021. Accordingly, the parties respectfully request an expedited review of their proposed amendment.

The Consent Decree allows the Court to "modify" its terms "as may be equitable and just." ECF No. 10, PageID.135. Here, all parties agree that the modification to substitute specific prohibitions in place of 29 U.S.C. § 481 is "equitable and just." Accordingly, the parties request the Court grant the motion, amending the Consent Decree as set forth in this motion.

Respectfully submitted,

Saima M. Mohsin
Acting United States Attorney

/s/ Steven P. Cares
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9139
Email: steven.cares@usdoj.gov

/s/ David Gardey (with consent)
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9591
Email: david.gardey@usdoj.gov

/s/ Terence H. Campbell  (with consent)
Attorney for the UAW
Cotsirilos, Tighe, Streicker, Poulos & Campbell
33 N. Dearborn St., Ste. 600
Chicago, IL  60602
Phone: (312) 263-0345
Email: tcampbell@cotsiriloslaw.com

## Certificate of Service

I hereby certify that on October 8, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Steven P. Cares
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9139
Email: steven.cares@usdoj.gov

4