UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                           Case Number 20-13293
v.                                                       Honorable David M. Lawson

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

                    Defendant.
_____/

## ORDER DENYING JOINT MOTION TO MODIFY CONSENT DECREE

This matter is before the Court on a joint motion by the parties to modify the terms of the consent decree, which specify regulations for conducting a member referendum that will determine whether the Union should change the method of electing its officers.  They want to change the rules that govern this referendum, with voting scheduled to begin eleven days hence.  The motion was filed last Friday, and the parties have contacted the Court asking for expedited consideration. The parties concur in the request for relief, but they have not established the grounds required by Federal Rule of Civil Procedure 60(b) for modifying the consent decree.  The motion will be denied.

On December 14, 2020, the government filed its complaint in this case against defendant UAW under the Anti-Fraud Injunction Act, 18 U.S.C. § 1345.  Shortly thereafter, the parties jointly moved for entry of a consent decree to resolve the matter.  The Court granted the joint motion and entered a consent decree on January 29, 2021.  One element of the decree called for the appointment of a "Monitor" to oversee many aspects of the Union's activities.  Another key part of the decree declared that "[w]ithin six months after appointment of the Monitor, the UAW shall

hold a secret ballot vote (a referendum) by all UAW members concerning the method and procedures for the election of the members of the IEB [International Executive Board]," which would present the question "whether to keep the current method for electing members to the IEB or, instead, the method should be changed to a direct election, sometimes referred to as 'one member, one vote,' by which each UAW member shall directly elect the IEB."  Consent Decree, ECF No. 10, PageID.111.

The consent decree states that "the United States Department of Labor, Office of Labor-Management Standards ('OLMS') shall, upon request of the Monitor, assist the Monitor in administering the UAW membership vote on the referendum described above to ensure it is conducted consistent with the standards applicable to the officer election provisions established in Title IV of the LMRDA [Labor Management Reporting and Disclosure Act]."  The operative section of the LMRDA governing officer elections is 29 U.S.C. § 481, which specifies, among other things, procedures for counting ballots, maintaining the secrecy of votes, and preserving voting records; limitations on the use of union funds for campaigns; requirements that campaigners have access to member lists to facilitate appeals to voting members; and a general requirement that "[a]dequate safeguards to insure a fair election shall be provided, including the right of any candidate to have an observer at the polls and at the counting of the ballots."  *See* 29 U.S.C. §§ 481(c), (e), (g).

The appointment of the Monitor was complicated initially by the need for the Court to resolve a motion to intervene by a non-party association of union members that presented certain concerns about the consent decree's terms.  On May 12, 2021, after the motion to intervene was denied, the Court granted the parties' joint motion to appoint a Monitor.  According to the original terms of the decree, the deadline for the member referendum then was pegged as November 12,

2021.  However, on September 7, 2021, the parties filed a joint motion to extend the election deadline to November 29, 2021 to allow sufficient time after the planned polling date for mailed ballots to be received and tallied by a third-party firm that was retained to process the votes.  In the present motion, the parties represent that voting on the referendum is scheduled to commence on October 19, 2021, eleven days after the motion was filed.

The consent decree states that any "party may hereafter apply to the Court to modify or enforce this consent decree by filing an appropriate motion, and the Court may grant such relief as may be equitable and just having due regard for the remedial purposes of this decree and the circumstances at the time of the motion."  Consent Decree, ECF No. 10, PageID.135.  However, the Sixth Circuit has held that, notwithstanding any specific criteria for modification that may be embodied in a consent decree, parties moving for modification of the decree must make one of the traditional showings for seeking relief from a judgment under Rule 60(b).  *Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 601-02 (6th Cir. 2012).   The court explained that although a consent decree may be "contractual in nature," "it is nonetheless subject to Rule 60(b) because it is 'a judicial decree that is subject to the rules generally applicable to other judgments and decrees.'"  *Ibid.* (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992)).  That court was quite clear that "[e]ven when consent decrees explicitly provide instructions for their own modification, Rule 60(b) governs."  *Ibid.* (citing *Cleveland Firefighters for Fair Hiring Practices v. City of Cleveland*, 669 F.3d 737, 741 (6th Cir. 2012) ("[A] district court is not merely an instrument of a consent decree or of the parties' stipulations with respect to it," and termination of a decree must be "lawful given not only the decree's terms, but also the broader legal rules that govern consent decrees")).

- 3 -

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "mistake, inadvertence, surprise, or excusable neglect," Rule 60(b)(1); in circumstances where "applying it prospectively is no longer equitable," Rule 60(b)(5), or for "any other reason that justifies relief," Rule 60(b)(6).  However, the Sixth Circuit has held that a court may grant relief under Rule 60(b)(6) "only in exceptional and extraordinary circumstances, which are defined as those unusual and extreme situations where principles of equity mandate relief." *Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quotations omitted).  In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011).

The parties have not identified good grounds for the belated modification of the referendum procedure based on any of the traditional criteria under Rule 60(b).

First, they have put forth no facts to suggest that the adoption of the procedure that they jointly proposed was affected by mistake, inadvertence, surprise, or excusable neglect.  The parties represented in their motion for entry of the consent decree that its terms were the product of lengthy negotiations between the government and the UAW.  They have not explained why their concerns about the jointly proposed procedure were not thoroughly explored during those negotiations.

The decree has been in force and its terms have been a matter of public record in this case for more than eight months, and the Monitor has been installed in his office for more than five months.  There is no credible basis for a finding that any party was surprised by the terms of the decree governing the member referendum.  The parties also have not explained why they or the Monitor could not have identified any supposed defects in the voting procedure well in advance of the now looming deadline for the referendum to commence.  The parties do not suggest any

basis for a finding that either they or the Court were misled by inadvertence or mistake into adopting the election regulations which the parties jointly proposed, and there have been no circumstances presented to suggest that the failure to move earlier for the requested modification was the product of any excusable neglect by the parties, their counsel, or the Monitor.

Second, the parties have not explained how the prospective application of the procedures that they jointly proposed originally to govern the referendum would be inequitable, or that the rules established under 29 U.S.C. § 481 would be inadequate.  To the contrary, it would not be equitable or just under the circumstances to upset established regulations for the conduct of the referendum on the eve of voting, particularly where those procedures have been a matter of public record for many months since the decree was issued.  *Cf. Kishore v. Whitmer*, 972 F.3d 745, 751 (6th Cir. 2020) ("When analyzing the balance of equities, '[the Supreme] Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election.'") (quoting *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, --- U.S. ---, 140 S. Ct. 1205, 1207 (2020)).  The Court is concerned about unintended consequences that could result from the last-minute change in the rules for voting.

Third, the parties have not made any showing to suggest that any extraordinary circumstances justify modification of the decree at this late date.  Moreover, the provision in the decree allowing any party to seek modification of its terms "by filing an appropriate motion" necessarily implies that any such motion must be presented sufficiently on this side of the horizon for the prospective relief so that the Court — and, potentially, any interested objectors — may have time fully to consider the impact of the proposed modification.

The parties have not satisfied any of the applicable criteria under Rule 60(b)(6) to justify relief from the terms of the consent decree, and the motion therefore will be denied.

Accordingly, it is **ORDERED** that the joint motion to modify the consent decree (ECF No. 47) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 12, 2021