To: Judge David M. Lawson
    Theodore Levin U.S. Courthouse
    231 W. Lafayette Blvd., Room 775
    Detroit, Mi., 48226

From: James R. Coakley
    UAW Member, Retired
    16954 Heather Lane
    Clinton Township, Mi. 48038

Re: Case No. 20-cv-13293 (e.d. Mich) The Honorable David M. Lawson.

Subject: Appeal of the Adjudication Officers ruling, that I received on April 22, 2022, that retired UAW members are ineligible to be candidates for UAW-IEB positions.

My name is James R Coakley and I am a UAW retiree. I was a UAW Union Official for 35 years, 7 of those years as a UAW Local Union President and 20 years on the UAW International Staff at its Headquarters in Detroit, Mi. During the 20 years on the UAW Staff I served as a Coordinator and Top Arbitration Advocate for Chrysler and General Dynamics workers nationwide. I was also the top negotiator for General Dynamics workers and my last two years I served as the Top Assistant to the UAW Vice President over the Chrysler, General Dynamics and Heary Trucks Department. I attended every UAW Constitutional Convention that was held from 1981 through 2007. I have a high working knowledge of the UAW Constitution, the UAW Constitutional Conventions and the highest power in the UAW, that being the Delegates to the Constitutional Convention. Currently I am Chairman of the UAW Local 1200 Retirees Chapter and have announced that I am running for the position of UAW President.

The issue of the candidacy of Retired Members for International office has arisen because of the recent Consent Decree between the International UAW and the U.S. Government to establish a more democratic and accountable International UAW, following the recent, well publicized scandal involving misappropriation of union dues money, vendor kickbacks and bribes by top officials in the International Union. Pursuant to the Consent Decree, the UAW membership recently voted to move away from delegate elections of the International Executive Board to direct, one member one vote elections. As you know, pursuant to the Consent Decree, Retired Members were included in the vote to move to one member one vote elections.

I was sent an email on April 22, 2022 by Adjudication Officer Gil Soffer denying my Appeal of the UAW Monitor's ruling that the UAW Constitution was ambiguous as to the question of retiree eligibility to run for UAW International Executive Board Positions (IEB). I now appeal the Adjudication Officers ruling in accordance with paragraph 48 of the Consent Decree appeal procedure.

PART I                    THE UAW CONSTITUTION IS UNAMBIGUOUS

I base my Appeal in part on Article 6, Section 19 of the UAW Constitution.

Article 6 is titled  **Membership**

Section 19 reads as follows:

**Any member in good standing who is retired, shall be entitled to a "retired membership status" which, without being required to pay membership dues during the period of such retirement, shall entitle her/him to all of the privileges of membership except the right to vote in elections conducted pursuant to Article 19, Section 3; Article 45, Section 2; and Article 50, Sections 1 and 5.  Appropriate cards denoting such membership status shall be prepared by the International Union and furnished to Local Unions upon request and at cost.   The regular withdrawal-transfer provisions of this Constitution shall be applicable if such retired member returns to active employment.**

The language states "any member in good standing who is retired shall be entitled to a "retired membership status" which"  this language is clear and unambiguous that the retiree will have "a retired membership status" now is the language also clear on what that status includes?  The language goes on to say:  "shall entitle her/him to all of the privileges of membership" so at this point nothing has changed for the retiree.  A clear and unambiguous statement says he will have All The Privileges of Membership.  One of the privileges he had as a member in good standing was that he could run for Local and International Officers positions.  So up to this point she/he still has that right.  Now the language continues and states - except the right to vote in elections conducted pursuant to Article 19, Section 3; Article 45, Section 2; and Article 50, Sections 1 and 5. Now comes the intent.  Which of the privileges that the retiree had will not be included in his "retired membership status."  For that we need to look at the listed exclusions.

Article 19  **Contracts and Negotiations**

Exclusion 1.
**Section 3.    No Local Union Officer, International Officer or International Representative shall have the authority to negotiate the terms of a contract or any supplement thereof with any employer without first obtaining the approval of the Local Union.  After negotiations have been concluded with the employer, the proposed contract or supplement shall be submitted to the vote of the Local**

Union Membership, or unit membership in the case of an Amalgamated Local Union, at a meeting called especially for such purpose, or through such other procedure, approved by the Regional Director, to encourage greater participation of members in voting on the proposed contract of supplement.   Should the proposed contract or supplement be approved by a majority vote of the Local Union or unit members so participating, it shall be referred to the Regional Director for her/his recommendation to the International Executive Board for its approval or rejection.   In case the Regional Executive Member recommends approval, the contract becomes operative until the final action is taken by the International Executive Board.

Upon application to and approval of the International Executive Board, a ratification procedure may be adopted wherein apprenticeble skilled trades and related worker, production workers, office workers, engineers, and technicians would vote separately on contractual matters common to all and, in the same 16 vote on those matters which relate exclusively to their group.

Before contract or supplemental demands affecting skilled workers are submitted to the employer, they shall be submitted to the Skilled Trades Department in order to effectuate an industry- wide standardization of agreements on wages, hours, apprenticeship programs, journeyman standards and working conditions.

Exclusion 1 has no restrictions on retirees running for UAW-IEB positions.

Article 45  **Stewards and Committeeman**

Exclusion 2.

**Section 2.  All Stewards and/or Committeepersons shall be democratically elected for three (3) year terms.  A Local Union or unit of an Amalgamated Local Union may have, after July 1, 1998, a shorter term, of no less than two (2) years, only by affirmative membership action, and permission granted by the International Executive Board, Stewards and Committeepersons shall be required to take the oath of office as provided in Article 39.**

**Members in good standing who are on indefinite layoff from the employer may not be a candidate for, or vote in, an election for a non-executive local union office that has grievance handling, contract bargaining or contractual administrative duties unless specifically authorized to do so by Local Union Bylaws or applicable collective bargaining agreement.**

Exclusion 2 has no restrictions on retirees running for UAW-IEB positions.

Article 50  **Strikes**

Exclusion 3.

**Section 1.  (a) When a dispute exists between an employer and a Local Union concerning the negotiation of a collective bargaining agreement or any other strikeable issue the Local Union or the International Executive Board may issue a call for a strike vote.  All members must be given due notice of the vote to be taken and it shall require a two-thirds (⅔) majority vote by secret ballot of those voting to request strike authorization from the International Executive Board. Only members in good standing shall be entitled to vote.**

**(b) Where a different ratification procedure for a Local Union or an Intra-Corporation Council has been properly applied for under terms of Article 19, Section 3, and after the International Executive Board has approved such ratification procedure, the method for accepting or rejecting contract changes and taking of strike votes shall be governed by the terms of the procedure approved by the International Executive Board for that Local Union or Intra-Corporation Council.**

Exclusion 3 has no restrictions on retirees running for UAW-IEB positions.

Exclusion 4.

**Section 5.  Before a strike shall be called off, a special meeting of the Local Union shall be called for that purpose, and it shall require a majority vote by secret ballot of all members present to decide the question either way.  Wherever the International Executive Board decides that it is unwise to no longer continue an existing strike, it will order all members of Local Unions who have ceased work in connection therewith to resume work and thereupon and thereafter all assistance from the International Union shall cease.**

Exclusion 4 has no restrictions on retirees running for UAW-IEB positions.

The UAW Constitution has a section at the end of the Constitution titled Interpretations of the Constitution of the International Union.  It provides further clarification on Articles

and Sections of the Constitution that is deemed necessary and Article 6, Section 19 does appear in the Interpretation section.  Let's see what exclusions it may have.

Interpretations

Article 6  **Membership**

Exclusion 5.

**Section 19.  (1) Voting Rights of Retired Members in Local Unions.**

**A retired member has a constitutional right to participate in any and all elections conducted on a local-wide basis except elections of the type specifically exempted under this Section.  Under this Section a retired member would not, however, be eligible to vote for a Steward or Committeeperson even though that Steward or Committeeperson might, by virtue of her/his election, also hold office as a member of a Local Union policy making group such as the Executive Board. (Detroit, 1/21/60, Page 172)**

Exclusion 5 has no restrictions on retirees running for UAW-IEB positions.

Exclusion 6.

**(2) Voting Rights of Retired Members in Units of Amalgamated Local Unions**

**Retired members are eligible to vote for officers of units as such. If a unit has a substantial complement of officers set up by its bylaws, and these officers generally correspond to the Executive Officers of a Local Union as set forth in Article 38, Section 1, the retired member would be eligible to vote for such officers even though these officers also constitute the Local Union Bargaining/Negotiating Committee.  In units where the bylaws do not provide for a substantial complement of officers, the retired member would not be entitled to vote for such unit Chair and Secretary since the primary function of these individuals is to serve as officials of the Bargaining/Negotiating Committee and they are only incidentally charged with the responsibilities of unit officers.**

Exclusion 6 has no restrictions on retirees running for UAW-IEB positions.

Exclusion 7.

**(3) Eligibility of Retired Members to Run for Local Union Offices.**

**Retired members are ineligible to run for any local union position which carries responsibility for grievances or bargaining required by the Collective Bargaining Agreement(s) and/or Local union bylaws. (Las Vegas, 6/1/02.)**

Exclusion 7 has no restrictions on retirees running for UAW-IEB positions.

None of the 7 exclusions take away the right of a retiree to run for UAW-IEB positions. However, the stated exclusions demonstrate that as recently as June 2002, the issue of retirees running for elections was in the minds of the Convention Delegates when, in sub-section (3) above, retirees were made ineligible to run for certain Local Union Positions.  Had there been an intent to eliminate the right of retirees to run for IEB positions, 2002 was clearly the time to enshrine such intent in the Constitution. Yet the Convention delegates did not take away the right of retirees to run for IEB positions because the intent was always that retirees were eligible to run for IEB positions and there was never intent to exclude them. You must keep in mind that there was plenty of discussion among Convention Delegates in regards to retirees running for elective office and what was approved by the Delegates was that retirees were only restricted from running for certain Local Union Officers.   Going back to my Arbitration days and referencing "How Arbitration Works" under the title "To Express One Thing Is To Exclude Another" says in part: **"To expressly state certain exceptions indicates that there are no other exceptions."**   Thus, as recently as 2002 the highest body in the International Union determined that there was no reason to eliminate the right of retirees to run for IEB positions.

There is nothing ambiguous about the Article 6, Section 19 language or Intent. It gives all UAW retirees the same rights as they had as active members and the seven exceptions do not take away their right to run for IEB positions.

**PART II**                                     **REBUTTAL**

**Retiree Candidacy is Permitted Under the UAW Constitution**

First and foremost, Retired Members should be permitted to be candidates for IEB office because they can meet all the requirements for candidacy set forth in the UAW Constitution.  In Article 10, the Constitution spends three pages detailing the reasons

someone cannot be a candidate for International office.  See Article 10, Sections 6-8, 12-13.  Candidates must:

- Be a member in good standing.  Retired Members are members in good standing pursuant to Article 6, Section 19, which will be discussed in detail later in this appeal.  (Article 10, Section 6).
- Not be a "member of or subservient to any political organization…which owes its allegiance to any government other than the United States or Canada, directly or indirectly." (Article 10, Section 7).
- Not be "engaged in the promotion, implementation, furtherance, or support of organized workplace rackets, such as numbers, bookmaking, etc." (Article 10, Section 8).
- Not have attempted to decertify or otherwise supplant the International or a UAW Local Union.  (Article 10, Section 12).
- Have any conviction by a UAW Trial Committee be overturned for at least sixty (60) days.  (Article 10, Section 13).

Absent from these detailed requirements/prohibitions is any mention of retirement status as a factor in whether someone can be a candidate.  This is highly significant, because the legal system recognizes the maxim *expression unius est exclusio alterius,* meaning that mentioning of specific requirements implies no others exist.

**Retiree Candidacy is Permitted Under Federal Law**

Permitting candidacy of Retired Members is consistent with federal law.  Contrary to the UAW President's Interpretation, federal law does not support his position.  The US Department of Labor prohibits criminals from holding office.  See 29 CFR, Sections 452.9 and 452.34.  It requires that candidates be members in good standing.  See 29 CFR, Section 452.32.  Beyond those restrictions, the DOL disfavors restrictions on candidacy.  The DOL states that while it allows unions to prescribe

> minimum standards for candidacy…(these are subject to ensuring) the right of members to participate fully in governing their union and to make its officers responsive to the members.  A basic assumption underlying the concept of "free and democratic elections," is that voters will exercise common sense and good judgment in casting their ballots."  Therefore, restrictions placed on the right of members to be candidates must be closely scrutinized to determine whether they serve union purposes of such importance, in terms of protecting the union as an institution, as to justify subordinating the right of the individual member to seek

office and the interest of the membership in a free, democratic choice of leaders…

29 CFR, Section 452.35

Congress plainly did not intend that the authorization in section 401(e) {of the Labor Management Reporting and Disclosures Act} of "reasonable" qualifications uniformly imposed" should be given a broad reach. ***The contrary is implicit in the legislative history of the section and in its wording that "every member in good standing shall be eligible to be a candidate and to hold office***."***This conclusion is buttressed by other provisions of the Act which stress freedom of members to nominate candidates for Office. Unduly restrictive candidacy qualifications can result in the abuses of entrenched leadership that the LMRDA was expressly enacted to curb. ***The check of democratic elections as a preventive measure is seriously imparied by candidacy qualifications which substantially deplete the ranks of those who might run in opposition to incumbents.***

Id, quoting *Wirtz v. Hotel, Motel, and Club Employees Union, Local 6, 391* U.S. 492, 499 (1968) (emphasis added.

Furthering this policy to broadly permit candidacy for union office, the DOL notes in 29 CFR, Section 452.36:

(a)…a qualification may not be required without a showing that citizens assumed to make discriminating judgments in public elections cannot be relied on to make such judgments when voting as union members.

(b) Some factors to be considered, therefore, in assessing the reasonableness of a qualification for union office are:

(1)  The relationship of the qualification to the legitimate needs and interests of the union;
(2)  The relationship of the qualification to the demands of union office;
(3) The impact of the qualification, in the light of the Congressional purpose of fostering the broadest possible participation in union affairs;
(4)  A comparison of the particular qualification with the requirements for holding office generally prescribed by other labor organizations; and

(5)  The degree of difficulty in meeting a qualification by union members.

President Curry cited to 29 CFR, Section 452.41, in which the DOL indicates it is ordinarily reasonable for a union to require candidates to be employed; but importantly, he failed to do so in context.  That section itself goes on to say: "Such a requirement should not be so inflexible as to disqualify those members who are familiar with the trade but who because of illness, economic conditions, or other good reasons are temporarily not working."  This implies that the DOL is merely willing to restrict union office to people with familiarity with the issues of the trade.  There can be no doubt that I (and other Retired Members) have familiarity with the issues of the trade.  To the extent there are concerns that the trade has changed significantly since our retirement, the UAW membership can determine that for itself as part of the democratic process.

The DOL further explains its position on limitations on candidacy in 29 CFR, Section 452.46:

A labor organization may establish certain restrictions on the right to be a candidate on the basis of personal characteristics which have a direct bearing on fitness for union office....However, a union may not establish such rules if they would be inconsistent with any other Federal Law....{including that it cannot} establish a general compulsory retirement age or comparable age restriction on candidacy since this would be inconsistent with the Age Discrimination in Employment Act of 1967, as amended.

A prohibition on Retired Members as candidates for office is akin to establishing an unlawful age restriction on candidacy.

**"Perhaps most importantly, the DOL prohibits unions from adopting "rules which in their effect discourage or paralyze any opposition to the incumbent officers.** CFR, Section 452.51.  The practical impact of President Curry's Interpretation prohibiting the candidacy of Retired Members is to discourage and paralyze opposition to incumbent officers, which is expressly prohibited!

Finally in this regard, other long established labor organizations permit retirees to run for and hold elected office alongside active members, including, the American Postal Workers Union and the Communications Workers of America.  The DOL is well aware of this practice and has not stopped it, so **clearly the DOL does not have a problem with retirees holding union office.**

**Retiree Candidacy is Not inconsistent with Bargaining or Other Officer Duties**

The UAW Constitution at Article 6, Section 19 provides in relevant part:

> Any member in good standing who is  retired, shall be entitled to a "retired membership status" which, without being required to pay membership dues during the period of such retirement, shall entitle her/him to all of the privileges of membership….

Section 19 then lists the few specific exceptions to the membership rights of Retired Members, all of which pertain to voting in local union elections relating to the **Local** Union collective bargaining .process.  Nothing in those restrictions precluded the approximately 580,000 Retired Members from voting about the approval of direct elections of the IEB.  Similarly, nothing in Section 19 restricts Retired Members from candidacy for the IEB.  Outside of Section 19, there are no other restrictions on Retired Members in the entire UAW Constitution.  Once again, this implies no other restrictions can be applied, *expression unius est exclusio alterius.*

In President Cury's (erroneous) Interpretation on this issue, he further cites an IEB interpretation from June 2002 that a Retired Member cannot run for a **local** office if the primary purpose of the office is collective bargaining.  The 2002 interpretation is consistent with the specific limitations set forth in Article 6, Section 19. President Curry's Interpretation is not.

The common denominator amongst the specified restrictions in the Constitution on Retired Members is that Retired Members should not be involved in **local union** bargaining.  This makes sense, because Retired Members are no longer a part of a local union and affected on a daily basis by the terms and conditions of employment for that local union.  But local union bargaining and grievance handling are quite distinct from the work of the IEB.  The focus of bargaining at the International level is overarching policy.  Those policies set the guideposts for the practical, local issue-based bargaining that is done at the local union level.  In setting forth his Interpretation that Retired Members should be prohibited from candidacy for the IEB, President Curry puts heavy emphasis on collective bargaining.  His conclusion that emphasizing bargaining disqualifies Retired Members is misplaced, however. My status as a retiree also means I **do not** have a potentially conflicting personal stake that may skew my negotiating objectives.  Additionally, I have far more experience bargaining for the UAW at the International level than President Curry.  As a UAW International Staff Coordinator for eighteen (18) years and two (2) years as top assistant to a UAW Vice President I led all National negotiations for UAW General Dynamics members from

1988 - 2007. I also participated in UAW Chrysler National negotiations from 1991 - 2007. I negotiated four (4) UAW First Agreements with four (4) separate memberships and four (4) separate companies.

This distinction between International policy-level duties and local practical duties is reflected in the job duties set forth for the IEB in Article 13 of the Constitution. Thus, members of the IEB do not need to be able to vote to ratify a local union agreement (*cf.* Article 19, Section 3) - they are not covered by it. Members of the IEB do not need to vote on local union stewards and committeepersons (*cf.* Article 45, Section 2) - they are no longer impacted on a daily basis by those local union matters, and, in fact, the IEB should not be involved in campaigning and voting for local union offices because they need to preserve their impartiality in the event a local union dispute is brought to them. Similarly, members of the IEB do not - and should not - vote to authorize local union strikes (*cf.* Article 50, Sections 1 and 5) because they need the decision to be locally-based, without even the appearance of duress or coercion from the International. And members of the IEB clearly cannot run for local union office (*cf.* 2002 Interpretation), because they can't effectively hold local and International office simultaneously. **So not only does the Constitution contain no textual prohibition on candidacy of Retired Members for International office, it also doesn't contain any practical restrictions on such candidacy.**

Indeed, the interests and limitations of Retired Members are closely aligned to those of active members who sit on the IEB. IEB positions are full-time administrative positions, so the office holders are divorced from the daily operations and interactions of the bargaining unit. Active members who are International officers are also likely to be at the tail end of their careers, so they may be personally focused on retiree benefits, as President Curry implies is the case for Retired Members. Conversely, Retired Members have already realized their retiree benefits, so they can now be *less* personally focused on retirement benefits than active members who are nearing retirement.

**UAW Constitution/Resolutions**

The UAW Constitution is its Bible. It contains the rules by which all UAW members live by, including active members, retired members, Local Union elected and appointed Officials, International Union appointed officials and elected members of the International Executive Board. Every four years, all of these entities have the opportunity to propose deletions, additions or changes to the Constitution. Those proposals/resolutions go through a process and, if approved, must be presented to the convention delegates at a Constitutional Convention, for debate, then voted on for

adoption or denial.  **That is our system.**  The UAW Constitution contains the laws by which we are self-governed.

Ray Curry refers to a 2006 Public Review Board(PRB) decision that was issued in February, 2006, as "Internal UAW Law" to rule against retiree eligibility to run for IEB positions.  However, that PRB decision only applied to Local Union Elections and only restricted retirees from running for **certain** local union positions.  If it was interpreted by the IEB to mean local union and IEB positions and then became "so called" internal law, then who knew about this new law?  It was never communicated to active workers, never communicated to retirees, never communicated to Local or International Staff Representatives and never put into the International Union's Interpretations section of the UAW Constitution.  The International Union never submitted a resolution asking the delegates at the 2006 Constitutional Convention to adopt this so-called new law, nor did they submit such a resolution to the 2010, 2014 or 2018 Constitutional Conventions. That's our system.  That's how we get new rules into our Constitution that govern and protect our rights within the Union.  **The political opinion  of a dozen or so IEB members may be law within their political caucus but it is nothing more than a self-serving political decision to the other One Million Plus Members.**

**President Curry's Interpretation Seeks to Invalidate One Member One Vote**

The passing of One Member one Vote has dramatically changed the politics in the UAW.  Under the delegate system nobody, active or retired, ran for an IEB position because the IEB used its authority and power to control the delegates.  Now the delegates are out of the voting process and running for an IEB position has real meaning for all members, active and retired.  Two retirees, myself included, announced months ago that they were running for the position of UAW President and all of a sudden the current UAW President comes up with a so called internal law that retirees are not eligible to run for IEB positions, thereby, eliminating his announced opposition, (Coincidental?) **and disenfranchised Five Hundred and Eighty  Thousand (580,000) Retirees.**

**Public Review Board Case No. 1534**

In Exhibit 7 UAW General Counsel Niraj R. Ganatra quotes the IUAW in Public Review Board Case as stating:

> "...Retired members are not as accountable to the current Union membership as active ones.  They may be less accessible.  They may also be more prone to represent the interests of other retired members instead of current members.  All

of these factors may diminish the ability of the union to react to the changing nature of the work place…"

I find this statement offensive and disrespectful to all UAW Retirees.  What is the employment status of an IEB member?  (1) If an active worker in a plant gets elected to an IEB position he or she is put on a union leave of absence, stops being paid by his or her employer and becomes an active employee of the IUAW.  (2)  If a Local Union Official gets elected to an IEB position he or she is put on a Union leave of absence, stops being paid by employer and/or Local Union and becomes an employee of the IUAW.  (3)  If I were to get elected to an IEB position the IUAW (my former employer) would stop paying my pension and once again **I would become an active employee of the IUAW the same as any other member in good standing who is elected to an IEB position.**

It is nonsense to continue to view a full time employee, in fact the leader of a major organization, as a retiree.  It is even more confusing to believe he or she would favor current retirees when he or she was just elected to a four year term.  If a retired Judge decided to come out of retirement and was either re-elected or appointed to a new judgeship, would they be prohibited from hearing cases involving retirees because they might be prone to represent their interests over that of the other litigant?  There are no such restrictions for judges or thousands of other occupations when retirees choose to re-enter the active workforce.  So why does the PRB, Monitor and the UAW believe that its retirees/retired International Representatives should be held in such low esteem that they can not provide equal representation?

**Equal Access**

How is it that "They may be less accessible."  Whoever is elected to the position of UAW President, Vice President or Secretary Treasurer will have an office at 8000 East Jefferson Ave. Detroit, Mi. That's where all Presidents, Vice Presidents and Secretary Treasurers have always been.  The Monitor and the UAW make it sound like an elected IEB member is still retired and can come to work when they want or a member has to look for them.  The concept of a retiree reentering the workforce and becoming an active employee is not new.  The UAW Headquarters is accessible to all members equally.

**Duty of Fair Representation**

When any member is elected to a Local or International position they take an Oath of Office as stipulated in the UAW Constitution.  Likewise they are all bound by Federal

Law as required under the Duty of Fair Representation Standard. Why would anyone assert that only a UAW retiree returning to active employment would not follow their Oath or the Law. I find the assertion insulting.

## President Curry's Interpretation Reinforces the UAW's Toxic Culture

The Monitor has described the UAW's culture as "toxic.'" A toxic culture is far more pervasive than a singular violation of the LMRDA, or elimination of "a few bad apples." The culture of an organization, especially one that requires fiduciary responsibility and respect for members rights within the organization, cannot be changed by merely asserting that it henceforth would adhere to the requirements of the LMRDA, and to long term elimination of those aspects of the culture that have, over decades, created membership fear of UAW leadership. In order to change a culture, the Monitor must "bend the stick" to eliminate every vestige of financial corruption and violation of members rights. It follows, then, that the Monitor is thus responsible to assure that IEB members avoid even the appearance of impropriety, and he must reject President Curry's self-serving "interpretation."

## The President's Interpretation is Biased by His Conflict of Interest

President Curry's illogical Interpretation is not surprising. He has an undeniable conflict of interest in interpreting this issue. President Curry intends to run for re-election. In light of the recent resignations from the International UAW related to federal prosecutions for misappropriation of funds, the only credible opposition he is likely to face from candidates with experience in International office is from retirees. President Curry is well aware that Retired Member John Guinan and I, also a Retired Member, both intend to run against him. The rest of the IEB may have a similar conflict of interest. While this conflict of interest is understandable under the circumstances, it cannot be allowed to rule the day. President Curry's conflict of interest, resulting in his illogical Interpretation prohibiting Retired Members from running for International office, threatens the UAW's ability to be democratically run by people who represent the principles and ideals the union is supposed to stand for, rather than (again) by persons motivated by corrupt self-interest. **One Member One Vote is meaningless if a delegate-elected IEB unlawfully and unreasonably restricts the pool of candidates who can be voted into office, thereby largely predetermining the outcome of the election - in their favor. See 29 CFR Section 452,51**

## Political Caucus Internal Law
UAW retirees have been voting for IEB candidates, by way of the Delegate System, since the beginning of the UAW. During the UAW's entire history retirees have been

voting in IEB elections. Ray Curry and the IEB are well aware of this Constitutional right because retirees voted in their elections for IEB positions. Yet in an email (Exhibit 8) dated January 23, 2022 from UAW General Council Niraj R. Ganatra to Glen McGorty, a member of the Monitor team, the General Council states:

> "...the International Union believes that retired members should not be permitted to vote in the underlying election(s) for IEB members."

There is no dispute that the UAW Constitution gives retirees the right to vote in IEB elections. Yet Ray Curry and the current IEB members tried to eliminate the 580,000 retirees from voting in the next IEB elections that will take place later this year. This attempt to eliminate over half of the voters should give all an insight to the mind-set of the Ray Curry team. It's a political caucus mind-set, a survival mind-set. Ray Curry could not claim "Internal UAW Law" like he falsely claims with retiree eligibility for candidacy for IEB positions because the historical evidence is overwhelming.

Ray Curry and his Administration Caucus are trying to eliminate the opposition in any way they can. They use the term "Internal UAW Law" to justify denying retirees their Constitutional right to run for IEB positions. I was a UAW Union Official for thirty five (35) years with twenty (20) of those years on the International Staff at Solidarity House in Detroit, Mi. and I have never heard of the term "Internal UAW Law" until Ray Curry came up with it as his justification to deny retirees their Constitutional right to run for IEB positions. I have requested full disclosure on all so called "Internal UAW Law." Are there more internal laws that are unknown to everyone except IEB caucus members? Or is this the only one and it is just a coincidence that it is self-serving?

UAW Law is contained in the UAW Constitution. The Constitution does not contain Ray Curry's alleged law. UAW policy is contained in UAW Administrative Letters. Ray Curry's alleged law is not contained in any Administrative Letter. The actions of Ray Curry and his political caucus are nothing more than trying to lessen the impact of the membership approved One Member One Vote.

In summary (1) the Constitution gives retirees the same privileges they had before retirement and one of those privileges is the right to run for International Union positions and the list of exclusions does not take away that right; and (2) Ray Curry's so-called internal law is no more than his caucus's political wish.

For all the reasons listed above this Appeal should be granted.

Respectfully,

James R. Coakley          April 27, 2022
UAW Member-Retired
16954 Heather Lane
Clinton Township, Mi. 48038
jamesrcoakley@yahoo.com
586-588-4506

Attachments
Exhibits


Cc: Blind

Attachment 1

Monitor's

Decision

*ATTACHMENT  1*

## Update on Retiree Issue

From: McGorty, Glen (gmcgorty@crowell.com)

To:     jamesrcoakley@yahoo.com

Cc:     lumans@crowell.com; lday@jenner.com

Date:   Wednesday, April 6, 2022, 08:49 PM EDT


Dear Mr. Coakley:


We write with an update regarding the eligibility of retired UAW members to run for UAW International Office.


After meeting with various stakeholders over the past several months, the Monitor noted a disagreement regarding the eligibility of retirees to run for International President, International Secretary-Treasurer, International Vice President, and/or Regional Director (together, "International Officers"). The question in controversy—should UAW retirees in good standing be permitted to run for International Office—involved interpretation of the UAW Constitution. After reviewing the arguments on both sides of the issue, the Monitor's view is that the UAW Constitution is arguably ambiguous on this question. Because this is purely a question of interpretation of the existing UAW Constitution (as opposed to a novel issue raised by the adoption of the one member one vote standard), the Monitor deferred to the process set forth in the UAW Constitution to resolve disputes over its provisions.


Article 13, Section of the 8 of the UAW Constitution provides:


> The International President shall decide disputes or questions in controversy, including all questions involving interpretation of this Constitution, except such cases as follow the procedure and conditions as outlined in this Constitution; all her/his decisions being subject to appeal, first to the International Executive Board and then to the Convention. Notice in writing of appeal of any decision of the International President must be filed with the International Secretary-Treasurer and the International President within thirty (30) days from date of decision.


As such, on March 15, 2022, the Monitor requested that, pursuant to Article 13, Section 8 of the UAW Constitution, the International President decide whether UAW retirees in good standing may run for International Officer under the UAW Constitution. The Monitor requested a written response regarding the International President's interpretation of the Constitution as to the eligibility of retirees to run for International Office.


On March 24, 2022, the International President issued a memorandum adopting two new Constitutional interpretations which instruct that retired members are **not** eligible to be nominated, run for, or be elected as an International Officer. The International President requested that the International Executive Board ("IEB") review and consent to this interpretation, under Article 12, Section 6 of the UAW Constitution (stating that the IEB "shall review and decide, between Conventions, all questions involving interpretation of this Constitution when any member or subordinate body wishes to appeal, or the Board on its own initiative wishes to consider the decision on any such question made (pursuant to Article 13, Section 8) by the International President"). On April 1, 2022, the IEB considered the International President's analysis and adopted these interpretations of the Constitution.


On April 5, 2022, the Monitor received a copy of the International President's memorandum. That memorandum is <u>attached</u> for your reference.

The Rules for the UAW 2022 International Officer Election are in the process of being finalized and will be issued soon, and posted on the Monitor's website once issued. Because you expressed interest in the question of whether retirees would be eligible to run for International Office, we wanted to share the International President's memorandum and the decision of the IEB with you as soon as possible. As a result, if a retired member seeks to be vetted by the Monitor to be a Bona Fide Candidate for International Office, the Monitor will find that the prospective candidate does not qualify to run for such office based on the International President's decision and the IEB's adoption thereof. Of course, as set forth in the Consent Decree, as with all prospective candidates who are found ineligible to run for International Office, such a retiree would then have the right to appeal that decision of the Monitor to the Adjudications Officer, pursuant to the processes set forth in the Consent Decree. The process and timeline for seeking vetting by the Monitor, and the process for any appeal to the Adjudications Officer, will also be set forth in the forthcoming Rules.

Best,

Glen McGorty

**Glen G. McGorty**
Pronouns: he/him/his
gmcgorty@crowell.com
+1.212.895.4246 direct
LinkedIn

Crowell & Moring LLP
590 Madison Avenue
20th Floor
New York, NY 10022

# Crowell

Collaboration Powers Success

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

 Eligibility of Retired Members to Run for IEB Offices memo.pdf
193.9kB

Attachment 2

Adjudication Officer's

Decision

**ADJUDICATIONS OFFICER**

APPEAL OF: JAMES COAKLEY

UNITED STATES OF AMERICA
        Plaintiff,

Case No. 20-cv-13293 (E.D. Mich.)
Gil M. Soffer, Adjudications Officer

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA
        Defendant.

_____/

**DECISION**

(Issued April 22, 2022)

Pursuant to Paragraph 47 of the Consent Decree in the above-captioned case, the Adjudications Officer considers the appeal from James Coakley, received on April 13, 2022, of the Monitor's action related to whether retired union members in good standing are eligible to run for International Office. The Monitor found that the UAW Constitution was ambiguous with respect to this question, referred the question to the International Executive Board ("IEB") President, and enforced the President's Interpretation in declaring Mr. Coakley, a retired union member, ineligible to run. On appeal, Mr. Coakley argues that the Constitution is unambiguous in allowing retirees to run. For the following reasons, the Adjudications Officer **AFFIRMS** the decision of the Monitor.

**STANDARD OF REVIEW**

Appeals from a Monitor's decision regarding candidate eligibility are reviewed under the standards applicable to federal appeals. Consent Decree ¶ 47. Consistent with the standard of review in the Sixth Circuit, the Adjudications Officer on appeal reviews legal questions *de novo*,

1

without deference to the decision of the Monitor. *See, e.g.*, *Byers v. United States Internal Rev. Servs.*, 963 F.3d 548 (6th Cir. 2020).

## BACKGROUND

As envisioned in Paragraph 8 of the Consent Decree, in 2021, the UAW held a referendum through which members voted to change the method of electing IEB members. Consistent with Paragraph 13 of the Consent Decree, the Monitor, in consultation with the UAW, then began to develop rules regarding electing members to the IEB through direct election. As part of those discussions, the Monitor became aware that certain retirees planned to run for election to International Office. The Monitor requested and received feedback from UAW General Counsel on the question of whether retirees could hold IEB offices. Monitor Ex. 7. UAW Counsel opined that retirees were ineligible under existing Union law as IEB Members are directly involved in collective bargaining, and a prior Constitutional Interpretation barred retirees from holding local union office with responsibilities over grievances or bargaining. *Id.* (citing Article 6, Section 19(3) Interpretation). After reviewing the UAW Constitution and Interpretations, relevant decisions from the Public Review Board ("PRB"), and the UAW's past practices, the Monitor determined that it was ambiguous whether the Constitution permitted retirees in good standing to run for International Office.

On March 15, 2022, the Monitor requested that IEB President Raymond Curry issue an Interpretation on retiree eligibility to run for International Office, citing Article 13, Section 8, of the UAW Constitution. Monitor Ex. 10. In response, Curry issued an inter-office memorandum adopting two Constitutional Interpretations prohibiting retired members from holding International Office and requesting that the IEB review and consent to the Interpretations under Article 12, Section 6, of the UAW Constitution. Coakley Ex. 2; Monitor Ex. 6. The identical

Interpretations, adopted under Article 6 (Membership), Section 19, and Article 10 (Officers and Elections), Section 6, read:

> (4) Eligibility of Retired Members to Run for International Executive Board Offices (International President, International Secretary-Treasurer, International Vice-Presidents or Regional Director)
>
> Retired members are ineligible to be nominated, run for, or be elected as an International Executive Board Member (an elective officer of the International Union or International Executive Board Member as identified in Article 10, Section 1 and Article 10, Section 21 of the International Constitution) as all such International Executive Board Member positions carry collective bargaining and grievance handling responsibilities. (Detroit, 4/1/2022, Page xxx.)

In an April 2, 2022 meeting, the IEB consented to these Interpretations. Letter from L. Day to Adjudications Officer, April 19, 2022, at 4; Coakley Appeal, at 1.

The Monitor advised Mr. Coakley of the Constitutional Interpretations on April 6, 2022. Coakley Ex. 1; Monitor Ex. 5. The Monitor further notified Mr. Coakley that, based on the Constitutional Interpretations, the Monitor would find a retired member seeking to be vetted as a candidate for International Office ineligible to run. *Id.*

Mr. Coakley appealed the Monitor's decision to the Adjudications Officer in an appeal received on April 13, 2022. Mr. Coakley's appeal, the Monitor's letter to the Adjudications Office in response, the materials the Monitor considered in reaching its decision, and relevant PRB decisions form the basis for review in this appeal.

## DISCUSSION

As Mr. Coakley correctly observes, the UAW Constitution does not explicitly bar retired members from running for or holding International Office. Mr. Coakley contends that the Constitution's silence on the issue should be understood as permitting retired members to hold such office, especially given the Constitution's express language in Article 6, Section 19, barring

retired members from voting in certain other elections. Coakley Appeal, at 6. The relevant

portion of Article 6, Section 19, reads:

> Any member in good standing who is retired, shall be entitled to a "retired
> membership status" which, without being required to pay membership dues
> during the period of such retirement, shall entitle her/him to all of the privileges
> of membership except the right to vote in elections conducted pursuant to Article
> 19, Section 3; Article 45, Section 2; and Article 50, Sections 1 and 5.

Under this provision, retirees are expressly prohibited from voting in connection with: (i) contract

negotiations with employers (Article 19, Section 3); (ii) elections of stewards and

committeepersons (Article 45); (iii) requesting strike authorization from the IEB (Article 50,

Section 1); and (iv) ending a strike (Article 50, Section 5). As Mr. Coakley highlights in his appeal,

none of these provisions expressly considers whether retirees are entitled to hold International

Office. Coakley Appeal, at 6.

The Monitor acknowledges that the Constitution contains no express prohibition on retired

members running for International Office. But the Monitor points to a Constitutional Interpretation

and PRB decisions "that have deemed retired members ineligible for certain rights or offices in

similar contexts." Letter from L. Day to Adjudications Officer, April 19, 2022, at 2. Most notably,

in 2002, the UAW adopted a Constitutional Interpretation under Article 6, Section 19, and Article

45, Section 1, to clarify that "[r]etired members are ineligible to run for any local union position

which carries responsibility for grievances and/or bargaining required by the Collective Bargaining

Agreement(s) or local union bylaws." UAW Const. art. 6 § 19(e) Interpretation (2002).

Even before that Interpretation, the PRB "found that the language of Article 6, § 19, by

excluding retirees from elections conducted pursuant to Article 19, § 3; Article 45 § 2; and Article

50, §§ 1 and 2, evinced the Constitutional framers' intent to exclude retirees as a class from

participation in all aspects of the collective bargaining and contract administration process." *King*

*v. Local Union 600 Exec. Bd., UAW*, PRB Case No. 1499 (Sept. 19, 2005) (citing *Hawkins v. Local Union 7, UAW*, PRB Case No. 1283, at 5 (Jan. 28, 2000). The question of influence over collective bargaining and grievance handling has featured prominently in other PRB decisions on UAW retiree eligibility as well. *See Rhoden v. Local Union 723 Exec. Bd., UAW*, PRB Case No. 1834 (June 28, 2021) (finding that retirees could hold the position of Local Financial Secretary-Treasurer where that office did not have grievance handling or collective bargaining functions); *Pearson v. Local Union 140, UAW*, PRB Case No. 1534 (Feb. 15, 2006) (finding that retiree could be barred from running for Local Union President where that role had collective bargaining responsibilities).

While these decisions involved only local office elections, dicta from those cases suggest potentially broader application. In *Rhoden*, the PRB noted that "[t]he UAW has a long-standing policy barring retired members from holding union offices which require bargaining or grievance handling." PRB Case No. 1834, at 8. In *King*, the PRB observed that "[t]he International Union's policy forbidding retirees from holding offices which involve collective bargaining duties applies to any office, not only those described in Article 45." PRB Case No. 1499, at 9. And in *Pearson*, the PRB noted that the appellant retiree "ha[d] not cited any instances where a retired member has been allowed to run for executive offices that involve bargaining responsibilities since the International Union adopted the rule applied to Hawkins in 1999." PRB Case No. 1534, at 7.

Moreover, the logic articulated in these decisions arguably applies beyond local office-holders. The *Rhoden* court explained that "the constitutional policy of barring retired members from holding union offices which require bargaining or grievance handling reflects a concern to avoid even the possibility or appearance of conflict." *Rhoden*, PRB Case No. 1834, at 12. Likewise, the PRB in *Pearson* restated, without comment or criticism, the Union's position that "[r]etired

members are not as accountable to the current Union membership as active ones. They may be less accessible. They may also be more prone to represent the interests of other retired members instead of current members." PRB Case No. 1534, at 7–8.

Another PRB case invoked the same logic in evaluating an agreement negotiated by the International Union. In *Henderson v. Nat'l Gen. Motors Dept. Region IC, UAW*, a retired union employee contended that health care benefits designated for retirees under the GM-UAW National Agreement violated federal law and the UAW Constitution. PRB Case No. 1568 (July 20, 2007). The retiree argued, among other things, that the Union's bargaining policies were inconsistent with its purpose as an institution. *Henderson*, PRB Case No. 1568, at 13. The PRB disagreed, citing with approval the International Union's concern that "its bargaining policies are designed primarily for active employees whose interests may be at odds with those of retirees." *Id.* Finding the Union's concerns justified, the PRB explained that "the current generation of union members has embraced a less adversarial approach to bargaining in recognition of the Union's and the Company's shared interests. *The Constitution excludes retirees from influencing the collective bargaining negotiations because, as a general rule, retirees are no longer greatly affected by such negotiations.*" *Id.*, at 14 (emphasis added). Ultimately the PRB found it was precluded by the Constitution from reviewing the matter because it involved collective bargaining policy. The explanations provided by the PRB, however, make clear that concerns about retiree influence over collective bargaining may rise above the local union level.

In describing the role of International Officers, the UAW Constitution includes functions that relate to both collective bargaining and grievance handling. Among other provisions, the Constitution:

- provides that an IEB member "shall examine all contracts negotiated within her/his region before they are signed and submit them to the International Executive Board with her/his recommendation, negotiate disputes with the bargaining committees wherever possible, act to obtain favorable legislation for labor and work for the general welfare of the membership" (UAW Const. Art. 13 § 25);

- tasks the IEB with setting up national bargaining councils where multiple Local Unions may be involved in negotiating and bargaining with a major corporation (UAW Const. Art. 20);

- provides that "[w]hen a grievance exists between a Local Union and management and negotiations are in progress and an International Union Officer or representative is participating by request of the Local Union involved, a committee selected by the Local Union shall participate in all conferences and negotiations. Copies of all contracts shall be filed with the International Secretary-Treasurer" (UAW Const. Art. 19 § 2); and

- prescribes a method through which members can appeal grievances or disputes to the IEB (UAW Const. Art. 33).

Taken together, the 2002 Constitutional Interpretation, related PRB cases, and the Constitution itself can be read to suggest that retired members are ineligible to run for International Office. That is not to say that these authorities clearly stand for this proposition, given their focus on local and not international union office. But viewed in their totality, together with the logic underlying them, these sources introduce ambiguity as to whether the Constitution allows retirees to hold International Office. Accordingly, the Adjudications Officer agrees with the Monitor's

assessment that the Constitution is ambiguous as to whether retirees are eligible for International Office.

Article 13, Section 8, of the UAW Constitution sets forth a procedure for resolving questions involving constitutional interpretation:

> The International President shall decide disputes or questions in controversy, including all questions involving interpretation of this Constitution, except such cases as follow the procedure and conditions as outlined in this Constitution; all her/his decisions being subject to appeal, first to the International Executive Board and then to the Convention. Notice in writing of appeal of any decision of the International President must be filed with the International Secretary-Treasurer and the International President within thirty (30) days from date of decision.

Here, upon finding ambiguity such that referral was appropriate, the Monitor followed the process outlined in the Constitution and referred the question to the IEB President, who adopted an Interpretation on March 24, 2022, determining that retirees were not eligible to hold International Office. Monitor Exs. 10, 6.

Consistent with his mandate in the Consent Decree, the Adjudications Officer's review is limited to the action taken here by the Monitor—namely, finding that the UAW Constitution was ambiguous as to whether retirees are eligible for International Office, referring the question to the IEB President, and enforcing the President's Interpretation in declaring Mr. Coakley ineligible to run. The Monitor made no finding about the correctness of the President's Interpretation, nor has the Adjudications Officer. The Constitution outlines a separate mechanism through which a member can challenge such an Interpretation. UAW Const. Art. 12 § 6.

## CONCLUSION

For the reasons given above, the Monitor's decision is **AFFIRMED**.

## Appendix A – Exhibits

Below is an index of the exhibits enclosed with the preceding letter, which sets forth the details surrounding the Monitor's decision to seek clarification from UAW International President Raymond Curry to resolve what the Monitor believed to be an ambiguity in the UAW Constitution on the question of whether retired members can seek International Office as part of the 2022 UAW International Officer Election.

The materials listed below and appended include the Monitor's substantive communications with Mr. Coakley, and all other papers or other materials relied upon by the Monitor in deciding to seek clarification from Mr. Curry.

Please let us know if you have any questions or require additional materials.

| Ex. No. | Document | Date |
|---|---|---|
| | Written Communications with Mr. Coakley | |
| 1 | Email from Mr. Coakley | Feb. 16, 2022 |
| 2 | Letter from Mr. Coakley | Feb. 21, 2022 |
| 3 | Letter from Mr. Coakley | Mar. 9, 2022 |
| 4 | Email from Mr. Coakley | Apr. 1, 2022 |
| 5 | Email from Monitor to Mr. Coakley | Apr. 6, 2022 |
| 6 | Attachment to Apr. 6, 2022 Email (President Curry's Memorandum and Constitutional Interpretations) | Mar. 24, 2022 |
| | Written Communications from the UAW and Other UAW Members | |
| 7 | Email from UAW Counsel | Sept. 27, 2021 |
| 8 | Emails from UAW Counsel | Jan. 23, 2022 |
| 9 | Written Submission from Unite All Workers for Democracy ("UAWD") | Feb. 17, 2022 |
| | Other | |
| 10 | Letter from Monitor to President Curry | Mar. 15, 2022 |
| 11 | UAW Constitution and Interpretations of the Constitution | June 2018 |
| 12 | *King v. Local Union 600 Executive Board*, PRB Case 1499 (Decision) | Sept. 19, 2005 |
| 13 | *Pearson v. Local 140, UAW*, PRB Case 1534 (Decision) | Feb. 15, 2006 |

# Exhibit 1

| | |
|---|---|
| **From:** | james coakley <jamesrcoakley@yahoo.com> |
| **Sent:** | Wednesday, February 16, 2022 11:14 PM |
| **To:** | UAW Monitor-Election |
| **Subject:** | Election Rules |

I called on Monday February 14 requesting a zoom meeting with the Monitor, I have not yet received a response.

My name is James R Coakley and if eligible I will be running for President of the UAW.  I would like to have input on the election rules.

# Exhibit 2

To:  Neil M. Barofsky, UAW Monitor, 919 Third Avenue, New York, New York 10022. Honorable David M. Lawson, United States District Court Southern Division, Theodore Levin U.S. Courthouse 231 West Lafayette Blvd., Room 599, Detroit, Michigan 48226.  Office of Labor Management Studies, 200 Constitution Avenue NW, Washington, DC 20210.  UAW International Union UAW-IEB 8000 East Jefferson Avenue, Detroit, Michigan 48226.

Ref:  United States v. International Union, UAW No -cv-13293 (e.d. mich).

Greetings:

I write to you in support of Retirees being allowed to run for UAW-IEB postitions.  I am writing because I believe the issue in the minds of the Monitor and the IUAW has already been determined in the following manner.

1.  Entire UAW membership (active and retired) will be eligible to vote on One Member One Vote vs the Delegate System.  This has been completed.
2.  Only active members will be eligible to run for UAW-IEB positions.
3.  Entire UAW membership (active and retired) will be eligible to vote for UAW-IEB candidates.

If the above assumptions are true then the organization that committed the crimes will be rewarded with business as usual.  They will once again maintain control with a one-party system.  Who will be the opposition?  Local Union leadership, not really, top local union leadership are told that they are being looked at for UAW Staff positions.  That's how they keep them in check, they all think that they will be appointed to a Staff position.  Further Local Union leadership will be afraid to run because if they lose they will never get on Staff.  The IUAW does not worry about retirees' votes because they keep them in check with Regional Retiree Chapters that are controlled by IUAW appointees.  They control what the retirees hear and convince them that change would not be good for them.  The IUAW also controls by use of Mandatory and Forced Retirement.  The Administration Caucus that everyone is told they belong to but can only attend by invitation has age 65 mandatory retirement.  Those individuals who would have the experience and knowledge capable of being the opposition are immediately ineligible to be the opposition due to the IUAW act of mandatory retirement by the Administration Caucus.

I am just one example of many who were forced into retirement.  In my example I was the Top Assistant to UAW Vice President General Holifield and my Chrysler counterpart was Chrysler Human Resources Vice President Al Icobelli.  Vice President Icobelli requested a meeting with Vice President Holifield during the Christmas shutdown of 2007 and at that meeting (as told to me by VP Holifield) requested that I be removed from my position because I would be an obstacle for them in future negotiations and an obstacle in their mutual Agenda.  Note:  There was another Union Official in the meeting.  VP Holifield said after meeting with the "Chief", meaning UAW President Ron Gettlefinger, that he agreed

with VP Icobelli and then said he no longer had a Top Assistant position available for me but that he had a Coordinator (triple demotion) position for me or the Chief would find me an Assistant Director (double demotion) position for me somewhere (location unknown) or I could retire then from the position of Top Assistant. I am from a closed plant so the option of going back to the plant was not offered. So I, as so many before me, had little choice but to retire. **With the stroke of a pen they can eliminate you as political opposition. You are now a retiree ineligible to run against them.**

I didn't know at the time what was meant by "their mutual agenda" but we all found out years later, by way of the FBI's investigation, that very soon after I was forced to retire they began stealing monies from the Training Fund.

I loved being a Union Representative for 35 years, 20 of those years were on the IUAW Staff at Solidarity House. If I could have picked my own retirement date I would still be working today. It is not right that the IUAW can force me and others to retire and make us ineligible to run for an IEB position while an active worker who is my age or older can run for an IEB position. The difference between us is that he or she has no representation background and has no idea how the UAW functions. On the other hand I and others like me who have served many years on the International UAW Staff have a wealth of knowledge of how the UAW operates, what changes need to be made and extensive knowledge in National Negotiations.

The IUAW is solely responsible for the situation it is in and should not be rewarded with business as usual. Fifteen (15) high ranking representatives of the IUAW have been found guilty of major crimes and I don't believe for a minute that the Government found all the crooks. Their old ways are not going to change. It is abountley clear the entire membership has no confidence in the way the IEB members are elected, thereby demanding change from a constitutional delegate system to a One Member One Vote system. It should go without saying when voting to change the system of voting, change would also include changing eligibilty. Please give us an equal playing field and let Retiree's be eligible to run for IEB positions. At the very least give Retirees the same chance at democracy as you gave One Member One Vote. Let the entire membership, both active and retired members, the chance to vote on the issue of Retiree Eligibility to run for IEB positions. Given the disgraceful illegal activities of our top UAW leadership the membership deserves the right to decide its future, the right to exercise its will by way of vote to decide on the question of eligibilty for IEB positions. Another election may move the timeline but let's get it right.

If you as the authoritative body are of the opinion that Retirees should not be eligible to run for IEB positions **please let the membership voice its opinion by the ballot box.**

Respectfully          James R. Coakley          Retired IUAW          2/21/2022

# Exhibit 3

To:  Glen McGorty, Crowell & Moring, 590 Madison Ave., 20th Floor, NY, NY.

RE:  UAW Constitution/Retirees Privilege To Run For IEB Positions

Dear Mr. McGorty,

As you stated in our conference call the UAW Monitor does not have the authority to change any provisions in the UAW Constitution with the exception of One Member One Vote as ruled by the Court.

Article 6, Section 19 of the UAW Constitution states in part:  **"Any member in good standing who is retired, shall be entitled to a "retired membership status"** which, without being required to pay membership dues during the period of such retirement, **shall entitle her/him to all of the privileges of membership** except the right to vote in elections conducted pursuant to Article 19, Section 3; Article 45, Section 2; and Article 50, Sections 1 and 5"...

As an active member in good standing I and all active members in good standing had the privilege to run for IEB positions.  Article 6, Section 19 makes it clear that I and all retirees retain that same privilege in retirement.  The privilege exceptions in Article 19, Section 3; Article 45, Section 2; and Article 50, Sections 1 and 5 do not take away our privilege to run for IEB positions.

Further, there are no provisions in the UAW Constitution, including the section on Interpretations that nullifies Article 6, Section 19.

UAW Retirees have always had the right to run for IEB positions, however, the privilege was meaningless under the delegate system.  Under the One Member One Vote system it is still a Retirees privilege to run for IEB positions, however, now it has real meaning. For the first time in the history of the UAW the membership will be privileged to elect our leadership directly.  **To deny Retired members the privilege of running for IEB positions would make Retirees disenfranchised members and would be in direct violation of Article 6, Section 19 of the UAW Constitution.**

I have been a member in good standing my entire working life and continue to be so in retirement.  I was eligible to run for IEB positions as an active worker and I have that eligibility as a Retiree.  The Monitor has no authority to change the UAW Constitution, therefore, has no authority to deny me or any Retiree from running for an IEB position.

Respectfully                                        James R Coakley              UAW Retired

# Exhibit 4

| | |
|---|---|
| **From:** | james coakley <jamesrcoakley@yahoo.com> |
| **Sent:** | Friday, April 1, 2022 3:08 PM |
| **To:** | McGorty, Glen |
| **Subject:** | Retirees |

External Email

I have pointed out to you in a previous letter that Article 6, Section 19 of the UAW Constitution allows retirees to run for UAW-IEB positions. There are no other provisions in the Constitution that takes that right away. I am at a loss to understand why a team of experienced attorneys need weeks to investigate that issue. Why does the length of time matter?

The UAW-IEB is playing politics with this issue and using the Monitor Team as pawns to accomplish the means to their desired goal that being reducing their oppositions campaign time. Retirees and active members are already at a disadvantage in reaching eligible voters in comparison to the IUAW. Many Local Unions do not hold active membership or retiree meetings in the months of June, July and August. So that leaves us retirees/active members the months of April and May to try and speak at these meetings. However, the IUAW is telling its Locals that Retirees are not eligible and that they shouldn't be allowed to speak at General Membership Meetings and Retirees wanting to campaign should be directed to the Retirees Meeting. I have experienced that edict at Local 1248, my home Local, where the Local President said he was informed by downtown not to let me speak at the General Membership Meeting. I forced the issue with a motion on the floor and the membership voted to hear me speak. I got to speak because it was my Local and the members knew who I was. I was also told by Local 685 in Kokomo, Ind. that I could not speak at the the General Membership as directed by the IUAW. So your delay 1. Plays into the hands of the IEB, the very body that disgraced the UAW and the reason we have a Monitor. 2. Prevents Retirees from speaking at General Membership Meetings. 3. Will eliminate speaking in the month of April until a decision is announced. 4. Allows the IEB to campaign and reach out to eligible voters while at the same time drastically reduces the campaign time for Retirees.

Sir, you are playing with our Political Careers and putting us at a significant disadvantage. Retiree eligibility is contained in the UAW Constitution. I can read the UAW Constitution and reread it in a couple of hours, why is the Monitor team taking weeks at our expense.

A position needs to be rendered now!

James R Coakley     IUAW Retired

1

# Exhibit 5

| | |
|---|---|
| **From:** | McGorty, Glen <GMcGorty@crowell.com> |
| **Sent:** | Wednesday, April 6, 2022 8:50 PM |
| **To:** | jamesrcoakley@yahoo.com |
| **Cc:** | Umans, Lisa; Day, Lori B. |
| **Subject:** | Update on Retiree Issue |
| **Attachments:** | Eligibility of Retired Members to Run for IEB Offices memo.pdf |

**External Email – <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**

Dear Mr. Coakley:

We write with an update regarding the eligibility of retired UAW members to run for UAW International Office.

After meeting with various stakeholders over the past several months, the Monitor noted a disagreement regarding the eligibility of retirees to run for International President, International Secretary-Treasurer, International Vice President, and/or Regional Director (together, "International Officers"). The question in controversy—should UAW retirees in good standing be permitted to run for International Office—involved interpretation of the UAW Constitution. After reviewing the arguments on both sides of the issue, the Monitor's view is that the UAW Constitution is arguably ambiguous on this question. Because this is purely a question of interpretation of the existing UAW Constitution (as opposed to a novel issue raised by the adoption of the one member one vote standard), the Monitor deferred to the process set forth in the UAW Constitution to resolve disputes over its provisions.

Article 13, Section of the 8 of the UAW Constitution provides:

> The International President shall decide disputes or questions in controversy, including all questions involving interpretation of this Constitution, except such cases as follow the procedure and conditions as outlined in this Constitution; all her/his decisions being subject to appeal, first to the International Executive Board and then to the Convention. Notice in writing of appeal of any decision of the International President must be filed with the International Secretary-Treasurer and the International President within thirty (30) days from date of decision.

As such, on March 15, 2022, the Monitor requested that, pursuant to Article 13, Section 8 of the UAW Constitution, the International President decide whether UAW retirees in good standing may run for International Officer under the UAW Constitution. The Monitor requested a written response regarding the International President's interpretation of the Constitution as to the eligibility of retirees to run for International Office.

On March 24, 2022, the International President issued a memorandum adopting two new Constitutional interpretations which instruct that retired members are **not** eligible to be nominated, run for, or be elected as an International Officer. The International President requested that the International Executive Board ("IEB") review and consent to this interpretation, under Article 12, Section 6 of the UAW Constitution (stating that the IEB "shall review and decide, between Conventions, all questions involving interpretation of this Constitution when any member or subordinate body wishes to appeal, or the Board on its own initiative wishes to consider the decision on any such question made (pursuant to Article 13, Section 8) by the International President"). On April 1, 2022, the IEB considered the International President's analysis and adopted these interpretations of the Constitution.

On April 5, 2022, the Monitor received a copy of the International President's memorandum. That memorandum is <u>attached</u> for your reference.

The Rules for the UAW 2022 International Officer Election are in the process of being finalized and will be issued soon, and posted on the Monitor's website once issued. Because you expressed interest in the question of whether retirees would be eligible to run for International Office, we wanted to share the International President's memorandum and the decision of the IEB with you as soon as possible. As a result, if a retired member seeks to be vetted by the Monitor to be a Bona Fide Candidate for International Office, the Monitor will find that the prospective candidate does not qualify to run for such office based on the International President's decision and the IEB's adoption thereof. Of course, as set forth in the Consent Decree, as with all prospective candidates who are found ineligible to run for International Office, such a retiree would then have the right to appeal that decision of the Monitor to the Adjudications Officer, pursuant to the processes set forth in the Consent Decree. The process and timeline for seeking vetting by the Monitor, and the process for any appeal to the Adjudications Officer, will also be set forth in the forthcoming Rules.

Best,

Glen McGorty

**Glen G. McGorty**
Pronouns: he/him/his
gmcgorty@crowell.com
+1.212.895.4246 direct
LinkedIn

Crowell & Moring LLP
590 Madison Avenue
20th Floor
New York, NY 10022

# Crowell

**Collaboration Powers Success**

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

# Exhibit 6



*Inter-Office Correspondence*

March 24, 2022

**To:**      International Executive Board

**From:**   Ray Curry

**Subject:**   **Eligibility of Retired Members to Run for International Executive Board Member Offices**

As part of its activities related to rules to govern the election of IEB Member positions, by written communication dated March 15, 2022 the Court-appointed Monitor has identified a ripe issue for consideration by the International Union. In particular, the Monitor's representative has requested that the General President's Office issue a Constitutional Interpretation on the question of whether retired members are eligible to run for IEB Member positions (International President, International Secretary-Treasurer, International Vice-Presidents and Regional Directors).

The IEB had prior discussion on this matter earlier this year. There is both internal UAW law and applicable federal labor law that informs my conclusion that retirees, while valued members of our International Union, should not be eligible to run for these International offices, and I ask for your consent to my determination.

The UAW Constitution at Article 6, Section 19 generally describes the rights of retired members. That provision specifies that retired members are ineligible to vote in elections conducted pursuant to Article 19, Section 3 (contract ratification votes); Article 45, Section 2 (votes for local union stewards and committeepersons, both positions having grievance handling and contract negotiating responsibilities) and Article 50, Sections 1 and 5 (strike authorization votes). An Interpretation of the Constitution was issued over sixty (60) years ago which clarified that retired members are ineligible to vote for local union position(s) which carry responsibility for grievances or bargaining even if there are other duties also associated with such positions. (See UAW Constitution Article 6, Section 19(1) Interpretation.)

In addition to these explicit constitutional restrictions on retirees' voting on certain matters, there similarly have been long-standing determinations that retirees should not be eligible to be candidates for certain local offices. The UAW's institutional policy for excluding retirees from voting in, or holding, union positions which involve grievance handling or collective bargaining responsibilities is premised on the notion that retirees' primary interests extend to retirement benefits, potentially to the detriment or in conflict with active employees' interests in wage rates, hours, working conditions, and other terms of active employment.

- 2 -

As the UAW's Public Review Board put it in a case involving retiree involvement in collective bargaining:

"This is a good rule.  Retired members are not as accountable to  the current Union membership as active ones. They may be less accessible. They may also be more prone to represent the interests of other retired members instead of current members. All of these factors may  diminish the ability  of the  Union to react to the changing nature of the work place. They may also expose the Union to legal liability...."

Pearson v Local 140 PRB Case 1534 (February 15, 2006), pp 7-8.

This rationale that active members should be in charge of collective bargaining informs our judgement that retirees should not be eligible to run for those International offices that direct or lead or oversee the union's bargaining efforts. UAW IEB Members are directly involved in collective bargaining. All UAW bargaining units contain certifications of the International Union and its Local Union(s) as the authorized representative of individuals employed by the Company.  UAW IEB Members who serve as Officers direct National Departments that negotiate and administer multi-unit collective bargaining agreements (e.g., General Motors, Ford, Stellantis, Deere & Co., Caterpillar, Volvo/Mack Trucks, Navistar, Daimler Trucks/Freightliner, etc.).  The UAW Constitution provides that the duties of IEB members – which includes Officers as well as Regional Directors - includes participation and review of negotiated labor agreements and resolution of bargaining disputes.  (UAW Constitution at Article 13, Section 25.)

Accordingly, in my view the existing internal law of the Union supports a limitation on retiree members running for or serving as IEB members. Similarly, federal Department of Labor regulations on union  election eligibility  requirements support as  reasonable restrictions on the eligibility for office of non-active members, providing that: "It would ordinarily be reasonable for a union to require candidates to be employed at the trade or even to have been so employed for a reasonable period." 29 CFR § 452.41(a).

Under these circumstances, in accordance with the powers vested in the International President under Article 13, Section 8 of the Constitution to decide questions concerning or involving interpretation of the Constitution, I hereby adopt the two following Constitutional Interpretations:

- 3 -

\* \* \* \* \*

**Article 6**
**Membership**
Section 19

**(4)   Eligibility of Retired Members to Run for International Executive Board Offices (International President, International Secretary-Treasurer, International Vice-Presidents or Regional Director)**

Retired members are ineligible to be nominated, run for, or be elected as an International Executive Board Member (an elective officer of the International Union or International Executive Board Member as identified in Article 10, Section 1 and Article 10, Section 21 of the International Constitution) as all such International Executive Board Member positions carry collective bargaining and grievance handling responsibilities.  (Detroit, 4/1/2022, Page xxx.)

**Article 10**
**Officers and Elections**
Section 6

**(4)   Eligibility of Retired Members to Run for International Executive Board Offices (International President, International Secretary-Treasurer, International Vice-Presidents or Regional Director)**

Retired members are ineligible to be nominated, run for, or be elected as an International Executive Board Member (an elective officer of the International Union or International Executive Board Member as identified in Article 10, Section 1 and Article 10, Section 21 of the International Constitution) as all such International Executive Board Member positions carry collective bargaining and grievance handling responsibilities.  (Detroit, 4/1/2022, Page xxx.)

\* \* \* \* \*

Under Article 12, Section 6 of the Constitution, the IEB has the ability to review any interpretation issued by the International President.  In an effort to provide timely guidance to our members and potential candidates and to be responsive to the inquiry from the Monitor's representative, I seek IEB consent to this interpretation.

RC:bw
opeiu494
cc:  Tim Bressler
      Todd Brien
      Abigail Carter

# Exhibit 7

| From: | Ganatra, Niraj R. |
|---|---|
| To: | McGorty, Glen |
| Cc: | Umans, Lisa; Ganatra, Niraj R. |
| Subject: | RE: Question |
| Date: | Monday, September 27, 2021 6:27:09 PM |

External Email

Glen,

There is some internal law that touches upon the question.  As you know, the UAW Constitution at Article 6, Section 19 generally describes the rights of retired members.  An Interpretation of the Constitution was issued in June 2002 which provides that retired members are ineligible to run for any local union position which carries responsibility for grievances or bargaining. (*See* Article 6, Section 19(3) Interpretation.)

The UAW Public Review Board has been called upon to decide some controversies within the International Union concerning retiree eligibility to hold union office which carries grievance handing or bargaining responsibility.  In a case where the PRB considered the Article 6, Section (3) Constitutional Interpretation, the Board wrote:

> This is a good rule. Retired members are not as accountable to the current Union membership as active ones. They may be less accessible. They may also be more prone to represent the interests of other retired members instead of current members. All of these factors may diminish the ability of the Union to react to the changing nature of the work place. They may also expose the Union to legal liability....

*Pearson v Local 140* PRB Case 1534 (February 15, 2006), pp 7-8.  *See also, King v. Local Union 600 Executive Board*, PRB Case 1499 (September 19, 2005)(Upholding determination that retired member was ineligible to run for local union office with grievance and bargaining responsibilities as Article 19, Section 3...evinced the Constitutional framer's intent to exclude retirees as a class from participation in all aspects of the collective bargaining and contract administration processes.)

UAW IEB Members are directly involved in collective bargaining.  All UAW bargaining units contain certifications of the International Union and its Local Union xxx as the authorized representative of individuals employed by the Company.  UAW IEB Members who serve as Officers direct National Departments that negotiate and administer multi-unit collective bargaining agreements (e.g., General Motors, Ford, Stellantis, Deere & Co., Caterpillar, Volvo/Mack Trucks, Navistar, Daimler Trucks/Freightliner, etc.).   The UAW Constitution provides that the duties of IEB members includes participation and review of negotiated labor agreements and resolution of bargaining disputes. (UAW Constitution at Article 13, Section 25.)  Accordingly, the International Union's view is that existing internal law of the Union prohibits retired members from serving as IEB members.

Niraj

In King vs Local Union 600 Executive Board, UAW, PRB Case No. 1499 (September 19, 2005), the board held that: "As a retiree, Bob King was ineligible to run for the office of Local 600 Financial Secretary-Treasurer. The Interpretation of Article 45, Section 1, referred to by the Local Election Committee to explain its ruling also appears in the Interpretations of Article 6, Section 19, of the Constitution. The International Union's policy forbidding retirees from holding offices which involve collective bargaining duties applies to any office, not only those described in Article 45...." Also, the board alluded that, "We found that the language of Article 6, Section 19, by excluding retirees from elections conducted pursuant to Article 19, Section 3; Article 45, Section 2; and Article 50, Sections 1 and 2, evinced the Constitutional framers' intent to exclude retirees as a class from participation in all aspects of the collective bargaining and contract administration processes..." "In this case, Local 600's Bylaws assign specific bargaining and grievance handling responsibilities to the Financial Secretary-Treasurer. The position is therefore one which may not be held by retired members under the International Constitution (supra)."

Niraj R Ganatra
General Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan 48214
Telephone: 313.926.5216
Fax: 313.926.5240
E-mail: nganatra@uaw.net

From: McGorty, Glen <GMcGorty@crowell.com>
Sent: Monday, September 20, 2021 10:50 PM
To: Ganatra, Niraj R. <NGanatra@uaw.net>
Cc: Umans, Lisa <LUmans@crowell.com>
Subject: Question

Niraj,

Can a retired member hold office on the IEB? Someone asked that question and it isn't clear from our research.

Thanks,
Glen

**Glen G. McGorty | Crowell & Moring LLP**
Managing Partner, New York Office
590 Madison Avenue | 20th Floor | New York, NY 10022-2524
T: +1 212.895.4246 | F: +1 212.895.4134
gmcgorty@crowell.com | www.crowell.com | Web Bio

**Privileged and Confidential • Attorney-Client Communication • Attorney Work Product**
This message contains privileged and confidential information.  IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT.
Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail.
Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

# Exhibit 8

| | |
|---|---|
| **From:** | Ganatra, Niraj R. <NGanatra@uaw.net> |
| **Sent:** | Sunday, January 23, 2022 1:52 PM |
| **To:** | McGorty, Glen |
| **Cc:** | Barofsky, Neil M.; Umans, Lisa; Day, Lori B.; Terence Campbell; Curry, Raymond; Ganatra, Niraj R. |
| **Subject:** | Re: Monitor Inquiry - Retirees Voting in Union Elections |

External Email

The International Union's position on the question of retired members (or retirees) being involved in IEB elections is as we articulated during our prior IEB Subcommittee meeting with the Monitor's team in early January. That is, retired members maintain the right and ability to vote in elections for Constitutional Convention delegates and to run for Constitutional Convention delegate. That position is informed by Article 6, Section 19 of the UAW Constitution which, as previously noted, provides that retired members shall be entitled to all privileges of membership *except* the right to vote in contract ratifications, strikes and for union positions involving collective bargaining and/or grievance handling.

However, the International Union believes that retired members should not be permitted to vote in the underlying election(s) for IEB members. As was discussed at length in our prior communication to the Monitor's team on January 13, this position is premised on the notion that retired member interests are not congruent with those of active members, which has resulted in restrictions on retired members rights - as reflected in Article 6, Section 19 of the UAW Constitution and discussed in Constitutional Interpretations of: Article 6, Section 19(1); Article 6, Section 19(3) and Article 45, Section 1(2). The UAW's Public Review Board, in affirming these restrictions on retired members rights, has stated:

> "..it is apparent to us that the framers of the Constitution, while otherwise providing full membership rights to retirees, intended specifically to exclude them as a class from participation in all aspects of the collective bargaining and contract administration process..."

*Hawkins v. Local Union 7, UAW,* PRB Case 1283 at 5 (2000).

The International Union's position here is internally consistent with how the UAW has approached, from a policy perspective, retired member engagement within the Union. Retired members are Constitutionally eligible to participate in process questions involving the UAW. This is reflected, by example, by retired members eligibility to vote on approvals for, or amendments to, Local Union bylaws. (Local Union bylaws provide the rules for governance and operation of a Local Union.) Similarly, retired members have been permitted to vote in elections for Constitutional Convention delegate - to the extent such retired members are "attached" to active Local Unions - and to be Constitutional Convention delegates (whether through Article 55, Section 4(f) or otherwise). As with Local Union bylaws for Local Unions, the UAW Constitution establishes the rules for governance and operation of the International Union.

Hence, retired member have been permitted to participate in "process" questions/issues for the UAW – both at the Local and International Union level - but have been excluded from involvement in voting and running for offices involved in collective bargaining/grievance handling. This is how, from the International Union's perspective, retired members were included in the vote on a process question (i.e., the Referendum) but cannot be included in the underlying election for IEB members.

Niraj R. Ganatra
Special Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan 48214
Telephone: 313.926.5216
Fax: 313.926.5240
E-mail: nganatra@uaw.net

On Jan 18, 2022, at 10:50 AM, McGorty, Glen <GMcGorty@crowell.com> wrote:

Niraj,

Thank you for sharing this information regarding retiree rights.  As a follow-up, from a policy and/or legal perspective, can you address how the UAW's current system permits retirees (from active locals) the right to vote on certain issues or hold office?  Unless we are misunderstanding the current system, it seems that the IEB's recommendation that we prohibit retirees from voting for the IEB leadership in a general election would require us to impose new restrictions which do not exist in the delegate election process (where retirees from active locals can vote for delegates and run for the position of delegate, who then nominates and votes for the IEB candidates).  Please help us understand the IEB's position on this issue.

Thanks,
Glen

Glen G. McGorty | Crowell & Moring LLP
Managing Partner, New York Office
590 Madison Avenue | 20th Floor | New York, NY 10022-2524
T: +1 212.895.4246 | F: +1 212.895.4134
gmcgorty@crowell.com | www.crowell.com | Web Bio

**Privileged and Confidential • Attorney-Client Communication • Attorney Work Product**
This message contains privileged and confidential information.  IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

**From:** Ganatra, Niraj R. <NGanatra@uaw.net>
**Sent:** Thursday, January 13, 2022 4:20 PM
**To:** Barofsky, Neil M. <NBarofsky@jenner.com>; McGorty, Glen <GMcGorty@crowell.com>
**Cc:** Umans, Lisa <LUmans@crowell.com>; Day, Lori B. <lday@jenner.com>; Terence Campbell <tcampbell@cotsiriloslaw.com>; Curry, Raymond <RCurry@uaw.net>; Ganatra, Niraj R. <NGanatra@uaw.net>
**Subject:** Monitor Inquiry - Retirees Voting in Union Elections

External Email

The UAW Constitution at Article 6, Section 19 generally describes the rights of retired members.  That provision specifies that retired members are ineligible to vote in elections conducted pursuant to Article

19, Section 3 (contract ratification votes); Article 45, Section 2 (votes for local union stewards and committeepersons, both positions having grievance handling and contract negotiating responsibilities ) and Article 50, Sections 1 and 5 (strike authorization votes). An Interpretation of the Constitution was issued over sixty (60) years ago which clarified that retired members are ineligible to vote for local union position(s) which carry responsibility for grievances or bargaining even if there are other duties also associated with such positions. (*See* UAW Constitution Article 6, Section 19(1) Interpretation.)

The UAW's decades-long institutional policy for excluding retirees from ▮▮▮▮▮▮ holding, union positions which involves grievance handling or collective bargaining responsibilities is premised on the notion that "[retirees'] interests extend only to retirement benefits, to the exclusion of wage rates, hours, working conditions, and all other terms of active employment." Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass, 404 U.S. 157, 173 (1971). In determining that retirees are legally not part of a bargaining unit, the Supreme Court noted that incorporating retirees within the bargaining unit "would create the potential for severe internal conflicts that would impair the unit's ability to function and would disrupt the process of collective bargaining." Id.

The conflict(s) which may arise flow out of allowing retirees to take control of the collective bargaining process ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ by retirees being elected into such office themselves – who would put the advancement of retirement benefit gains above active workers interests such as wage rates and other terms of active employment or would withhold settlement of a collective bargaining agreement until their pecuniary interests are obtained in negotiations. The concern here is that retirement benefits are not mandatory subjects (i.e., permissive subjects) of bargaining under the National Labor Relations Act (NLRA). Id. at 400. And the danger of retirees controlling the collective bargaining process is that bargaining to impasse or strike over permissive subjects and a labor union utilizing its economic leverage in such a context could have fatal consequences for active members. Economic strikes under the NLRA include strikes over permissive subjects of bargaining. In economic strikes, employers have a right to continue operations by hiring permanent replacement workers. Finch, Pruyn & Co., Inc., 349 NLRB No. 28. Employers are free to hire permanent replacement workers for economic strikes and may lawfully refuse a request for reinstatement from a striker who has been permanently replaced. Adams Bros. Manifold Printing, 17 NLRB 974 (1939). Retirees therefore could commandeer the negotiating process to insist on bargaining over permissive subjects of bargaining, resulting in either economic sanctions against the Union or, more importantly, leading to a strike which could result in active workers being permanently replaced from their jobs.

It is in this context that the UAW's independent Public Review Board has been called upon to decide some controversies within the International Union concerning retiree eligibility to hold union office which carries grievance handing or bargaining responsibility. In a case where the PRB considered an Article 6, Section 19 Constitutional Interpretation concerning retiree involvement in collective bargaining, the Board wrote:

> This is a good rule. Retired members are not as accountable to the current Union membership as active ones. They may be less accessible. They may also be more prone to represent the interests of other retired members instead of current members. All of these factors may diminish the ability of the Union to react to the changing nature of the work place. They may also expose the Union to legal liability....

*Pearson v Local 140* PRB Case 1534 (February 15, 2006), pp 7-8. *See also, King v. Local Union 600 Executive Board*, PRB Case 1499 (September 19, 2005)(Upholding determination that retired member was ineligible to run for local union office with grievance and bargaining responsibilities as Article 19, Section 3...evinced the Constitutional framer's intent to exclude retirees as a class from participation in all aspects of the collective bargaining and contract administration processes.)

UAW IEB Members are directly involved in collective bargaining.  All UAW bargaining units contain certifications of the International Union and its Local Union(s) as the authorized representative of individuals employed by the Company.  UAW IEB Members who serve as Officers direct National Departments that negotiate and administer multi-unit collective bargaining agreements (e.g., General Motors, Ford, Stellantis, Deere & Co., Caterpillar, Volvo/Mack Trucks, Navistar, Daimler Trucks/Freightliner, etc.).   The UAW Constitution provides that the duties of IEB members – which includes Officers as well as Regional Directors - includes participation and review of negotiated labor agreements and resolution of bargaining disputes.  (UAW Constitution at Article 13, Section 25.)

Accordingly, the UAW believes is that existing internal law of the Union, which in turn is premised on the status of external law concerning retiree issues in collective bargaining, prohibits retired members from serving as IEB members ███████████████████

Niraj R. Ganatra
Special Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan 48214
Telephone: 313.926.5216
Fax: 313.926.5240
E-mail: nganatra@uaw.net

# Exhibit 9

Dear Mr Barofsky,



- Retirees allowed to run for IEB positions.

- o Over the course of 37 UAW Constitutional Conventions the delegates had the opportunity to explicitly state that retired members were not allowed to run for International Executive Board Offices. – They never took this provision up.
- o The prohibitions on retirees seeking offices are confined in the Constitution to Article 45 – Local Stewards and Committeepersons.
- o Article 10 Sections 6, 7, 8, sets the several qualifications for International Executive Board members. None of those qualifications exclude retirees. Applying Article 45 to these circumstances is not appropriate.
- o Retirees can and do run for election to Local Union Executive Boards.
- o As of right now two candidates with credible experience have announced their intention to run for UAW International President. Both are retired UAW Staff. One was forced into retirement because he came into conflict with the corruption in the Chrysler Department.
- o In the interpretations section of the UAW Constitution, Article 6 Section 19, Interpretation 3 (page 167-168) reads:
  - **Retired Members are ineligible to run for any local union position which carries responsibility for grievances or bargaining required by the Collective Bargaining Agreement(s) and/or local union bylaws.**
  - In contracts and the law, the principle is that to include some is to exclude others. If the IEB wanted to further limit retired members rights, they could have through the interpretations. They have not, and therefore, they have not excluded retirees from running for the IEB.
  - The issue has probably not come up in the past as a result of the one-party nature of officers over the last 75 years.
- o There is a big difference between retirees overpowering interests they are not a party to (contracts, grievance handling) and a retiree appealing to get a mandate from the membership to lead the union.





# Exhibit 10

 **Crowell**

**Glen Garrett McGorty**
GMcGorty@crowell.com
(212) 895-4246 direct

Crowell & Moring LLP
590 Madison Avenue
20th Floor
New York, NY 10022
+1.212.223.4000 main
+1.212.223.4134 fax

March 15, 2022

**DELIVER VIA EMAIL**

Raymond Curry, International President
UAW International Union
26300 Northwestern Highway
Southfield, Michigan 48076
RCurry@uaw.net

Dear Mr. Curry:

We are writing with respect to the upcoming 2022 International Officer election. As we have discussed, there is a ripe issue regarding the eligibility of retirees to run for International President, International Secretary-Treasurer, International Vice President, and/or Regional Director (together, "International Office"). While the Monitor works on Rules for the 2022 International Officer election, we request that you decide the current question in controversy that involves interpretation of the UAW Constitution: should UAW retirees in good standing be permitted to run for International Office.

We understand the initial position of the IEB to be that UAW retirees are not eligible to run for International Office. We have also received outreach from other UAW members who believe that the UAW Constitution permits UAW retirees in good standing to run for International Office.

As you know, Article 13, Section 8 of the UAW Constitution provides:

> The International President shall decide disputes or questions in controversy, including all questions involving interpretation of this Constitution, except such cases as follow the procedure and conditions as outlined in this Constitution; all her/his decisions being subject to appeal, first to the International Executive Board and then to the Convention. Notice in writing of appeal of any decision of the International President must be filed with the International Secretary-Treasurer and the International President within thirty (30) days from date of decision.

Therefore, we believe you are appropriately positioned to decide whether UAW retirees in good standing may run for International Office under the UAW Constitution.

Given the urgency of the upcoming election and the need to give any interested parties the opportunity to pursue any appeal of your decision, we would appreciate a written response regarding your interpretation of the Constitution as to the eligibility of retirees to run for International Office within the next week.

**crowell.com**

**C Crowell**

Letter to R. Curry
March 15, 2022

We can be available to discuss these issues at your convenience.

Sincerely,

Glen G. McGorty

cc:   Abigail Carter
      Neil M. Barofsky
      Lori B. Day