September 26, 2022

TO:   Honorable Judge David M. Lawson
      United States District Court
      Eastern District of Michigan, Southern Division
      231 W. Lafayette Blvd., Room 775
      Clerks Office 5th Floor
      Detroit, MI. 48226

RECEIVED
OCT 0 3 2022
DAVID M. LAWSON
U.S. DISTRICT JUDGE

From:  Ms. Sharon Bell
       UAW Member
       1214 St. Clair Unit 56
       Detroit, MI  48214

**RE: 20-cv-13293-Appeal of election process and rules**

Dear Honorable Judge Lawson,

I properly appealed this particular issue

The Monitor answered that it must be appealed to Mr. Soffer

I in fact appealed to the Adjudicator Mr. Soffer

The Adjudicator replied that I was untimely

I now appeal both the Adjudicator and the Monitor's decision to this Court for the following

reason.

1. Regarding the Monitor's decision that it needs to be appealed to the adjudicator and not
   himself.: The election rules were clear that appeals were to be sent to the Monitor.
   Additionally, the rules did not specify an address for which the appeals should have been
   sent.  also, the Monitor's response to me itself was beyond the required time indicated by
   the rules for any and all appeals.

2. Regarding the Adjudicator's response that I was untimely. As I considered the Monitor's answer which itself was both untimely and in consistent with the Published election rules; I appealed to the Adjudicator. Notwithstanding he picked it up from the post office on September 1, 2022; On August 22, 2022, I mailed my appeal by Certified mail to the Adjudicator. On September 14, 2022, I receive the Adjudicator's response 21 days later.

3. Given the tardiness of both the monitor and Adjudicator they have thwarted and blocked any legitimate pathway for any and all election any and all challenged election matter. Especially this immediate appeal of my period. I am attaching my appeals at both levels and all the answers received for your consideration. I ask that you mead out essential justice that affirms this appeal of mine to your Court.

Respectfully yours,

*Sharon Bell*

Sharon Bell, UAW Member
Candidate for Vice President, International Union (UAW)
sharonbellgmuaw@yahoo.com
313-680-9800

ATTACHMENTS

1. RE:   **20-cv-13293-Appeal of election process and rules to** Honorable Judge Lawson (3pages 11 Attachments)

2. My Appeal to Neil Barofsky, UAW Election Monitor Appeal dated July 30, 2022 (6pages)

3. Email response from UAW Monitor Election Team Date: August 1, 2022 (2 pages)

4. Yahoo/sent print out history Email (2 pages)

5. My Appeal to Gil Soffer, UAW Adjudications Office Appeal dated August 22, 2022 (6p.)

6. Adjudications Officer's response to my Appeal FedEX September 14, 2022 (4 pg.)

7. Sharon Bell's proof of mailing to the Adjudicator on August 22, 2022, USPS Tracking His

8. Return receipt from Sharon Bell to the UAW Adjudicator (2pg.) dated

9. Appeal Email history July 17, 2022 (1p.)

10. Sharon Bell and Roberta Gainer's amended complaint to the Office of Labor Management Standards (OLMS) Amended August 22, 2022 (9pg.)

11. OLMS confirmation of election complaint dated August 17, 2022

August 22, 2022

Sharon Bell
1214 St. Clair Unit 56
Detroit. Michigan 48214

Roberta Gainer
28 Calderwood Drive
Cheektowaga, NY 14215

August 22, 2022

Gil Soffer, UAW Adjudications Officer
Katten Muchin Rosenmann
525 W Monroe Street
Chicago, IL. 60661-3693

Dear Mr. Soffer,

This is an appeal against the UAW Election Monitor's actions that deemed the UAW
retires ineligible to run for International Officers positions (IEB and Regional Director) in
2022 UAW Convention Roberta Gainer and Sharon Bell are filing this appeal to ensure
compliance with exhausting all internal remedies before filing a complaint with the
OLMS.

By the processes set forth in this decree dated September 9, 2021, the Adjudications
Officer is authorized to exercise all the disciplinary rights and powers of the UAW's
International President, IEB, and the UAW Public Review Board for violation of the
UAW's Constitution and Ethical Practices Code.

The discussion deeming retires ineligible is discriminatory, violates the three principles
in the consent decree and violated the 2018 Constitution Article #3, also the Monitor
violated Article 6 Section 19 and the Monitor Violated Article 10 Section 6 in the 2018
UAW constitution. The UAW Monitor implemented a rule that was voted on my
delegates also the Monitor failed research the state and federal discrimination laws.

Please reverse the decision and allow the retires the same rights as all members, for
580,000,00/ 59% have been deem ineligible this has negatively impacted or union. The
retires built the foundation of the union. A number of retires are our members: uncles,
fathers, mothers, aunties and loved ones.

This is an appeal against the UAW-Monitor's actions deeming the UAW retiree's
ineligible to be nominated or to run for International Officers (IEB); (an elective Officer of

the International Union or International Executive Board Member positions. The UAW 2018 Constitution lacked specific language stating that all International Officers have specific collective bargaining duties and grievance handling responsibilities.

Bell and Gainer assert that the IEB and President's Office supplied no evidence to prove that the 2018 Constitution intended for retirees to be ineligible to run for IEB positions.

Furthermore, we appeal to the UAW-Monitor's failure to stop all forms of discrimination, unfair election practices as well as corruption. In Bell and Gainer's amended appeal dated May 1, 2022, under issues, Bell and Gainer expressed concerns that State and Federal laws were in violation, and UAW Ethical Practices were violated by both the UAW-Monitor and the IEB.

In Gainer and Bell's original appeal to the IEB, they stated it was discriminatory and retaliatory to deem the retirees ineligibly to run for IEB positions. For example, the UAW Election Monitor has implemented a rule that made retirees ineligible to run. For example, James Coakley a retired candidate was deemed ineligible to run for an International Officer position. Yet the UAW Constitution grants retirees the same privileges as all UAW members.

In addition, Gainer and Bell appeal the UAW Monitor's discriminatory practices he deemed the retires ineligible to run for an International Officers position, for we researched the state and federal laws and we concluded that President Ray Curry's Constitutional interpretation/ New Adoptions are an act of retaliation against the UAW retirees. In addition, if the retirees are deemed ineligible to run for IEB positions then we the UAW Election-Monitor Executive Board and the Presidents' Office has in fact discriminated and retaliated against all retirees. For example, John Guinan is currently a UAW retiree who served 4 years in the U.S Military in Vietnam, and John is a UAW retiree. The Monitor's discriminatory rule deems James Coakley, John Guinan, Leroy McKnight John Guinan, and other retiree's ineligible to run for IEB position. This is Gainer and Bell' appeal against the Monitor's decision deeming retires ineligible.

## Discussion

John Guinan, James Coakley, and Leroy McKnight each expressed a desire to rejoin the work force, and they each have that right. But the current union administration who are also candidates themselves has introduce a discriminatory against all retires. Why? And the Monitor implement a discriminatory rule violating the three principles of the Consent decree. According to state and Federal laws. The Veterans are entitled to be hired without discrimination. The union is an employer, and John Guinan, Leroy McKnight have told me they are both Veterans. James Coakley might be a Veteran as well I am not sure. One thing I do know about James Coakley he is a retiree who has decided to reenter the work force and he should be kept from running for a IEB position. I appeal all discriminating rules that deems retires ineligible to run for IEB positions.

The UAW-Election-Monitor has denied UAW retired Veterans the right to run for IEB when they are protected by Veteran employment hiring laws One law is "The Vietnam Era Readjustment Act 1974, as amended, 38 U.S.C 4212, prohibited employment discrimination against, and requires affirmative action to recruit, employ, and advance in employment, disability, veterans…(OFCCP 1800-397-6251, www.dol.gov)."

## Discussion

Bell and Gainer stated in their May 1, 2022, appeal that the retirees were discriminated against in this UAW 2022 UAW Convention Election Process. The Monitor posted election rules that deem retiree's ineligible to be nominated or run for an International Officers position. According to the Equal Employment Opportunity Law Labor Organizations are prohibited under Federal law from discrimination on the following: Age, Race, retaliation, color, religion, National, or Origin (Title VII of the Civil Rights Act of 1964, as amended, protects applicants and employees from discrimination in hiring, promotion, discharge, pay, fringe benefits.

Discrimination includes failing to accommodate an employee where the accommodation does not impose an undue hardship. Furthermore, we believe John Guinan and James Coakley were retaliated against due to their prior international leadership positions. We appeal any decision that denies retirees the right to run for International Officers. No one is above the law not even the delegates. There are approximately 59%-580,000 retirees in the UAW today. and we appeal any inequality practice or discriminatory rule against any member of our union. Bell asserts that retirees in good standing should be allowed the privileges as all UAW Members as outlined in our UAW Constitution

Furthermore, during the 2022 38th Constitutional Convention, it was noted that a certain retiree works as the international executive board parliamentarian is a retiree and at the Convention, he was present on the stage quite often. Yet James Coakley and John Guinan's rights are being challenged by the UAW Monitor, and the retiree that was doing the parliamentary procedures was given an opportunity that was not provided to other retirees.

In accordance with the Equal Employment Opportunity Commission Laws Labor organizations are prohibited from using a union member characteristic to reduce their membership privileges. In addition, Retaliation is prohibited under Federal laws; retaliation against a person who opposes an unlawful employment practice has a right under the law.

Currently, I see no evidence that the Monitor or the union gave any consideration to the harm that has occurred to James Coakley and John Guinan both men are retirees. John is also a protected Veteran; other retirees have also been disenfranchised by the ineligibility ruling. As well as Leroy McKnight who I know wanted to run for IEB. The UAW Monitor did not protect the retirees, I believe it can all be worked out by simply reversing the ineligibility decision.

However, it is up to the UAW Monitor, the Adjudication Officer, the OLMS, and the Courts. We plead and pray on behalf of the retirees that the UAW Monitor would decide in favor of the retirees and allow all members in good standing to run for International Officers positions. I observed during the convention that the retiree eligibility question was not decided, for the delegates voted on an amendment that did not reference the issue nor amend Article 6 Section 19 and Article 10 and 6. Therefore the language remains unchanged.

## Constitution

First: on page 3 of the UAW Constitution, it states how to recognize changes made to the UAW Constitution. Page 3 states Note: Amendments adopted by Constitutional Convention appear in bold type. Where a portion of a section has been deleted the entire section as amended, appears in bold type.

The 2018 Convention provided that where the meaning of one article is changed, all related articles are automatically changed to carry out the intent of the change (UAW Constitution 2018, p. 3).

Please review the motion voted on about the retirees. I believe you will find that the delegates did not amend Article 6 Section 19 and Article 10 and Section 6. Therefore, the retirees are eligible to run for IEB International positions, there was confusion on what the delegates voted on.

## Equality Among all UAW Members

Preamble: "… that all men and women are created equal, that they are endowed by their Creator with certain inalienable rights, that among these are life, liberty, and the pursuit of happiness. Among these are life liberty and the per suit of happiness. "… within the orderly processes of such government lies the hope of the worker in advancing society toward the ultimate goal and economic justice (UAW Constitution 2018p. 3)"

## Powers of Administration/Authority/Delegates

The highest tribunal shall be the international convention composed of delegates democratically elected by the membership of Local Unions." (UAW Constitution Article 7, p. 12) see Article 3 Supreme Law

## Fair/Democracy:

Article 2 Section 2 Objects: "To unite in one organization, regardless of religion, race, creed, color, sex political affiliation or nationality, age, disability, marital status or sexual orientation, gender identity or gender expression, all employees under the authority of this International Union

## UAW Ethical Practices Codes

"… individual rights as a UAW member are protected against infringement or abuse for a member may appeal complaints concerning the Administration of the Union, to the

Local Union, the International Executive Board, the Constitutional Convention, and the UAW Public Review Board." Bell & Gainer Appeal, p. 34, p. 000094).

Each member shall be entitled to a full share in Union self-government. Each member shall have full freedom of speech and the right to participate in the democratic decisions of the union, subject to reasonable rules and regulations. Each member shall have the right to run for Office, to nominate and vote in free, fair, and honest elections.

All Union rules and laws must be fairly and uniformly applied and disciplinary procedures, including adequate notice, full rights of accursed and the right to appeal, shall be fair and afford full due process to each member. No corruption, discrimination or antidemocratic procedure shall ever be permitted under any circumstances. (33 Appeal Bell & Gainer, p. 34 & 000094)

State and Federal laws against Discrimination and Retaliation: Ageism Stereotyping or discrimination due to age against individuals or groups based on their age, Robert Neil used the term Ageism to describe discrimination against seniors and patterned on sexism and racism. 1969 Butler defined ageism as a combination of three connected elements (Wikipedia 2022).

Negative effect regarding membership: The conduct must have a negative effect on the complainant's membership in the union or association. For example, membership is denied, or the member is suspended or expelled. A complaint does not need to show that the respondent meant to discriminate or was motivated by discrimination (Siri, July 19, 2022). Unions and associations have a duty to take all reasonable steps to avoid a negative

Article 6 section 19 and Article 10 section 6 retired shall be him or her to all the privileges status or sexual orientation or gender expression, all employees under the jurisdiction of this International Union.

The UAW International Executive Board discussion fails to make a relevant assertion regarding retirees running for International Officers positions see pages p4 and 000055, the third paragraph. Furthermore, it is the Local Union leadership who negotiates their own contracts. See Articles 19

On page 5, 000056 the retires are incorporated within the bargaining unit which is a fallacy. Page 5 is an opinion without evidence. The delegates did not amend 13 and 25 therefore it does not affect the retiree's rights to run. p6 000057

Based on Bell and Gainer's research, interview, and case studies and facts that it is harming to the union to disfranchise the retirees deeming them ineligible to run for International Officer positions.

James Coakley and Leroy McKnight both expressed desires to be nominated and run for International Officer. James Coakley has been disallowed to run the UAW Monitor ruled him ineligible and Leroy McKnight will not be able to run again However, due to an unfair and arbitrary violation against the UAW Constitution Article 3

**Attachment**

- Gainer and Bell's May 1, 2022, Appeal to the IEB
- The IEB and President's Office Response to Gainer and Bell's Appeal for retire eligibility

Best,
Sharon Bell *Sharon Bell*
313-680-9800
sharonbellgmuaw@yahoo.com

ADJUDICATIONS OFFICER

APPEAL OF: SHARON BELL AND
ROBERTA GAINER

Case No. 20-cv-13293 (E.D. Mich.)
Gil M. Soffer, Adjudications Officer

UNITED STATES OF AMERICA
        Plaintiff,

    v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA
        Defendant.

DECISION
(Issued September 12, 2022)

Pursuant to Paragraph 47 of the Consent Decree in the above-captioned case, the Adjudications Officer considers the appeal from Sharon Bell and Roberta Gainer, received on September 1, 2022, of the Monitor's decision that retired union members in good standing are ineligible to hold International Office. For the following reasons, the Adjudications Officer DENIES this appeal.

## STANDARD OF REVIEW

Appeals from a Monitor's decision regarding candidate eligibility are reviewed under the standards applicable to federal appeals. Consent Decree ¶ 47. Consistent with the standard of review in the Sixth Circuit, the Adjudications Officer on appeal reviews legal questions *de novo*, without deference to the decision of the Monitor. *See, e.g.*, *Byers v. United States Internal Rev. Servs.*, 963 F.3d 548 (6th Cir. 2020).

1

BACKGROUND

Following the UAW referendum in 2021, the Monitor, in consultation with the UAW, began to develop rules regarding the election of members to the International Executive Board ("IEB") through direct election, consistent with Paragraph 13 of the Consent Decree. As part of those discussions, the question arose whether retired union members were eligible to hold IEB office. After reviewing the UAW Constitution and Interpretations, relevant decisions from the Public Review Board ("PRB"), and opinions from interested parties like UAW counsel, retirees, and the advocacy group Unite All Workers for Democracy ("UAWD"), the Monitor determined that the Constitution was ambiguous as to whether retirees in good standing could hold International Office. Monitor Exs. 7–9, 12–13, 16.

Citing Article 13, Section 8 of the UAW Constitution, the Monitor requested that IEB President Raymond Curry issue an Interpretation on retiree eligibility to run for International Office. Monitor Ex. 10. In response, Curry issued an inter-office memorandum adopting two Constitutional Interpretations prohibiting retired members from holding International Office and requesting that the IEB review and consent to the Interpretations under Article 12, Section 6, of the UAW Constitution. Monitor Ex. 6. In an April 1, 2022 meeting, the IEB consented to these Interpretations. Monitor Ex. 14, at 4. On April 6, 2022, the Monitor informed Ms. Bell that the Monitor would find retired members ineligible to run for International Office. Monitor Ex. 17. Since that time, Ms. Bell and Ms. Gainer have repeatedly and unsuccessfully challenged both President Curry's interpretation and the Monitor's enforcement of that decision.

On April 12, 2022, retired union member James Coakley filed an appeal of this decision to the Adjudications Officer, and the Adjudications Office affirmed the Monitor's decisions: 1) that the Constitution was ambiguous as to retiree eligibility for International Office; 2) to refer the

question to President Curry pursuant to the UAW Constitution; and 3) to enforce the President's Interpretation that retirees were ineligible to run for International Office. Monitor Ex. 15. Pursuant to Paragraph 48 of the Consent Decree, Mr. Coakley appealed the Adjudications Officer's decision to the District Court for the Eastern District of Michigan.

Ms. Bell and Ms. Gainer attempted to file an amicus brief in support of Mr. Coakley's appeal, making arguments substantially similar to those included in the current appeal. The Court denied leave to file on May 19, 2022, noting that the motion for leave did "not indicate that either Ms. Bell or Ms. Gainer have sought election to any IEB position, or that any request by either movant to conduct a campaign in any IEB election was denied by the Monitor or adjudications officer. Therefore, unlike Mr. Coakley's appeal, it does not appear that the present motion constitutes a procedurally proper challenge by either movant to any adverse determination about a proposed IEB candidacy." *United States v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America*, Case No. 20-cv-13293, ECF No. 61, at 2 (E.D. Mich. May 19, 2022).

On July 1, 2022, Judge Lawson affirmed the decisions of the Adjudications Officer and the Monitor regarding Mr. Coakley's appeal:

> The language of the UAW constitution does not expressly answer the question whether retired members may be elected to IEB offices, but it plainly suggests that retired members are not afforded rights to participate in or influence matters implicating collective bargaining. The Union and its Public Review Board have demonstrated that over a lengthy course of dealing they repeatedly have relied on this exclusionary principle to uphold policies by which retired members are not eligible to seek or hold offices with significant collective bargaining functions. The same principle reasonably was applied in this case by extending the policy to exclude retired members from holding positions on the IEB. That interpretation of the UAW constitution was fair and reasonable, and the decisions endorsing and affirming it were supported by substantial evidence.

> Case No. 20-cv-13293, ECF No. 68, at 17 (E.D. Mich. July 1, 2022).

Apart from these efforts, Ms. Bell and Ms. Gainer also attempted to appeal President Curry's interpretation to the UAW International Executive Board, on May 1, 2022. Monitor Ex. 18, at 8. When that was unsuccessful, Ms. Bell and Ms. Gainer attempted to appeal the Interpretation before the UAW Convention and UAW Convention Appeals Committee. Monitor Ex. 18, at 2.

## DISCUSSION

Paragraph 47 of the Consent Decree provides that "[a] person disallowed from running for International Office by the Monitor may appeal the Monitor's action to the Adjudications Officer by filing a written appeal within seven days of such action by the Monitor." Consent Decree ¶ 47. In this case, neither Ms. Bell nor Ms. Gainer is a candidate for International Union Office. The Monitor did not disallow either Bell or Gainer from running for International Office. As neither Ms. Bell nor Ms. Gainer sought and was disallowed from running for International Office, the Consent Decree does not provide them the opportunity to appeal the Monitor's decision concerning retiree eligibility for International Office to the Adjudications Officer.

Even if the Consent Decree allowed them to contest this decision, this appeal would be untimely as more than seven days have passed since the Monitor's actions that Ms. Bell and Ms. Gainer seek to appeal. *See* Consent Decree ¶ 47. The Monitor informed Ms. Bell that retired members would be deemed ineligible to run for International Office on April 6, 2022. Monitor Ex. 17. Ms. Bell and Ms. Gainer attempted to appeal this decision to the Monitor on July 30, 2022. Monitor Ex. 19. On August 1, 2022, the Monitor informed Ms. Bell and Ms. Gainer that only prospective candidates deemed ineligible by the Monitor to run could appeal that decision to the Adjudications Officer. Monitor Ex. 20. Nevertheless, Ms. Bell and Ms. Gainer delayed filing any appeal to the Adjudications Officer until this appeal dated August 22, 2022 (and received on

4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gil Soffer
Adjudications Officer
Katten Muchin Rosenmann
525 W. Monroe Street
Chicago IL, 60661-3993

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6500 0346 7336 36

2. Article Number (Transfer from service label)

7020 0090 0001 5826 9027

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

# USPS Tracking®

FAQs ›

Tracking Number:

Remove ✕

# 70200090000158269027

**Copy**    **Add to Informed Delivery**
**(https://informeddelivery.usps.com/)**

## Latest Update

Your item was picked up at a postal facility at 12:38 pm on September 1, 2022 in CHICAGO, IL 60606.

Feedback

### Delivered
**Delivered, Individual Picked Up at Postal Facility**
CHICAGO, IL 60606
September 1, 2022, 12:38 pm

**Out for Delivery**
CHICAGO, IL 60661
September 1, 2022, 6:10 am

**Arrived at Post Office**
CHICAGO, IL 60699
September 1, 2022, 5:57 am

**In Transit to Next Facility**
August 27, 2022

**Departed USPS Regional Origin Facility**
DETROIT MI NETWORK DISTRIBUTION CENTER
August 23, 2022, 5:01 pm

**Arrived at USPS Regional Origin Facility**
DETROIT MI NETWORK DISTRIBUTION CENTER
August 23, 2022, 12:44 am

**Departed Post Office**
DETROIT, MI 48214
August 22, 2022, 6:08 pm

**USPS in possession of item**
DETROIT, MI 48214
August 22, 2022, 3:54 pm

**Hide Tracking History**

## Text & Email Updates ⌄

## USPS Tracking Plus® ⌄

## Product Information ⌄

See Less ⌃

Feedback

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

↓ Insert shipping
document here.

ORIGIN ID:CHIA        (312) 902-5200
ANNA PORTER
KATTEN
525 WEST MONROE STREET
CHICAGO, IL 60661
UNITED STATES US

SHIP DATE: 13SEP22
ACTWGT: 0.50 LB
CAD: 253851890/WSXI3600

BILL SENDER

TO SHARON BELL

1214 SAINT CLAIR ST

DETROIT MI 48214
(312) 902-5323         REF: 293001.00075-45367
INV:
PO:                                DEPT:




FedEx
Express

REL#
3785346

WED - 14 SEP 10:30A

PRIORITY OVERNIGHT

TRK#
0201    2779 1020 3030

48214
DTW
MI-US


XN PTKA



9/13/22, 8:15 AM

PS|Ship - FedEx Label

591U1I5I36CFE2D

FOLD on this line and place in shipping pouch with bar code and delivery address visible

1. Fold the first printed page in half

1

July 30, 2022

Sharon Bell
1214 St. Clair Unit 56
Detroit. Michigan 48214

Roberta Gainer
28 Calderwood Drive
Cheektowaga, NY  14215

July 30, 2022

Neil Barofsky, Monitor
Jenner & Block LLP
1155 Avenue of Americas
New York, NY 10036
UAWMonitor-Election@jenner.com

Dear Mr. Barofsky,


This is an appeal against the UAW Election Monitor's actions that deemed the UAW retires ineligible to run for International Officers positions (IEB and Regional Director) in 2022 UAW Convention Roberta Gainer and Sharon Bell are filing this appeal to ensure compliance with exhausting all internal remedies before filing a complaint with the OLMS.

By the processes set forth in this decree dated September 9, 2021, the Adjudications Officer is authorized to exercise all the disciplinary rights and powers of the UAW's International President, IEB, and the UAW Public Review Board for violation of the UAW's Constitution and Ethical Practices Code.

The discussion deeming retires ineligible is discriminatory, violates the three principles in the consent decree and violated the 2018 Constitution Article #3, also the Monitor violated Article 6 Section 19 and the Monitor Violated Article 10 Section 6 in the 2018 UAW constitution. The UAW Monitor implemented a rule that was voted on my delegates also the Monitor failed research the state and federal discrimination laws.

Please reverse the decision and allow the retires the same rights as all members, for 580,000,00/ 59% have been deem ineligible this has negatively impacted or union. The retires built the foundation of the union. A number of retires are our members: uncles, fathers, mothers, aunties and loved ones.

This is an appeal against the UAW-Monitor's actions deeming the UAW retiree's ineligible to be nominated or to run for International Officers (IEB); (an elective Officer of

the International Union or International Executive Board Member positions. The UAW 2018 Constitution lacked specific language stating that all International Officers have specific collective bargaining duties and grievance handling responsibilities.

Bell and Gainer assert that the IEB and President's Office supplied no evidence to prove that the 2018 Constitution intended for retirees to be ineligible to run for IEB positions.

Furthermore, we appeal to the UAW-Monitor's failure to stop all forms of discrimination, unfair election practices as well as corruption. In Bell and Gainer's amended appeal dated May 1, 2022, under issues, Bell and Gainer expressed concerns that State and Federal laws were in violation, and UAW Ethical Practices were violated by both the UAW-Monitor and the IEB.

In Gainer and Bell's original appeal to the IEB, they stated it was discriminatory and retaliatory to deem the retirees ineligibly to run for IEB positions. For example, the UAW Election Monitor has implemented a rule that made retirees ineligible to run. For example, James Coakley a retired candidate was deemed ineligible to run for an International Officer position. Yet the UAW Constitution grants retirees the same privileges as all UAW members.

In addition, Gainer and Bell appeal the UAW Monitor's discriminatory practices he deemed the retires ineligible to run for an International Officers position, for we researched the state and federal laws and we concluded that President Ray Curry's Constitutional interpretation/ New Adoptions are an act of retaliation against the UAW retirees. In addition, if the retirees are deemed ineligible to run for IEB positions then we the UAW Election-Monitor Executive Board and the Presidents' Office has in fact discriminated and retaliated against all retirees. For example, John Guinan is currently a UAW retiree who served 4 years in the U.S Military in Vietnam, and John is a UAW retiree. The Monitor's discriminatory rule deems James Coakley, John Guinan, Leroy McKnight John Guinan, and other retiree's ineligible to run for IEB position. This is Gainer and Bell' appeal against the Monitor's decision deeming retires ineligible.

## Discussion

John Guinan, James Coakley, and Leroy McKnight each expressed a desire to rejoin the work force, and they each have that right. But the current union administration who are also candidates themselves has introduce a discriminatory against all retires. Why? And the Monitor implement a discriminatory rule violating the three principles of the Consent decree. According to state and Federal laws. The Veterans are entitled to be hired without discrimination. The union is an employer, and John Guinan, Leroy McKnight have told me they are both Veterans. James Coakley might be a Veteran as well I am not sure. One thing I do know about James Coakley he is a retiree who has decided to reenter the work force and he should be kept from running for a IEB position. I appeal all discriminating rules that deems retires ineligible to run for IEB positions.

The UAW-Election-Monitor has denied UAW retired Veterans the right to run for IEB when they are protected by Veteran employment hiring laws One law is "The Vietnam Era Readjustment Act 1974, as amended, 38 U.S.C 4212, prohibited employment discrimination against, and requires affirmative action to recruit, employ, and advance in employment, disability, veterans…(OFCCP 1800-397-6251, www.dol.gov)."

**Discussion**

Bell and Gainer stated in their May 1, 2022, appeal that the retirees were discriminated against in this UAW 2022 UAW Convention Election Process. The Monitor posted election rules that deem retiree's ineligible to be nominated or run for an International Officers position. According to the Equal Employment Opportunity Law Labor Organizations are prohibited under Federal law from discrimination on the following: Age, Race, retaliation, color, religion, National, or Origin (Title VII of the Civil Rights Act of 1964, as amended, protects applicants and employees from discrimination in hiring, promotion, discharge, pay, fringe benefits.

Discrimination includes failing to accommodate an employee where the accommodation does not impose an undue hardship. Furthermore, we believe John Guinan and James Coakley were retaliated against due to their prior international leadership positions. We appeal any decision that denies retirees the right to run for International Officers. No one is above the law not even the delegates. There are approximately 59%-580,000 retirees in the UAW today. and we appeal any inequality practice or discriminatory rule against any member of our union. Bell asserts that retirees in good standing should be allowed the privileges as all UAW Members as outlined in our UAW Constitution

Furthermore, during the 2022 38th Constitutional Convention, it was noted that a certain retiree works as the international executive board parliamentarian is a retiree and at the Convention, he was present on the stage quite often. Yet James Coakley and John Guinan's rights are being challenged by the UAW Monitor, and the retiree that was doing the parliamentary procedures was given an opportunity that was not provided to other retirees.

In accordance with the Equal Employment Opportunity Commission Laws Labor organizations are prohibited from using a union member characteristic to reduce their membership privileges. In addition, Retaliation is prohibited under Federal laws; retaliation against a person who opposes an unlawful employment practice has a right under the law.

Currently, I see no evidence that the Monitor or the union gave any consideration to the harm that has occurred to James Coakley and John Guinan both men are retirees. John is also a protected Veteran; other retirees have also been disenfranchised by the ineligibility ruling. As well as Leroy McKnight who I know wanted to run for IEB. The UAW Monitor did not protect the retirees, I believe it can all be worked out by simply reversing the ineligibility decision.

However, it is up to the UAW Monitor, the Adjudication Officer, the OLMS, and the Courts. We plead and pray on behalf of the retirees that the UAW Monitor would decide in favor of the retirees and allow all members in good standing to run for International Officers positions. I observed during the convention that the retiree eligibility question was not decided, for the delegates voted on an amendment that did not reference the issue nor amend Article 6 Section 19 and Article 10 and 6. Therefore the language remains unchanged.

## Constitution
First: on page 3 of the UAW Constitution, it states how to recognize changes made to the UAW Constitution. Page 3 states Note: Amendments adopted by Constitutional Convention appear in bold type. Where a portion of a section has been deleted the entire section as amended, appears in bold type.

The 2018 Convention provided that where the meaning of one article is changed, all related articles are automatically changed to carry out the intent of the change (UAW Constitution 2018, p. 3).

Please review the motion voted on about the retirees. I believe you will find that the delegates did not amend Article 6 Section 19 and Article 10 and Section 6. Therefore, the retirees are eligible to run for IEB International positions, there was confusion on what the delegates voted on.

## Equality Among all UAW Members
Preamble: "… that all men and women are created equal, that they are endowed by their Creator with certain inalienable rights, that among these are life, liberty, and the pursuit of happiness. Among these are life liberty and the per suit of happiness. "… within the orderly processes of such government lies the hope of the worker in advancing society toward the ultimate goal and economic justice (UAW Constitution 2018p. 3)"

## Powers of Administration/Authority/Delegates
The highest tribunal shall be the international convention composed of delegates democratically elected by the membership of Local Unions." (UAW Constitution Article 7, p. 12) see Article 3 Supreme Law

## Fair/Democracy:
Article 2 Section 2 Objects: "To unite in one organization, regardless of religion, race, creed, color, sex political affiliation or nationality, age, disability, marital status or sexual orientation, gender identity or gender expression, all employees under the authority of this International Union

## UAW Ethical Practices Codes
"… individual rights as a UAW member are protected against infringement or abuse for a member may appeal complaints concerning the Administration of the Union, to the

Local Union, the International Executive Board, the Constitutional Convention, and the UAW Public Review Board." Bell & Gainer Appeal, p. 34, p. 000094).


Each member shall be entitled to a full share in Union self-government. Each member shall have full freedom of speech and the right to participate in the democratic decisions of the union, subject to reasonable rules and regulations. Each member shall have the right to run for Office, to nominate and vote in free, fair, and honest elections.

All Union rules and laws must be fairly and uniformly applied and disciplinary procedures, including adequate notice, full rights of accursed and the right to appeal, shall be fair and afford full due process to each member. No corruption, discrimination or antidemocratic procedure shall ever be permitted under any circumstances. (33 Appeal Bell & Gainer, p. 34 & 000094)

State and Federal laws against Discrimination and Retaliation:
Ageism Stereotyping or discrimination due to age against individuals or groups based on their age, Robert Neil used the term Ageism to describe discrimination against seniors and patterned on sexism and racism. 1969 Butler defined ageism as a combination of three connected elements (Wikipedia 2022).

Negative effect regarding membership: The conduct must have a negative effect on the complainant's membership in the union or association. For example, membership is denied, or the member is suspended or expelled. A complaint does not need to show that the respondent meant to discriminate or was motivated by discrimination (Siri, July 19, 2022). Unions and associations have a duty to take all reasonable steps to avoid a negative

Article 6 section 19 and Article 10 section 6 retired shall be him or her to all the privileges status or sexual orientation or gender expression, all employees under the jurisdiction of this International Union.

The UAW International Executive Board discussion fails to make a relevant assertion regarding retirees running for International Officers positions see pages p4 and 000055, the third paragraph. Furthermore, it is the Local Union leadership who negotiates their own contracts. See Articles 19

On page 5, 000056 the retires are incorporated within the bargaining unit which is a fallacy. Page 5 is an opinion without evidence. The delegates did not amend 13 and 25 therefore it does not affect the retiree's rights to run. p6 000057

Based on Bell and Gainer's research, interview, and case studies and facts that it is harming to the union to disfranchise the retirees deeming them ineligible to run for International Officer positions.

James Coakley and Leroy McKnight both expressed desires to be nominated and run for International Officer. James Coakley has been disallowed to run the UAW Monitor ruled him ineligible and Leroy McKnight will not be able to run again However, due to an unfair and arbitrary violation against the UAW Constitution Article 3

**Attachment**

- Gainer and Bell's May 1, 2022, Appeal to the IEB
- The IEB and President's Office Response to Gainer and Bell's Appeal for retire eligibility

Best,        *Sharon Bell*
Sharon Bell
313-680-9800
sharonbellgmuaw@yahoo.com

Fwd: R. Gainer and S. Bell's appeal against the Monitor's decision that Retirees are ineligible to run for international officers and Regional Directors

From: Sharon Bell (sharonbellgmuaw@yahoo.com)

To:   susalla.liani@dol.gov

Date: Wednesday, August 31, 2022 at 02:48 PM EDT

Sent from my iPhone

Begin forwarded message:

> **From:** UAW Monitor-Election <UAWMonitor-Election@jenner.com>
> **Date:** August 1, 2022 at 2:39:26 PM EDT
> **To:** Sharon Bell <sharonbellgmuaw@yahoo.com>, robertagainer@aol.com
> **Subject: RE: R. Gainer and S. Bell's appeal against the Monitor's decision that Retirees are ineligible to run for international officers and Regional Directors**

Dear Ms. Bell and Ms. Gainer:

We have received your email and the attached letter. Under paragraph 47 of the Consent Decree and Rules 3-2(d)(3) and 9-6 of the Election Rules, only those prospective candidates who seek vetting by the Monitor and are determined ineligible to run for International Office may appeal that determination by the Monitor to the Court-appointed Adjudications Officer. Neither of you are in such situation. Additionally, any such appeal by a candidate disallowed from running on the basis that they are retired (or any other basis) should be directed to the Adjudications Officer, Gil M. Soffer of Katten Muchin Rosenman LLP, as set forth in Rule 9-6 of the Election Rules (and consistent with paragraph 47 of the Consent Decree), and not to the Monitor.

Further, as you may know, although any candidate who seeks clearance to run for International Office and is ruled ineligible on the grounds that retirees may not run for such office may appeal that determination, both the Adjudications Officer and the District Court have already ruled on this issue.

Best,
UAW Monitor Elections Team

**From:** Sharon Bell <sharonbellgmuaw@yahoo.com>
**Sent:** Saturday, July 30, 2022 9:01 PM
**To:** UAW Monitor-Election <UAWMonitor-Election@jenner.com>; robertagainer@aol.com; sharonbellgmuaw@yahoo.com
**Subject:** R. Gainer and S. Bell's appeal against the Monitor's decision that Retirees are ineligible to run for international officers and Regional Directors

**External Email - <u>Do Not Click</u>** Links or Attachments Unless You Know They Are Safe

Dear Mr. Barofsky, Monitor

Sharon Bell and Roberta Gainer appeal your decision that deems retiree's ineligible to run for International Officers (IEB) and Regional Directors. Our appeal is attached below:

Fwd: R. Gainer and S. Bell's appeal against the Monitor's decision that Retirees are ineligible to run for international officers and Regional Directors

From:   Sharon Bell (sharonbellgmuaw@yahoo.com)

To:   susalla.liani@dol.gov

Date:   Wednesday, August 31, 2022 at 02:48 PM EDT

Sent from my iPhone

Begin forwarded message:

> **From:** Sharon Bell <sharonbellgmuaw@yahoo.com>
> **Date:** July 30, 2022 at 9:01:39 PM EDT
> **To:** UAWMonitor-Election@jenner.com, robertagainer@aol.com, sharonbellgmuaw@yahoo.com
> **Subject: R. Gainer and S. Bell's appeal against the Monitor's decision that Retirees are ineligible to run for international officers and Regional Directors**

Dear Mr. Barofsky, Monitor

Sharon Bell and Roberta Gainer appeal your decision that deems retiree's ineligible to run for International Officers (IEB) and Regional Directors. Our appeal is attached below:

 Bell-GainerAppealUAWMonitor last.docx
31kB



**R. Gainer and S. Bell's appeal against the Monitor's decision that Retirees are ineligible to run for international officers and Regional Directors**   Yahoo/Sent   5

**Sharon Bell** <sharonbellgmuaw@yahoo.com>   Sat, Jul 30 at 9:01 PM
To: UAWMonitor-Election@jenner.com,
robertagainer@aol.com,
sharonbellgmuaw@yahoo.com

Dear Mr. Barofsky, Monitor

Sharon Bell and Roberta Gainer appeal your decision that deems retiree's ineligible to run for International Officers (IEB) and Regional Directors. Our appeal is attached below:

Bell-Gainer....docx
3KB

---

**Sharon Bell**   Dear Mr. Barofsky, Monitor Sharon Bell and   Sat, Jul 30 at 9:01 PM

**UAW Monitor-Election**   Dear Ms. Bell and Ms. Gainer: We h   Mon, Aug 1 at 2:39 PM

**Sharon Bell** <sharonbellgmuaw@yahoo.com>   Wed, Aug 31 at 2:48 PM
To: Susalla, Olms

Sharon Bell's additional appeal information to be added to the appeal sent by Roberta Gainer on July 17, 2022

From:  Sharon Bell (sharonbellgmuaw@yahoo.com)

To:    susalla.liani@dol.gov; olmsdetroit@dol.gov; sharonbellgmuaw@yahoo.com

Date:  Monday, August 22, 2022 at 02:08 PM EDT


Thank you for returning my call,

below are additional facts to attach to Roberta Gainer and Sharon Bell's OLMS appeal dated July 17, 20022

Sharon Bell,
Candidate for UAW Vice President (UAW)
313-680-980-9800
sharonbellgmuaw@yahoo.com

 OLMS-Bell-GainerFinal8.17.22 (2)amende sb822022.docx
31.9kB

 Bell-GainerAppealadjudicatorast (8)ma822.docx
34.1kB

 Bell-GainerAppealUAWMonitor last (8)ma7.docx
31.1kB

Amended on August 22, 2022; August 17, 2022

To:
The Office of Labor Management Standards (OLMS)          From:
United States Department of Labor                        Ms. Sharon Bell
Marty Walsh, Secretary of Labor                          1214 St. Clair Unit 56
c/o Jason Kish                                           Detroit, MI 48214
Detroit Office
985 Michigan Ave.                                        Ms. Roberta Gainer
Suite 416                                                28 Calderwood Drive
Detroit, MI 48226,                                       Cheektowaga, NY 14215

Regarding:    **Please add this amended complaint to the original complaint mailed
              by Roberta Gainer on July 17 22, 2022 additions added are:**

- **Sharon Bell's signature,**
- **June 30, 2022, letter to UAW Election Monitor**
- **August 22, 2022, appeal letter to the UAW Adjudicator.**
- **Attachments:1,2,3,4,5 and 7 were mailed by Ms. Gainer on July 17, 2022.**
- **Sharon Bell's August 22, amendment includes Attachment: (6). July 30, 2022, appeal letter to the UAW monitor, and**
- **attachment (8). August 22, 2022, appeal to the UAW adjudicator Mr. Gil Soffer**

Dear Mr. Kish, and OLMS

On May 1, 2022, Sharon Bell and Roberta Gainer filed an amended appeal with

the UAW International Executive Board, care of the International President Ray Curry,

and Secretary-Treasurer Frank Stuglin. We contend President Curry's actions violated

the interpretation procedures when he created and adopted two new interpretations/

amendments /positions to the UAW Constitution concerning Retirees' eligibility to run for

International Executive Board [IEB] Offices. As a result, the IEB adopted the President's

Official Interpretation, and the court-appointed Monitor Neil Barofsky willfully adopted and

implemented it into the Official Rules for the 2022 International Officers Election declaring

UAW retirees are not eligible to run for any International Offices.

We received the IEB denial decision to our appeal dated June 9, 2022, on or around June 16, 2022. After that, we filed a timely appeal to the Convention Appeals Committee (CAC). Unfortunately, the CAC in a letter dated July 22, 2022, upheld the decision of the IEB. **On July 30, 2022, Gainer and Bell attempted to appeal the UAW Monitor's decisions, <u>for the UAW Monitor wrongfully adopted and agreed with the UAW President Ray Curry's interpretations deeming the UAW retires eligible to run</u> for UAW International Positions (IEB) this appeal was emailed to the UAW Election monitor on July 30, 2022, this appeal is included in this OLMS appeal (attachment 6).**

**Furthermore, the July 30, 2022, appeal Gainer and Bell emailed to the to the UAW Election Monitor (Neil Barofsky)'s give the Monitor notice that we appealed his/the Monitor's actions in violations of the UAW Constitution, and that we appealed Monitor's discriminatory rules in disallowing retirees their right to run for IEB Officer positions.**

**Furthermore, per Official Election Rules and consent Decree Gainer and bell emailed our July 30, 2022, appeal to the UAW Elections Monitor. On August 1, 2022, the UAW Election monitor instructed us to appeal to the Adjudicated. Bell believes the appeal rules for level of appeals are _unclear_, for the UAW Monitor's August 1, 2022, states to appeal to the adjudicator. Yet there are instructions in the election rules that say appeal to the UAW Election Monitor before going to the Adjudicator.**

**First, neither Bell nor Gainer was disallowed to run for IEB positions also we are not a retiree, however, under the UAW Constitution we are held to a particular**

standard. In the UAW Constitution UAW members are encouraged to assist one another in the UAW we are our brothers and sisters' keeper/family in solidarity.

Secondly, Gainer and Bell emailed an appeal concerning the Monitor's decisions, we appealed to the Election Monitor and Adjudicator. the President's two adoption interpretation and the UAW Election Monitors disallowing were both appealable. In addition, internal Election Monitor's Election rules stated to send appeals against the UAW IEB Election to the UAW Monitor, and then send an internal appeal to the Adjudicator. On July 30, 2022, Bell and Gainer appealed UAW President Curry's discriminatory interpretation also two adoptions to the UAW Election Monitor (Neil Barofsky). Bell and Gainer followed the Election appeal rules The Election rules stated to email all appeals against the election to the UAW Election Monitor. Gainer and Bell followed the appeal procedures that was provide.

Furthermore, the UAW Elections-Monitor's internal appeal process does not provide clear direction on who to direct or send each level of internal appeals to. For example, once the IEB and President's office denied our appeal. July 30, 2022 we appealed to UAW election Monitor, then per the UAW Election Monitor's election rules Gainer and Bell emailed an appeal the election monitor ( our appeal was against President Curry's discriminatory violations/interpretation: two new adoptions and the UAW monitor, for their discriminatory rules and UAW Constitutional violations were arbitrarily used to disallow retires to run for IEB positions. Gainer and Bell also appealed all the above to the Convention appeals Committee and now to the Office of Labor Management Standards.

Important Discussion:

Complaint of Sharon Bell and Roberta Gainer 8.17.22 Amended information added by SB August 22, 2022.

*There appears to be a conflict with the appeal process, for there appear to be  two appeal processes existing within the UAW Election for one man one vote, and the two internal appeal process/levels conflict between the President's actions to the Election monitor and the President's final decision to the member appealing, For example, on July 30, I emailed the UAW Election Monitor, for the UAW Election Rules states mail all  Adjudicator. Bell is also requesting that the OLMS examine the conflict in attempting to file an appropriate internal appeal the members must be given clearly defined appeal rules. Bell argues that the UAW* Election Monitor's rules stated to **email all appeals to the UAW Election Monitor (in the appeal instruction an address was given and an email address).**

Furthermore, the UAW Election Monitor failed to answer Bell and Gainer's appeal that deemed retiree's ineligible to run for IEB, and the Election Monitor was aware that we believe the UAW Constitution was violated, discrimination and in our original amendment corruption is implicated. To ensure proper internal appeal procedures are followed an addition attachment has been added to this amended appeal dated August 22, 2022. Amended and corrections made by Bell.

**In addition,** *Gainer and Bell's July 30, 2022, appeal was sent appropriately to Neil Barofsky (Monitor), for Mr. Barofsky (Monitor) acted on President Curry's discriminatory interpretation/two new adoptions deeming retires ineligible to run for IEB positions.*

Furthermore, President Curry's interpretation-two new adoptions UAW Constitutional violations reveal political motivations and discriminatory. On August 1, 2022, Neil Barofsky (Monitor Team) emailed Gainer and Bell stating that our July 30,

2022, instructing us to send our appeal to the adjudication. Gainer and Bell appeal to the Office of Labor management Standards/United States Department of Labor.

**The UAW President Ray Curry, the UAW Executive Board, and the UAW Election Monitor Neil Barofsky decisions to deem the retiree's ineligible to vote**

**and against Ray Curry's New adoptions that ruled retiree's ineligible to run for International Officers position.** On Monday, August 1, 2022, at 11:39 AM PDT. Per the UAW Election Monitor's response regarding August 1, 2022, appeal Gil Soffer, Adjudications Office as per Election Rule 9-2d. Therefore, we have exhausted all internal remedies and are filing this Complaint with the Office of Labor Management Standards OLMS/Department of Labor under Section 301 of the National Labor Relations Act (NLRA), 29 USC § 185, and Title IV of the LMRDA, 29 USC §§ 481 SEC 401(e); 483 SEC 403 and any other applicable laws listed in the original Appeal.

The Supreme Court explained the scope of Section 301 in the case of Wooddell v. Electrical Workers, 502 US 93 - Supreme Court 1991. The Court held that Section 301 gives the federal courts the right to exercise jurisdiction over an individual union member's claim against violations of the national union constitution.'

Also 29 USC 483 SEC. 403 states, "*No labor organization shall be required by law to conduct elections of officers with greater frequency or in a different form or **manner than is required by its own Constitution or bylaws**, except as otherwise provided by this title. Existing rights and remedies to enforce the Constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this title. The*

*remedy provided by this title for challenging an election already conducted shall be exclusive.*

The details of the Appeal are in the documents listed below as attachments. Gainer and bell believe UAW Constitutional violations occurred, discrimination and political motivation because of the President's official interpretation. The following is a summary of our dispute.

A court-approved Consent Decree between the United States Department of Justice and the UAW arose because of the criminal conduct of several senior UAW officials. As a result, a referendum vote took place to determine which election process UAW members prefer to use when electing their International Officers. The membership veered from the traditional Delegate System and voted for Direct Elections. Because of this, it was necessary to amend specific provisions in the Constitution to accommodate the new process. Article 3 states that a convention of elected delegates can only amend the Constitution.

We assert that the President's task with interpreting the Constitution may not arbitrarily and capriciously disregard the dictates of Article 3 nor discriminate against members of the UAW. Instead, his Official Interpretation changes the language of the Constitution and the intent of the meaning of Article 10 and Article 6 voted on in previous years by the convention of Delegates. It deprives present and future retired members of their secured rights to run for International Officer positions, a membership privilege granted to them in the Constitution. This right to run has existed for over 70 years, was available under the Delegate System and used in the previous 2018 election when retired

**Complaint of Sharon Bell and Roberta Gainer 8.17.22 Amended information added by SB August 22, 2022.**

member Leroy McKnight ran on a slate under this election Leroy McKnight's opportunity to run in this 2022 current election. Bell argues that due to discrimination and political motivation against Mr. McKnight, Mr. Coakley and Mr. Guinan who are all retirees the Interpretation made by the President has unlawfully and unconstitutionally abolished this right without the consent of the Delegates under the new Direct Election system.

"[I]t is well established that, `[w]hen the provisions of a union's constitution and bylaws are clear and explicit, their terms may not be ignored.'" *Black v. Transport Workers Union of America, AFL-CIO,* 454 F. Supp. 813, 824 (2d Cir. 1978)

Rather than adequately interpreting the meaning of Article 10 Officers and Elections, the President abused his power and undermined the Constitution's unambiguous language in Article 10 and Article 6. The Constitution does not provide any language in any of its Articles that deem Retirees ineligible to run for IEB offices. The UAW 2018 Constitution stated that ANY member in good standing was a full member with full rights to participate in union all union activities that in Bell and gainer's view included being eligible to run for IEB Officer positions.

Furthermore, the President should not have been allowed to put anything **new without the delegates vote at a convention see Article 3 2018 in the Constitution,** especially using his power to issue an interpretation, other than what the Convention of Delegates adopts. In other words, he does not have the power to amend the Constitution and in this case, he changed it. The President cannot violate our UAW Constitution and the UAW Monitor cannot violate the UAW Constitution.

In doing so, the President bypassed Article 3, eliminating over fifty-nine (59) percent (580,000) of its members from the democratic process of running for office. The

Monitor took no position on merits of the interpretation and implemented it in the Official Officer Election Rules. Their action creates an incentive to undermine explicitly defined rules in the Constitution moving forward and outwardly discriminate against members.

Ms. Bell and Ms. Gainer attended the UAW Constitutional Convention held on July 25-28, 2022. During the Convention, no changes were made to the existing eligibility requirements outlined in the Constitution for retirees to run for International Offices. Therefore, the Constitution remains unchanged as to a retiree's eligibility to run for any of the Executive Board Offices under the Direct Voting system.

We humbly ask that you reverse the decisions denying our Appeal, demand that the UAW adhere to the provisions of the Constitution, immediately cease all discriminatory practices toward retirees that deem them ineligible to run for International Office.

**Footnotes:**

*29 USC 481 SEC. 401(e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof.*

Sincerely,

Sharon Bell
1214 St. Clair Unit 56
Detroit, MI 48214

Roberta Gainer
28 Calderwood Drive
Cheektowaga, NY 14215

Cc:
Department of Labor - Buffalo Office
Marty Walsh, Secretary of Labor

**Complaint of Sharon Bell and Roberta Gainer 8.17.22 Amended information added by SB August 22, 2022.**

c/o Ms. Jennifer Rudewicz
130 South Elmwood Avenue
Suite 510
Buffalo, NY 14202

Attachments:

1. May 01, 2022 - Sharon Bell and Roberta Gainer Article 33 Amended Appeal
2. June 09, 2022 – International Executive Board Decision Denial
3. July 11, 2022 - Appeal to Convention Appeals Committee
4. July 15, 2022 – International President letter acknowledging Bell-Gainer's request to appeal to Convention Appeal Committee and notification of hearing date from International President office.
5. July 22, 2022 - Convention Appeal Committee Denial Decision
6. July 30, 2022- Appeal to UAW Monitor (Neil Barofsky) Monitor
7. August 1, 2022 – Email from UAW Monitor (Mon, Aug 1, 2022, 2:39 pm (UAWMonitor-Election@jenner.com)
8. August 22, 2022 – Appeal to Gil Soffer, UAW Adjudications Officer

RE: Sharon Bell's additional appeal information to be added to the appeal sent by Roberta Gainer on July 17, 2022

From:  Susalla, Liani - OLMS (susalla.liani@dol.gov)

To:  sharonbellgmuaw@yahoo.com; olmsdetroit@dol.gov

Date:  Monday, August 22, 2022 at 02:40 PM EDT

Ms. Bell,

As we discussed, my office received your complaint dated August 17, 2022 regarding the 2022 UAW International Election of Officers.  I will be in touch.

Thank you.

**Liani Susalla**

**Investigator**

U.S. Department of Labor

Office of Labor-Management Standards (OLMS)

Detroit-Milwaukee District Office

(313) 771-6285 (Desk)

(202) 870-1648 (Cell)



**From:** Sharon Bell <sharonbellgmuaw@yahoo.com>
**Sent:** Monday, August 22, 2022 2:09 PM
**To:** Susalla, Liani - OLMS <Susalla.Liani@dol.gov>; OLMSDetroit <OLMSDetroit@dol.gov>;
sharonbellgmuaw@yahoo.com
**Subject:** Sharon Bell's additional appeal information to be added to the appeal sent by Roberta Gainer on July 17, 2022

CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.

Thank you for returning my call,

below are additional facts to attach to Roberta Gainer and Sharon Bell's OLMS appeal dated July 17, 20022

Sharon Bell,

Candidate for UAW Vice President (UAW)

313-680-980-9800

sharonbellgmuaw@yahoo.com

September 26, 2022

TO:    Honorable Judge David M. Lawson
        United States District Court
        Eastern District of Michigan, Southern Division
        231 W. Lafayette Blvd., Room 775
        Clerks Office 5th Floor
        Detroit, MI. 48226

From:  Ms. Sharon Bell
        UAW Member
        1214 St. Clair Unit 56
        Detroit, MI  48214

**RE: 20-cv-13293-Appeal of election process and rules**

Dear Honorable Judge Lawson,

I properly appealed this particular issue

The Monitor answered that it must be appealed to Mr. Soffer

I in fact appealed to the Adjudicator Mr. Soffer

The Adjudicator replied that I was untimely

I now appeal both the Adjudicator and the Monitor's decision to this Court for the following

reason.

1.  Regarding the Monitor's decision that it needs to be appealed to the adjudicator and not

    himself.: The election rules were clear that appeals were to be sent to the Monitor.

    Additionally, the rules did not specify an address for which the appeals should have been

    sent.  also, the Monitor's response to me itself was beyond the required time indicated by

    the rules for any and all appeals.

2. Regarding the Adjudicator's response that I was untimely. As I considered the Monitor's answer which itself was both untimely and in consistent with the Published election rules; I appealed to the Adjudicator. Notwithstanding he picked it up from the post office on September 1, 2022; On August 22, 2022, I mailed my appeal by Certified mail to the Adjudicator. On September 14, 2022, I receive the Adjudicator's response 21 days later.

3. Given the tardiness of both the monitor and Adjudicator they have thwarted and blocked any legitimate pathway for any and all election any and all challenged election matter. Especially this immediate appeal of my period. I am attaching my appeals at both levels and all the answers received for your consideration. I ask that you mead out essential justice that affirms this appeal of mine to your Court.


Respectfully yours,


Sharon Bell, UAW Member
Candidate for Vice President, International Union (UAW)
sharonbellgmuaw@yahoo.com
313-680-9800

ATTACHMENTS

1. RE:  **20-cv-13293-Appeal of election process and rules to** Honorable Judge Lawson (3pages 11 Attachments)

2. My Appeal to Neil Barofsky, UAW Election Monitor Appeal dated July 30, 2022 (6pages)

3. Email response from UAW Monitor Election Team Date: August 1, 2022 (2 pages)

4. Yahoo/sent print out history Email (2 pages)

5. My Appeal to Gil Soffer, UAW Adjudications Office Appeal dated August 22, 2022 (6p.)

6. Adjudications Officer's response to my Appeal FedEX September 14, 2022 (4 pg.)

7. Sharon Bell's proof of mailing to the Adjudicator on August 22, 2022, USPS Tracking His

8. Return receipt from Sharon Bell to the UAW Adjudicator (2pg.) dated

9. Appeal Email history July 17, 2022 (1p.)

10. Sharon Bell and Roberta Gainer's amended complaint to the Office of Labor Management Standards (OLMS) Amended August 22, 2022 (9pg.)

11. OLMS confirmation of election complaint dated August 17, 2022