November 7, 2022

Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Clerk Office 5th Floor
Detroit, MI 48226

To: Honorable Judge David M. Lawson          From:  Ms. Roberta Gainer
    Theodore Levin U.S. Courthouse                    28 Calderwood Drive
    231 W. Lafayette Blvd., Room 775                Cheektowaga, NY 14215
    Detroit, Mi., 48226

Re:  Case 20-cv-13293
    The United States of America, *Plaintiff,* vs. International Union, United Automobile,
    Aerospace, and Agricultural Implement Workers of America, *Defendants*

Your Honor Judge Lawson,

My letter dated October 15, 2022, sent to the Court, is a motion for appeal. It is not an inquiry. This appeal concerns the court-appointed UAW's Monitor Neil M. Barofsky's violation. He did not follow Article 3 of the UAW Constitution, nor did he follow the mandates in the Consent Decree, when it came to amending the UAW Constitution to incorporate the one-member, one-vote principle, particularly when he drafted and enforced Rule 3.1 concerning retirees' eligibility. As a result, I asked for relief in my letter to the Court. I asked the Court to enforce the application of the terms of the Consent Decree.

Therefore, based on your letter dated November 2, 2022, and why you returned the documents, I am resubmitting my appeal to the Court. Accordingly, my request should be allowed to move forward and filed on the Docket of the above case number.

I am not a lawyer nor trained to practice law. However, I am an elected Delegate. The Consent Decree and the Official Election Rules contain a lot of legal jargon and new ways of doing things unfamiliar to us. Delegates are part of the highest tribunal of the UAW as per Article 7. No explanation sessions were held for Delegates to review the content of the new legal documents.

Instead, unskilled in the law, we are expected to interpret legal writings and determine the avenues to take and time restraints when there are concerns. It is difficult for us to articulate our appeals under these additional rules, so it may be difficult for the Court to understand our issues.

My fellow Convention of Delegates and I are accustomed to the UAW's internal practices governed by the Constitution, Contracts, and Bylaws. We are empowered to uphold the principles and rules outlined in the UAW Constitution. Likewise, the Monitor is charged with the same principles when performing his duties to carry out the terms of the Consent Decree.

Two issues have been presented as far back as April 2022 concerning UAW Retirees, and only one has been addressed. The first is the reasonability of the rule that bars Retirees from running in the UAW IEB Elections. The second is the subject of my appeal. In this instance, the one that has not been discussed involves Article 3. That is, the Monitor violated the procedural rules of Article 3 of the 2018 UAW Constitution. Article 3 states,

> "This Constitution as amended at the Detroit, Michigan Convention convened on June 11, 2018, and as may hereafter be amended, shall be the supreme law of the International Union, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), and can be amended only by a majority vote of the delegates at succeeding regular Constitutional or Special Conventions."

The Consent decree nor the UAW Constitution empowers the Monitor with the same powers vested in the Convention Delegates. Likewise, the Consent Decree does not authorize formal amendments to the UAW Constitution by anyone other than the Convention of Elected Delegates. *See Consent Decree paragraph 17.*

The Consent Decree required constitutional changes to support the one-member, one-vote principle and to implement these changes using the formal UAW Constitutional amendment procedures. The Constitutional language concerning a retiree's eligibility to run for International Office, which claimed to be ambiguous, was never deferred to the proper ruling body, the Convention of Delegates to resolve via an amendment to the Constitution.

Instead, the Monitor referred it to the UAW President, who is also a candidate in this election, to resolve. After that, the Monitor drafted and enforced Rule 3.1. It states that retired members are not eligible to run for International Union Office. The rule is inconsistent with our Constitution as there is no expressed language regarding this. In addition, neither the Monitor nor the UAW President has the constitutional authority to draft regulations via a Rule or an Interpretation Memo that changes our Constitution. Rule 3.1 impacts Retirees' rights granted in Article 6 Section 19 and Article 10, and this was done **without an affirmative vote of the elected Delegates**.

At the Constitutional Convention in July, the Delegates did not receive any proposed amendments to the Constitution to vote on in our "Consent Decree Required Changes to the Constitution" packet that relates to Retirees' eligibility rights under the one-member, one-vote principle. Instead, a position was taken concerning Retirees' rights by unauthorized parties, which violates our UAW Constitution and the Consent Decree that the Court granted.

Therefore, Official Election Rule 3.1 is unenforceable because it has not been approved by the Delegates and articulated in the body of the UAW Constitution.

It is pertinent that, in this instance, the Court intervenes and grants the Delegates their right to discuss and vote on the retirees' membership privileges as it pertains to the direct election of UAW International Officers under the one-member, one-vote system. Regardless of the outcome

of the Delegates' vote, their decision must be written in the UAW Constitution using clear and concise language. These changes must follow the procedures outlined in Article 3. The UAW Constitution is the Supreme law of our organization, and the relief sought is not inconsistent with the Consent decree's terms or any reform effort between the government and the UAW.

*The United States and the UAW agree that it is imperative that the UAW, as one of the largest trade unions in the world, be free of such criminal conduct, that every aspect of the operations of the UAW and its constituent entities be conducted with integrity and for the benefit of its members, and that UAW members be able to democratically participate in their union's affairs as guaranteed by the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 USC § 401, et seq. The parties agree that further cooperative efforts, subject to judicial Case supervision and assistance as outlined in this consent decree, are necessary and appropriate.* See 2:20-cv-13293-DML-RSW ECF No. 10, PageID.108 Filed 01/29/21 Page 1 of 30

Unfortunately, high-level UAW Officials, including members of the managing body (International Executive Board), engaged in fraudulent and corrupt behavior, none of which was done by the elected Delegates. The Delegates' authority is acknowledged by the parties in the Consent Decree paragraph 17. But in this instance, the Delegates' power to guard the UAW Constitution and make necessary changes when needed was overlooked by the Monitor when he decided to add restrictions to Retirees' membership status. Allowing changes to our Constitution by unauthorized individuals is a threat to our union's democracy.

Sincerely,

*Roberta L Gainer*

Roberta L Gainer, Delegate UAW Local 774

Enclosures



## UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF MICHIGAN

231 WEST LAFAYETTE BLVD.

DETROIT, MICHIGAN 48226

CHAMBERS OF
**DAVID M. LAWSON**
UNITED STATES DISTRICT JUDGE

(313) 234-2660
Fax (313) 234-2669

November 2, 2022

Ms. Roberta Gainer
28 Calderwood Drive
Cheektowaga, New York 14215

*Re: Case No. 20-13293, USA v International Union, UAW of America*

Dear Ms. Gainer:

Thank you for your letter dated October 15, 2022, inquiring about the steps you should take to address the monitor's decision regarding the eligibility of retirees to stand for election positions for the union's international executive board (IEB). Based upon your letter, it appears that you have a copy of the consent decree. Paragraphs 47 and 48 of that document set out the procedure for appealing a decision by the monitor concerning election issues. In essence, the procedure endorsed in the consent decree calls for an appeal first to the adjudication officer, and later to the Court. There are time limits for taking those actions as explained in the consent decree.

It does not appear that the documents you submitted constitute a motion for appeal or for any other relief by the Court. Consequently, they have not been filed on the docket, and I am returning them to you.

For your information, the Court has addressed already the issue that you raised about retirees and their eligibility to stand for elective office. I have enclosed a copy of that ruling for your convenience.

Sincerely,

David M. Lawson

DML/mrh

Enclosures

October 15, 2022

Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Clerk Office 5th Floor
Detroit, MI 48226

To: Honorable Judge David M. Lawson          From: Ms. Roberta Gainer
    Theodore Levin U.S. Courthouse                    28 Calderwood Drive
    231 W. Lafayette Blvd., Room 775                  Cheektowaga, NY 14215
    Detroit, Mi., 48226

    Neil Barofsky, UAW Monitor
    Jenner & Block LLP
    1155 Avenue of Americas
    New York, New York 10036-2711


Re:  Case 20-cv-13293
     The United States of America, *Plaintiff,* vs. International Union, United Automobile,
     Aerospace, and Agricultural Implement Workers of America, *Defendants*

Your Honor Judge Lawson,

        I, Ms. Roberta Gainer, am requesting judicial review arising from the application of the

Consent Decree, paragraphs 12, 13, 16, and 17, which concerns the directive to amend the UAW

Constitution to incorporate the principle "one member, one vote" as it pertains to the International

Executive Board elections. From reading the Consent Decree, I am unsure if this is the path to

relief or sending this first to the Monitor for the Court to act on this particular issue. *"The Court*

*shall have exclusive jurisdiction to decide any and all issues and disputes arising from the*

*interpretation or application of this decree until further order of the Court. Subject to court*

*approval, the United States shall have the right to intervene as a party in any dispute regarding*

*any interpretation or application of this decree."* Consent Decree, Paragraph 2, ECF No. 10, Page

ID.110, Page 3, dated September 9, 2021, filed on January 29, 2021. **See Exhibit 1**

## BACKGROUND

I am an active worker with 43 years of seniority with General Motors Tonawanda Engine Plant. Likewise, a UAW Local 774, Region 9 member simultaneously. I am a UAW member in good standing and currently an elected UAW Local 774 Delegate for the 2022-2026 term as per Article 7 of the UAW Constitution. In addition, I have held several elected and appointed union positions. Therefore, I am vested in upholding the democratic principles governing our Union.

Before passing the referendum vote, I informed the court-appointed Monitor that I was an interested party and advocate for One Member, One Vote, the Direct Voting System. Accordingly, I completed the affidavit with the Court-Appointed Monitor and am a registered Advocate. In addition, I participated in the referendum webcast and was onsite as an observer during the referendum ballot tallying. I also have been vetted and am eligible to run for office, which I was unable to commit to running at this time. **See Exhibit 2**

On April 8, 2022, Mr. Glen McGorty, a member of the Monitor's Team, informed certain UAW members of an update regarding Retirees' eligibility to run for UAW International Office. In short, Mr. McGorty's email stated if a retired member seeks to be vetted by the Monitor to be a Bona Fide Candidate for International Office, the Monitor will find that the prospective candidate does not qualify to run. One of the email recipients, Ms. Sharon Bell, asked the Monitor for permission to share the email. He indicated that she could share it with other UAW members. As a result, Ms. Bell shared the email with me.

Shortly after, on April 15, 2022, I emailed the Monitor asking for assistance in interpreting the application of the Consent Decree. Specifically, I was trying to understand the scope of the UAW Monitor and UAW IEB's role in setting election rules and methods as defined by the Consent Decree. In addition, I was concerned about the process the Monitor used to develop an election

rule that deems retirees ineligible to run for International Executive Board without going through the proper Constitutional procedures. **See Exhibit 3**

I initially categorized my email as an Appeal relying on paragraph 47 of the Consent Decree. However, I realized that 47 pertained to those disallowed from running for office, which did not apply to me. Therefore, I amended the email and instead classified it as an inquiry.

On Monday, April 25, 2022, the UAW Monitor Election Team responded to my email. The team stated that once the status report was presented to the Court detailing the process for drafting the rules and preparing for the Officer election and the rules were issued; they would be happy to discuss my questions (outstanding or new) further. As of this letter, the Monitor Team has not held any formal discussion with me concerning this matter. **See Exhibit 4**

The Monitor pointed out in his Second Status Report to the Court, *"the UAW Constitution contains no express prohibition on retired members running for International Office. Article 10 of the UAW Constitution which set forth the qualification for International Office, does not enumerate being an active member as a qualification, which could suggest that there is no restrictions on retirees holding such office. Further Article 6 Section 19 of the Constitution states that retired members in good standing are entitled to "retired member status," which provides "all of the privileges of membership," without having to pay membership dues with only three exceptions, none of which include running for International Office."*

In addition, the Monitor states in part "*despite the record of decisions, however, neither the above reference PRB ruling nor the 2002 Constitutional interpretation explicitly addresses the eligibility of retired members to run for International office since each of these decisions and or interpretations involve local union positions."* See Monitor Second Status Report, Case 2:20 -cv Case 2:20-cv-113293-DML-RSW ECF No. 59, PageID.834 Filed 05/11/22 Page 15, 17 of 35.

This subject matter of a retiree's eligibility to run for International Office first surfaced after adopting the One Member, One Vote principle. It was never an issue under the Delegate system. To deem Retirees ineligible to run requires an amendment to Article 6, Section 19, and Article 10 using the process outlined in the UAW Constitution Article 3, which *"can be amended only by a majority vote of the delegates at succeeding regular Constitutional or Special Conventions*." 2018 UAW Constitution, Article 3, pg 6  **See Exhibit 5**

The Consent Decree in paragraph 17 echoes the correct process of making constitutional changes. *"By no later than the conclusion of the next UAW Convention and before the next election of UAW IEB members, the UAW shall have formally amended the UAW Constitution to incorporate all of the terms set forth in this decree by presenting said terms to the Convention delegates for approval."*

Yet, before the Convention, the UAW President determined Retirees were not eligible to run for IEB positions. As a result, on May 11, 2022, the Official Officers Election rules contained expressed language that Retirees are ineligible to run for these offices. Other UAW members and I have challenged the improper procedure used to deem retirees ineligible to run, and the appeals are pending. **See Exhibit 6**

On or around October 9, 2022, I received the Solidarity magazine. It is a UAW publication sent to the membership quarterly. On page 4, the 7th bullet point, the UAW incorrectly assessed that the Convention Delegates rejected a constitutional amendment that would have permitted retired members to run for International Office. It further said that the Delegates' action affirms the Eastern District Court of Michigan's recent court decision and the President's Constitutional

Interpretation. Their assessment is not factual. For this reason, I am bringing this matter to the attention of the Court. **See Exhibit 7**

Our bylaws require, before our Convention, that the International Executive Board selects a Constitution Committee from among the elected delegate. They assemble two weeks before the Convention to take up all recommendations concerning changes or additions to the Constitution submitted by the International Officers, International Executive Board, and Local Unions to act thereon. The submitted proposals are combined in a book. But only a few are selected and given to the delegates for action.  If a Delegate wishes to take up any of the amendments in the book that were not chosen, they can do so by a 25% percent affirmative vote of the delegates.

This year, per the Consent Decree, the UAW IEB drafted language amending the UAW Constitution affirming the "one member, one vote" principle for inclusion in the UAW Constitution and presented the terms to the Convention delegates for approval. However, the "Consent Decree Required Constitutional Changes" submitted by the IEB did not include drafted language that explicitly addresses the eligibility of retired members to run for International office, nor that would bar retirees from running for International Offices. In addition,  President Curry's March 24, 2022, constitutional interpretation adopted by the IEB was not shared, discussed, or voted on by the Delegates. **See Exhibit 8**

Local unions submitted some recommendations about Retirees' right to run, but the Committee chose none of them to present to the Delegates. An amendment(#0032) was voted out of Committee and discussed and voted on by the Delegates. But, contrary to the UAW statement in the Solidarity Magazine,  the submitted amendment (#0032) deals with adding language to Article 10 Section 9, and would not have changed the current language in the Constitution regarding the Retirees' eligibility status, whether passed or rejected. **See Exhibit 9**

I am seeking relief from the Court to take appropriate action to enforce the application of the Consent Decree, as it was not fully adhered to when drafting language for constitutional amendments based on the one-member, one-vote principle. The issue of the retirees' eligibility in the running for IEB positions is an integral part of the One Member, One Vote principle. It has to be clear in the Constitution; otherwise, it will continue to lead to different interpretations. To deem Retirees eligible or not eligible to run requires a formal constitutional amendment. The Delegates have not formally amended the UAW Constitution to incorporate all of the terms and issues regarding the Direct Elections of International Officers, elections. Therefore I am seeking relief and asking the Court to allow the delegates to vote on amending the UAW Constitution to include language that explicitly specifies a retiree's membership privilege regarding whether retirees should be barred or allowed to run for International Offices

Then follow the proper formal amendments process and make changes to Article 6, Section 19, and Article 10. As per Article 3, the UAW Constitution grants this privilege to amend to the Delegates, **not** by the powers granted to the UAW President in Article 13 Section 8.

I am not trying to be a nuisance to the Court or Monitor. However, interpreting the Consent Decree and how it relates to the UAW Constitution and the OLMS rules is overwhelming for an average member. Please know that all the issues we ask to be addressed are things embedded in our culture of corruption. I thank the Court and Monitor in advance for your patience with our members, candidates, and delegates who are serious about the reform efforts in our Union.

Cordially,

Roberta L. Gainer, Delegate, UAW Local 774

**Attachments - Exhibits:**

1. Consent Decree pages 1-7

2. Email from Monitor to Gainer re Vetting Process

3. A revised copy of Gainer's 4/15/22 email to Monitor dated 4/17/22

4. Monitor response to Gainer's email

5. Relevant  2018 Constitution's Articles i.e. 3, 6, 7, 10

6. Excerpt from Official Rules for the 2022 International Officer Elections -  Exhibit 1 UAW President Ray Curry's Interpretation Memo 3/24/22

7. Solidarity Magazine July/August/September 2022 pgs 4-5

8. The Constitution Committee's Partial Report on Consent Decree Required Constitutional Changes Article 8§§ 2,17c; Article 10 Sections 1,2,3,4,6,16,18; Article 19§1; Article 30§1

9. Submitted Resolutions pgs 36-43

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

                Defendant.

Case Number 20-13293
Honorable David M. Lawson

_____/

## **CONSENT DECREE**

The government has filed a civil complaint, and the parties have submitted a proposed consent decree stating their stipulation to the following facts and circumstances.

The defendant union acknowledges that there have been criminal convictions, allegations, sworn testimony, and judicial findings of past problems with fraud, corruption, and criminal conduct by certain officials within the UAW and certain of its related entities. By bringing certain criminal prosecutions and related proceedings, the United States has halted and punished past fraud, corruption, and criminal conduct, and the parties enter into this agreement to ensure that no further unlawful activity occurs.

The United States and the UAW agree that it is imperative that the UAW, as one of the largest trade unions in the world, be free of such criminal conduct, that every aspect of the operations of the UAW and its constituent entities be conducted with integrity and for the benefit of its members, and that UAW members be able to democratically participate in their union's affairs as guaranteed by the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, *et seq.* The parties agree that further cooperative efforts, subject to judicial

supervision and assistance as outlined in this consent decree, are necessary and appropriate.

The United States and the UAW agree that honest and duly-elected officials of the UAW are the best equipped to collectively bargain on behalf of its members and to enforce said agreements vigorously and aggressively. To that end, the United States and the UAW agree that the UAW shall continue to negotiate and administer its collective bargaining agreements absent oversight or approval from the United States government, except as may be necessary to ensure the elimination of fraud, corruption, or illegal conduct. The parties agreed to the filing of the complaint in this case seeking equitable relief under 18 U.S.C. § 1345(b), 28 U.S.C. § 1651, and Fed. R. Civ. P. 65, and to the contemporaneous issuance of this decree. The parties agree that the Court has exclusive subject matter jurisdiction over the claims in this matter under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331, 1345, that the Court has personal jurisdiction over the parties, and that it should retain jurisdiction to enforce the terms of the decree. They further concur that venue is proper in this district under 28 U.S.C. § 1391.

Accordingly, pursuant to the consent of the parties and the order granting their joint motion for entry of a consent decree entered on this date, all of the following are **ORDERED, ADJUDGED, AND DECREED**.

### A.    <u>JURISDICTION AND VENUE</u>

1.    The Court finds that it has subject matter jurisdiction over the claims and personal jurisdiction over the parties, and that it is appropriate for the Court to retain jurisdiction in this matter to enforce the terms of this consent decree for the duration of the term specified herein.

2.    If the Court-Approved Monitor and Adjudications Officer described below (the Monitor and Adjudications Officer will be referred to collectively herein as the "Officers"), any party, or other person or entity files a separate action pursuant to this decree, the parties must

designate such action a related action pursuant to the Rules of this Court. The Court shall have exclusive jurisdiction to decide any and all issues and disputes arising from the interpretation or application of this decree until further order of the Court. Subject to court approval, the United States shall have the right to intervene as a party in any dispute regarding any interpretation or application of this decree.

3.      This consent decree is binding upon the UAW and its constituent entities and all current and future officers, agents, employees, representatives, members, and persons holding positions of trust in the UAW and its constituent entities or any employee benefit plan, labor-management cooperation committee, and voluntary employee beneficiary association in which such persons act on behalf of the UAW or its constituent entities. For the purposes of this decree, the term "constituent entity" includes any joint council, committee, bargaining council, district council, region, community action program, national department, public review board, or any subordinate body of the UAW International Union. Officers of UAW local unions who are members of the UAW also shall be subject to the disciplinary mechanisms set forth herein.

4.      The Court shall retain jurisdiction to enforce the terms of this consent decree **through January 12, 2027**. On or before that date, any party may file an appropriate motion with the Court to extend the term of the decree, showing good grounds why further Court supervision is required. No party is entitled to costs under this Consent Decree.

### B.      <u>DURATION</u>

5.      The authority of the Officers established below shall be in effect for six years, beginning from the date the Court approves appointment of all the Officers.

6.      Some or all of the Officers' powers may be terminated early if (1) all parties and the United States Secretary of Labor (or his or her designee) approve the early termination or a

party with the support of the Monitor moves the Court for early termination; and (2) after full consideration, the Court approves the early termination of some or all powers.

7.      Some or all of the Officers' powers, and this consent decree, may be extended beyond the six year term if (1) all parties and the United States Secretary of Labor (or his or her designee) approve the extension, or a party with the support of the Monitor moves the Court for an extension; and (2) the Court approves the extension of some or all powers.

### C.      UAW MEMBERSHIP VOTE ON DIRECT ELECTIONS

8.      Within six months after appointment of the Monitor, the UAW shall hold a secret ballot vote (a referendum) by all UAW members concerning the method and procedures for the election of the members of the IEB.  Specifically, the UAW membership shall vote whether to keep the current method for electing members to the IEB or, instead, the method should be changed to a direct election, sometimes referred to as "one member, one vote," by which each UAW member shall directly elect the IEB.

9.      The UAW agrees that the United States Department of Labor, Office of Labor-Management Standards ("OLMS") shall, upon request of the Monitor, assist the Monitor in administering the UAW membership vote on the referendum described above to ensure it is conducted consistent with the standards applicable to the officer election provisions established in Title IV of the LMRDA.

10.      The Monitor and the UAW shall develop the rules, method, and ballot language to be used in the referendum, and shall obtain approval from OLMS for those rules, method and ballot language prior to conducting the referendum.

11.      At the conclusion of the referendum, the Monitor will prepare a report summarizing the results and provide it to OLMS for approval.  If OLMS is satisfied that the referendum was

properly conducted and that no violation of the rules may have affected the outcome thereof, the report shall be filed with the Court for final approval.  If OLMS fails to endorse the referendum results, it shall state the basis and reasons for its decision in writing not later than 14 days after the results of the referendum are provided to it and provide that to the parties; and the parties may appeal that OLMS decision to the Court.  If the Court finds, by clear and convincing evidence (or other standard of proof that is required by law), that the referendum was not properly conducted and that a violation of the rules may have affected the outcome thereof, a new referendum will be held as soon as practicable thereafter using the same provisions and methodology described herein.

12.    If the membership of the UAW chooses the "one member, one vote" principle through the referendum, the UAW Constitution shall be amended to incorporate that principle with respect to its IEB elections prior to the next IEB elections taking place at or following the next UAW Constitutional Convention in June 2022.  In such case, the Monitor will promptly confer with the UAW to draft language amending the UAW Constitution affirming the "one member, one vote" principle for inclusion in the UAW Constitution at the next UAW Constitutional Convention.

13.    If the membership of the UAW chooses the "one member, one vote" principle through the referendum, the Monitor, in consultation with the UAW, shall develop all election rules and methods for the election of members of the IEB during the period of oversight.  Without regard to the method of election – delegate election or direct election – nothing in this consent decree will eliminate or limit a union member's right to seek relief from the Secretary of Labor and OLMS pursuant to the LMRDA, 29 U.S.C. § 401, *et seq.*

### D.    CHANGES IN THE UAW CONSTITUTION

14.    Article 19 of the UAW Constitution shall continue to remain and require all collective bargaining agreements and other agreements negotiated with Employers be reduced to

writing and made available to the UAW membership, and the UAW will further make those written products available to its membership on its website along with the entire contents of the National Agreements.  This includes all agreements, modifications, alterations, hand-shake agreements or interpretations of National Agreements.  Modifications or alterations agreed to between the UAW and an employer that do not significantly alter the terms of a National Agreement are not subject to this requirement.  At the request of any member of the organization with demonstrable cause to believe otherwise, the UAW shall review and affirm that all modifications to a National Agreement, including any unpublished letters, unpublished letter agreements, or side agreements, have been reduced to writing and made publicly available.

15.    Article 31 of the UAW Constitution specifically provides for the filing and consideration of charges that any member of the UAW has violated the UAW Constitution or has engaged in conduct unbecoming a member of the UAW.   The UAW affirms that violations of the UAW Constitution or conduct unbecoming a member or officer of the UAW have been, are currently, and remain, valid bases for charges under Article 30 of the UAW Constitution. In addition to any means currently available to initiate charges under Article 30, the UAW Constitution shall be amended to provide that such charges may be prepared by means of a written affidavit signed by a Local Union member or members in good standing and whose propriety for trial is affirmed by (a) his/her/their respective local union(s) by a majority vote of the members in good standing attending a special membership meeting held for that purpose, and (b) by a majority vote of the members in good standing of at least five other local unions at a special membership meeting held for that purpose.  In the case of charges against an IEB member who is elected by region (e.g., Regional Directors), all Local Unions involved in initiating/affirming such charges must be within the region from which the IEB member is elected.   In case of such charges against

an International Officer or IEB Member subject to Article 30, the charges shall be referred to the Monitor for review and consideration of possible disciplinary action described in this consent decree. It is understood that the Monitor can bring any type of misconduct or disciplinary charge under this consent decree without requiring the concurrence of any Local Union member or the support of any local union.

16.     The UAW Constitution shall be amended, as set forth in this decree, at the next regularly-scheduled UAW Constitutional convention scheduled in June 2022. The UAW and its IEB hereby agree that the terms of this consent decree govern any provision of the UAW Constitution which may be inconsistent with the terms of this decree.

17.     By no later than the conclusion of the next UAW convention and before its next election of UAW IEB members, the UAW shall have formally amended the UAW Constitution to incorporate all of the terms set forth in this decree by presenting said terms to the Convention delegates for approval. If the UAW has not formally so amended the UAW Constitution by the end of the 38th Convention, the United States retains the right to seek any appropriate action, including enforcement of this decree, contempt, or reopening this litigation.

### E.     <u>INJUNCTIVE PROHIBITIONS</u>

18.     The UAW and its constituent entities, the IEB, and all current and future officers, agents, employees, representatives, and persons holding positions of trust in the UAW and its constituent entities, as well as all current and future members of the UAW and its constituent entities **ARE HEREBY PERMANENTLY ENJOINED** from:

a.     Committing any Criminal Activity (defined below);

b.     Knowingly associating with a barred person, except when associating with a barred person for the purpose of providing bona fide union representation to persons

# EXHIBIT 2

**From:** UAWMonitor-Election@jenner.com,
  **To:** robertagainer@aol.com,
**Subject:** 2022 UAW International Officer Election - Candidacy Vetting Complete
  **Date:** Thu, Jul 7, 2022 1:57 pm

Dear Ms. Gainer,


We are writing to inform you that the Monitor has completed the vetting process regarding your candidacy for International Office, and **you have been cleared to run for International Office**, pursuant to Section 3-2 of the Election Rules.  Your status as a Bona Fide Candidate for International Office is now final, pending nominations at the upcoming Constitutional Convention.  As a reminder, in order to have a place on the ballot in the 2022 Election, you must be officially nominated at the upcoming Constitutional Convention.  Election Rules at 2-1.


Please let us know if you have any questions.


Best,

UAW Monitor Elections Team

# EXHIBIT 3

REVISED COPY - April 17, 2022
This copy supercedes April 15, 2022

Neil M. Barofsky
c/o Monitor Team
UAWMonitor_Election@StoneTurn.com

I, the undersigned UAW Member Roberta Gainer, UAW Local 774, a registered advocate for

Direct Elections is, writing seeking your help in interpreting the application of the Consent Decree,

specifically:

1.   **PART C: UAW MEMBERSHIP VOTE ON DIRECT ELECTIONS, §13 which states,** *"If the membership of the UAW chooses the "one member, one vote" principle through the referendum, the Monitor, in consultation with the UAW, shall develop all election rules and methods for the election of members of the IEB during the period of oversight.  Without regard to the method of election – delegate election or direct election – nothing in this consent decree will eliminate or limit a union member's right to seek relief from the Secretary of Labor and OLMS pursuant to the LMRDA, 29 USC § 401, et seq.*

2.   **PART D CHANGES IN THE UAW CONSTITUTION §16 which states,** *"The UAW Constitution shall be amended, as set forth in this decree, at the next regularly-scheduled UAW Constitutional convention scheduled in June 2022.  The UAW and its IEB hereby agree that the terms of this consent decree govern any provision of the UAW Constitution which may be inconsistent with the terms of this decree."*

I am trying to understand the scope of the UAW Monitor's and UAW IEB's role in setting

elections rules and methods as defined by the Consent Decree.

Accordingly, I reviewed the UAW's current election rules and methods used when

conducting Local and International elections.  In doing so, I looked at the secret ballot method

used to elect the Local Union President, Vice President, Recording Secretary, Financial Secretary,

Treasurer, three Trustees, Sergeant-at-Arms, Guide, and Delegates.  Also, I reviewed our current

delegate system method used to elect our International President, Vice Presidents, Secretary-

Treasurer,  Board Members (Regional Directors), and Trustees.

I reviewed the UAW Constitution for information on secret ballot and direct election rules and procedures.  In addition, I read Article 8 Section 10 & 11, 13, &14 (re Delegates); Article 10 Officers and Elections (re IEB); Article 38 Local Union Officers (re Local Executive Board); and Article 51 Board of International Trustees; and the LMRDA Disclosure Act of 1959, as amended, Title IV Elections.

My inquiry in this writing does not extend to the election rules and methods for elections not covered under Title IV Elections, such as Article 45 Stewards and Committeeperson elections.

### History of the UAW Methods and Procedures Conducting Union Elections

#### *Local Union Elections*

The UAW Constitution guides our internal practices when conducting elections.  It is the UAW Constitution, the living law of our Union.  It guarantees the rights of the Membership to fair, democratic election procedures in all instances when they vote to choose their officials.  These responsibilities for conducting Local Union elections and Delegate elections are entrusted to democratically elected Election Committees empowered by the UAW Constitution, Article 38 §10(c) & (e).

**Article 38 §10(c) states:** *"All elections shall be held under the supervision of a democratically elected Election Committee."*

Likewise, Article 38 §10(c) is attached to two interpretations:

(1) Responsibility of Local Union Election Committee to Cooperate with Local Union Officers: *"Local Union Election Committee is obligated, in the preparation for an election required by the Local Union to be conducted by the Election Committee, to consult and cooperate with the Officers of the Local Union in establishing the procedures for such election.  However,*

the actual conduct of the election is entirely the responsibility of the Election Committee". (Detroit, 1/31/74, Pages 212-213.) and;

(2) Postponement of Election: *"The Election Committee can, once the date of election has been posted, refuse the request of the Local Union President to postpone the election. Such decisions by the Election Committee are not subject to revision by either the Local Union Executive Board or the Local Union President".* (Louisville, 3/17/47, Page 100.)

**Article 38 §10 (e) states:** *"No candidate in any election shall be a member of the Election Committee having supervision over such an election."*

Likewise, Article 38 §10(e) is attached to an interpretation:

(1) *"Election Committee Members Must Resign to Seek Office. Any member of an election committee who accepts nomination to run for Local Union Office which is conducted under the supervision of the Election Committee, of which s/he is a member must resign from the Election Committee for the duration of the term if s/he becomes a candidate."* (Detroit, 8/11/60, Pages 138-139.)

In carrying out their duties, the Election Committee relies on the "UAW Guide for Local Union Election Committee," published by the UAW Publication Department, applicable provisions of the LMRDA Act, and related provisions from our UAW Constitution, Administrative Letters, and Local Union Bylaws. It is emphasized throughout the guide that the Election Committee remain fair and impartial.

## UAW Methods and Procedures Conducting Union Elections comparative to LMRDA Title IV Elections

### *Labor-Management Reporting and Disclosure Act Sec. 401(a)*

LMRDA Title IV Sec. 401(a) states, "Every national or international labor organization, except a federation of national or international labor organizations, shall elect its officers not less often than once every five years either by secret ballot among the members in good standing or at a convention of delegates chosen by secret ballot.

The UAW Constitution comparative with Title IV is found in Article 10 Section 3, stating, *"The term of office of all elective International Officers and Board Members shall be for the period up to the next Convention and the term of office shall begin immediately upon installation; and* Article 51 states, *"the term of office of the three Trustees, are 3-term, 2-term and 1-term".*

### Labor-Management Reporting and Disclosure Act Sec.  401(f)

LMDRA Title IV Section 401(f) states, *"When officers are chosen by a convention of delegates elected by secret ballot, the Convention shall be conducted in accordance with the Constitution and bylaws of the labor organization insofar as they are not inconsistent with the provisions of this title.  The officials designated in the Constitution and bylaws or the secretary, if no other is designated, shall preserve for one year the credentials of the delegates and all minutes and other records of the Convention pertaining to the election of officers.*

UAW Constitution comparative to 401(f) is found in Article 8 Section 2, 10, 15, 17, and Article 10 Section 4, 5. A democratically elected Election Committee conducts our Local Executive Board and Delegate elections by secret ballot.  The Credentials Committee and the International Secretary-Treasurer staff conduct the International Executive Board and Trustees elections using the  Delegate System and Roll Call Voting method.   In both cases, the Records are preserved.

Now that the UAW members will be electing the IEB by Direct Voting, comparative to local unions' method of secret ballots, Title IV Section 401(e) is relevant,  Which states, *"In any election required by this section which is to be held by secret ballot, a reasonable opportunity shall be given for the nomination of candidates, and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address. Each member in good standing shall be entitled to one vote.  No member whose dues have been withheld by his employer for payment to such organization pursuant to his voluntary authorization provided for in a collective bargaining agreement shall be declared ineligible to vote or be a candidate for office in such organization by reason of alleged delay or default in the payment of dues.  The votes cast by members of each local labor organization shall be counted, and the results published, separately.  The election officials designated in the Constitution and bylaws or the secretary, if no other official is designated, shall preserve for one year the ballots and all other records pertaining to the election.  The election shall be conducted in accordance with the Constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this title.*

As a result of the information mentioned above, I interpret the Consent Decree, Part C UAW Membership Vote on Direct Elections, Section 13 identifies the UAW Monitor as the designated person to *"develop all election rules and methods for the election of members of the IEB during the period of oversight. In developing the rules and methods, the Monitor is to consult*

*with the UAW to establish the procedures for such an election".*  I interpret that the consult with the UAW is limited to procedural matters concerning election rules well established in the UAW Constitution.   I also interpret that the actual conduct of the IEB election is entirely the responsibility of the Monitor and his Team.  Therefore I am seeking you to answer the following questions:

1. Does the scope of developing the rules and procedures extends beyond the duties associated with conducting secret ballot elections such as:

   - Updating membership list
   - Drafting election and campaign rules for both IEB Direct election and International Trustees Delegate Elections
   - Posting or mailing Nominations and Acceptance Notice
   - Mailing or Posting of Election notices listing dates and times.
   - Vetting and verifying IEB candidates' eligibility as per the UAW Constitution Article 10, Section 6, 7, 8, 12, 13, 14
   - Communicating with Candidates to discuss election and campaign rules
   - Ballot designation and arrangement with the printer
   - Arrangement with Postal Officials
   - Polling place and ballot tally preparation.
   - Ballots counted, and election results announced.
   - Post-Election Activity.
   - Election Protest Procedures

If the answer is yes, in what way?

2. What is the scope of the UAW involvement in establishing election rules and procedures for the IEB Election, and are IEB candidates prohibited from any subject matter relating to the election?

3. What is the scope of involvement or consultation with the current elected Credential Committee and Rules Committee delegates?

4. Are the rights provided in Article 3, stating that the Constitution can only be amended by a majority of delegates at the Convention, superseded by any terms in the consent decree?

5. Does the scope of developing election procedures and methods encompass any amendments other than the Consent Decree mandatory amendment regarding the Direct Election method instead of the Delegate System?

6. Are any changes to the eligibility requirements listed in Article 10 Section 6, 7, 8, 12, 13, 14 within the scope of the Consent Decree?

Thank you for taking the time to accept my inquiry, and I appreciate your prompt reply, if possible, as your response is contingent on other time-sensitive matters. In my previous correspondence dated April 15, 2022, I erroneously requested that a copy of my inquiry be sent to the Adjudications Officer. Please disregard this request as I am only inquiring and not submitting an Appeal.

Sincerely,

/s/

Roberta Gainer
UAW Local 774
robertagainer@aol.com
(716-445-8131)

## ARTICLE 8 Conventions

**Section 1.** The 38th Constitutional Convention shall be held during the month of June, 2022, provided that the date of holding such Convention may be advanced or delayed two (2) months upon a resolution to that effect adopted by the International Executive Board.

**Section 2.** The business of the International Convention shall proceed in the following order unless otherwise ordered by the Convention: (1) Call to Order. (2) Report on Credentials. (3) Reading of Convention Rules. (4) Appointing Committees. (5) Communications and Bills. (6) Resolutions, etc. (7) Reports of Committees. (8) Report of Officers and International Executive Board. (9) Nomination and Election of Officers and International Trustee. (10) Unfinished Business. (11) New Business. (12) Adjournment.

**Section 3.** Twenty-five (25) percent of all of the delegates seated at any International Convention shall constitute a quorum. No business shall come before or be considered by the Convention at any session unless a quorum is present. In the event the Chairperson of the Convention is unable to obtain a quorum on the last day of the Convention, all unfinished business of the Convention shall be referred to the International Executive Board.

**Section 4.** Special Conventions of the International Union shall be called by the International President: (1) When so instructed by a two-thirds (2/3) vote of the International Executive Board or in the event of the failure of the International President to do so, by such other Board Members as the Board may designate; (2) by a referendum vote of the membership initiated upon the written request of at least fifteen (15) Local Unions from five (5) different states or provinces having an aggregate membership of not less than twenty (20) percent of the total membership as reported to the preceding Convention. The Local Unions demanding a Special Convention must state the reason or reasons why such Convention is desired, the place and

date for the Convention and the dates for mailing out and returning the ballots.  It shall be the duty of the International President, or the person designated by the International Executive Board, to send out the Call, to state such reason or reasons and the place and dates involved in transmitting the proposal to Local Unions for a referendum vote.  The reasons for and against such Convention shall be published and forwarded to all Local Unions.  Such Convention shall not have authority to consider any matter other than that which is specifically stated in the Call to the Convention.  It shall be mandatory that all Local Unions hold a secret vote on the question of calling a Special Convention.  All Local Unions shall vote their decision on the question involved, through Local Union procedure, by secret ballot.  Local Union election boards shall tabulate the ballots and send the Local Union's vote to the International Secretary-Treasurer, who, within thirty (30) days after the setting of a deadline of a return date, shall publish the "yes" and "no" vote of each Local Union in the "official publication." If a majority of all the members voting in all Local Unions is in favor of a Special Convention, a Special Convention shall be mandatory.  When the International Executive Board has directed the calling of a Special Convention pursuant to the provisions of (1) the first sentence of this Section, the delegates from each Local Union who had been elected to the preceding regular Constitutional Convention shall serve as delegates to the Special Convention.  Each Local Union shall carry the same total vote as it carried at such previous regular Constitutional Convention.  If the purpose, or one of the purposes, of a Special Convention is collective bargaining policies, the President (and Bargaining/Negotiating Committee Chairperson, if it is a different individual), if not delegates under this provision may, by Local Union membership action, be made special delegates at such Special Convention with the right to be present on the Convention floor with voice but without any vote.  Under the same circumstances in units

of Amalgamated Local Unions, with membership in excess of one thousand (1,000), the Unit Chairperson may, by unit membership action, be made such a special delegate.  If there are vacancies in the voting delegation, they shall be filled in the following manner: (a) By alternates where the same were elected to the preceding regular Constitutional Convention; (b) If the number of delegates is insufficient after applying (a), by reapportioning the votes of the Local Union among the remaining delegates to the extent permitted by Section 7 of this Article; (c) If the number of delegates is insufficient after applying (a) and (b) and the purpose or one of the purposes, of the Special Convention is collective bargaining policies, by including any special delegates which the Local Union or unit membership may have provided for in accordance with this paragraph, with the President of the Local Union to precede the Bargaining/Negotiating Committee Chairperson; (d) If the number of delegates is insufficient after applying (a), (b) and (c), by electing additional delegates, these additional delegates to be nominated and elected by secret ballot at successive membership meetings; the required notices for such nomination and election being those set forth in Sections 22, 23 and 24 of this Article.  This foregoing procedure shall be disregarded in the event of any Special Convention directed to be called by referendum vote pursuant to (2) of the first sentence of this Section, in which event the vote of each Local Union and the election of delegates from each Local Union shall be the same as provided for in this Article for regular Constitutional Conventions; except that in applying Section 9 of this Article to determine the average monthly per capita taxes paid by a Local Union, a twenty-four (24) month period concluding with the sixth (6th) month prior to the month in which the Special Convention is to convene shall be used.

**Section 5.**  Each Local Union shall have one (1) delegate for two hundred (200) members or less and one (1) additional delegate for the next three hundred (300) members or major fraction

thereof, and one (1) additional delegate for each additional eight hundred (800) members or major fraction thereof, except Amalgamated Local Unions which elect as many delegates as they have units who average two hundred (200) dues-paying members or more, and that those units who have two hundred (200) members or more may elect their own delegates to the Convention and those with less than two hundred (200) shall be grouped together and vote as a miscellaneous group.  In the event the miscellaneous group within an Amalgamated Local Union has less than two hundred (200), the International Secretary-Treasurer shall allocate such membership to some other unit of the Local Union in such a manner as will result in the maximum number of delegates.

**Section 6**.  Each unit of an Amalgamated Local Union shall be allotted its share of the number of delegates in proportion to the amount of per capita tax paid by the unit through the Amalgamated Local Union.  Any fractions remaining from the units following such allocations shall be allotted to the Local Union's Joint Council, where such body exists.  Delegates representing the total of all fractions shall be elected on the basis of one (1) for each eight hundred (800) or major fraction thereof.  Any member of the Local Union who has qualified may be nominated and elected by the Joint Council, provided s/he has not accepted nomination in her/his unit.  In order to be eligible for nomination as a delegate representing a unit of an Amalgamated Local Union, s/he must be a member of such unit.

**Section 7**.  Each Local Union shall have one (1) vote for the first one hundred (100) members or less and one (1) additional vote for each additional one hundred (100) members or major fraction thereof, but no delegate shall have more than eight (8) votes.  The votes shall be equally apportioned among the elected delegates of each Local Union, except that an Amalgamated Local Union may apportion its votes in such manner as the Local Union decides

President and Recording Secretary.  Each credential and alternate credential shall be submitted to the International Secretary-Treasurer through the Local Union Information System (LUIS), or by such other means as specified by the International Secretary-Treasurer.  In convening Special Conventions, not less than thirty (30) days shall be required to issue the Call.

**Section 11**.  No member is eligible to serve as a delegate from her/ his Local Union unless s/he has been in continuous good standing in this International Union for twelve (12) months immediately preceding the first day of the month in which the Convention is held and shall also have been a member of the Local Union electing her/him for three (3) months immediately preceding the first day of the month in which the Convention is held.  For the purpose of this Section of the Constitution, members must pay their dues or secure out-of-work receipts in accordance with the provisions of this Constitution.

**Section 12.**  Local Unions in order to be entitled to representation at the Convention shall have been affiliated with the International Union for at least three (3) months prior to the holding of the Convention.  New Local Unions shall have paid at least two (2) months' full per capita tax prior to the month in which the Convention is to be held.  If such newly chartered Local Union has been in existence since the preceding Convention, it shall be entitled to its full quota of delegates based upon the average number of months per capita tax paid to the International Union during the period of time since the preceding Convention.  With respect to newly chartered Local Unions who received their charter subsequent to the last Convention, representation shall likewise be based upon the per capita tax paid to the International Union, averaged over the period of time from the preceding Convention.  In the case of an Amalgamated Local Union where a workplace has been organized for over a year and secures a separate charter, it shall not be considered a new Local Union.  Members representing Local

Unions or unit organizations within Amalgamated Local Union which have not been in existence for twelve (12) months prior to the Convention, shall be exempt from the provisions of Section 11 of this Article, provided they become members of their Local Union or unit organization not later than thirty (30) days after the issuance of or acceptance under the charter thereof.

**Section 13**.   Each member of the International Retired Workers Advisory Council shall automatically be a delegate to the UAW Constitutional Convention with voice and one (1) vote, as provided in Article 55, Section 4(f) of this Constitution.

**Section 14.**  International Officers and International Representatives of the International Union shall have a voice but no vote in the Convention of the International Union unless they are duly accredited delegates from Local Unions.  Any member who is eligible may be elected to office whether or not s/he is a delegate to the International Convention.

**Section 15**.   Copies of all resolutions and constitutional amendments to be considered by the Convention must be approved by the Local Union membership and sent to the International Secretary-Treasurer not later than six (6) weeks prior to the date set for the Convention.  These will then be sorted and distributed by the International Secretary-Treasurer among the chairpersons of the various and proper committees.  Protests of delegate elections must be received by the International Secretary-Treasurer by whichever of the following dates occurs first: (1) Not more than seven (7) days after the Local Union delegate election or (2) not less than twenty-one (21) days prior to the convening of the Convention.  These protests shall be referred to the Credentials Committee and the Credentials Committee may waive failure to comply with the foregoing time limitation where the interests of justice would require.

**Section 16**.   The International Executive Board shall select from the credentials of the delegates presented, a Constitution Committee, which shall assemble at least two (2) weeks prior to the meeting of the Convention at the place designated.  It shall be the duty of said Committee to take up all recommendations concerning changes or additions to the Constitution submitted by the International Officers, International Executive Board and Local Unions to act thereon.  This Committee shall have authority to originate amendments to the Constitution.

**Section 17**.  (a) The International Executive Board shall select from the credentials of delegates a Credentials Committee, which shall assemble at least ten (10) days prior to the meeting of the Convention.  The Committee shall examine all credentials received at the International Office and investigate the standing of the delegates and the Local Unions they represent; they shall receive the original credentials of the delegates elected to attend the Convention, and be in a position to report at the opening of the Convention.  (b) All election protests regarding the election of any delegate to the Convention must be filed with the Credentials Committee not more than seven (7) days after the Local Union delegate election or not less than twenty-one (21) days prior to the convening of the Convention, whichever occurs first, absent a waiver of those limits by the Credentials Committee.  The protest must be filed by a member of the Local in question, or may be raised by any member of the Credentials Committee itself.  The protest may raise any subject related to the election of the Local's delegates, including the conduct of the campaign, or use of union or employer assets.  (c) All other election protests of elections held under Article 10 (International Officers and Regional Director), even though not touching the election of an identifiable delegate(s), must also be filed with the Credentials Committee, which has exclusive jurisdiction.  Thus, any protest of the conduct of the campaign for these offices, or the alleged use of union or employer funds in the campaign, or of any other matter

said to affect the election, must be filed with the Credentials Committee. Any such protest must be made in writing, as soon as possible, even though the Credentials Committee is already in session. Such a protest may be made by any UAW member, or the issue may be raised directly by any member of the Credentials Committee itself. (d) If, prior to the holding of an election of delegates, a clear violation of the International Constitution or the Local Union's Bylaws occurs in the pre-election procedures, the International President shall have the authority to order a correction of the violation prior to the holding of the election. Such action by the International President is subject to appeal to the Credentials Committee. (e) While the Credentials Committee sits, it has full authority to receive such election protests, evaluate them, and report its findings and recommendation to the full Convention. The Convention itself is the final authority, and so makes the final disposition of all election protests, whether presented by the Credentials Committee, or directly entertained, by permission of delegates under the Convention Rules, on the floor. (f) If the Credentials Committee should decide that an election in any Local Union has been improperly conducted and that delegates elected in such election should not be seated, the Credentials Committee may, jointly with the International President when s/ he is satisfied that the necessary Constitutional interpretations have been reasonably applied, order the delegate election to be rerun in such Local Union prior to the opening of the Convention. This rerun of the initial election shall be supervised by a Sub-Committee of the Credentials Committee. All notices and other time limitations provided for in this Constitution shall be automatically waived for any such rerun election, provided that every effort shall be made to give the maximum notices permitted by the circumstances. (g) If the Convention approves the Credentials Committee's report and recommendation on the initial election, the delegates elected in the rerun shall be seated if confirmed by the Credentials

Committee and Convention.  If the Convention should reverse the Credentials Committee and approve the initial election, the delegates elected in such initial election shall be seated and the International Union shall reimburse the Local Union for the cost of rerunning the election.

**Section 18**.  The International Executive Board shall select from the credentials of delegates to each International Convention a Resolutions Committee of not less than seven (7) members, which shall assemble at least ten (10) days prior to the convening of the Convention.  It shall be the duty of the said Committee to consider such resolutions as may be properly referred to it under this Constitution.  This Committee shall have authority to originate resolutions to be presented at the Convention.

**Section 19**.  The International Executive Board shall select from the credentials of delegates to each International Convention, the several other committees necessary to successfully promote and execute the efficient operation of the Convention.  Such committees shall convene not later than two (2) days prior to the opening of the Convention.

**Section 20**.  All Convention Committees shall have an odd number of, and not more than thirteen (13) members.

**Section 21**.  Following the issuance of the Convention Call by the International Secretary-Treasurer, each Local Union shall issue a Call for the nomination of its delegates to the Convention.  In the absence of a democratically elected standing Election Committee (Article 38, Section 10), an Election Committee shall be nominated and elected by the Local Union at a regular or a specially called meeting for that purpose of which at least seven (7) days' notice shall be given.  The Election Committee shall handle all the details insofar as they relate to the procedure of the election, and adopt such safeguards as are necessary to insure a fair election.

**Section 22**.  The nomination of delegates to the Convention may occur at the meeting at which

the Election Committee is elected or at a later date, but in either case at least seven (7) days' notice shall be given. After the deadline on accepting nominations has expired, no election of so-called "sticker" or "write-in" candidates shall be considered legal. A list of nominees shall be available to the membership. Candidates shall not serve on the Election Committee or as challengers or observers.

**Section 23**. Delegates to the International Convention shall be elected by secret ballot of the Local Union of which they are members and in no case shall be appointed. Elections for Convention Delegates must take place no later than thirty (30) days prior to the convening of the Convention.

**Section 24**. At least seven (7) days shall elapse between the time of nomination of delegates and the date the election shall take place. All members shall be duly notified, at least fifteen (15) days in advance, of the time and place of said election and the hours the polls will be open. Polling places must be open a sufficient number of hours on one (1) or more days to allow all members of the Local Union an opportunity to cast their ballots. Each member shall personally cast her/his vote at the polls.

**Section 25**. Local Union action to instruct a delegate does not serve to commit or bind the delegate on any issue s/he may vote on at the Convention.

## ARTICLE 10 Officers and Elections

**Section 1.** The elective officers of the International Union shall be one (1) International President, one (1) International SecretaryTreasurer, three (3) International Vice Presidents, who shall be elected by the Convention, and such International Executive Board Members as provided in Section 21 of this Article. In the event of the death, removal, or resignation of any

of the three (3) Vice Presidents at any time after July 1, 2014, the International Executive Board shall have the authority to reduce the number of Vice Presidents from three (3) to two (2). The duties of the Vice Presidents shall be to assist the International President.

**Section 2.**  Within the geographical districts as determined by the International Constitution, the International Executive Board Members shall be nominated and elected in the regions as established by the International Executive Board and existing on the actual day any such election commences.  Only the delegates from the Local Unions in such regions shall nominate and vote for their International Board Members.  Any member in continuous good standing for one (1) year, and who has worked at least ninety (90) working days in a workplace(s) located within the region, whose Local Union is located within the region can be nominated and elected.  It shall require a two-thirds (2/3) vote of the International Executive Board to change the composition of any region within a geographical district.

**Section 3.**  The term of office of all elective officers shall be for the period up to the next Convention and the term of office shall begin immediately upon installation.  The term of office of the Trustees shall be as provided for in Article 51.

**Section 4.**  Nomination and election of all elective officers and Trustees shall take place in the regular order of business of the Convention and election shall be determined by a majority vote of the delegates voting.  Candidates shall be elected to various offices by one (1) roll-call vote. In the election of the Vice Presidents each delegate may vote for three (3) candidates.  If there are five (5) or more nominees for the three (3) offices and less than three (3) candidates receive a majority vote, the candidate receiving the lowest number of votes shall be eliminated from the run-off election, and in each successive run-off election the candidate receiving the lowest

number of votes shall be eliminated, unless such elimination would result in reducing the number of candidates in nomination to a figure equal to the remaining vacancy or vacancies.

**Section 5**.  All elections of International Officers and International Executive Board Members shall be by roll-call vote.   In any election for International President, International SecretaryTreasurer, International Executive Board Member, or International Trustee where there are three (3) or more candidates and, on the first ballot no such candidate receives a majority, there shall be a run-off between the two (2) candidates who received the highest number of votes on the first ballot.

**Section 6**.  No member shall be nominated or elected as an elective officer of the International Union, as set forth in Section 1 of this Article, who has not been in continuous good standing for a period of one (1) year preceding the date of nomination.

**Section 7**.  No member of any Local Union shall be eligible to hold any elective or appointive position in this International Union or any Local Union in this International Union if s/he is a member of or subservient to any political organization, such as the Communist, Fascist or Nazi Organization which owes its allegiance to any government other than the United States or Canada, directly or indirectly.

**Section 8**.  No member of any Local Union shall be eligible to hold any elective or appointive position in the International Union, or any Local Union, if s/he is affirmatively engaged in the promotion, implementation, furtherance, or support of organized workplace rackets, such as numbers, bookmaking, etc.

**Section 9**.  The acceptance of an elective or appointive office or position or of nomination to an elective office or position by any member who is ineligible under Sections 7 or 8 of this Article is an offense against the Union punishable by a penalty up to and including expulsion.

**Section 10**.  When a charge is preferred that a member is violating Section 9 of this Article, it shall be made and the accused member shall be tried according to the appropriate provisions of Articles 30 and 31.  Resignation from an elective office or appointive position, or withdrawal of candidacy by any member charged with violation of Section 9 shall not require the dismissal of such charges.

**Section 11**.  Upon conviction of a member by a Trial Committee of a Local Union or by an International Union Trial Committee of violation of Section 9 of this Article, any elective or appointive office or position then held by such member shall be automatically vacated regardless of any other penalty imposed.

**Section 12**.  No member of any Local Union shall be eligible to hold or seek any elective or appointive position in the International Union, or in any Local Union, if s/he affirmatively engaged in: the promotion, implementation, furtherance or support of any other union or collective bargaining group with the purpose or intent of supplanting the International Union, or any subordinate body thereof, as the recognized collective bargaining agent; in efforts to decertify the International Union or any subordinate body thereof as the recognized collective bargaining agent; or aiding or abetting an employer or another Union to thwart organizing efforts by the UAW to become the bargaining agent.  If, upon investigation by the International Union, it should appear by convincing evidence that any member is in violation of this Section, the International President, or the International Executive Board, may summarily suspend that member from any office or position, or the right to seek such office or position.  Said suspended member shall be promptly notified and, within thirty (30) days of such notification, may appeal the suspension, in which case the member's appeal shall be processed in the same manner as appeals to the International Executive Board from decisions of subordinate bodies under

Article 33 of this Constitution; provided that the suspension shall automatically be lifted unless the International Executive Board has rendered its decision within one hundred twenty (120) days of the day the appealing member commences an appeal.  If the suspended member fails to appeal from the suspension within the thirty (30) days allowed, or if the International Executive Board upon review upholds the suspension by a two-thirds (2/3) vote, the member shall be considered removed from any office or position s/he may have held, as well as from the privilege of seeking election or appointment to any office or position, and the member shall not thereafter be eligible to hold any office or position unless and until the removal has been lifted by a two-thirds (2/3) vote of the International Executive Board.  Any member so suspended, who has 25 taken an appeal to the International Executive Board without having the suspension lifted, may appeal the suspension either to the Public Review Board or the Convention Appeals Committee as provided for in Article 33 of this Constitution.  The procedure provided in this Section shall be in addition to, and exclusive of any other action which may be taken against such member.

**Section 13**.  No member removed from office or position by reason of a conviction of any offense enumerated in Section 17 of Article 31 by a Local Union Trial Committee, shall be restored to office or position by reason of a reversal of such conviction by the body, which elected the Trial Committee, until after the lapse of sixty (60) days following such reversal, without a review having been ordered by the International Executive Board.

**Section 14**.  Whenever any member removed from elective office or position by reason of having been convicted of an offense shall have taken an appeal under Article 33, and whenever a review of any such conviction shall have been ordered by the International Executive Board under Section 18 of Article 31, the vacancy in office or position may be filled according to the

applicable provisions of Section 14 of Article 38 or Section 15 of this Article, but any successor in such office or position shall hold the office or position subject to the right of restoration of the removed officer upon reversal of her/ his conviction, subject to Section 13 of this Article.

**Section 15**. No member shall be entitled as a matter of right to restoration to any appointive position by reason of acquittal or reversal of a conviction.

**Section 16**. Incoming elective officers of the International Union shall be obligated and installed immediately after being elected. The obligation shall be the same as that provided for Local Union officers.

**Section 17**. Unless the International Executive Board exercises the authority to reduce the number of Vice Presidents as described in Article 10, Section 1, in the event of the death, removal or resignation of the International President, International Secretary-Treasurer, or any of the International Vice Presidents, the officer shall be replaced by majority vote of all members of the International Executive Board by a member eligible to be a candidate in accordance with Section 6 of this Article. In the event of the death, removal or resignation of an International Trustee, the International Executive Board shall elect a replacement to serve until the next regular Constitutional Convention.

**Section 18**. In the event a vacancy occurs on the International Executive Board because of the death, removal, promotion of a member or other cause, the International Executive Board shall, within thirty (30) days, call a special regional convention for the region which the International Executive Board Member represented. Such vacancy shall be filled by a member elected by the delegates from the Local Unions in the region. In the event of such vacancy occurring within sixty (60) days before a regular Constitutional Convention, no election shall take place and the office shall remain vacant. In any such special regional convention, the delegates from

each Local Union who had been elected to the preceding regular Constitutional Convention shall serve as delegates to the Special Convention. Each Local Union shall carry the same total vote as it carried at such previous regular Constitutional Convention. If there are vacancies in the voting delegation, they shall be filled in the following manner: (a) By alternates where the same were elected to the preceding Constitutional Convention; (b) If the number of delegates is insufficient after applying (a), by reapportioning the votes of the Local Union among the remaining delegates to the extent permitted by Section 7 of Article 8; (c) If the number of delegates is insufficient after applying (a) and (b), by electing additional delegates, these additional delegates to be nominated and elected by secret ballot at successive membership meetings; the required notices for such nomination and election being those set forth in Sections 22 and 24 of Article 8.

**Section 19**. The International Executive Board shall consist of the International Executive Board Members elected from the regions together with the International President, International SecretaryTreasurer and the International Vice Presidents.

**Section 20**. Voting strength of International Executive Board Members: (a) Questions coming before the International Executive Board may be decided by unit vote of its members, but any member may demand a roll-call vote on any question. (b) Each member of the International Executive Board shall have one (1) vote for each one thousand (1,000) members or major fraction thereof represented by the member in her/his region. (c) Voting strength of each region shall be computed on the basis of average monthly per capita tax payments from each respective region through the period of twelve (12) months commencing thirteen (13) months preceding each quarterly meeting of the International Executive Board. The voting strength of Executive Board Members at special Executive Board Meetings shall be on the basis as at the

preceding regular Executive Board Meeting.  (d) The International President, International SecretaryTreasurer and the International Vice Presidents, shall each carry the same number of votes, which shall be equal to the average of the votes cast by the remaining members of the International Executive Board.  (e) Members of the International Executive Board may cast their votes by proxy.

Section 21. The geographical districts and the number of International Executive Board Members for each district of the International Union in the United States and Canada shall be as listed below.

1. Michigan, Canada........................Regions 1, 1A, and 1D

2. Ohio and Indiana.............................................Region 2B

4. Illinois, Iowa, Nebraska, Wisconsin, Minnesota, North Dakota, South Dakota, Wyoming and Montana ........ ...........................................................................................Region 4

5. Missouri, Arkansas, Louisiana, Kansas, Oklahoma, Texas, Colorado, New Mexico, Washington, Oregon, California, Idaho, Nevada, Utah, Arizona, Alaska and.Hawaii.....................................................................................................Region 5

8. Tennessee, Virginia, West Virginia, North Carolina, South Carolina, Mississippi, Alabama, Georgia, Florida, the District of Columbia, Maryland, Delaware, Kentucky, the following counties of Pennsylvania: Franklin, Cumberland, Adams, York…....Region 8

9. New York, New Jersey, Rhode Island, Connecticut, Massachusetts, Vermont, New Hampshire, Maine and Pennsylvania, excluding the counties of Franklin, Cumberland, Adams and York..................................................................................Regions 9 and 9A

When an Executive Board Member vacancy occurs in any region, for any reason, and the International Executive Board determines that conditions and factors exist comparable to

those which necessitated the decisions in 1984 to combine the regions in the Detroit Area and in 1990 to combine the regions in the Ohio district (that is, Ohio, West Virginia, and those parts of Pennsylvania west of and including the counties of McKean, Cameron, Cambria and Somerset), and further, determines that it is in the overall best interest of the Union, then the region will be combined with one (1) of the other contiguous regions. The remaining Executive Board Member will have jurisdiction over the combined regions

## ARTICLE 38

### Local Union Officers

**Section 1**. Each Local Union shall have the following Executive Officers: President, Vice President or Vice Presidents, Recording Secretary, Financial Secretary, Treasurer, three (3) Trustees, Sergeant-at-Arms and Guide. Should one or more of these officers be absent, the absent officer(s) shall be temporarily replaced by the next officer present, following the above order of hierarchy.

**Section 2.** The election of Local Union Executive Officers shall take place by secret ballot during May and June and installation shall take place at the regular meeting following the election, except as otherwise authorized by the International Executive Board. After the deadline on accepting nominations has expired, no election of so-called "sticker" or "write-in" candidates shall be considered legal. Election of all Local Union Executive Officers shall require a majority of the votes cast for the office. The Membership shall be duly notified at least seven (7) days in advance of the time and place of nominations. A notice containing both the time and place of elections and the time and place of any possible run-off election, shall be given at least fifteen (15) days in advance of the election. At least seven (7) days shall elapse

between the time of nominations and the date the election shall take place. The Executive Officers and all other elected officials of Local Unions and units of Amalgamated Local Unions (except Stewards and Committee-persons, who are subject to Article 45) who are elected following the 24th Constitutional Convention shall serve for a three (3) year term.

**Section 3**. No member shall be eligible for election as an Executive Officer of the Local Union until s/he has been a member in continuous good standing in the Local Union for one (1) year immediately prior to the nomination, except in the case of a newly organized Local Union.

**Section 4.** Eligibility for election to other Local Union offices, committees, etc., shall be determined by the Local Union.

**Section 5**. The Executive Board of each Local Union shall consist of all the elected Local Union Executive Officers and such Membersat-Large as the Local Union may deem necessary. The election of any such Executive Board Members-at-Large, whether directly elected thereto or holding Membership thereon as the result of election to some other office or position, shall be by secret ballot with the same notice procedures as set forth in Section 2 of this Article. Executive Board Members-at-Large shall be elected by plurality vote, unless the Local Union membership by affirmative action requires a majority vote.

**Section 6**. It shall be the duty and obligation of all Local Union officers and Executive Board Members and all other official representatives of the Local Union, whether elected or appointed, to support, advance and carry out all provisions of this Constitution, official policies of the International Union; and, to the extent not inconsistent with the foregoing, all official policies of the Local Union.

**Section 7**. The Executive Board shall be empowered to represent the Local Union between meetings of the Local Union when urgent business requires prompt and decisive action. In no

case, however, shall the Executive Board transact any business that may affect the vital interests of the Local Union until the approval of the Membership is secured, or of the Unit Workplace Organization in the case of an Amalgamated Local Union.

**Section 8.** Any member of the Executive Board who is not directly elected to the Board, but who holds such office by virtue of her/his holding some other office or position in the Local Union or Unit Workplace Organization shall, upon ceasing to hold the latter office or position, automatically cease to hold the office of Executive Board Member.

**Section 9.** At the discretion of the Local Union the offices of Financial Secretary and Treasurer may be combined.

**Section 10.** The following rules shall be mandatory in all Local Union elections for executive officers, and insofar as these rules are not inconsistent with any provisions of Article 8, for International Convention delegates: (a) Every member in good standing shall be entitled to vote at all Local Union elections. (b) Such elections shall be held during specified dates and hours at a specified polling place or polling places where each member shall personally cast her/his vote. The use of absentee ballots is not permitted in Local Union elections, except as allowed by a uniform policy established by the International Executive Board. 38 (c) All elections shall be held under the supervision of a democratically elected Election Committee. (d) The date or dates for all elections must be established by the membership body of the Local Union. (e) No candidate in any election shall be a member of the Election Committee having supervision over such an election. (f) Any eligible candidate in any election shall have the right to submit her/his commonly known name to the Election Committee in writing as the candidate desires it to appear on the ballot, and it shall so appear. (g) Each candidate shall

have the right to have one (1) challenger present when the votes are cast and when they are tabulated, provided that such a challenger shall be a member of the Local Union.

**Section 11.**   Following each election, the Election Committee shall report in writing the canvass of the results of the election to the Membership's next membership meeting.   No protest to an election shall be considered unless raised within seven (7) days of the closing of the polls or at the next membership meeting, whichever is later.   A protest must either be in writing, or made at the membership meeting.   If written, the protest must be actually received by the Local Union Recording Secretary before the deadline.   In the event that membership meeting(s) have been suspended by affirmative membership action(s) pursuant to Article 37, Section 4(c), the protest must be submitted to the Local Union Recording Secretary within seven (7) days of the closing of the polls or the next Local Union Executive Board meeting (not to exceed thirty (30) days from the date of the election), whichever is later.   The protest will be directed to the Local Executive Board, which shall rule on the protest within thirty (30) days after receipt.

**Section 12.**   In the event the Membership, either in acting upon a protest or in ratification of an Election Committee recommendation, should order a new election, no such election shall be held until the matter has been submitted to and an order thereon received from the International President.   In such an event, the Local Union shall submit a complete report of the circumstances which influenced the Membership to order a new election, as well as the official minutes of the pertinent membership meeting, to the International President.   Any member of the Local Union shall have the right to submit a written statement to the International President.   The International President, acting as expeditiously as possible, may either make her/ his order upon the information available to her/him or, if s/he feels the facts

sufficiently contradictory to warrant the step, submit the matter to an Appeals Committee constituted pursuant to Article 33, Section 3 of this Constitution for investigation. In that event the International President shall make her/his order pursuant to the recommendations of said Appeals Committee. During this interim period, the Local Union offices shall be temporarily occupied by those candidates who would have been elected if the election had not been challenged. If the International President approves membership action ordering a new election, the election shall be held as soon as possible and the officers elected at that second election shall hold office during the pendency of any higher appeal and until otherwise directed by a superior appellate body. Any appeal from the International President's order shall be taken in the usual way pursuant to Article 33 of this Constitution provided, however, that if the President's order is based upon an Appeals Committee recommendation, the appeal shall omit the step provided for in Article 33, Section 3(d), and the appeal shall commence with review of and action on the Appeals Committee recommendations pursuant to Section 3(d) of Article 33. Any appeal from a decision of the Membership refusing to order a new election shall be taken in the usual manner pursuant to Article 33, and the members elected as the result of the election being appealed from shall hold office during the pendency of the appeal and until otherwise directed by a superior appellate body. All ballots and other pertinent records in any election shall be preserved for a period of one (1) year and may then be destroyed by the Local Union unless an appeal is pending, in which event they must be preserved until the appeal has been decided and the decision is final.

**Section 13.** If upon investigation by the International Union, it should appear by convincing evidence that any member has misrepresented returns, altered, mutilated or destroyed deposited ballots, or engaged in any other fraudulent acts in connection with the conduct of a

Local Union election, the International Executive Board may remove such member from any office or appointive position s/he may hold pending a hearing. The Board shall designate a special committee to conduct a hearing, after due notice in writing of the charges against the member, and make recommendations in a manner similar to that provided for under Article 33 of this Constitution. The special committee shall make recommendations to the International Executive Board, which recommendations shall be processed by the International Executive Board in the same manner that it processes recommendations of said Appeals Committees. The International Executive Board, if it finds the member guilty of the offense charged by a two-thirds (2/3) vote, may remove the member from any office or appointive position s/he may hold and/or suspend the member's right to seek any office or hold any appointive position in the International Union for a period not to exceed five (5) years, or suspend or expel her/him from Membership. Any member so disciplined shall be notified in writing and shall have the right to appeal pursuant to Article 33, Section 3. The procedure provided for in this Section shall be in addition to and exclusive of any other action which may be taken against such member.

**Section 14.** All vacancies in Local Union offices, except the office of President, shall be promptly filled by election, provided that the Local Union may provide other means for filling such vacancies for the temporary period pending the holding of the election. In case of a vacancy in the office of President, the Vice President shall fill the vacancy for the unexpired term, provided that where there are two (2) or more Vice Presidents, the Local Union shall establish fair and reasonable procedure for determining which of the Vice Presidents shall fill the vacancy.

**Section 15**. A Local Union may employ service and organizational staff; if such employment is authorized by the Local Union's bylaws; and provided that any such staff member who serves the Membership of the Local Union and represents the Membership in collective bargaining with employers, must have been a member of the International Union in continuous good standing for a period of one (1) year.

**Section 16**. If a member holding Executive Office, the term of which is not expiring, desires to become a candidate for another Executive Office, such member is obligated to notify the Local Union of her/his resignation from the member's present office sufficiently in advance of the nominating meeting to permit the nomination and election of candidates for both offices during the same election. Such resignation would become effective at the time of installation.

**Section 17**. Whenever there are unopposed candidates for Local Union Executive Office, such candidates shall be considered elected without the necessity of an election. Where run-off elections are necessary because a candidate for Local Union Executive Office fails to receive a majority vote, the run-off shall be confined to the two (2) candidates receiving the highest number of votes for the office involved Executive Board before the strike is officially called off.

## ARTICLE 51 Board of International Trustees

**Section 1**. A three (3) member International Board of Trustees shall be created, charged with the duty of safeguarding all funds and property of the International Union by causing the books and accounts of the International Secretary-Treasurer to be audited semi-annually. The Board of Trustees shall designate a Certified Public Accountant to make such audits and shall incorporate same in their report to the International Officers, Board Members, and all affiliated Local Unions as soon as completed. The Board of Trustees shall report its activities semi-

annually to the International Executive Board and to the International Convention.  It shall make recommendations to the Board and to the Convention for improving the handling of the finances of the International Union and for safeguarding its funds and property.

 **Section 2.**   Members of the Board of Trustees shall devote the time necessary to the performance of their duties not to exceed a maximum of thirty (30) days in any six (6) months. Members of the Board of Trustees shall be compensated on the basis of maximum International Representative's salary and expenses.

**Section 3**.   Nominations and elections of Trustees shall take place in the regular order of business of the International Convention.  Candidates shall be nominated and elected in one election.  The candidates shall be nominated for a three (3) term trusteeship, for a two (2) term trusteeship, and for a one (1) term trusteeship.  The candidate receiving the highest number of votes for each of these three (3) positions, respectively, shall be declared elected.  At each Constitutional Convention, a Trustee shall be elected for a three (3) term period.

**Section 4**.   A member of the Board of Trustees shall not, while holding such position, be permanently employed by the International Union as an International Representative or in any other permanent capacity

**Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as Amended**

**(LMRDA or the act)**

https://www.dol.gov/agencies/olms/laws/labor-management-reporting-and-disclosure-act#t4

https://www.dol.gov/agencies/olms/compliance-assistance/elections

# EXHIBIT 4

**From:** UAWMonitor-Election@jenner.com,
**To:** robertagainer@aol.com,
**Subject:** RE: Revised Copy of Previous Email Date 4.15.22
**Date:** Mon, Apr 25, 2022 12:07 pm

Hi Roberta,


Thank you for submitting your thoughtful inquiry.  As required by the Consent Decree, the Monitor, in consultation with the UAW, has been drafting rules for the UAW's new direct election system.  The Monitor anticipates that these rules will be published in the next 1-2 weeks.  Shortly thereafter, the Monitor will issue a status report with the court detailing the process for drafting these rules and preparing for the upcoming election.  Both the rules and report will be posted on the Monitor's website, along with answers to FAQs (www.uawmonitor.com).  Once the rules and report are issued, we would be happy to discuss your questions (outstanding or new) further.


Best,

UAW Monitor Elections Team


**From:** robertagainer@aol.com <robertagainer@aol.com>
**Sent:** Sunday, April 17, 2022 2:33 PM
**To:** UAW Monitor-Election <UAWMonitor-Election@jenner.com>
**Subject:** Re: Revised Copy of Previous Email Date 4.15.22


**External Email – Do Not Click** Links or Attachments Unless You Know They Are Safe

Dear Monitor Team,

Thank you acknowledging receipt of my email.  After I sent the email, I reviewed the content of my correspondence and saw that it was not an Appeal, rather an Inquiry. In rushing to meet the deadline of an Appeal,, I was unclear, in some areas, and needed to provide you with additional information concerning my inquiry.  Attached is a copy dated 4/17/2022, I apologize for any inconvenience this may have caused.


Sincerely,

Roberta Gainer


-----Original Message-----
From: UAW Monitor-Election <UAWMonitor-Election@jenner.com>
To: robertagainer@aol.com <robertagainer@aol.com>
Sent: Fri, Apr 15, 2022 11:59 pm
Subject: Automatic Reply: from the UAW Monitor Referendum/Elections Hotline

Thank you for contacting the UAW Monitor's Referendum/Elections Hotline.  The Monitor's trusted service provider, StoneTurn, is addressing communications such as yours, and will get back to you shortly.  Please note that you may receive an email response from UAWMonitor_Election@StoneTurn.com and/or a call back from a member of the StoneTurn team.

Thank you.

# EXHIBIT 5

## ARTICLE 1
## Name

This Organization shall be known as the "International Union, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)," hereinafter referred to as the International Union. This document shall be officially known as the Constitution and Bylaws of said International Union, and it shall also be the Constitution of every affiliated subordinate body.

## ARTICLE 2
## Objects

Section 1. To improve working conditions, create a uniform system of shorter hours, higher wages, health care and pensions; to maintain and protect the interests of workers under the jurisdiction of this International Union.

Section 2. To unite in one organization, regardless of religion, race, creed, color, sex, political affiliation or nationality, age, disability, marital status or sexual orientation, gender identity or gender expression, all employees under the jurisdiction of this International Union.

Section 3. To improve the sanitary and working conditions of employment within the workplace and in the accomplishment of these necessary reforms, we pledge ourselves to utilize the conference room and joint agreements; or if these fail to establish justice for the workers under the jurisdiction of this International Union, to advocate and support strike action.

Section 4. To educate our membership in the history of the Labor Movement and to develop and maintain an intelligent and dignified membership; to vote and work for the election of candidates and the passage of improved legislation in the interest of all labor. To enforce existing laws; to work for the repeal of those which are unjust to Labor; to work for legislation on a national scale, having as its object the establishment of real social and unemployment insurance, the expense of which to be borne by the employer and the Government.

Section 5. To engage in legislative, political, educational, civic, welfare and other activities which further, directly or indirectly, the joint interests of the membership of this organization in the

5

**Art. 2-3**

improvement of general economic and social conditions in the United States of America, Canada, the Commonwealth of Puerto Rico and generally in the nations of the world.

Section 6. (a) To work as an autonomous International Union affiliated with the Canadian Labour Congress (CLC), American Federation of Labor and Congress of Industrial Organizations (AFL-CIO) together with other International Unions, for solidification of the entire Labor Movement; provided, however, that the International Executive Board may at any time alter the Union's relationship to such bodies in any way it deems appropriate. To provide assistance, financial and otherwise, to labor and other organizations in the United States, Canada and other parts of the world having purpose and objectives similar or related to those sought by this organization.

(b) The International Executive Board is authorized to take whatever action is required to enable the UAW to mobilize, assist and work with other organizations, alone or in combination, toward the objective of meeting the urgent problems which confront society and the Labor Movement in this 21ST Century period of rapid and accelerating technological and social change.

(c) The International Union shall seek to affiliate groups of employees, whether by agreement or merger. To do so, and better accomplish this objective, the International Executive Board is authorized to allow necessary deviations from specific provisions of this Constitution, provided however, that any such affiliations must be ratified not later than the next regular convention.


ARTICLE 3
Constitution

This Constitution as amended at the Detroit, Michigan Convention convened on June 11, 2018 and as may hereafter be amended, shall be the supreme law of the International Union, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), and can be amended only by a majority vote of the delegates at succeeding regular Constitutional or Special Conventions.

## ARTICLE 4
### International Union Headquarters

The headquarters of the International Union shall be Solidarity House, 8000 East Jefferson Avenue, in the City of Detroit, State of Michigan 48214.

## ARTICLE 5
### Jurisdiction

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), shall take in and hold jurisdiction over all employees in workplaces engaged in the manufacture of parts (including tools, dies, etc.), and the assembly of these parts into farm, automobile, automotive propelled products, aerospace and agricultural implements, including employees engaged in office work, sales, distribution and maintenance thereof. Its jurisdiction shall also encompass service, technical, office and/or professional workplaces, whether public or private, and gaming establishments and others as the International Executive Board shall decide. The jurisdiction of this International Union shall be full and final.

## ARTICLE 6
### Membership

**Section 1.** The International Union shall be composed of workers eligible for membership in the International Union, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW).

**Section 2.** (a) Any person eligible to become a member of the International Union who is not affiliated with any organization whose principles and philosophy are contrary to those of this International Union as outlined in the Preamble of this Constitution, may apply for membership to the Local Union having jurisdiction over the workplace in which s/he is employed. The applicant must, at the time of application, be an actual worker in and around the workplace. All applicants for membership in any Local Union of the International Union shall fill out an official application provided by the International Union, answering all questions contained in such application, and sign a promise to abide by all laws, rules and

**Art. 6**

regulations and the Constitution of the International Union. All applications thus received shall be referred to the Local Union for consideration and shall be acted upon as soon as possible, but not later than sixty (60) days from the date the application is received by the Financial Secretary of the Local Union.

(b) Notwithstanding any other provisions in this Constitution, applicants working for unorganized employers, or in those units not yet under the jurisdiction of a UAW Local Union may become members of the International Union directly by signing an application for membership in a form approved by the International Executive Board and by the payment of the sum of one dollar ($1.00) (or such other amount determined by the International Executive Board), toward initiation fees and dues. Once a Local Union is chartered in, or awarded jurisdiction over the unit in which such member is working, s/he shall automatically become a member of that Local Union.

Section 3. Notwithstanding any other provisions of this Constitution, whenever an International Officer or International Representative is a member of a Local Union which is disbanded or goes out of existence, or whose charter is revoked, said Officer or International Representative may apply for membership in another Local Union in the same region. If accepted as a member by membership action of such Local Union, the International Officer or International Representative shall be considered to have remained in continuous good standing in the International Union during the period between the cessation of the existence of her/his original Local Union and her/his acceptance by the membership of the new Local Union.

Section 4. Upon acceptance of the application, membership shall date from the first day of the month for which dues are paid or dues check-off is authorized.

Section 5. Applications for membership rejected by the Local Union shall not be reconsidered until thirty (30) days have elapsed.

Section 6. Unless waived by the Local Union, or unit of an Amalgamated Local, any candidate failing to present her/himself for initiation within four (4) weeks after notification of her/his being accepted to membership without good and sufficient reason being given, shall forfeit all money paid by her/him.

**Section 7.** The original application signed by each member shall be retained electronically by the Local Union for its record. An official receipt shall be given to each new member for all monies paid. An electronic record of that official receipt shall be retained by the Local Union Information System (LUIS). This electronic record shall be made available to the International Union. A receipt shall be given to the member and the electronic record of receipt retained by the Local Union.

**Section 8.** No new member will be recorded at the International Office nor will initiation fee or per capita tax be accepted for new members until a monthly report is received from the Financial Secretary of the Local Union and the new member information has been entered into the Local Union Information System (LUIS).

**Section 9.** Any Local Union or International Union Trial Committee expelling any member for cause shall notify the International Secretary-Treasurer and the latter shall notify all Local Unions of this fact forthwith. A person who has been suspended or expelled by any Local Union or International Union Trial Committee shall not be eligible for membership in any other Local Union until all claims or charges against such person have been satisfactorily settled with the Local Union or International Union Trial Committee suspending or expelling and written notice to this effect furnished the Local Union to which such person seeks admission.

**Section 10.** No member shall be allowed to hold membership in more than one (1) Local Union of the International Union at the same time, except by permission of the International Executive Board. No member of the Union who is fully employed in one (1) workplace under the jurisdiction of the UAW shall accept work in any other workplace under the jurisdiction of the UAW. Any member violating this Section may be subjected to charges of conduct unbecoming a union member.

The above shall not apply in the case of members of a Local Union or unit of an Amalgamated Local Union who are conducting an authorized strike and have received written approval from the Local Union officers to obtain employment elsewhere.

**Section 11.** No application shall be accepted from the one designated as the head of a department, directing companypolicy or having the authority to hire and discharge workers. Members of the Union who are promoted to such positions shall be issued a withdrawal card immediately by the Local Union in conformity

9

**Art. 6**

with Article 17 of this Constitution. Members promoted to minor positions where they work with their fellow workers and do not have the power of discipline by hiring or discharging employees may retain their membership in the Local Union at the discretion of the Local Union.

Section 12. The names of all applicants for admission about whose applications there is the least doubt may be published in the "official publication." No applicants whose names have been published shall be received into membership until thirty (30) days after the date of such publication. However, applications for membership from an unorganized or newly organized workplace shall be held in confidence.

Section 13. Any member in good standing who shall have become totally incapacitated by accident or illness may, at the discretion of her/his Local Union, be granted a gratuitous membership, continuing during incapacity. Appropriate cards denoting such membership shall be available through the Local Union Information System (LUIS).

Section 14. All members of the Local Union are also members of this International Union and subject to the orders, rulings and decisions of this International Union and the properly constituted authorities of the same.

Section 15. The International Union and the Local Union to which the member belongs shall be her/his exclusive representative for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment or other conditions of employment; and for the negotiation and execution of contracts with employers covering all such matters, including contracts requiring membership or the continuance of membership in the Union as a condition of employment or continued employment; and contracts requiring the employer to deduct, collect, or assist in collecting from her/his wages any dues, initiation fees, reinstatement fees, payable to the International Union or her/his Local Union.

Section 16. The International Union and the Local Union to which the member belongs, and each of them, are by her/him irrevocably designated, authorized and empowered exclusively to appear and act for the member and in her/his behalf before any board, court, committee or other tribunal in any matter affecting her/his status as an employee or as a member of her/his Local Union or the International Union; and exclusively to act as the

10

member's agent to represent and bind her/him in the presentation, prosecution, adjustment and settlement of all grievances, complaints or disputes of any kind or character arising out of the employer-employee relationship, as fully and to all intents and purposes as s/he might or could do if personally present.

Section 17.   A member of a Local Union may resign or terminate membership only by written communication, signed by the member, to the Financial Secretary of the Local Union, and such resignation or termination of membership shall be effective upon receipt by the Financial Secretary of the Local Union; provided that if the employer of such person has been authorized by such person individually or by the Collective Bargaining Agreement between the employer and the Local Union to check off any amounts from the wages of such person, such resignation or termination of membership shall not relieve such person from the obligations arising from such check off obligation. (See Special Note p. 166.)

Section 18.   A member who resigns or terminates her/his membership shall have no right or interest in any property of the Local Union or of the International Union, including any dues or other financial obligations paid by the member in advance of the effective date of such resignation or termination.

Section 19.   Any member in good standing who is retired, shall be entitled to a "retired membership status" which, without being required to pay membership dues during the period of such retirement, shall entitle her/him to all of the privileges of membership except the right to vote in elections conducted pursuant to Article 19, Section 3; Article 45, Section 2; and Article 50, Sections 1 and 5. Appropriate cards denoting such membership status shall be prepared by the International Union and furnished to Local Unions upon request and at cost. The regular withdrawal-transfer provisions of this Constitution shall be applicable if such retired member returns to active employment.

Section 20. Non-members covered by an agency shop clause in a UAW contract shall receive all the material benefits to which members are entitled but shall not be allowed other membership participation in the affairs of the Union.

Membership in the Union shall be at all times available to such non-members on the same terms and conditions applicable to other members.

11

**Art. 7**

ARTICLE 7
Powers of Administration

Section 1.   The International Union shall be governed by its membership in the following manner:

(a)   The highest tribunal shall be the International Convention composed of delegates democratically elected by the membership of Local Unions.

(b)   Between Conventions the highest authority shall be the International Executive Board. The Board shall hold regular quarterly meetings and such special meetings as are required.

(c)   Between meetings of the International Executive Board the administrative authority of the International Union shall be vested in the International President. The International President shall be responsible to the International Executive Board for the administration of the Union between International Executive Board meetings, according to the Constitution, the actions of the International Convention and the decisions of the International Executive Board. On all matters of major importance s/he shall consult the other International Executive Officers. S/He shall report her/his actions to the International Executive Board for its approval or rejection.

(d)   In the case of the incapacity of the International President, her/his powers and duties shall be assumed by an Officer of the International Union who shall be selected by the International Executive Board.

Section 2. To achieve the objectives and purposes of this organization as set forth in this Constitution, the funds of this organization are authorized to be managed, invested, expended or used under this Article and Constitution not only for the purposes and objectives expressly set forth in Article 2 and otherwise in this Constitution, but also for any additional purposes and objectives not inconsistent therewith as may be contained at any time in the resolutions and programs adopted and/or ratified by any International Convention or which the International Executive Board believes will further the general interest and welfare of the membership of this organization or any substantial part thereof.

**Art. 9-10**

for civil officers in the area in which their homes are located; provided they are eligible under the laws of the area and that it is a physical possibility for them to do so. Violation of this Section shall subject the person charged to discipline, in pursuance of the procedure provided for in this Constitution.

## ARTICLE 10
## Officers and Elections

Section 1. The elective officers of the International Union shall be one (1) International President, one (1) International Secretary-Treasurer, three (3) International Vice Presidents, who shall be elected by the Convention, and such International Executive Board Members as provided in Section 21 of this Article. In the event of the death, removal, or resignation of any of the three (3) Vice Presidents at any time after July 1, 2014, the International Executive Board shall have the authority to reduce the number of Vice Presidents from three (3) to two (2). The duties of the Vice Presidents shall be to assist the International President.

Section 2. Within the geographical districts as determined by the International Constitution, the International Executive Board Members shall be nominated and elected in the regions as established by the International Executive Board and existing on the actual day any such election commences. Only the delegates from the Local Unions in such regions shall nominate and vote for their International Board Members. Any member in continuous good standing for one (1) year, and who has worked at least ninety (90) working days in a workplace(s) located within the region, whose Local Union is located within the region can be nominated and elected. It shall require a two-thirds (2/3) vote of the International Executive Board to change the composition of any region within a geographical district.

Section 3. The term of office of all elective officers shall be for the period up to the next Convention and the term of office shall begin immediately upon installation. The term of office of the Trustees shall be as provided for in Article 51.

Section 4. Nomination and election of all elective officers and Trustees shall take place in the regular order of business of the Convention and election shall be determined by a majority vote of the delegates voting. Candidates shall be elected to various offices by one (1) roll-call vote. In the election of the Vice Presidents

each delegate may vote for three (3) candidates. If there are five (5) or more nominees for the three (3) offices and less than three (3) candidates receive a majority vote, the candidate receiving the lowest number of votes shall be eliminated from the run-off election, and in each successive run-off election the candidate receiving the lowest number of votes shall be eliminated, unless such elimination would result in reducing the number of candidates in nomination to a figure equal to the remaining vacancy or vacancies.

Section 5. All elections of International Officers and International Executive Board Members shall be by roll-call vote. In any election for International President, International Secretary-Treasurer, International Executive Board Member, or International Trustee where there are three (3) or more candidates and, on the first ballot no such candidate receives a majority, there shall be a run-off between the two (2) candidates who received the highest number of votes on the first ballot.

Section 6. No member shall be nominated or elected as an elective officer of the International Union, as set forth in Section 1 of this Article, who has not been in continuous good standing for a period of one (1) year preceding the date of nomination.

Section 7. No member of any Local Union shall be eligible to hold any elective or appointive position in this International Union or any Local Union in this International Union if s/he is a member of or subservient to any political organization, such as the Communist, Fascist or Nazi Organization which owes its allegiance to any government other than the United States or Canada, directly or indirectly.

Section 8. No member of any Local Union shall be eligible to hold any elective or appointive position in the International Union, or any Local Union, if s/he is affirmatively engaged in the promotion, implementation, furtherance, or support of organized workplace rackets, such as numbers, bookmaking, etc.

Section 9. The acceptance of an elective or appointive office or position or of nomination to an elective office or position by any member who is ineligible under Sections 7 or 8 of this Article is an offense against the Union punishable by a penalty up to and including expulsion.

Section 10. When a charge is preferred that a member is violating Section 9 of this Article, it shall be made and the accused

**Art. 10**

member shall be tried according to the appropriate provisions of Articles 30 and 31. Resignation from an elective office or appointive position, or withdrawal of candidacy by any member charged with violation of Section 9 shall not require the dismissal of such charges.

Section 11. Upon conviction of a member by a Trial Committee of a Local Union or by an International Union Trial Committee of violation of Section 9 of this Article, any elective or appointive office or position then held by such member shall be automatically vacated regardless of any other penalty imposed.

Section 12. No member of any Local Union shall be eligible to hold or seek any elective or appointive position in the International Union, or in any Local Union, if s/he affirmatively engaged in: the promotion, implementation, furtherance or support of any other union or collective bargaining group with the purpose or intent of supplanting the International Union, or any subordinate body thereof, as the recognized collective bargaining agent; in efforts to decertify the International Union or any subordinate body thereof as the recognized collective bargaining agent; or aiding or abetting an employer or another Union to thwart organizing efforts by the UAW to become the bargaining agent. If, upon investigation by the International Union, it should appear by convincing evidence that any member is in violation of this Section, the International President, or the International Executive Board, may summarily suspend that member from any office or position, or the right to seek such office or position. Said suspended member shall be promptly notified and, within thirty (30) days of such notification, may appeal the suspension, in which case the member's appeal shall be processed in the same manner as appeals to the International Executive Board from decisions of subordinate bodies under Article 33 of this Constitution; provided that the suspension shall automatically be lifted unless the International Executive Board has rendered its decision within one hundred twenty (120) days of the day the appealing member commences an appeal.

If the suspended member fails to appeal from the suspension within the thirty (30) days allowed, or if the International Executive Board upon review upholds the suspension by a two-thirds (2/3) vote, the member shall be considered removed from any office or position s/he may have held, as well as from the privilege of seeking election or appointment to any office or position, and the member shall not thereafter be eligible to hold any office or position unless and until the removal has been lifted by a two-thirds (2/3) vote of the International Executive Board. Any member so suspended, who has

24

**Art . 10**

taken an appeal to the International Executive Board without having the suspension lifted, may appeal the suspension either to the Public Review Board or the Convention Appeals Committee as provided for in Article 33 of this Constitution. The procedure provided in this Section shall be in addition to, and exclusive of any other action which may be taken against such member.

Section 13. No member removed from office or position by reason of a conviction of any offense enumerated in Section 17 of Article 31 by a Local Union Trial Committee, shall be restored to office or position by reason of a reversal of such conviction by the body, which elected the Trial Committee, until after the lapse of sixty (60) days following such reversal, without a review having been ordered by the International Executive Board.

Section 14.  Whenever any member removed from elective office or position by reason of having been convicted of an offense shall have taken an appeal under Article 33, and whenever a review of any such conviction shall have been ordered by the International Executive Board under Section 18 of Article 31, the vacancy in office or position may be filled according to the applicable provisions of Section 14 of Article 38 or Section 15 of this Article, but any successor in such office or position shall hold the office or position subject to the right of restoration of the removed officer upon reversal of her/his conviction, subject to Section 13 of this Article.

Section 15.  No member shall be entitled as a matter of right to restoration to any appointive position by reason of acquittal or reversal of a conviction.

Section 16.   Incoming elective officers of the International Union shall be obligated and installed immediately after being elected. The obligation shall be the same as that provided for Local Union officers.

Section 17.  Unless the International Executive Board exercises the authority to reduce the number of Vice Presidents as described in Article 10, Section 1, in the event of the death, removal or resignation of the International President, International Secretary-Treasurer, or any of the International Vice Presidents, the officer shall be replaced by majority vote of all members of the International Executive Board by a member eligible to be a candidate in accordance with Section 6 of this Article.

In the event of the death, removal or resignation of an International Trustee, the International Executive Board shall

25

**Art. 10**

elect a replacement to serve until the next regular Constitutional Convention.

Section 18. In the event a vacancy occurs on the International Executive Board because of the death, removal, promotion of a member or other cause, the International Executive Board shall, within thirty (30) days, call a special regional convention for the region which the International Executive Board Member represented. Such vacancy shall be filled by a member elected by the delegates from the Local Unions in the region. In the event of such vacancy occurring within sixty (60) days before a regular Constitutional Convention, no election shall take place and the office shall remain vacant. In any such special regional convention, the delegates from each Local Union who had been elected to the preceding regular Constitutional Convention shall serve as delegates to the Special Convention. Each Local Union shall carry the same total vote as it carried at such previous regular Constitutional Convention.

If there are vacancies in the voting delegation, they shall be filled in the following manner:

(a)   By alternates where the same were elected to the preceding Constitutional Convention;

(b)   If the number of delegates is insufficient after applying (a), by reapportioning the votes of the Local Union among the remaining delegates to the extent permitted by Section 7 of Article 8;

(c)   If the number of delegates is insufficient after applying (a) and (b), by electing additional delegates, these additional delegates to be nominated and elected by secret ballot at successive membership meetings; the required notices for such nomination and election being those set forth in Sections 22 and 24 of Article 8.

Section 19.  The International Executive Board shall consist of the International Executive Board Members elected from the regions together with the International President, International Secretary-Treasurer and the International Vice Presidents.

Section 20.  Voting strength of International Executive Board Members:

(a)   Questions coming before the International Executive Board may be decided by unit vote of its members, but any member may demand a roll-call vote on any question.

26

(b)    Each member of the International Executive Board shall have one (1) vote for each one thousand (1,000) members or major fraction thereof represented by the member in her/his region.

(c)    Voting strength of each region shall be computed on the basis of average monthly per capita tax payments from each respective region through the period of twelve (12) months commencing thirteen (13) months preceding each quarterly meeting of the International Executive Board. The voting strength of Executive Board Members at special Executive Board Meetings shall be on the basis as at the preceding regular Executive Board Meeting.

(d)    The International President, International Secretary-Treasurer and the International Vice Presidents, shall each carry the same number of votes, which shall be equal to the average of the votes cast by the remaining members of the International Executive Board.

(e)    Members of the International Executive Board may cast their votes by proxy.

Section 21. The geographical districts and the number of International Executive Board Members for each district of the International Union in the United States and Canada shall be as listed below.

1.    Michigan, Canada.......................Regions 1, 1A, and 1D
2.    Ohio    and    Indiana...........................................Region    2B
4.    Illinois,    Iowa,    Nebraska,    Wisconsin,    Minnesota, North Dakota, South Dakota, Wyoming and Montana ........ ..........................................................................Region 4
5.    Missouri,    Arkansas,    Louisiana,    Kansas,    Oklahoma, Texas, Colorado,    New Mexico,    Washington,    Oregon, California, Idaho, Nevada, Utah, Arizona, Alaska and........... Hawaii..........................................................................Region 5
8.    Tennessee,    Virginia,    West Virginia,    North Carolina, South Carolina, Mississippi, Alabama, Georgia, Florida, the District of Columbia, Maryland, Delaware, Kentucky, the    following    counties    of    Pennsylvania:    Franklin, Cumberland, Adams, York.......................................Region 8
9.    New York,    New Jersey,    Rhode Island,    Connecticut, Massachusetts,    Vermont,    New Hampshire,    Maine and    Pennsylvania,    excluding    the    counties    of    Franklin, Cumberland, Adams and York..............Regions 9 and 9A

# EXHIBIT 6

OFFICIAL RULES FOR THE

**2022 INTERNATIONAL OFFICER ELECTION**

OF THE INTERNATIONAL UNION, UNITED

AUTOMOBILE, AEROSPACE, AND

AGRICULTURAL IMPLEMENT

WORKERS OF AMERICA

PREPARED BY THE OFFICE OF THE MONITOR

NEIL M. BAROFSKY

JENNER & BLOCK LLP

AS OF MAY 11, 2022

# Exhibit A



*Inter-Office Correspondence*

opeiu494
PRINTED IN U.S.A.

March 24, 2022

**To:**      International Executive Board

**From:**    Ray Curry

**Subject:**   **Eligibility of Retired Members to Run for International Executive Board Member Offices**

As part of its activities related to rules to govern the election of IEB Member positions, by written communication dated March 15, 2022 the Court-appointed Monitor has identified a ripe issue for consideration by the International Union.  In particular, the Monitor's representative has requested that the General President's Office issue a Constitutional Interpretation on the question of whether retired members are eligible to run for IEB Member positions (International President, International Secretary-Treasurer, International Vice-Presidents and Regional Directors).

The IEB had prior discussion on this matter earlier this year.  There is both internal UAW law and applicable federal labor law that informs my conclusion that retirees, while valued members of our International Union, should not be eligible to run for these International offices, and I ask for your consent to my determination.

The UAW Constitution at Article 6, Section 19 generally describes the rights of retired members.  That provision specifies that retired members are ineligible to vote in elections conducted pursuant to Article 19, Section 3 (contract ratification votes); Article 45, Section 2 (votes for local union stewards and committeepersons, both positions having grievance handling and contract negotiating responsibilities) and Article 50, Sections 1 and 5 (strike authorization votes).  An Interpretation of the Constitution was issued over sixty (60) years ago which clarified that retired members are ineligible to vote for local union position(s) which carry responsibility for grievances or bargaining even if there are other duties also associated with such positions. (See UAW Constitution Article 6, Section 19(1) Interpretation.)

In addition to these explicit constitutional restrictions on retirees' voting on certain matters, there similarly have been long-standing determinations that retirees should not be eligible to be candidates for certain local offices.  The UAW's institutional policy for excluding retirees from voting in, or holding, union positions which involve grievance handling or collective bargaining responsibilities is premised on the notion that retirees' primary interests extend to retirement benefits, potentially to the detriment or in conflict with active employees' interests in wage rates, hours, working conditions, and other terms of active employment.

- 2 -

As the UAW's Public Review Board put it in a case involving retiree involvement in collective bargaining:

"This is a good rule.  Retired members are not as accountable to the current Union membership as active ones. They may be less accessible. They may also be more prone to represent the interests of other retired members instead of current members. All of these factors may diminish the ability of the Union to react to the changing nature of the work place. They may also expose the Union to legal liability...."

Pearson v Local 140 PRB Case 1534 (February 15, 2006), pp 7-8.

This rationale that active members should be in charge of collective bargaining informs our judgement that retirees should not be eligible to run for those International offices that direct or lead or oversee the union's bargaining efforts. UAW IEB Members are directly involved in collective bargaining.  All UAW bargaining units contain certifications of the International Union and its Local Union(s) as the authorized representative of individuals employed by the Company.  UAW IEB Members who serve as Officers direct National Departments that negotiate and administer multi-unit collective bargaining agreements (e.g., General Motors, Ford, Stellantis, Deere & Co., Caterpillar, Volvo/Mack Trucks, Navistar, Daimler Trucks/Freightliner, etc.).  The UAW Constitution provides that the duties of IEB members – which includes Officers as well as Regional Directors - includes participation and review of negotiated labor agreements and resolution of bargaining disputes.  (UAW Constitution at Article 13, Section 25.)

Accordingly, in my view the existing internal law of the Union supports a limitation on retiree members running for or serving as IEB members. Similarly, federal Department of Labor regulations on union election eligibility requirements support as reasonable restrictions on the eligibility for office of non-active members, providing that: "It would ordinarily be reasonable for a union to require candidates to be employed at the trade or even to have been so employed for a reasonable period." 29 CFR § 452.41(a).

Under these circumstances, in accordance with the powers vested in the International President under Article 13, Section 8 of the Constitution to decide questions concerning or involving interpretation of the Constitution, I hereby adopt the two following Constitutional Interpretations:

- 3 -

* * * * *

**Article 6**
**Membership**
Section 19

**(4)   Eligibility of Retired Members to Run for International Executive Board Offices (International President, International Secretary-Treasurer, International Vice-Presidents or Regional Director)**

Retired members are ineligible to be nominated, run for, or be elected as an International Executive Board Member (an elective officer of the International Union or International Executive Board Member as identified in Article 10, Section 1 and Article 10, Section 21 of the International Constitution) as all such International Executive Board Member positions carry collective bargaining and grievance handling responsibilities.  (Detroit, 4/1/2022, Page xxx.)

**Article 10**
**Officers and Elections**
Section 6

**(4)   Eligibility of Retired Members to Run for International Executive Board Offices (International President, International Secretary-Treasurer, International Vice-Presidents or Regional Director)**

Retired members are ineligible to be nominated, run for, or be elected as an International Executive Board Member (an elective officer of the International Union or International Executive Board Member as identified in Article 10, Section 1 and Article 10, Section 21 of the International Constitution) as all such International Executive Board Member positions carry collective bargaining and grievance handling responsibilities.  (Detroit, 4/1/2022, Page xxx.)

* * * * *

Under Article 12, Section 6 of the Constitution, the IEB has the ability to review any interpretation issued by the International President.  In an effort to provide timely guidance to our members and potential candidates and to be responsive to the inquiry from the Monitor's representative, I seek IEB consent to this interpretation.

RC:bw
opeiu494
cc:  Tim Bressler
     Todd Brien
     Abigail Carter

# EXHIBIT 7



# Changes to UAW Constitution and Policies passed by Delegates to the UAW 38th Constitutional Convention

The 38th UAW Constitutional Convention was held in Detroit from July 25-28.  Our union entered this convention after a period of tremendous challenges that have included investigations, convictions, oversight, reforms and building a path forward.  This was also the first convention addressing how we will be conducting direct elections of our International Executive Board.

Delegates remained engaged on the issues brought to the floor and issues were well-debated. Here is a recap of all of the changes that were passed by the delegates to the 38th UAW Constitutional Convention.

- Delegates approved amendments aligning the UAW Constitution with the recent referendum on direct elections of UAW International officers and regional directors. The new language also keeps elections in sync with the consent decree entered into between the UAW and the U.S. Government on January 29, 2021, and the court-appointed Monitor's election rules.

- Delegates voted to begin strike pay on Day 1 instead of Day 8, as provided in previous UAW strike policy.

- Delegates voted to retain the Constitution's existing system of utilizing a runoff election for candidates for International office if a candidate fails to receive a majority vote on the first ballot. In so doing, delegates also rejected a resolution that would have adopted a ranked choice voting system for IEB elections.

- An amendment passed by delegates provides stronger language to the Constitution to clarify and more solidly include higher education in the union's areas of jurisdiction.

- The union gains a new Region 6, comprised of Washington, Oregon, California, Nevada, Idaho, Utah, Arizona, Hawaii and Alaska, in an amendment approved by delegates.

- Delegates voted that, beginning in 2026, in all UAW elections, including elections for International Executive Board Officers and Members, Local Union Officers, and any other elected position within the UAW, only UAW members and retirees in good standing may contribute anything of value to a candidate's campaign. The maximum amount any member or retiree in good standing may contribute during any campaign cycle is $2,000 per candidate. A motion was made to make the rules applicable to the current election, but it was ruled out of order as the Monitor had issued the campaign finance rules in May for the current election.

- Consistent with longstanding UAW policy, Public Review Board decisions, and existing constitutional interpretation on eligibility to seek union offices that carry collective bargaining responsibilities, Convention delegates rejected a resolution that would have permitted retired members to run for International office.  The delegates' action affirms a recent court decision and a constitutional interpretation adopted by the International Executive Board earlier this year on retirees' eligibility to run, and as a result that interpretation will be added to the Constitution.

- The International Executive Board will now hold up to two unionwide Town Hall meetings per year, to which all active and retired UAW members are invited.

- Delegates amended the UAW Constitution, as prior delegates have done at past conventions, to update the language to reflect the last round of Staff Council bargaining.  The amendment also removes the formula for IEB pay which was put in place in 2018. The new language uses a straight dollar amount instead of a formula, which offers more transparency by specifying International Representatives' and IEB members' base salaries.

- Delegates passed an amendment to require that collective bargaining agreements be made available to the membership on a Union website.

- The section of the Constitution permitting charges against International Executive Board Officers and Members was amended by delegates to lower support required for filing such charges from a majority of members in good standing within the filer's local and at least ten other local unions, to a majority of the members in good standing within the filer's local and at least five other local unions.

- An amendment calling on each member to participate in Local Union meetings; to vote in Local and International Union elections; and to become educated and active in policy discussions of the union met with delegates' approval.

- Delegates initially voted to increase strike pay to $500, but then subsequently voted to keep it at $400.

- Former UAW President Ron Gettelfinger and former UAW President Rory Gamble both received the status of President Emeritus following resolutions approved by delegates.

- A unanimous vote approved a resolution committing to advocating for women's equity and gender justice and combating gender-based harassment and violence in the workplace.

- Following a report by UAW Ethics Officer Wilma Liebman, delegates approved a recommendation to extend the union's ethics committee until the next constitutional convention in 2026.

- Delegates approved strengthened UAW Ethical Practices Codes. The change adds that members have the right and responsibility to report activities or practices that they reasonably and in good faith believe are in violation of the Ethical Practices Codes; such reports should be provided to the UAW Ethics Officer with no discrimination or retaliation of any kind against a member who has exercised this right and responsibility.

- The Constitution will now use gender-neutral language and pronouns whenever possible, to unite UAW members regardless of gender identity or gender expression, delegates agreed.

- With a resolution passed by delegates, Organizing now joins the list of Local Union standing committees: Constitution and Bylaws, Organizing, Union Label, Education, Conservation and Recreation, Community Services, Civil and Human Rights, Citizenship and Legislative, Consumer Affairs, Veterans, and Local Union Women's Committee.

- Delegates unanimously approved a resolution to authorize the International Executive Board to use legal resources to recoup from UAW officials convicted of felonies the estimated $12.9 million in costs related to the court-appointed Monitor.  This is in addition to the $1.1 million currently still owed in restitution for monies fraudulently taken from the UAW.

- Finally, the delegates approved passing the remaining proposed resolutions which did not have enough time to be individually submitted and debated on the floor.

In other action, delegates elected Dana Davidson, UAW Local 249, Region 4, as a trustee for a term ending in 2034, and Emilio Ramirez, UAW Local 5242, Region 2B, to a trustee position ending 2030.

In line with previous conventions, an Administrative Letter to be published in coming weeks will detail changes approved at the 38th UAW Constitutional Convention, and an updated Constitution will be available later this year.

# EXHIBIT 8

## TO THE DELEGATES
## 38ᵀᴴ CONSTITUTIONAL CONVENTION

### THE CONSTITUTION COMMITTEE'S
### PARTIAL REPORT ON

**Consent Decree Required Constitutional Changes**
**Article 8 Section 2, 17 (c)**
**Article 10 Section 1, 2, 3, 4, 6, 16, 18**
**Article 19 Section 1**
**Article 30 Section 1**



## 38ᵀᴴ UAW CONSTITUTIONAL CONVENTION
### Detroit, Michigan - July 25 - 28, 2022

| Members | Local | Region |
|---|---|---|
| Aaron Shinaul, Chairperson | 12 | 2B |
| Raquel Harvey, Recording Secretary | 600 | 1A |
| Yolanda Passement | 22 | 1 |
| Frank Hines, Jr. | 503 | 1D |
| Michael Moe | 1268 | 4 |
| Rafael Jamie | 2865 | 8 |
| Greg Suggs | 5286 | 8 |
| Daniel Maloney | 1097 | 9 |
| Michael Digiuseppe | 259 | 9A |

- The *left* column shows the current language of the UAW CONSTITUTION.

- The *center* column shows the proposed change:

⇒        All deletions are struck through with lines.
⇒        Additions appear underlined.

- The *right* column shows the CONSTITUTION if the proposed change is approved (new language bolded).

### Article 8
### Conventions
### Edits to Section 2 as follows:

| Current Language | Proposed Change | Result |
| --- | --- | --- |
| **Section 2.** The business of the International Convention shall proceed in the following order unless otherwise ordered by the Convention: | **Section 2.** The business of the International Convention shall proceed in the following order unless otherwise ordered by the Convention: | **Section 2.** The business of the International Convention shall proceed in the following order unless otherwise ordered by the Convention: |
| (1) Call to Order.<br>(2) Report on Credentials.<br>(3) Reading of the Convention Rules.<br>(4) Appointing Committees.<br>(5) Communications and Bills.<br>(6) Resolutions, etc.<br>(7) Reports of Committees.<br>(8) Report of Officers and International Executive Board.<br>(9) Nomination and Election of Officers and International Trustee.<br>(10) Unfinished Business.<br>(11) New Business.<br>(12) Adjournment. | (1) Call to Order.<br>(2) Report on Credentials.<br>(3) Reading of the Convention Rules.<br>(4) Appointing Committees.<br>(5) Communications and Bills.<br>(6) Resolutions, etc.<br>(7) Reports of Committees.<br>(8) Report of Officers and International Executive Board.<br>(9) Nomination ~~and Election~~ of Officers and <u>nomination and election of</u> International Trustee.<br>(10) Unfinished Business. | (1) Call to Order.<br>(2) Report on Credentials.<br>(3) Reading of the Convention Rules.<br>(4) Appointing Committees.<br>(5) Communications and Bills.<br>(6) Resolutions, etc.<br>(7) Reports of Committees.<br>(8) Report of Officers and International Executive Board.<br>(9) Nomination of Officers and **nomination and election of** International Trustee.<br>(10) Unfinished Business. |

| | (11) New Business. | (11) New Business. |
| | (12) Adjournment. | (12) Adjournment. |

## Article 8
## Conventions
## Edits to Section 17(c) as follows:

| Current Language | Proposed Change | Result |
|---|---|---|
| (c)  All other election protests of elections held under Article 10 (International Officers and Regional Director), even though not touching the election of an identifiable delegate(s), must also be filed with the Credentials Committee, which has exclusive jurisdiction. Thus, any protest of the conduct of the campaign for these offices, or the alleged use of union or employer funds in the campaign, or any other matter said to affect the election, must be filed with the Credentials Committee.  Any such protest must be made in writing, as soon as possible, even though the Credentials Committee is already in session.  Such a protest may be made by any UAW member, or the issue may be raised directly by any member of the Credentials Committee itself. | (c)  All other election protests of elections held under Article 10 (International Officers and Regional Director), even though not touching the election of an identifiable delegate(s), must also be filed with the Credentials Committee, which has exclusive jurisdiction. Thus, any protest of the conduct of the campaign for these offices, or the alleged use of union or employer funds in the campaign, or any other matter said to affect the election, must be filed with the Credentials Committee.  Any such protest must be made in writing, as soon as possible, even though the Credentials Committee is already in session.  Such a protest may be made by any UAW member, or the issue may be raised directly by any member of the Credentials Committee itself. | [section deleted] |

- The *left* column shows the current language of the UAW CONSTITUTION.

- The *center* column shows the proposed change:

  ⇒ All deletions are struck through with lines.
  ⇒ Additions appear underlined.

- The *right* column shows the CONSTITUTION if the proposed change is approved (new language bolded).

## Article 10
## Officers and Elections
## Edits to Section 1 as follows:

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 1.** The elective officers of the International Union shall be one (1) International President, one (1) International Secretary-Treasurer, three (3) International Vice Presidents, who shall be elected by the Convention, and such International Executive Board Members as provided in Section 21 of this Article. In the event of the death, removal, or resignation of any of the three (3) Vice Presidents at any time after July 1, 2014, the International Executive Board shall have the authority to reduce the number of Vice Presidents from three (3) to two (2). The duties of the Vice Presidents shall be to assist the International President. | **Section 1.** The elective officers of the International Union shall be one (1) International President, one (1) International Secretary-Treasurer, three (3) International Vice Presidents, who shall be elected in a mail vote of a secret ballot by eligible members in good standing ~~the Convention~~, and such International Executive Board Members as provided in Section 21 of this Article who shall also be elected in a mail vote of a secret ballot by eligible members in good standing within the geographical districts listed therein. In the event of the death, removal, or resignation of any of the three (3) Vice Presidents at any time after July 1, 2014, the International Executive Board shall have the authority to reduce the number of Vice Presidents | **Section 1.** The elective officers of the International Union shall be one (1) International President, one (1) International Secretary-Treasurer, three (3) International Vice Presidents, who shall be elected **in a mail vote of a secret ballot** by **eligible members in good standing**, and such International Executive Board Members as provided in Section 21 of this Article **who shall also be elected in a mail vote of a secret ballot by eligible members in good standing within the geographical districts listed therein**. In the event of the death, removal, or resignation of any of the three (3) Vice Presidents at any time after July 1, 2014, the International Executive Board shall have the authority to reduce the |

|  | Proposed Change | Result |
|---|---|---|
|  | from three (3) to two (2). The duties of the Vice Presidents shall be to assist the International President. | number of Vice Presidents from three (3) to two (2). The duties of the Vice Presidents shall be to assist the International President. |

**Article 10**
**Officers and Elections**
**Edits to Section 2 as follows:**

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 2.** Within the geographical districts as determined by the International Constitution, the International Executive Board Members shall be nominated and elected in the regions as established by the International Executive Board and existing on the actual day any such election commences. Only the delegates from the Local Unions in any such regions shall nominate and vote for their International Executive Board Members. Any member in continuous good standing for one (1) year, and who has worked at least ninety (90) working days in a workplace(s) located within the region, whose Local Union is located within the region can be nominated and elected. It shall require a two-thirds (2/3) vote of the International Executive Board to change the composition of any region within a geographical district. | **Section 2.** Within the geographical districts as determined by the International Constitution, the International Executive Board Members shall be nominated ~~and elected~~ in the regions as established by the International Executive Board and existing on the actual day any such ~~election commences~~ nominations are accepted by the Convention. Only the delegates from the Local Unions in any such regions shall nominate ~~and vote for~~ their International Executive Board Members. Any member in continuous good standing for one (1) year, and who has worked at least ninety (90) working days in a workplace(s) located within the region, whose Local Union is located within the region can be nominated and elected. It shall require a two-thirds (2/3) vote of the International Executive Board to change the composition of any region within a geographical district. | **Section 2.** Within the geographical districts as determined by the International Constitution, the International Executive Board Members shall be nominated in the regions as established by the International Executive Board and existing on the actual day any such **nominations are accepted by the Convention.** Only the delegates from the Local Unions in any such regions shall nominate their International Executive Board Members. Any member in continuous good standing for one (1) year, and who has worked at least ninety (90) working days in a workplace(s) located within the region, whose Local Union is located within the region can be nominated and elected. It shall require a two-thirds (2/3) vote of the International Executive Board to change the composition of any region within a geographical district. |

## Article 10
## Officers and Elections
## Edits to Section 3 as follows:

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 3.** The term of office of all elective officers shall be for the period up to the next Convention and the term of office shall begin immediately upon installation. The term of office of the Trustees shall be as provided for in Article 51. | **Section 3.** The term of office of all ~~elective~~ International ~~e~~Officers and International Executive Board Members shall be from the date of their swearing-in after the election process set forth in Section 5 through the conclusion of the next election cycle which shall commence following the conclusion of the next Convention ~~for the period up to the next Convention and the term of office shall begin immediately upon installation~~. The term of office of the Trustees shall be as provided for in Article 51. | **Section 3.** The term of office of all **International Officers and International Executive Board Members** shall be **from the date of their swearing-in after the election process set forth in Section 5 through the conclusion of the next election cycle which shall commence following the conclusion of the next Convention**. The term of office of the Trustees shall be as provided for in Article 51. |

**Article 10**
**Officers and Elections**
**Edits to Section 4 as follows:**

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 4.** Nomination and election of all elective officers and Trustees shall take place in the regular order of business of the Convention and election shall be determined by a majority vote of the delegates voting. Candidates shall be elected to various offices by one (1) roll-call vote. In the election of the Vice Presidents each delegate may vote for three (3) candidates. If there are five (5) or more nominees for the three (3) offices and less than three (3) candidates receive a majority vote, the candidate receiving the lowest number of votes shall be eliminated from the run-off election, and in each successive run-off election the candidate receiving the lowest number of votes shall be eliminated, unless such elimination would result in reducing the number of candidates in nomination to a figure equal to the remaining vacancy or vacancies. | **Section 4.** Nomination ~~and election~~ of all elective officers and Trustees ~~and election of Trustees~~ shall take place in the regular order of business of the Convention and election ~~of Trustees~~ shall be determined by a majority vote of the delegates voting. Candidates shall be elected ~~to various offices~~ Trustee by one (1) roll-call vote, and in the manner as set forth in Article 51, Section 3. ~~In the election of the Vice Presidents each delegate may vote for three (3) candidates. If there are five (5) or more nominees for the three (3) offices and less than three (3) candidates receive a majority vote, the candidate receiving the lowest number of votes shall be eliminated from the run-off election, and in each successive run-off election the candidate receiving the lowest number of votes shall be eliminated, unless such elimination would result in reducing the number of candidates in nomination to a figure equal to the remaining vacancy or vacancies.~~ | **Section 4.** Nomination of all elective officers and Trustees **and election of Trustees** shall take place in the regular order of business of the Convention and election **of Trustees** shall be determined by a majority vote of the delegates voting. Candidates shall be elected **Trustee** by one (1) roll-call vote, **and in the manner as set forth in Article 51, Section 3.** |

**Article 10**
**Officers and Elections**
**Edits to Section 6 as follows:**

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 6.** No member shall be nominated or elected as an elective officer of the International Union, as set forth in Section 1 of this Article, who has not been in continuous good standing for a period of one (1) year preceding the date of nomination. | **Section 6.** No member shall be nominated or elected as an elective officer of the International Union, as set forth in Section 1 of this Article, who has not been in continuous good standing for a period of one (1) year preceding the ~~date of nomination~~ <u>first day of the Convention at which he or she is nominated and continuing thereafter through the election and swearing-in.</u> | **Section 6.** No member shall be nominated or elected as an elective officer of the International Union, as set forth in Section 1 of this Article, who has not been in continuous good standing for a period of one (1) year preceding the **first day of the Convention at which he or she is nominated and continuing thereafter through the election and swearing-in**. |

**Article 10**
**Officers and Elections**
**Edits to Section 16 as follows:**

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 16.** Incoming elective officers of the International Union shall be obligated and installed immediately after being elected. The obligation shall be the same as that provided for Local Union officers. | **Section 16.** Incoming elective officers of the International Union shall be obligated and installed ~~immediately after being elected~~ within seven (7) days of the announcement of the election results by the Court-appointed Monitor. ~~The obligation shall be the same as that provided for Local Union officers.~~ | **Section 16.** Incoming elective officers of the International Union shall be obligated and installed **within seven (7) days of the announcement of the election results by the Court-appointed Monitor**. |

## Article 10
## Officers and Elections
## Edits to Section 18 as follows:

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 18.** In the event a vacancy occurs on the International Executive Board because of the death, removal, promotion of a member or other cause, the International Executive Board shall, within thirty (30) days, call a special regional convention for the region which the International Executive Board Member represented. Such vacancy shall be filled by a member elected by the delegates from the Local Unions in the region. In the event of such vacancy occurring within sixty (60) days before a regular Constitutional Convention, no election shall take place and the office shall remain vacant. In any such special regional convention, the delegates from each Local Union who had been elected to the preceding regular Constitutional Convention shall serve as delegates to the Special Convention. Each Local Union shall carry the same total vote as it carried at such previous regular Constitutional Convention. | **Section 18.** In the event a vacancy occurs on the International Executive Board because of the death, removal, promotion of a member or other cause, the International Executive Board shall, within thirty (30) days, call a special regional convention for the region which the International Executive Board Member represented. Such vacancy shall be filled by a member elected by the delegates from the Local Unions in the region. In the event of such vacancy occurring within sixty (60) days before a regular Constitutional Convention, no election shall take place and the office shall remain vacant <u>until the position is filled in accordance with Article 10, Sections 2 and 5 of the Constitution</u>. In any such special regional convention, the delegates from each Local Union who had been elected to the preceding regular Constitutional Convention shall serve as delegates to the Special Convention. Each Local Union shall carry the same total vote as it carried at such | **Section 18.** In the event a vacancy occurs on the International Executive Board because of the death, removal, promotion of a member or other cause, the International Executive Board shall, within thirty (30) days, call a special regional convention for the region which the International Executive Board Member represented. Such vacancy shall be filled by a member elected by the delegates from the Local Unions in the region. In the event of such vacancy occurring within sixty (60) days before a regular Constitutional Convention, no election shall take place and the office shall remain vacant **until the position is filled in accordance with Article 10, Sections 2 and 5 of the Constitution.** In any such special regional convention, the delegates from each Local Union who had been elected to the preceding regular Constitutional Convention shall serve as delegates to the Special Convention. Each Local Union shall |

| Current Language | Proposed Change | Result |
|---|---|---|
| If there are vacancies in the voting delegation, they shall be filled in the following manner: | previous regular Constitutional Convention.<br><br>If there are vacancies in the voting delegation, they shall be filled in the following manner: | carry the same total vote as it carried at such previous regular Constitutional Convention.<br><br>If there are vacancies in the voting delegation, they shall be filled in the following manner: |
| (a) By alternates where the same were elected to the preceding Constitutional Convention; | (a) By alternates where the same were elected to the preceding Constitutional Convention; | (a) By alternates where the same were elected to the preceding Constitutional Convention; |
| (b) If the number of delegates is insufficient after applying (a), by reapportioning the votes of the Local Union among the remaining delegates to the extent permitted by Section 7 of Article 8; | (b) If the number of delegates is insufficient after applying (a), by reapportioning the votes of the Local Union among the remaining delegates to the extent permitted by Section 7 of Article 8; | (b) If the number of delegates is insufficient after applying (a), by reapportioning the votes of the Local Union among the remaining delegates to the extent permitted by Section 7 of Article 8; |
| (c) If the number of delegates is insufficient after applying (a) and (b), by electing additional delegates, these additional delegates to be nominated and elected by secret ballot at successive membership meetings; the required notices for such nomination and election being those set forth in | (c) If the number of delegates is insufficient after applying (a) and (b), by electing additional delegates, these additional delegates to be nominated and elected by secret ballot at successive membership meetings; the required notices for such nomination | (c) If the number of delegates is insufficient after applying (a) and (b), by electing additional delegates, these additional delegates to be nominated and elected by secret ballot at successive membership meetings; the |

| Current Language | Proposed Change | Result |
|---|---|---|
| Sections 22 and 24 of Article 8. | and election being those set forth in Sections 22 and 24 of Article 8. | required notices for such nomination and election being those set forth in Sections 22 and 24 of Article 8. |

- The *left* column shows the current language of the UAW CONSTITUTION.

- The *center* column shows the proposed change:

  ⇒    All deletions are struck through with lines.
  ⇒    Additions appear underlined.

- The *right* column shows the CONSTITUTION if the proposed change is approved (new language bolded).

## Article 19
## Contracts and Negotiations
## Edits to Section 1 as follows:

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 1.** It shall be the established policy of the International Union to recognize the spirit, the intent and the terms of all contractual relations developed and existing between Local Unions and employers, concluded out of conferences between the Local Unions and the employers, as binding upon them. Each Local Union shall be required to carry out the provisions of its contracts. No officer, member, representative or agent of the International Union or of any Local Union or of any subordinate body to the International Union shall have the power or authority to counsel, cause, initiate, participate in or ratify any action which constitutes a breach of any contract entered into by a Local Union or by the International Union or a subordinate body thereof. | **Section 1.** It shall be the established policy of the International Union to recognize the spirit, the intent and the terms of all contractual relations developed and existing between Local Unions and employers, concluded out of conferences between the Local Unions and the employers, as binding upon them. Each Local Union shall be required to carry out the provisions of its contracts. No officer, member, representative or agent of the International Union or of any Local Union or of any subordinate body to the International Union shall have the power or authority to counsel, cause, initiate, participate in or ratify any action which constitutes a breach of any contract entered into by a Local Union or by the International Union or a subordinate body thereof. | **Section 1.** It shall be the established policy of the International Union to recognize the spirit, the intent and the terms of all contractual relations developed and existing between Local Unions and employers, concluded out of conferences between the Local Unions and the employers, as binding upon them. Each Local Union shall be required to carry out the provisions of its contracts. No officer, member, representative or agent of the International Union or of any Local Union or of any subordinate body to the International Union shall have the power or authority to counsel, cause, initiate, participate in or ratify any action which constitutes a breach of any contract entered into by a Local Union or by the International Union or a subordinate body thereof. |

| Current Language | Proposed Change | Result |
|---|---|---|
| Whenever a Local Union or a unit of an Amalgamated Local Union becomes a party to an agreement on wages, hours or working conditions, it shall cause such agreement to be reduced to writing and properly signed by the authorized representatives of all the parties to the agreement. | Whenever a Local Union or a unit of an Amalgamated Local Union becomes a party to an agreement on wages, hours or working conditions, it shall cause such agreement to be reduced to writing and properly signed by the authorized representatives of all the parties to the agreement, and such agreements shall be made available to members on a Union website along with the entire contents of a National agreement applicable to that member. | Whenever a Local Union or a unit of an Amalgamated Local Union becomes a party to an agreement on wages, hours or working conditions, it shall cause such agreement to be reduced to writing and properly signed by the authorized representatives of all the parties to the agreement, **and such agreements shall be made available to members on a Union website along with the entire contents of a National agreement applicable to that member**. |

- The *left* column shows the current language of the UAW CONSTITUTION.

- The *center* column shows the proposed change:

  ⇒ All deletions are struck through with lines.
  ⇒ Additions appear underlined.

- The *right* column shows the CONSTITUTION if the proposed change is approved (new language bolded).

## Article 30
## Charges and Trials of International Officers
### Edits to Section 1 as follows:

| Current Language | Proposed Change | Result |
|---|---|---|
| **Section 1.** Charges against International Officers or International Executive Board Members may be filed in either of these manners: | **Section 1.** Charges against International Officers or International Executive Board Members may be filed in either of these manners: | **Section 1.** Charges against International Officers or International Executive Board Members may be filed in either of these manners: |
| (a) Upon written affidavit signed by five (5) or more Board Members and filed with the International Secretary-Treasurer. | (a) Upon written affidavit signed by five (5) or more Board Members and filed with the International Secretary-Treasurer. | (a) Upon written affidavit signed by five (5) or more Board Members and filed with the International Secretary-Treasurer. |
| (b) Upon written affidavit signed by a Local Union member and endorsed by the member's own Local Union and by at least ten (10) additional Local Unions in the International Union, or in the case of charges against an International Executive Board Member, upon written affidavit signed by the Local Union member and endorsed by the member's own Local Union and a majority of the Local Unions within the | (b) Upon written affidavit signed by a Local Union member and endorsed by ~~a majority vote of the members in good standing of~~ the ~~member's~~ affiant's own Local Union attending a special membership meeting held for that purpose, and by a majority vote of the members in good standing of at least five (5) other local unions at a special membership meeting held for that purpose. ~~at least ten (10)~~ | (b) Upon written affidavit signed by a Local Union member and endorsed by **a majority vote of the members in good standing of** the **affiant's** own Local Union **attending a special membership meeting held for that purpose,** and by **a majority vote of the members in good standing of at least five (5) other local unions at a special membership meeting held for that purpose. In the case of** |

| Current Language | Proposed Change | Result |
|---|---|---|
| region from which the International Executive Board Member is elected. | ~~additional Local Unions in the International Union, or~~ i~~I~~n the case of charges against an International Executive Board Member (i.e., Regional Director), all Local Unions involved in initiating or affirming such charges must be within the region from which the International Executive Board Member is elected~~, upon written affidavit signed by the Local Union member and endorsed by the member's own Local Union and a majority of the Local Unions within the region from which the International Executive Board Member is elected~~. In the case of charges filed against an International Officer or International Executive Board Member subject to this Article 30, the charges shall be referred to the Court-appointed Monitor for review and consideration of possible disciplinary action described in the Consent Decree. | charges against an International Executive Board Member **(i.e., Regional Director), all Local Unions involved in initiating or affirming such charges must be within the region from which the International Executive Board Member is elected.  In the case of charges filed against an International Officer or International Executive Board Member subject to this Article 30, the charges shall be referred to the Court-appointed Monitor for review and consideration of possible disciplinary action described in the Consent Decree.** |

# EXHIBIT 9

# SUBMITTED
# RESOLUTIONS
## TO THE 38th CONSTITUTIONAL CONVENTION



**BUILDING OUR
TOMORROW
TODAY**

**THEREFORE BE IT RESOLVED,** that Article 8, Section 16 be amended as follows: Section 16. The International Executive Board shall empanel from a random selection ~~from~~ of the credentials of the delegates presented, a Constitution Committee, which shall assemble at least two (2) weeks prior to the meeting of the Convention at the place designated. It shall be the duty of said Committee to take up all recommendations concerning changes or additions to the Constitution submitted by the International Officers, International Executive Board and Local Unions to act thereon. This Committee shall have authority to originate amendments to the Constitution.

* * *

#0319                                               SUBMITTED BY LOCAL 31

## CONVENTIONS

Article 8          Section 17

**WHEREAS,** the membership of the UAW has, through resolutions approved by their local unions, submitted thousands or resolutions for consideration by the delegates to the UAW Conventions; and

**WHEREAS,** the International Executive Board has hand-picked the Convention Constitution Committee, Convention Rules Committee, Convention Resolutions Committee and the Convention Credentials Committee often to serve their own interests instead of the interests of the membership; and

**WHEREAS,** the Convention Constitution Committee, Convention Rules Committee, Convention Resolutions Committee and the Convention Credentials Committee have served as a rubber stamp to the wishes of the International Executive Board, including proposing Constitutional Amendments that have devastated the International Strike Fund, approved 31% salary increases for International Executive Board members, and kept important resolutions submitted by local unions from being discussed.

**THEREFORE BE IT RESOLVED,** that Article 8, Section 17 be amended as follows: Section 17 (a). The International Executive Board shall empanel from a random selection ~~from~~ of the credentials of the delegates a Credentials Committee, which shall assemble at least ten (10) days prior to the meeting of the Convention. The Committee shall examine all credentials received at the International Office and investigate the standing of the delegates and the Local Unions they represent; they shall receive the original credentials of the delegates to attend the Convention and be in a position to report at the opening of the Convention.

* * *

#0320                                               SUBMITTED BY LOCAL 31

## CONVENTIONS

Article 8          Section 18

**WHEREAS,** the membership of the UAW has, through resolutions approved by their local unions, submitted thousands or resolutions for consideration by the delegates to the UAW Conventions; and

**WHEREAS,** the International Executive Board has hand-picked the Convention Constitution Committee, Convention Rules Committee, Convention Resolutions Committee and the Convention Credentials Committee often to serve their own interests instead of the interests of the membership; and

**WHEREAS,** the Convention Constitution Committee, Convention Rules Committee, Convention Resolutions Committee and the Convention Credentials Committee have served as a rubber stamp to the wishes of the International Executive Board, including proposing Constitutional Amendments that have devastated the International Strike Fund, approved 31% salary increases for International Executive Board members, and kept important resolutions submitted by local unions from being discussed.

**THEREFORE BE IT RESOLVED,** that Article 8, Section 18 be amended as follows: Section 18. The International Executive Board shall empanel from a random selection ~~from~~ of the credentials of the delegates to each International Convention a Resolutions Committee of not less than seven (7) members, which shall assemble at least ten (10) days prior to the convening of the Convention. It shall be the duty of the said Committee to consider such resolutions as may be properly referred to it under this Constitution. This Committee shall have authority to originate resolutions to be presented at the Convention.

* * *

# ARTICLE 10

#0440                                   SUBMITTED BY INTERNATIONAL EXECUTIVE BOARD

## OFFICERS AND ELECTIONS

Article 10, Section 1

The elective officers of the International Union shall be one (1) International President, one (1) International Secretary-Treasurer, three (3) International Vice Presidents, who shall be elected by **direct elections by members in good standing,** and such International Executive Board Members as provided in Section 21 of this Article. In the event of the death, removal, or resignation of any of the three (3) Vice Presidents at any time after July 1, 2014, the International Executive Board shall have the authority to reduce the number of Vice Presidents from three (3) to two (2). The duties of the Vice Presidents shall be to assist the International President.

* * *

#0441                                   SUBMITTED BY INTERNATIONAL EXECUTIVE BOARD

## OFFICERS AND ELECTIONS

Article 10, Section 2

Within the geographical districts as determined by the International Constitution, the International Executive Board Members shall be nominated and elected in the regions as established by the International Executive Board and existing on the actual day any such election commences. Only the delegates from the Local Unions in such regions shall nominate **and members in good standing shall vote** for their International Board Members. Any member in continuous good standing for one (1) year, and who has worked at least ninety (90) working days in a workplace(s) located within the region, whose Local Union is located within the region can be nominated and elected. It shall require a two-thirds (2/3) vote of the International Executive Board to change the composition of any region within a geographical district.

* * *

**#0017**                                                    **SUBMITTED BY LOCAL 1700**

## OFFICERS AND ELECTIONS

Amendment to Article 10, Ranked Choice Voting for IEB positions.

* * *

**#0028**                                                    **SUBMITTED BY LOCAL 1700**

## OFFICERS AND ELECTIONS

**WHEREAS,** corrupt actions at the highest levels of our great union brought action by the United States Department of Justice; and

**WHEREAS,** the Consent Decree entered into by the UAW on January 29, 2021, provided for a monitor and a membership referendum on the method of choosing the members of the International Executive Board; and

**WHEREAS,** the outcome of that referendum vote was a decisive victory for the concept of "one member, one vote."

**THEREFORE BE IT RESOLVED,** that this 38th Constitutional Convention adopts the direct election of all IEB members by the membership and other changes mandated by the monitor.

* * *

**#0032**                                  **SUBMITTED BY LOCALS 7, 450, 551, 598, 602, 659, 869, 1700 AND 5118**

## OFFICERS AND ELECTIONS

**WHEREAS,** the life blood and wellbeing of the UAW is sustained when we harness our collective talents; and

**WHEREAS,** the direct election of UAW International Officers offers the possibility of new dynamic leadership to emerge in the UAW; and

**WHEREAS,** in order to tap into the broad-based talents of the members of the UAW, we need to allow every member in good standing, including retirees, to have full rights of participation in the functions that effect our Union and its members; and

**WHEREAS,** anyone who has the right to vote in UAW International Executive Board elections should have the right to run for those offices; and

**WHEREAS,** the UAW monitor deferred the question of retiree eligibility for the IEB to UAW President Ray Curry, who ruled on March 24, 2022, that retirees are ineligible to run for the IEB under the UAW Constitution.

**THEREFORE BE IT RESOLVED,** that the UAW Constitution, Article 10, shall be amended to include an additional section:

**Section 9**

"Any member in good standing who meets the qualifications under Sections 6, 7, and 8 of this articles shall have the right to seek nomination and election of the UAW International Executive Board.

* * *

**#0167**                                                    **SUBMITTED BY LOCAL 2903**

## OFFICERS AND ELECTIONS

#5. Ranked Choice Voting for IEB Positions – Amendment to Article 10

**WHEREAS,** the Direct Voting System prevailed by roughly a two to one margin in the referendum to decide how UAW International Executive Board members would be elected; and

**WHEREAS,** to achieve a majority in an election a runoff is required if no candidate receives a majority vote in the general election for UAW International Executive Board; and

**WHEREAS,** the expense of UAW-wide elections is far from negligible; and

**WHEREAS,** Ranked Choice Voting offers the opportunity for voters to select their first and second choice of candidates for the offices being filled by election; and

**WHEREAS,** Ranked Choice Voting allows for an instant runoff in the event no candidate receives a majority of the first ballot potentially saving a substantial amount of union funds.

**THEREFORE BE IT RESOLVED,** that Article 10 of the UAW Constitution be amended to include the Direct Voting System by use of Ranked Choice Voting, which allows for an instant runoff if no candidate achieves a majority of votes.

* * *

**#0062**                                                    **SUBMITTED BY LOCAL 2250**

## OFFICERS AND ELECTIONS

**WHEREAS,** of the International Executive Board

**THEREFORE BE IT RESOLVED,** in good standing.

* * *

**#0063**                                                    **SUBMITTED BY LOCAL 2250**

## OFFICERS AND ELECTIONS

**WHEREAS,** any member in continuous good standing for one (1) year, and who has worked at least ninety (90) working days in a workplace(s) located within the region, whose local union is located within the region can be nominated and elected.

**THEREFORE BE IT RESOLVED,** any member in continuous good standing for one (1) year, and who has worked at least ninety (90) working days in a workplace(s) located within the region, whose local union is located within the region, **including retirees,** can be nominated, and elected.

* * *

**#0079**                                                    **SUBMITTED BY LOCAL 2250**

## OFFICERS AND ELECTIONS

**THEREFORE BE IT RESOLVED,** any member in good standing who meets the qualifications under Sections 6, 7 and 8 of this Article shall have the right to seek nomination and election to the UAW International Executive Board.

* * *

#0443          **SUBMITTED BY INTERNATIONAL EXECUTIVE BOARD**

## OFFICERS AND ELECTIONS

Article 10

    **In all UAW elections for International Executive Board and/or Local Union Offices or any other position in the UAW where an election is required, only UAW members in good standing and UAW Retirees in good standing may contribute anything of value to such campaign. There will be no maximum monetary contribution during any campaign cycle per eligible member or retiree in good standing.**

* * *

#0106          **SUBMITTED BY LOCAL 160**

## OFFICERS AND ELECTIONS

**WHEREAS,** Article 10, Section 1, Page 22

The effective offices of the International Union shall be 1 president, 1 International Secretary-Treasurer, 3 VP's

**THEREFORE BE IT RESOLVED,** the addition of three (3) Retiree representatives to sit on the International Executive Board, voted in by direct election.

* * *

#0107          **SUBMITTED BY LOCAL 160**

## OFFICERS AND ELECTIONS

**WHEREAS,** Article 10, Section 8, Page 23

No member of any Local Union shall be eligible to hold any elective or appointive position in the International Union, or any Local Union, if s/he is affirmatively engaged in the promotion, implementation, furtherance, or support of organized workplace rackets, such as numbers bookmaking, etc.

**THEREFORE BE IT RESOLVED,** Amend Article 10 Section 8 to read:

No member of any Local Union shall be eligible to hold elective or appointed position in the International Union, or any Local Union, if s/he is affirmatively engaged in the promotion, implementation, furtherance, or support of organized workplace rackets, such as numbers bookmaking. This shall include any convictions of, rackets, such as numbers bookmaking, Drug sales / Delivery, Racketeering, Mail / Wire, Bank fraud, Extortion, Embezzlement, Bribery, etc. Any member accepting appointment nomination, or elected position shall be removed and expelled from the UAW, regardless whether or not their conviction has been expunged.

* * *

#0132          **SUBMITTED BY LOCAL 1264**

## OFFICERS AND ELECTIONS

    **WHEREAS,** as longer terms served by International Executive Board members have led to proven corruption and complacency.

We would resolve to implement term limits to the International Executive Board members to no more than two term limits or a max of six years.

* * *

#0159          **SUBMITTED BY LOCAL 659**

## OFFICERS AND ELECTIONS

    **WHEREAS,** under the new one man one vote, there needs to be some qualifications for running for the I.E.B. outside of being a member in good standing and a ConCon delegate.

    **THEREFORE BE IT RESOLVED,** to run for I.E.B. you must have been elected to a local executive board or higher.

* * *

#0255          **SUBMITTED BY LOCAL 774**

## OFFICERS AND ELECTIONS

    **WHEREAS,** the elective officers of the International Union shall be (1) International President, one (1) International Secretary-Treasurer and (3) International Vice Presidents.

    **THEREFORE BE IT RESOLVED,** add item, (1) Retiree Representative on the IEB. The elected officers of the International Union shall be (1) International President, (1) International Secretary-Treasurer and (3) International Vice Presidents and (1) International Retired Representative.

* * *

#0261          **SUBMITTED BY LOCAL 653**

## OFFICERS AND ELECTIONS

    **Section 9. Any member in good standing who meets the qualifications under Sections 6, 7 and 8 of this Article shall have the right to seek nomination and election of the UAW International Executive Board.**

* * *

#0290          **SUBMITTED BY LOCAL 3000**

## OFFICERS AND ELECTIONS

    **WHEREAS,** no member of any Local Union shall be eligible to hold any elective or appointive position in the International Union, or any Local Union, if s/he is affirmatively engaged in the promotion, implementation, furtherance, or support of organized workplace rackets, such as numbers, bookmaking, etc.

    **THEREFORE BE IT RESOLVED,** furthermore, no member shall be eligible to hold any elective or appointed position if they were convicted of a felony related to violent crime, forgery, theft, burglary, or embezzlement in the last 20 years.

**#0442**  **SUBMITTED BY INTERNATIONAL EXECUTIVE BOARD**

## OFFICERS AND ELECTIONS

Article 10, Section 21

The geographical districts and the number of International Executive Board Members for each district of the International Union in the United States and Canada shall be as listed below.

1. Michigan, Canada ...................................................................Regions 1, 1A and 1D
2. Ohio and Indiana...........................................................................................Region 2B
4. Illinois, Iowa, Nebraska, Wisconsin, Minnesota, North Dakota, South Dakota, Wyoming, **Montana, Missouri, Kansas, and Colorado** ...................................................Region 4
6. **Washington, Oregon, California, Nevada, Idaho, Utah, Arizona, Hawaii, and Alaska**.......................................................................**Region 6**
8. Tennessee, Virginia, West Virginia, North Carolina, South Carolina, Mississippi, Alabama, Georgia, Florida, the District of Columbia, Maryland, Delaware, Kentucky, **Arkansas, Louisiana, Oklahoma, Texas, New Mexico,** the following counties of Pennsylvania: Franklin, Cumberland, Adams, York.................................................................................................Region 8
9. New York, New Jersey, Rhode Island, Connecticut, Massachusetts, Vermont, New Hampshire, Maine, **Puerto Rico,** Pennsylvania, excluding the counties of Franklin, Cumberland, Adams and York ...............................................................................................Regions 9 and 9A

\* \* \*

**#0312**  **SUBMITTED BY LOCAL 3000**

## OFFICERS AND ELECTIONS

Article 10          Section          Page 21-22-23

**THEREFORE BE IT RESOLVED,** that a requirement to hold office on the International Executive Board, International Staff and International appointed representatives must have been a local chairperson, bargaining committeeperson or local president and have sit in local or International negotiations at least on set.

\* \* \*

**#0330**  **SUBMITTED BY LOCAL 31**

## OFFICERS AND ELECTIONS

Article 10          Section 1

Original:

"...the International Executive Board shall not have the authority to adjust the number of Vice Presidents from three (3) to two (2)..."

Amended:

"...the Union Members shall hold a special election to replace a Vice President..."

Rationale:

There is no reason to circumvent the election process.

**#0331**  **SUBMITTED BY LOCAL 31**

## OFFICERS AND ELECTIONS

Article 10          Section 7

Original:

"...such as the Communist, Fascist or Nazi Organizations..."

Amended:

"...such as the Socialist, Communist, Fascist or Nazi Organizations..."

Rationale:

Elected and Appointed Members should not be a part of any group that holds an allegiance to another government other than the United States.

\* \* \*

# ARTICLE 11

**#0239**  **SUBMITTED BY LOCAL 2209**

## SALARIES

**WHEREAS,** Article 11, Section 1 and 2, provided the membership in the UAW's Industrial Sectors receive bargained for-profit sharing payments the International President, International Secretary-Treasurer, International Vice Presidents, and International Executive Board Members shall receive a lump sum payment up to a maximum of 3% from revenue created by profit sharing dues.

**THEREFORE BE IT RESOLVED,** of the average profit sharing received by all the UAW's Industrial Sectors.

Provided the membership in the UAW's Industrial Sectors receive bargained for-profit sharing payments. The International President, International Secretary-Treasurer, International Vice Presidents, and International Executive Board Members shall receive a lump sum payment of the average profit sharing received by all the UAW's Industrial Sectors.

This would bring the international profit sharing more in line with what they negotiated for its members.

\* \* \*

**#0449**  **SUBMITTED BY INTERNATIONAL EXECUTIVE BOARD**

## SALARIES

Current

Section 1. Provided the membership in the UAW's industrial sectors receive bargained for profit sharing payments, the International President, International Secretary-Treasurer, International Vice Presidents and International Executive Board Members shall receive a lump sum payment up to a maximum of 3% from the revenue created by profit sharing dues, which lump sum payments shall be payable in the first payroll periods of August 2018 and 2019, and a 4% lump sum payment in March 2019. The salaries shall remain at the levels set forth in Section 3, subject to future bargaining as described in Section 13.