## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

**vs.**

**Civil No. 20-cv-13293**

**Hon. David M. Lawson**

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,**

**Defendant.**

_____/

## GOVERNMENT'S RESPONSE TO
## (R.88) APPEAL OF ELECTION PROCESS AND RULES

In two previous opinions, this Court held that the UAW interpretation of its constitution was fair and reasonable and the Monitor's decision about that interpretation was supported by substantial evidence. Roberta Gainer nevertheless asks the Court to reconsider these issues. But she does not provide any new arguments—the basis for her claim has already been rejected. Her request should therefore be denied.

## **BACKGROUND**

### A.    *After the parties' request, this Court enters a Consent Decree.*

The International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") is a labor organization that represents

1

hundreds of thousands of non-managerial employees employed by auto manufacturers and other employers. (ECF No. 1, PageID.2). The UAW's International Executive Board ("IEB") is its managing body. (ECF No. 1, PageID.3).

For years, high-level UAW officials—including IEB members—engaged in fraudulent and corrupt behavior, to the detriment of the UAW as an entity and its members. (ECF No. 1, PageID. 4, 14). As a result, many of these officials were convicted of federal criminal violations, including conspiring to commit honest services and wire fraud, embezzle union funds and otherwise violate the Taft-Hartley Act. (ECF No. 1, PageID. 9, 13-14, 22-23, 28-33).

During its investigation of these crimes, government counsel was in regular communication with attorneys representing the UAW, including about potential liability for the union. And after months of negotiations, the parties reached an agreement in the form of a proposed Consent Decree. (ECF No. 7, PageID.91). This Court later granted the parties' joint motion and entered that Consent Decree. (ECF No. 9, PageID.106; ECF No. 10, PageID.108-137).

**B.** **As part of the Consent Decree, UAW members vote to change the method of electing IEB members.**

For years, the UAW used a delegate-based system for electing members of the IEB. 2018 UAW Constitution, Art. 10, § 4, *available at* https://uaw.org/wp-content/uploads/2019/01/2018-UAW-Constitution.pdf. But the Consent Decree

2

required the union to revisit this issue. More specifically, the Consent Decree

contemplated that UAW members would vote in a referendum whether to change

to a direct election system, sometimes referred to as "one member, one vote."

(ECF No. 10, PageID.111). The court-appointed Monitor administered this

referendum. (ECF No. 52, PageID.649). And it passed, requiring a change to the

union's method of electing IEB members. (*Id.*).

The court-appointed Monitor then began to develop rules for the next IEB

election. As part of the Consent Decree, two court officers were appointed—a

Monitor and an Adjudications Officer. (ECF No. 10, PageID.117). Among other

duties, the Monitor is responsible for working to create election rules. (ECF

No. 10, PageID.112). The Monitor began receiving inquiries about those rules,

including from James Coakley, a retired UAW member who was found ineligible

to run for the IEB.

### C.     *The Monitor determines that UAW retirees are ineligible to run for the IEB and this Court affirms that finding.*

Coakley, a retiree, requested to run for the IEB. The Monitor then reviewed

the UAW Constitution and other materials to determine whether retirees were

eligible. He found that the constitution was ambiguous on this question. And so the

Monitor deferred to the UAW's own interpretation. UAW President Raymond

Curry then issued an official UAW position on the issue, finding that retirees were

ineligible to run for the IEB. (ECF No. 68, PageID.1142-43).

3

Coakley appealed the Monitor's decision to the Adjudications Officer. (*Id.*). The Adjudications Officer agreed with the Monitor and affirmed. (*Id.*).

Coakely then appealed that decision to this Court. (ECF No. 57, PageID.754). This Court found that the UAW's interpretation of its own constitution was a "fair and reasonable construction of the operative language." (ECF No. 68, PageID.1150). In reaching this conclusion, the Court pointed out that its review of the issue was "doubly deferential"—the Monitor's decisions only required "substantial evidence," and courts uphold unions' interpretation of their own constitutions so long as they are "fair and reasonable." (ECF No. 68, PageID.1149). Further, earlier decisions by the UAW's Public Review Board likewise interpreted the constitution in the same way. And these decisions also supported the "ample evidence" of the "reasonableness" of UAW's interpretation. (ECF No. 68, PageID.1152). So the Court denied Coakley's appeal. (ECF No. 68, PageID.1154-55).

**D.    *The Court denies Sharon Bell's request to revisit the question about retirees' eligibility.***

Before the Court decided Coakely's appeal, Sharon Bell and Roberta Gainer filed a motion seeking permission to file an amicus brief on Coakely's behalf. (ECF No. 60, PageID. 950). In this request, they explained that they were "active UAW members in good standing[ ]" who supported Coakely's position. (*Id.*). They cited similar arguments that Coakley made, e.g., that the UAW constitution "is not

4

silent on Retirees' eligibility" to run for the IEB. (ECF No. 60, PageID.952). The

Court denied this request because it was "an improper attempt by non-lawyers to

advocate" for another person. (ECF No. 61, PageID.959).

They then wrote to the Monitor, seeking to "appeal" the decision that

"deemed the UAW retirees ineligible" to run for the IEB. (ECF No. 79,

PageID.1280). They claimed the decision was "discriminatory" and violated

UAW's constitution. (*Id.*).

In response, the Monitor explained that the review was not allowed. (ECF

No. 79, PageID.1286). More specifically, under the Consent Decree, prospective

IEB candidates who are found to be ineligible can seek review. (*Id.*) But neither

Bell nor Gainer were determined ineligible to run for an IEB position. (*Id.*). And in

any case, this Court already ruled on the issue. (*Id.*).

Bell and Gainer then asked the Adjudications Officer to review the

Monitor's decision. (ECF No. 79, PageID.1272). But the Adjudications Officer

likewise found that they did not have standing to seek the review under the

Consent Decree. (ECF No. 79, PageID.1275). They were not candidates for the

IEB who had been ruled ineligible. (*Id.*). So unlike Coakely, they could not rely on

paragraph 47 of the Consent Decree, that does provide for a review process in that

instance. (*Id.*). And furthermore, their request to the Adjudications Officer was

untimely. (*Id.*).

Bell (but not Gainer) wrote a letter to this Court seeking to "appeal" the decisions by the Monitor and Adjudications Officer. (ECF No. 79, PageID.1263). This Court denied that appeal. (ECF No. 87, PageID.1382). The Court first explained that Bell did not have standing because she was not a UAW reitree. (ECF No. 87, PageID.1381). But further, the Court noted that all of Bell's arguments "were considered and rejected by the Court" in its previous order. (ECF No. 87, PageID.1382). In any case, the Court concluded, as it had in its previous order, that the UAW interpretation of its own constitution was "fair and reasonable" and the Monitor's decision deferring to that interpretation was "supported by substantial evidence." (*Id.*).

## E.   *Roberta Gainer makes another request that the Court reconsider its ruling on retirees' eligibility.*

Roberta Gainer sent a letter to the Court stating that she wanted to "appeal" the Monitor's ruling about retiree eligibility to run for the IEB. (ECF No. 90, PageID.1493). In it, she complains that the UAW President was permitted to address retiree eligibility, and the UAW President is a candidate in the election. (ECF No. 90, PageID.1495). Instead, she claims, the rule prohibiting retirees to run for the IEB is "inconsistent" with the UAW constitution because "there is no express[ ] language" about the topic. (*Id.*). So, it can only be resolved by an amendment to the UAW constitution and involvement of the UAW delegates. (*Id.*).

## **ARGUMENT**

Gainer's request amounts to an untimely request for reconsideration of Coakley's appeal. As this Court already found, the UAW constitution is ambiguous about retirees' right to run for the IEB. (ECF No.68, PageID.1151). Indeed, as Gainer points out, the UAW constitution does not have "express[ ] language" addressing the issue. So as this Court has already ruled, it is proper to defer to the union's own "fair and reasonable" interpretation of its constitution. (ECF No.68, PageID.1154). The Court also explained how the UAW interprets its own constitution, namely that the IEB has "the responsibility of 'review[ing] and decid[ing] . . . all questions involving interpretation" of its constitution. (ECF No.68, PageID.1146, quoting UAW constitution). It found that the UAW's interpretation (which came through the IEB) was "fair and reasonable" and so the Monitor's decision was supported by substantial evidence. (ECF No.68, PageID.1154). In other words, the Court has already addressed Gainer's claims. And she has not provided a factual or legal basis to disturb the Court's ruling.

## **<u>CONCLUSION</u>**

The Court should deny Gainer's motion.

Respectfully submitted,

Dawn N. Ison
United States Attorney

| /s/ Steven P. Cares | /s/ David A. Gardey (with consent) |
|---|---|
| Assistant United States Attorney | Assistant United States Attorney |
| United States Attorney's Office | United States Attorney's Office |
| Eastern District of Michigan | Eastern District of Michigan |
| 211 West Fort Street, Suite 2001 | 211 West Fort Street, Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Phone: (313) 226-9139 | Phone: (313) 226-9591 |
| Email: steven.cares@usdoj.gov | Email: david.gardey@usdoj.gov |

Dated: December 1, 2022

8

## Certificate of Service

I hereby certify that on December 1, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record. I further certify that I will mail by U.S. mail the Government's response to the following non-ECF participant:

Roberta Gainer
28 Calderwood Drive
Cheektowaga, NY  14215

/s/ Steven P. Cares
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9139
Email: steven.cares@usdoj.gov

9