F I L E D
JUL 2 2 2024
CLERK'S OFFICE
DETROIT

July 11, 2024

US District Court for the Eastern District of Michigan
231 W. Lafayette Blvd, Room 599
Detroit, MI 48226

RE: Misconduct by Court Appointed Monitor

Matter of: *United States v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America,* No. 20-cv-13293 (E.D. Mich.).

Dear Staff:

I would like to bring to the attention of the court allegations of misconduct committed by Court appointed monitor Neil Barofsky overseeing the United Auto Workers Union ("UAW").  Mr. Barofsky has committed professional misconduct by injecting his personal political views on court mandated monitoring.  Mr. Barofsky, after learning that  UAW President signaled the union's support for a ceasefire in the Middle East, personally called UAW President Mr. Fein and requested he reconsider his support for a ceasefire.  After being rebuffed on his request which had nothing to do with monitor responsibilities, Mr. Barofsky contacted the executive committee at the UAW and told them what he conveyed to Mr. Fein and requested they look into the matter.  Again, another breach of his duties.  By interjecting his personal views on his work, he is no longer independent and needs to be replaced.  Honorable Judge Lawson approved the monitor only because he thought Mr. Barofsky was free of conflicts of interest. Not anymore.  This must be brought up to the judges attention and looked into.

Attached is the order and newspaper article with more details.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

               Defendant.

Case Number 20-13293
Honorable David M. Lawson

_____/

## ORDER GRANTING UNOPPOSED MOTION TO APPOINT MONITOR

This matter is before the Court on the government's unopposed motion to appoint Neil M.

Barofsky to serve in the capacity of an independent Monitor according to the terms and with the

authority provided for by the consent decree. No party has opposed the motion, and the time for

doing so has passed. The Court previously denied a motion to intervene by non-parties Unite All

Workers for Democracy (UAWD) and Scott Houldieson, but it allowed an opportunity for the

proposed intervenors to file an amicus brief setting forth any views they might have on the

suitability of Mr. Barofsky as a candidate for the Monitor position. The proposed intervenors

recently informed the Court that they do not intend to file an amicus brief and do not oppose the

proposed appointment.

The Court has reviewed the unopposed motion and the biographical information that was

supplied with the defendant's response to the motion, and it finds that Neil Barofsky is qualified

to serve in the role of Monitor, has sufficient knowledge and experience to do so effectively, and

is free from any apparent conflict of interest. The Court therefore will grant the motion.

- 2 -

Accordingly, it is **ORDERED** that the government's unopposed motion to appoint a Monitor (ECF No. 28) is **GRANTED**, and Neil Barofsky, Jenner & Block LLP, 919 Third Avenue, New York, NY 10022, Phone: (212) 891-1675, Email: nbarofsky@jenner.com, hereby is **APPOINTED** to serve as the Monitor, and to carry out all the responsibilities of that office as defined by the consent decree. The appointment shall continue throughout the initial term and any succeeding renewal terms of the decree, or until further order of the Court.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: May 12, 2021

The federally appointed monitor tasked with overseeing the United Auto Workers, Neil Barofsky, is ratcheting up his conflict with UAW President Shawn Fain, announcing another investigation into the union leader who rose to national prominence amid the successful "Stand Up Strike" against the Big Three automakers.

Yet newly unveiled documents suggest Barofsky's pursuit of Fain has less to do with concerns over union self-dealing and more to do with the politics of Israel-Palestine.

Barofsky was appointed in 2021 as the result of the Department of Justice-led consent decree put in place in lieu of prosecution of the union itself for rampant corruption, following prison sentences for two consecutive UAW presidents.

Drop Site News is free to read, thanks to those who are able to support it with a paid subscription. Please consider becoming a free or paid subscriber.

Upgrade to paid

The consent decree forced the union to allow the rank and file to directly elect the president for the first time in UAW history, a much-needed change that led to the election of Fain in March 2023, who ran on a militant reformist platform.

In the wake of the victory over the Big Three, the union has expanded into foreign, electric vehicle, and battery productions facilities that had previously been resistant to union organizing, notching wins along the way.

Yet it's what the UAW did amid Israel's war on Gaza that drew the attention of its federal monitor, according to records obtained by Drop Site and confirmed by recent court filings.

On December 1, the UAW became the largest union in the U.S. to officially call for a ceasefire, explaining, as one union leader put it in a statement at the time, "From opposing fascism in WWII to mobilizing against apartheid South Africa and the CONTRA war, the UAW has consistently stood for justice across the globe." The UAW's International Executive Board, or IEB, also voted to form a Divestment and Just Transition working group to "study the history of Israel and Palestine, the union's economic ties to the conflict, and to explore how to achieve a just transition for US workers from war to peace." Other major unions followed the UAW's lead.

The move did not sit well with supporters of Israel's war, among them Neil Barofsky, and he let Fain know about it directly. On December 14, two weeks after the UAW released its statement, Fain appeared on Capitol Hill for a press conference with members of Congress calling for a ceasefire. The evening before, according to a source familiar with the conversation, Barofsky called Fain and urged him to rethink the union position. Barofsky said that it had pained him to see the UAW's wheel logo and anti-war protests where UAW members were present, and he told Fain there had been repeated instances of antisemitism at those protests. Barofsky told Fain he was not calling as the federal monitor, who has nearly unchecked power over the union, but merely in his personal capacity.

PHOTO: Drop Site News, rally outside the White House on November 4, 2023

Fain told Barofsky, the source said, that the ceasefire resolution was in no way antisemitic or even pro-Palestinian, but simply an expression of the union's desire for peace. Fain added that that it was impossible for the monitor to call the union president in a strictly personal capacity, given the power dynamic at play, but that the union intended to stand by its call for a ceasefire and he would be appearing at the press conference on Capitol Hill the next day. The event went off as planned.

That a federal court monitor would think it was appropriate to try to stop that event from happening is extraordinary. That authority is nowhere within his court-appointed power, which derives from U.S. District Judge David M. Lawson, who appointed Barofsky as monitor. Lawson wasn't available for comment. Barofsky did not respond to a request for comment. "The US Attorney's Office must decline comment at this time," said Gina Balaya, a spokesperson the Department of Justice's Eastern District of Detroit.

Barofsky himself confirmed he made such a call in a letter he later sent to the executive board, first reported by the Detroit News last week, buried under the headline "UAW's court filing highlights tension with federal monitor." That letter itself was perhaps even more inappropriate to write and send. On February 11, according to an email sent to Barofsky by Benjamin Dictor, a UAW attorney, the Anti-Defamation League wrote to Barofsky and "complained about the Union's demand for a ceasefire in Gaza and in particular the actions of Local 7902 in support of same."

Barofsky, in a letter to the UAW board, wrote, "Although this issue is outside of the Monitor's jurisdiction, we thought it was important to forward the message to the IEB given the serious concerns raised here." He then added, confirming he made the call to Fain, "For what it's worth, as I previously shared with Shawn, similar concerns were raised directly to me shortly after the IEB issued its own ceasefire statement." (Scroll down for the full email from the union attorney to Barofsky.)

You won't find this kind of reporting anywhere else. To help make it happen, consider becoming a free or paid subscriber.

Upgrade to paid

The UAW board held its next quarterly meeting the week of February 19, and this time Barofsky joined remotely, having missed the meeting when the ceasefire resolution was voted on. A source at the meeting said union officials confronted him about the inappropriate lobbying on an issue that is not within his remit. Barofsky defended his position, arguing that the ADL was an unimpeachable authority on the question. That Barofsky continued debating the union's position on a ceasefire stunned the board members. Fain and Barofsky's relationship had been strong before the Gaza war, as both had the same interest, to reform and root out corruption at the UAW. "It's been a pretty collaborative working relationship with the monitor," said one official. "Up until now."

On Friday, February 23, the UAW lawyer Dictor sent Barofsky a blistering letter after the board meetings ended, telling the monitor that the union was flabbergasted at the breach of ethics. "You called President Fain and introduced your conversation with President Fain as one that was 'strictly on a personal level' during which time you shared with President Fain your personal concerns about the Union's position on the crisis in Gaza," he wrote. "Your call to President Fain on an issue so blatantly outside of the Monitor's jurisdiction was inappropriate as your Office holds disproportionate power over the UAW, and even a 'strictly personal' sharing of opinion implicitly implicates such power dynamic. Nonetheless, out of respect for you and the office of the Monitor, President Fain discussed the conversation with only those in his inner circle and chose not to escalate the improper exchange any further."

Dictor added that it was additionally inappropriate for Barofsky to lobby the board regarding the ADL's objection the UAW's call for a ceasefire.

On February 29, just six days after the UAW sent its letter to Barofsky complaining about his improper lobbying, Barofsky sent the UAW a sweeping demand for documents, saying he was opening an investigation into Fain over a dispute Fain had with the secretary treasurer. That letter was made public in a court filing by Barofsky this week. He also asked for "any and all emails, text messages, and instant messages" sent between Fain, his top deputies, and his lawyers, from February 12 through February 23, 2024." That covers pretty much the exact time the UAW and Barofsky were jockeying over the ADL's complaint about their call for a ceasefire.

On Tuesday, the assault on the UAW over its Gaza ceasefire call became bipartisan. Republicans in the House convened a hearing with the stated goal of confronting "rampant antisemitism" in American unions, but which focused largely on a more militant, pro-Palestine UAW local that called for a ceasefire.

Barofsky has only upped the attack on Fain since then. The Wall Street Journal reported this week that Barofsky is "probing new allegations against President Shawn Fain, including that he made demands to benefit his domestic partner and her sister, according to a court filing Monday."

The actual complaint, however, is slightly different. Rich Boyer, who Fain, reassigned in May from his job as vice president, said that his "reassignment action was void," because Fain implemented it "in retaliation for my refusal to accede to demands by Brother Fain and his agents that I take actions involving the Stellantis assignment that would have benefitted Brother Fain's domestic partner and her sister." That complaint is included as an exhibit in filing to the court made by Barofsky this week:

The difference between "to benefit," as the Journal described it, and "would have benefited" — Boyer's phrasing — is not just grammatical. If Fain pushed for a broad policy or negotiation tactic that would have benefited many people, and among those are his partner and his sister, that's different than Fain asking for specific favors for his partner and sister.

As the details of this investigation are still unknown, it's possible that Barofsky has a solid case against Fain. So far, that doesn't seem to be the issue here.

The Feb. 29 letter from the attorney for the UAW, Benjamin Dictor, to Neil Barofsky:

Mr. Barofksy:

I write on behalf of the UAW and in particular the President's Office to identify serious concerns arising out of your February 15, 2024 email to the UAW's International Executive Board (theIEB). As discussed below, you are asked to refrain from any such gratuitous communications which are, as you concede in the same February 15, 2024 email, "outside of the Monitor's jurisdiction."

By way of background, as you are aware, the UAW has a long history of taking positions on issues of civil rights, even when doing so has been perceived by some to be controversial. In 1978, the UWA divested from banks that were doing business with the apartheid regime in South Africa. This decision was made

eight years before the United States imposed economic sanctions and is regarded by many to be one of the early catalysts that sparked the global divestment movement leading to the end of apartheid.

On November 30, 2023, the IEB – the democratically-elected governing body of the UAW -- debated whether and what position the UAW should take on the crisis in Gaza. This position statement – calling for a ceasefire – was announced the next day and released to the press.

Soon thereafter you called President Fain and introduced your conversation with President Fain as one that was "strictly on a personal level" during which time you shared with President Fain your personal concerns about the Union's position on the crisis in Gaza. Your call to President Fain on an issue so blatantly outside of the Monitor's jurisdiction was inappropriate as your Office holds disproportionate power over the UAW, and even a "strictly personal" sharing of opinion implicitly implicates such power dynamic. Nonetheless, out of respect for you and the office of the Monitor, President Fain discussed the conversation with only those in his inner circle and chose not to escalate the improper exchange any further.

On February 11, 2024, your Office received a communication from the Anti-Defamation League that also complained about the Union's demand for a ceasefire in Gaza and in particular the actions of Local 7902 in support of same. Instead of doing what your Office should have done – which is to simply have advised that the issue was outside of its jurisdiction and provide the communication to the UAW's Compliance Officer – your Office took two inappropriate steps well outside its jurisdiction.

First, by email dated February 11, 2024 your Office responded to the ADL representative on the merits, taking a position that the ADL's communication to the Monitor in fact "rais[ed] this important issue," that "unfortunately...is outside of the jurisdiction of the monitorship, as set forth in the Consent Decree," and further advising that the ADL's communication would be sent to the entire IEB by the Monitor "to be sure that they are aware of the very serious concerns raised below." (emphasis added).

Second, and even more problematic, on February 15, 2024 you directly (and not through a representative of your Office) sent an email to the entire IEB that expressly communicated your personal feelings on this issue – attaching the ADL's communications and stating – again, in your own name:

Attached and below is a communication sent to the Monitor's hotline by the Anti-Defamation League (ADL) regarding a statement issued by Local 7902. Although this issue is outside of the Monitor's jurisdiction, we thought it was important to forward the message to the IEB given the serious concerns raised here. For what it's worth, as I previously shared with Shawn, similar concerns were raised directly to me shortly after the IEB issued its own ceasefire statement. I am also attaching the Local 7902 President's response.

Putting aside that you obviously have no right to instruct the IEB that something completely outside of your jurisdiction raises "serious concerns," the penultimate sentence – where you disclose your "strictly on a personal level" conversation with President Fain – represents a surprising lack of integrity to the Monitor's role. That "strictly personal" conversation never should have happened. That you then share that conversation with the entire IEB makes it all the more unacceptable.

While we are all entitled to an opinion on the crisis in Gaza and we are all entitled to an opinion on the UAW's call for a ceasefire, under no circumstances should your personal feelings be communicated to the UAW and its governing officers in any manner, and especially in a way that may be perceived as improper use of the power of your Office to elevate your personal opinions on subjects unrelated to the Consent Decree.

As you are aware, President Fain has reversed the positioning of the prior administration and has taken all steps towards complete cooperation with the Monitor in all regards within the Monitor's jurisdiction. That will not change. However, we ask that such respect be mutual and that your Office be respectful of the guardrails on your role and refrain from any further communications of the sort discussed in this email. I remain available to discuss this matter further, and will be providing a copy of this correspondence to the recipients of your February 15 email.

Respectfully,

Benjamin N. Dictor

MID-ISLAND NY 117

12 JUL 2024   PM 4   L

FREEDOM

U.S.

United States District Court for the Eastern District
of Michigan
Clerk's Office
Theodore Levin US Courthouse
231 W. Lafayette Blvd, Room 599
Detroit, MI 48226

48226-279426