# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA,

        Defendant.
_____/

Case No. 20-13293
Hon. David M. Lawson

## MOTION FOR LEAVE OF COURT ALLOWING LIMITED PARTICIPATION OF INTERESTED PARTIES MARGARET MOCK AND RICH BOYER AS AMICI CURIAE

Interested Parties Margaret Mock and Rich Boyer (together, the "Movants") move, by their undersigned counsel, for entry of an order granting leave of the Court allowing their limited participation in this case as amici curiae (hereafter, the "Motion"). Specifically, the Movants seek entry of a proposed order (to be submitted to the Court through the ECF Utilities function, with copies to all parties), that would permit their counsel to (a) appear and speak on their behalf at the Court's scheduled November 26, 2024 hearing on the cross-motions of the UAW and the

1

UAW Monitor seeking, respectively, Clarification and Enforcement of the Consent Decree here (ECF Nos. 127 and 128, together, the "Cross-Motions"), and (b) provide this Court with a 2016 unpublished decision of the United States District Court for the Southern District of New York rendered in that Court's Case No. 88-cv-04486 (the "SDNY Decision") that has already been furnished to counsel for Plaintiff, Defendant and the UAW Monitor. Movants represent that the unpublished SDNY Decision is pertinent and germane to the Court's resolution of the issues presented by the Cross-Motions.

Movants are constitutional officers of Defendant UAW, and are elected members of its International Executive Board, the highest governing body of the UAW between the Union's quadrennial constitutional conventions. They have a direct interest in the Consent Decree Cross-Motions here, as described in the Declaration of Margaret Mock, filed herewith. Despite this interest, however, the Movants do not presently seek the status of Rule 24 Intervenors. Instead, they seek only the limited relief described above. Their Brief set forth below further explains the basis for this Motion.

As required by Local Rule 7.1(a), the undersigned counsel certifies that he conferred on multiple occasions with the parties' counsel and with unrepresented parties, explaining the nature of this Motion and the legal basis for it. Concurrence in the relief sought here was requested but not obtained from Defendant UAW, which will oppose. Counsel for Plaintiff United States of America and the UAW Monitor have authorized the undersigned to state that each support the relief sought by this Motion.

WHEREFORE, the Movants respectfully request that the Court grant them leave (a) permitting their counsel to appear and speak on their behalf at the Court's scheduled November 26, 2024 hearing on the Cross-Motions of the UAW and the UAW Monitor, and and (b) permitting their counsel to provide the Court with the unpublished SDNY Decision that Movants have previously provided to the parties.

Respectfully submitted,

LAW OFFICE OF MICHAEL NICHOLSON

By: s/*Michael Nicholson*
200 South First Street, #525
Ann Arbor MI 48104-1306
Phone: 734.972.9415
Email: mnlawannarbor@gmail.com
Michigan Attorney Bar No. P33421
*Counsel for Margaret Mock and Rich Boyer*

*Dated: November 7, 2024.*

3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 20-13293
        Hon. David M. Lawson

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA,

        Defendant.

_____/

**BRIEF IN SUPPORT OF MOTION FOR LEAVE OF COURT ALLOWING LIMITED PARTICIPATION OF INTERESTED PARTIES MARGARET MOCK AND RICH BOYER AS AMICI CURIAE**

4

## ISSUE PRESENTED

Should the Court grant the Movants leave for limited *amici curiae* participation as interested parties to (a) appear and speak through counsel at the Court's scheduled November 26, 2024 hearing on the Cross-Motions of the UAW and the UAW Monitor (ECF Nos. 127 and 128) which seek, respectively, clarification and enforcement of the Consent Decree here, and (b) permit their counsel to provide the Court with an unpublished decision of the United States District Court for the Southern District of New York, which Movants submit is pertinent and germane to the Court's resolution of the Cross-Motions.

## CONTROLLING AUTHORITY

*Dunbar v. Landis Plastics, Inc.*, 996 F. Supp. 174, 179 (N.D.N.Y. 1998);

*United States v. Michigan*, 116 F.R.D. 655 (W.D. Mich. 1987);

*Hoptowit v. Ray, 682 F.2d 1237 (9th Cir. 1982)*;

and see, *Federal Rules of Appellate Procedure*, Rule 28(j).

## ARGUMENT IN SUPPORT OF MOTION

Federal district courts have the inherent authority to permit a non-party to participate as an amicus curiae in a case, see *United States v. State of Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987), and have broad discretion in deciding whether to permit such participation. See *Dunbar v. Landis Plastics, Inc.*, 996 F. Supp. 174, 179 (N.D.N.Y. 1998).

The classic role of the amicus curiae is to assist in a case of general public interest, supplement the efforts of counsel, and draw the court's attention to law that may otherwise escape consideration. *Miller-Wohl Co., Inc. v. Commissioner of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). There is no requirement that an amicus be disinterested. *Funbus Systems, Inc. v California Public Utilities Commission,* 801 F.2d 1120, 1125 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).

Movants are two elected UAW International officers and members of its governing International Executive Board. Their filing of this motion is primarily occasioned by their October 9, 2024 receipt, through a former colleague of their counsel, of an unpublished 2016 decision of the United States District Court for the Southern District of New York, which Movants wish to bring to the Court's attention. That decision, rendered in the

context of a federal court-approved consensual order between the United States and a labor union, addresses the investigatory production of privileged materials, as do the Cross-Motions here. Movants submit that this Court's review of that decision will aid the Court's decision-making in this case.

Movants also seek to inform the Court about the delays in the processing of their internal union appeals that have resulted from the Monitor's inability to complete his investigations. See Declaration of Margaret Mock, filed herewith. Those unresolved appeals concern the same facts and issues being investigated by the Monitor. Movants submit that it is against the interests of the UAW's membership and the public interest for the Monitor's investigations and the UAW's internal appellate processes to be delayed any longer.

The UAW will claim - with respect to submission of the SDNY Decision – that this Motion is untimely, presumably because briefing on the Cross-Motions has ended and a date for oral argument is set. Although there is no provision of the Federal Rules of Civil Procedure that is instructive on this timeliness question, the Movants submit that the Court

8

should consult Rule 28(j) of the Federal Rules of Appellate Procedure as a guide. F.R.A.P. Rule 28(j) provides:

> "(j) Citation of Supplemental Authorities. If pertinent and significant authorities *come to a party's attention after the party's brief has been filed – or after oral argument but before decis*ion—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and must be similarly limited." (Emphasis supplied.)

Here, the SDNY Decision came to the Movants' attention on October 9, 2024, well after briefing on the UAW and Monitor Cross-Motions was completed. Until that point, the Movants had not sought leave to file anything with the Court on the Cross-Motions.[1] The important point here is that this federal appellate rule allows for a citation of a supplemental authority after briefing – and even after oral argument – *provided that it has come to "the party's attention" after briefing has ended*. That is the case here.

---

[1] Once the unpublished SDNY Decision came to Movants' attention on October 9, 2024, the Movants began their effort to ensure that this decision was presented to this Court. First, they provided a copy of the SDNY Decision to the Monitor, asking him to provide it to this Court. When that did not result, Movants provided a copy of the SDNY Decision to counsel for the United States and the UAW on October 28, 2024, seeking their consent to it being filed with this Court. This Motion became necessary only when the UAW's consent was not obtained.

9

Even though they are not party-intervenors here, but only proposed amici, the Movants submit that this same logic makes timely their effort to bring the SDNY Decision to the Court's attention here.

**CONCLUSION**

For these reasons, the foregoing Motion for Leave of Court Allowing Limited Participation of Interested Parties Margaret Mock and Rich Boyer as Amici Curiae should be granted.

> Respectfully submitted,
>
> LAW OFFICE OF MICHAEL NICHOLSON
>
> By: s/*Michael Nicholson*
> 200 South First Street, #525
> Ann Arbor MI 48104-1306
> Phone: 734.972.9415
> Email: mnlawannarbor@gmail.com
> Michigan Attorney Bar No. P33421
> *Counsel for Margaret Mock and Rich Boyer*

*Dated: November 7, 2024*