UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA
PLAINTIFF,

CASE #: 20-CV-13293

VS.

HON. DAVID M. LAWSON

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,
          DEFENDANT.

RESPONSE IN OPPOSITION TO ECF 143, MOTION FOR LEAVE
FOR LIMITED PARTICIPATION AS AMICI CURIAE BY
MARGARET MOCK AND RICHARD BOYER

# TABLE OF CONTENTS

Table of Authorities ........................................................................................ ii

Statement of Issues Presented ...................................................................... iii

Controlling or Most Appropriate Authority................................................. iv

I. Introduction..............................................................................................1

II. Discussion ...............................................................................................2

      A.    The Amicus Motion Should Be Denied Because It Is Untimely ..........2

      B.    Mock and Boyer's Proffered Reasons for Amicus Status Are Neither Useful Nor Necessary for Resolving the Pending Motions ..................5

III. Conclusion ..............................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Concerned Pastors for Social Action v. Khouri*,
  No. 16-CV-10277, 2017 WL 589194
  (E.D. Mich. Jan. 23, 2017) (Lawson, J.)..............................................................6

*Dow Chemical Co. v United States*,
  Case No. 00-CV-10331, 2002 WL 33012185
  (E.D. Mich. May 24, 2002) (Lawson, J.)...........................................................1, 6

*Friends of Animals v. United States Fish & Wildlife Serv.*,
  No. 18-CV-00053 (DN) (PK), 2021 WL 4440347
  (D. Utah Sept. 28, 2021) ......................................................................................3

*Lawrence v. Chabot*,
  182 F. App'x 442 (6th Cir. 2006) ......................................................................4, 7

*SEC v. Carebourn Cap., L.P.*,
  No. 21-CV-2114 (KMM) (JFD), 2023 WL 4947458
  (D. Minn. Aug. 3, 2023) ......................................................................................3

*United States v. Michigan*,
  940 F.2d 143 (6th Cir. 1991) ............................................................................1, 7

*United States v. Oliver*,
  397 F.3d 369 (6th Cir. 2005) ................................................................................5

*Williams v. Romarm, SA*,
  756 F.3d 777 (D.C. Cir. 2014) ..............................................................................5

**Other Authorities**

Fed. R. Civ. P. 28 ...................................................................................................4, 5, 7

Fed. R. App. P. 29 .....................................................................................................3, 6

## STATEMENT OF ISSUES PRESENTED

Whether a motion for amicus curiae status to allow Movants' counsel to participate in argument at the November 26, 2024 hearing and submit an unpublished 2016 order from a case in another district court for consideration by this Court should be denied where the underlying motions were filed in early July 2024 and fully-briefed on July 31, 2024, but the motion for amicus curiae status was not filed until November 7, 2024?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Dow Chemical Co. v. United States*,
    Case No. 00-CV-10331, 2002 WL 33012185 (E.D. Mich. May 24, 2002)

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)

## I. INTRODUCTION

This Court should exercise its sound discretion to deny the November 7, 2024 motion for amicus status (ECF 143, the "Amicus Motion") filed by non-parties Margaret Mock and Rich Boyer in connection with the July 2024 motions filed by the UAW and the Monitor (ECF 127, 128) to clarify or enforce the Consent Decree, which are set for hearing on November 26, 2024. *E.g.*, *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (amicus status is a "privilege" within the "sound discretion of the courts"); *Dow Chemical Co. v United States*, Case No. 00-CV-10331, 2002 WL 33012185, at *1 (E.D. Mich. May 24, 2002) (Lawson, J.) (same).

A motion for amicus status must be "timely, useful, or otherwise necessary to the administration of justice." *Michigan*, 940 F.2d at 165. Here, the Amicus Motion is none of those things. *First*, it is untimely, having been filed four months after the UAW and the Monitor filed their motions to clarify / enforce the Consent Decree, three and a half months after the Court set a hearing date, three months after the close of briefing, and a month after the original hearing date was adjourned and counsel purportedly learned of the out-of-district unpublished decision he wishes to bring to the Court's attention.

*Second*, the Amicus Motion is neither useful nor necessary. Mock and Boyer seek leave for their counsel to argue at the November 26, 2024 hearing and to submit an unpublished 2016 order from another district for this Court's consideration. But the motion fails to explain *why* the unpublished order would be persuasive. Instead, Mock and Boyer principally seek to provide factual information about their internal union appeals, an improper purpose for amicus participation. Given the extensive briefing already provided by the UAW, the United States, and the Monitor, the issues in this case have been fully and thoroughly developed by the parties, and Mock and Boyer's participation is thus unnecessary and not helpful.

For these reasons and those set forth below, the Court should deny the Amicus Motion.

## II. Discussion

### A. The Amicus Motion Should Be Denied Because It Is Untimely.

The parties' motions to clarify or enforce the Consent Decree are set for hearing on November 26, 2024. The UAW filed its motion on July 3, 2024 (ECF 127, Motion to Clarify Consent Decree), and the Monitor filed his motion on July 8, 2024 (ECF 128, Monitor's Motion to Enforce the Consent Decree). Briefing

closed on July 31, 2024. This Court initially set a motion hearing date for October 9, 2024, which was canceled on October 8 and adjourned to November 26.

Both Mock and Boyer have been aware of the UAW's and the Monitor's motions and their status since they were filed. Counsel for Mock filed an appearance on June 14, 2024, and since then, has received all of the filings in this matter via the Court's electronic docket system. (ECF 125, 126, appearance for Margaret Mock as a purported "interested party"); *see also* ECF 142 (Counsel's October 4, 2024 appearance for Rich Boyer). The Amicus Motion is thus plainly untimely. And despite knowledge of the parties' motions for four months, Mock and Boyer waited to seek amicus status until the eve of the November 26, 2024 hearing date. This alone warrants denial here. *See, e.g.*, *SEC v. Carebourn Cap., L.P.*, No. 21-CV-2114 (KMM) (JFD), 2023 WL 4947458, at *1 (D. Minn. Aug. 3, 2023) (denying amicus motion in part because the motion was filed two months after the close of briefing even though the proposed amicus long knew about the underlying dispute); *Friends of Animals v. United States Fish & Wildlife Serv.*, No. 18-CV-00053 (DN) (PK), 2021 WL 4440347, at *2 (D. Utah Sept. 28, 2021) (denying amicus motion as untimely where it was filed four weeks after responsive brief was filed); *see also* Fed. R. App. P. 29(a)(6) (a motion seeking amicus status

-3-

must be filed "no later than 7 days after the principal brief of the party being supported is filed").

Mock and Boyer seek to justify their untimely filing by claiming that the unpublished order came to their attention only on October 9, 2024, through their counsel's former colleague. Amicus Motion, PageID.2809. That excuse, however, does not explain why they then waited almost a month to seek amicus status (or waited almost three weeks, until October 28, to seek the UAW's concurrence), nor why they did not bring the Mock Declaration and its seven attached exhibits, all dated in July 2024 or before, to the Court's attention earlier if there had been any proper reason to do so. *See* ECF 143-1, PageID.2813 (index attached to Amicus Motion listing dates for the accompanying exhibits).

The Movants' analogy to Rule 28(j) of the Federal Rules of Appellate Procedure is similarly inapt. First, Rule 28(j) applies only to *parties* to the case who have previously filed a brief on the relevant issue, not proposed amici who sat on their hands while briefing was completed. *See* Fed. R. App. P. 28(j) (a "**party** may promptly advise" the court of pertinent and significant authorities that come to a "**party's** attention **after the party's brief has been filed**") (emphasis added). Second, Rule 28(j) may not be used to enter new factual information into the record, as Mock seeks to do here through her declaration. *See Lawrence v. Chabot*,

-4-

182 F. App'x 442, 455 n.5 (6th Cir. 2006) (Rule 28(j) is "not designed to bring new evidence" to the court's attention). Third, although not technically required by the Rule, Rule 28(j) is typically used by a party to bring to the Court's attention decisions rendered *after* briefing or oral argument, not those rendered before that the party failed to discover diligently through appropriate legal research. *E.g.*, *United States v. Oliver*, 397 F.3d 369, 377 n.1 (6th Cir. 2005) (Rule 28(j) letter was appropriate because it "depend[ed] upon a decision that did not exist at the time of briefing"); *Williams v. Romarm, SA*, 756 F.3d 777, 787 (D.C. Cir. 2014) (Rule 28(j) letters should properly be "used to cite new authorities released after briefing is complete or after argument but before issuance of the court's opinion").

In short, the Amicus Motion is months too late and untimely.

**B.     Mock and Boyer's Proffered Reasons for Amicus Status Are Neither Useful Nor Necessary for Resolving the Pending Motions.**

The briefing by the UAW, the United States, and the Monitor on the pending motions to clarify or enforce the Consent Decree demonstrates that there is no need for an amicus curiae here. Indeed, between them, the parties through sophisticated counsel have already submitted six lengthy briefs citing a plethora of authority (ECF 127, 128, 133, 134, 139, 140). The parties are thus "quite capable, both in terms of quantity and quality, of fully explicating the legal and factual issues that

-5-

this Court is called upon to decide." *Dow Chemical*, 2002 WL 33012185, at *1.

Moreover, the Amicus Motion must state "why an *amicus* brief is desirable" and "why the matters asserted are relevant to the disposition of the case." *Id.* (citing Fed. R. App. P. 29(a)). But Mock and Boyer do not do this in any meaningful way. Nor did they attach a proposed amicus brief as required by Rule 29(a)(3). *See* Fed. R. App. P. 29(a)(3); *see also Concerned Pastors for Social Action v. Khouri*, No. 16-CV-10277, 2017 WL 589194, at *5 (E.D. Mich. Jan. 23, 2017) (Lawson, J.) (denying motion for leave to file amicus brief in part because of a failure to comply with relevant filing rules).

In particular, although Mock and Boyer seek leave to submit an unpublished, eight-year-old order from the Southern District of New York, they explain only that the order involves a union-related consent decree and the production of privileged materials, claiming summarily that it is thus "pertinent and germane to the Court's resolution of the issues presented by the Cross-Motions." Amicus Motion, PageID.2804, 2809-2810. But they offer no reason to conclude that the underlying facts or the terms of the consent decree in that case are actually relevant to the pending motions here.[1]

---

[1] In fact, Mock and Boyer explain that they requested that the Monitor provide the unpublished case to the Court, but the Monitor declined to do so. Amicus Motion, PageID.2811 n.1.

The Movants' analogy to Rule 28(j) only highlights the deficiencies in their motion. Under that rule, a party's letter to the court "must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally." Fed. R. Civ. P. 28(j). The Amicus Motion fails that requirement. The motion does not refer to any point made in any brief already filed that the Movants would seek to illuminate or contradict by submission of an out-of-district court order. As noted above, the Motion also undermines the purpose of Rule 28(j) by offering a factual statement for the record about the Movants' internal union appeals. *E.g.*, *Lawrence*, 182 F. App'x at 455 n.5.

Finally, as the Sixth Circuit has explained, the purpose of an amicus is to "provide *impartial* information on matters of law about which there [is] doubt . . . . The position of classical amicus in litigation [is] not to provide a highly partisan account of the facts, but rather to aid the court in resolving doubtful issues of law." *Michigan*, 940 F.2d at 164-65 (emphasis in original). Yet that is exactly what the Movants are attempting to do here through the submission of Mock's declaration. And in any case, if the Movants' purpose is to bring information concerning the status of their Union appeals to the Court's attention, they have accomplished that already. Additional information concerning the Secretary-Treasurer and Vice-President relevant to the Monitor's investigations has also been reported to

the Court in the Monitor's Ninth Status Report (ECF 124, PageID.2318), the Monitor's Brief in support of its Motion to Enforce the Consent Decree (ECF 128, PageID.2431-2433), and the Arain Declaration in support (ECF 128-1, PageID.2455-2460).

The participation of Mock and Boyer is thus neither useful nor necessary.

### III. C<small>ONCLUSION</small>

It is respectfully requested that this Court deny the motion filed by Mock and Boyer for amicus status.

Respectfully submitted,

**GUREWITZ & RABEN, PLC**

By: */s/ Harold Gurewitz*
Harold Gurewitz
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
Email: hgurewitz@grpl.com

Dated: November 15, 2024     Attorney Bar Number: P14468