## UNITED STATES DISTRICT COURT
## EASTERN DISTRIC OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-13293 |
| | ) | Honorable David M. Lawson |
| v. | ) | |
| | ) | |
| INTERNATIONAL UNION, UNITED | ) | |
| AUTOMOBILE, AEROSPACE, AND | ) | |
| AGRICULTURAL IMPLEMENT | ) | |
| WORKERS OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## INTERNATIONAL UNION, UAW'S RESPONSE IN OPPOSITION TO (R 161) EMERGENCY MOTION FOR RELIEF BY NON-PARTY SHARON BELL

## ISSUE PRESENTED

Should the Court grant non-party Sharon Bell's Emergency Motion to Enforce Consent Decree and for Temporary Restraining Order (ECF No. 161) concerning the exclusion of Bell from the ballot for the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (the "Union" or the "UAW") 2026 UAW International Officer Election?

## CONTROLLING AUTHORITY

**Cases**                                                                 **Page(s)**

Consent Decree, *United States v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.* (Jan. 29, 2021), Civil No. 20-cv-13293, ECF No. 10...............................................................1,2,4

**Statutes**

29 USC 481(a)(4)...................................................................... 2

**Other Authorities**

29 C.F.R. § 452.57....................................................................2,3

UAW Const. Article 10 § 4..........................................................3,4

## RESPONSIVE BRIEF

Defendant International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"), by its undersigned attorney, respectfully submits the UAW's Response in Opposition to non-party Sharon Bell's Emergency Motion to Enforce Consent Decree and for Temporary Restraining Order concerning the exclusion of Bell from the ballot (ECF No. 161). The UAW hereby concurs with the Response to the Motion for Temporary Restraining Order submitted by the Court Appointed Monitor July 15, 2026 (ECF No. 164). The Court should deny Bell's request for a temporary restraining order for the reasons articulated in the Monitor's response.

As stated in the Monitor's Response, Bell's motion should be dismissed for multiple reasons. First, Bell failed to exhaust the remedies available pursuant to Paragraphs 47 and 48 of the Consent Decree, and Section 9 of the Official Rules of the 2026 UAW International Election. ECF No. 10 ("Consent Decree"), and ECF No. 159-1, Exhibit A, Section 9 ("Election Rules"). When an action of the Monitor disallows a person from running for International Office, Election Rule Section 9-3 and Consent Order Paragraphs 47 and 48 establish a process to appeal the decision

1

first to the Court Appointed Adjudications Officer and then to the Court. *See* Consent Decree ¶¶ 47 and 48.

Here, the Monitor denied Bell's pre-election protest alleging nomination interference in a July 9, 2026 letter, finding that the nominations process was properly and fairly conducted and there was no retaliation. *See* ECF No. 164, Exhibit B, Response of the Monitor to Sharon Bell's Protest (July 9, 2026) ("Monitor Denial"). Since Bell had not been properly nominated by a delegate on the Convention floor and she was not among those who formally accepted nomination during the Convention, the Monitor's action denying her pre-election protest effectively disallowed her from running for the International Office of Vice President. Bell has not appealed the Monitor's action to the Adjudications Officer. As such, she has failed to exhaust her remedies pursuant to the Consent Decree and Election Rules.

Second, Bell's motion fails on the merits. The UAW's nomination method complied with the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") which governs internal union nominations. 29 U.S.C. § 481(e). The LMRDA requires that unions give members a reasonable opportunity to participate in the nomination process. The regulation pertaining to nominations, 29 C.F.R. § 452.57 states: "Since the Act does not prescribe particular procedures for nomination of candidates, the labor organization is free to employ any method that

2

will provide a reasonable opportunity for making nominations. There are various methods which, if properly and fairly employed, would be considered reasonable under the Act. For example, nominations may be by petition, or from the floor at a nominating meeting." 29 CFR 452.57 (a).

The UAW nomination process surpassed the reasonableness requirements of the Act. Nominations for UAW elective officers took place in the regular order of business of the UAW Convention as mandated by the UAW Constitution. *See* UAW Constitution, Art. 10 § 4. The UAW accepts nominations from the Convention floor pursuant to Robert's Rules of Order which were incorporated in the Convention Rules adopted by the delegate body of the Convention. *See* ECF No. 164, Exhibit C, 39th UAW Constitutional Convention Rules, Rule 1 (June 15-18, 2026). A single duly elected delegate may nominate any member in good standing who otherwise meets the eligibility requirements. *See* Election Rules, Rule 3-3. The UAW Convention Rules were provided to all delegates in attendance at the 2026 UAW Constitutional Convention and training on Robert's Rules of Order was made available to delegates. The nominations at the 2026 UAW Convention were properly and uniformly administered by a convention chair with the assistance of a highly experienced parliamentarian who demonstrated throughout the Convention how to challenge decisions of the chair and seek

3

clarification if there was confusion. This nomination approach exceeded the reasonable opportunity standard.

Bell's specific pre-election challenges submitted to the Monitor failed to show that she was denied a "reasonable opportunity" to be nominated. The Monitor investigated Bell's specific claims of interference submitted in her pre-election protest and properly denied the protest based on substantial evidence in a decision dated July 9, 2026. The Monitor correctly found that the nomination process was fairly and evenly conducted and there was no evidence of retaliation. Ultimately, Bell was provided reasonable opportunity to be nominated for UAW International Office, but she failed to be properly nominated at the 2026 UAW Constitutional Convention by a duly elected delegate as required by the UAW Constitution, the Convention Rules, and the Election Rules.

For these reasons, Bell's Emergency Motion to Enforce the Consent Decree and for a Temporary Restraining Order should be dismissed.

Dated: July 15, 2026

/s/ Carlos F. Bermudez
Carlos F. Bermudez
International Union, UAW
8000 E. Jefferson
Detroit, MI 48214
(313) 926-5216
cbermudez@uaw.net
State Bar ID P62515

*Counsel for International UAW*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, this response brief and any attached document(s) were electronically filed with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

A paper copy of the electronically filed documents will be sent via US Postal Service regular mail on:

Sharon Bell
1214 St. Clair, Unit 56
Detroit, MI 48214
sharonbellt@gmail.com

/s/ Carlos F. Bermudez
Carlos F. Bermudez
International Union, UAW
8000 E. Jefferson
Detroit, MI 48214
(313) 926-5216
cbermudez@uaw.net
State Bar ID P62515

*Counsel for International UAW*

5