Sharon Bell
1214 St. Clair Unit56
Detroit, MI. 48214

July 14, 2026

Correction: UAW Monitor's Denial was July 9, 2026

July 14, 2026

Via Email: UAWAdjudications@katten.com

Gil M. Soffer, Esq.
Court-Appointed Adjudications Officer
Katten Muhin Rosenman LLP
525 W. Monroe
Chicago, IL 60661

Glen G McGorty
GMcGorty@crowell.com

CC: UAWMonitor-Election@jenner.com

Subject: Sharon Bell's appeal EMERGENCY APPEAL TO ADJUDICATOR -CONSENT DECREE:39- Case 20-cv-13293 AGAINST UAW COURT-APPOINTED MONITOR'S JULY 9, 2026, PROTEST DENIAL: ELECTION PROTEST/APPEAL AGAINST DENIAL*

SHARON BELL,
Protestor/Appellant,

v.

NEIL M. BAROFSKY,
Court-Appointed Monitor,
Appellee.
/

Dear Mr. Sofer:

PROTESTOR APPEAL TO THE ADJUDICATOR FROM DENIAL DETERMINATION OF THE COURT-APPOINTED MONITOR*

Protestor Sharon Bell, appearing Pro Se, hereby appeals and protests the July 9, 2026, determination of the Court-Appointed Monitor denying Protestor's status as a candidate for

1

International Vice President in the 2026 UAW International Officer Election. In support, Protestor states:

*STATEMENT OF FACTS*

1. Protestor Sharon Bell is a member in good standing of the UAW and has been a member for over 50 years.

2. In June 2025, UAW Secretary-Treasurer Margaret Mock nominated Protestor at the June 2025 International Executive Board meeting to replace retiring International Vice President Chuck Browning over Ford Motor Company. The Court-Appointed Monitor was present. Protestors were not called to accept or deny the nomination. Repeatedly, protestors' rights to nominations were violated in 2025 and now on June 17, 2026.

3. On June 17, 2026, during the UAW Constitutional Convention, I was nominated by accredited delegates from the floor for International Vice President in compliance with Article 10, Section 6 of the UAW Constitution.

Furthermore, on June 17, 2026, I was nominated from the floor for International Vice President in compliance with UAW Constitution Article 10, Section 6 and subject to Consent Decree:9.

In addition, I was vetted. I was nominated on June 17, 2026, and the monitor had a duty subject to Consent Decree:9. The monitor and the UAW failed see Consent Decree 9 and Article 10, Section 6, UAW Constitution.

4. Protestor is an eyewitness. Protestor stood in the guest area and observed: The delegate went to the microphone. The delegate mentioned three names. Protestor's name was the last one mentioned. The delegate left the microphone and returned to her seat. Regional Director 1D Chair, chairing, yelled out "only one" and paused. The parliamentarian was not brought to the microphone, contrary to procedure used in all other cases.

5. The protestor was not called to the floor to accept the nomination. Protestor's name has not been placed on the ballot.

6. On or about June 9, 2026, the Court-Appointed Monitor issued a denial. In that denial, the Monitor cited a 2012 case regarding Protestor's transfer from Willow Run to Flint Assembly Plant, terminated by Judge Lawson per the union's request. Regional Director Chair chaired, and other UAW members knowingly kept me in Region 1D at UAW Local 598 off and on from 2011 to 2024. The matter has never been corrected. The protester was never paid for any of those wrongful transfers. <u>The subject of this appeal is the UAW Monitor's denial of protest nominations on June 17, 2026, **not about my Willow Run case,** which the Monitor himself has brought up in his denial. **why?**</u>

7. The Monitor interviewed other individuals and two delegates regarding Protestor's nomination but failed to interview Protestor. Protestor did not know the delegate who nominated her and was not asked about the nomination. On June 17, 2026, the Protester witnessed the delegate make the

nomination; Protester witnessed the nomination on June 17, 2026

8. David Pillsbury sent a statement to the Monitor claiming the delegate nominated four people. Protester saw and heard only three names. Pillsbury's witness statement is slightly different from Protester's

9. Beginning before June 9, 2026, Protester submitted multiple written requests to inspect the untampered video and audio record of the June 17, 2026, Convention showing her nomination. The Monitor has not provided access.

10. Ballots for the 2026 International Officer election are scheduled to be mailed to members beginning October 2026 and do not include Protestor's name.

11. Protestor was a candidate for International President in the 2022 UAW International Officer election and received 28,000 votes.

*GROUNDS FOR APPEAL*

1. *The Monitor's determination is clearly erroneous* Protestor was duly nominated from the floor under Article 10, Section 6. The nomination was never withdrawn.

2. *The Monitor relied on improper and irrelevant matters. The 2012 Willow Run/Flint transfer case has no bearing on a 2026 nomination and was terminated in 2012. Citing it constitutes retaliation under LMRDA § 529.

3. *The Monitor conducted a biased investigation. The Monitor interviewed others but failed to interview Protestor, the candidate whose nomination was at issue. The Monitor relied on witness statements, including David Pillsburgh's conflict with Protestor's eyewitness account.

4. *The Monitor denied access to determinative evidence. The untampered video and audio of the June 17, 2026, Convention will show how many names the delegate stated and that Protestor was nominated. The Monitor has refused inspection despite repeated requests.

5. *The Monitor failed to enforce standard parliamentary procedure. Regional Director Chair yelled "only one" after the delegate left the microphone. The parliamentarian was not called to explain to the floor, contrary to procedure followed in all other cases.

6. *The determination violates the LMRDA. 29 U.S.C. § 401(a-c) et seq. guarantees union members the right to fair elections, to nominate candidates, and to be free from retaliation for exercising those rights. Excluding a duly nominated candidate harms Protestor and the membership's right to vote.

*RELIEF REQUESTED*

WHEREFORE, Protestor Sharon Bell respectfully requests that the Adjudicator:

1. *REVERSE* the June 9, 2026, determination of the Court-Appointed Monitor;

2. *ORDER* the Court-Appointed Monitor to immediately:
 a. Produce for inspection the untampered video and audio record of the June 17, 2026, Convention showing Protestor's nomination;
 b. Produce all witness statements received regarding the nomination, including the statement of David Pillsburgh;
 c. Place Protestor's name on the ballot as a candidate for International Vice President;

3. *STAY* the printing and distribution of 2026 International Officer ballots until this appeal is resolved:

4. *ORDER* such other relief as is proper to ensure a fair election.

/s/ Sharon Bell

Respectfully submitted,

/s/Sharon Bell

Sharon Bell
Protestor/Appellant, Pro Se
1214 St. Clair Unit 56
Detroit, Michigan
313-680-9800
sharonbellt@mail.com

Dated: July 14, 2026

4