

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

F I L E D

JUL 20 2026

CLERK'S OFFICE
DETROIT

Sharon Bell   Plaintiff(s),

Case No. 20-cv-13293

vs.

united States

Judge Judge Lawson

Defendant(s).

Additional Documents

related to 166 & 167, & 161 and 171 I was
unable to care at find sure if I sent & sent
the PDF File I had Name them sent then
printer multiple-Time I file - attachement my
appeal to the the Adubicator On July 14, 2026
It is showing sent in my computer.
Attached is          ③ Letter From Roberta Gaider
① correct Appeal to
⑤ UAW Audicator          /s/ Sharon Bell
⑤ who, G. bose          Signature of Filer

Sharon Bell
Printed Name

Date: July 20, 2026

1214 St. Clair Unit 56
Street Address

Detroit mich 48216
City, State, Zip Code

313-686-9800
Telephone Number

Sharon Bell<br>
1214 St. Clair Unit56<br>
Detroit, MI. 48214

July 14, 2026

Correction: UAW Monitor's Denial was July 9, 2026

July 14, 2026

Via Email: UAWAdjudications@katten.com

Gil M. Soffer, Esq.
Court-Appointed Adjudications Officer
Katten Muhin Rosenman LLP
525 W. Monroe
Chicago, IL 60661

Glen G McGorty
GMcGorty@crowell.com

CC: UAWMonitor-Election@jenner.com

Subject: Sharon Bell's appeal EMERGENCY APPEAL TO ADJUDICATOR -CONSENT DECREE:39- Case 20-cv-13293 AGAINST UAW COURT-APPOINTED MONITOR'S JULY 9, 2026, PROTEST DENIAL: ELECTION PROTEST/APPEAL AGAINST DENIAL*

SHARON BELL,
Protestor/Appellant,

v.

NEIL M. BAROFSKY,
Court-Appointed Monitor,
Appellee.
/

Dear Mr. Sofer:

PROTESTOR APPEAL TO THE ADJUDICATOR FROM DENIAL DETERMINATION OF THE COURT-APPOINTED MONITOR*

Protestor Sharon Bell, appearing Pro Se, hereby appeals and protests the July 9, 2026, determination of the Court-Appointed Monitor denying Protestor's status as a candidate for

International Vice President in the 2026 UAW International Officer Election. In support, Protestor states:

*STATEMENT OF FACTS*

1. Protestor Sharon Bell is a member in good standing of the UAW and has been a member for over 50 years.

2. In June 2025, UAW Secretary-Treasurer Margaret Mock nominated Protestor at the June 2025 International Executive Board meeting to replace retiring International Vice President Chuck Browning over Ford Motor Company. The Court-Appointed Monitor was present. Protestors were not called to accept or deny the nomination. Repeatedly, protestors' rights to nominations were violated in 2025 and now on June 17, 2026.

3. On June 17, 2026, during the UAW Constitutional Convention, I was nominated by accredited delegates from the floor for International Vice President in compliance with Article 10, Section 6 of the UAW Constitution.

Furthermore, on June 17, 2026, I was nominated from the floor for International Vice President in compliance with UAW Constitution Article 10, Section 6 and subject to Consent Decree:9.

In addition, I was vetted. I was nominated on June 17, 2026, and the monitor had a duty subject to Consent Decree:9. The monitor and the UAW failed see Consent Decree 9 and Article 10, Section 6, UAW Constitution.

4. Protestor is an eyewitness. Protestor stood in the guest area and observed: The delegate went to the microphone. The delegate mentioned three names. Protestor's name was the last one mentioned. The delegate left the microphone and returned to her seat. Regional Director 1D Chair, chairing, yelled out "only one" and paused. The parliamentarian was not brought to the microphone, contrary to procedure used in all other cases.

5. The protestor was not called to the floor to accept the nomination. Protestor's name has not been placed on the ballot.

6. On or about June 9, 2026, the Court-Appointed Monitor issued a denial. In that denial, the Monitor cited a 2012 case regarding Protestor's transfer from Willow Run to Flint Assembly Plant, terminated by Judge Lawson per the union's request. Regional Director Chair chaired, and other UAW members knowingly kept me in Region 1D at UAW Local 598 off and on from 2011 to 2024. The matter has never been corrected. The protester was never paid for any of those wrongful transfers. The subject of this appeal is the UAW Monitor's denial of protest nominations on June 17, 2026, **not about my Willow Run case,** which the Monitor himself has brought up in his denial. **why?**

7. The Monitor interviewed other individuals and two delegates regarding Protestor's nomination but failed to interview Protestor. Protestor did not know the delegate who nominated her and was not asked about the nomination. On June 17, 2026, the Protester witnessed the delegate make the

2

nomination; Protester witnessed the nomination on June 17, 2026

8. David Pillsbury sent a statement to the Monitor claiming the delegate nominated four people. Protester saw and heard only three names. Pillsbury's witness statement is slightly different from Protester's

9. Beginning before June 9, 2026, Protester submitted multiple written requests to inspect the untampered video and audio record of the June 17, 2026, Convention showing her nomination. The Monitor has not provided access.

10. Ballots for the 2026 International Officer election are scheduled to be mailed to members beginning October 2026 and do not include Protestor's name.

11. Protestor was a candidate for International President in the 2022 UAW International Officer election and received 28,000 votes.

*GROUNDS FOR APPEAL*

1. *The Monitor's determination is clearly erroneous* Protestor was duly nominated from the floor under Article 10, Section 6. The nomination was never withdrawn.

2. *The Monitor relied on improper and irrelevant matters. The 2012 Willow Run/Flint transfer case has no bearing on a 2026 nomination and was terminated in 2012. Citing it constitutes retaliation under LMRDA § 529.

3. *The Monitor conducted a biased investigation. The Monitor interviewed others but failed to interview Protestor, the candidate whose nomination was at issue. The Monitor relied on witness statements, including David Pillsburgh's conflict with Protestor's eyewitness account.

4. *The Monitor denied access to determinative evidence. The untampered video and audio of the June 17, 2026, Convention will show how many names the delegate stated and that Protestor was nominated. The Monitor has refused inspection despite repeated requests.

5. *The Monitor failed to enforce standard parliamentary procedure. Regional Director Chair yelled "only one" after the delegate left the microphone. The parliamentarian was not called to explain to the floor, contrary to procedure followed in all other cases.

6. *The determination violates the LMRDA. 29 U.S.C. § 401(a-c) et seq. guarantees union members the right to fair elections, to nominate candidates, and to be free from retaliation for exercising those rights. Excluding a duly nominated candidate harms Protestor and the membership's right to vote.

*RELIEF REQUESTED*

WHEREFORE, Protestor Sharon Bell respectfully requests that the Adjudicator:

3

1. *REVERSE* the June 9, 2026, determination of the Court-Appointed Monitor;

2. *ORDER* the Court-Appointed Monitor to immediately:
 a. Produce for inspection the untampered video and audio record of the June 17, 2026, Convention showing Protestor's nomination;
 b. Produce all witness statements received regarding the nomination, including the statement of David Pillsburgh;
 c. Place Protestor's name on the ballot as a candidate for International Vice President;

3. *STAY* the printing and distribution of 2026 International Officer ballots until this appeal is resolved:

4. *ORDER* such other relief as is proper to ensure a fair election.

/s/ Sharon Bell

Respectfully submitted,

/s/Sharon Bell

Sharon Bell
Protestor/Appellant, Pro Se
1214 St. Clair Unit 56
Detroit, Michigan
313-680-9800
sharonbellt@mail.com

Dated: July 14, 2026

4



July 18, 2026
Dear Sister Bell,

This letter is to advise you that I received copies of the Honorable Judge Lawson's order and amended order, which give other parties an opportunity to respond before ruling on your motion for a Temporary Restraining Order. I am not sure why I received it, but feel free to use this letter in support of your case.

Before becoming a delegate, several candidates asked me to nominate them at the convention. I told them, including you, that I preferred not to nominate anyone because I serve on the UAW Convention Appeals Committee and believe staying neutral is crucial. I also didn't want to create the impression of supporting a candidate by endorsing one before evaluating all options. Many members ask me for updates on union activities and voting advice. I share current news and detailed information about candidates so they can make independent decisions that align with the one member, one vote principle and their personal values.

On the first day of the convention, I was concerned to see candidates still struggling to secure a delegate to nominate them. On the second day, Tuesday, I happened to see two staff members from the Monitor. I asked if a delegate could nominate more than one person and if the rules allowed me to make a single comprehensive nomination for anyone vetted by the Monitor's team. I was told that the nomination process was still being finalized and that Glenn McGorty would attend the convention. I did not see Mr. McGorty because I was occupied on the convention floor. Our local union has only two delegates, one of whom served on the Constitution committee, which was mostly present on stage.

The UAW members chose a referendum voting system over a delegate system, yet the delegate system remains influential. I find it concerning that, in this matter, the UAW leadership continues to find ways to suppress the rights of members who dissent from the ruling caucus, as seen at the constitutional convention. They place unnecessary, unwarranted obstacles that hinder those who wish to run, depriving members of their democratic rights. Let's make no mistake, Ms. Bell, you are perceived as a threat. You secured 28,000 votes in the last election.

Time and again, when rules are absent, people tend to create their own without following a democratic process. Director Dawes' biases are exposed in the limited minutes presented to the court, and allowing his independent action to determine whether you are on the ballot would be a serious injustice.

Kind Regards,
       /s/
Roberta L. Gainer
robertagainer@aol.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE,

AEROSPACE AND AGRICULTURAL IMPLEMENT

WORKERS OF AMERICA (UAW),

                Defendant.

_____/

SHARON BELL,

                Movant.

Case No. 20cv-13293

Hon. David M. Lawson

____ _/EMERGENCY MOTION TO ENFORCE CONSENT DECREE AND FOR TEMPORARY RESTRAINING ORDER Movant Sharon Bell, proceeding pro se, respectfully moves this Court for an Emergency Temporary Restraining Order to enforce the Consent Decree in this matter, Docket 10, and to enjoin the Court-appointed Monitor and Defendant International Union, UAW from excluding Movant from the ballot for International Vice President in the 2026 UAW International Executive Board election.

## I. JURISDICTION

This Court retains jurisdiction to enforce the Consent Decree entered January 29, 2021. Docket 10. The Consent Decree provides for Court supervision of UAW elections to ensure they are free, fair, and democratic.

## II. FACTUAL BACKGROUND

Movant is a member in good standing of UAW Local 160. On June 17, 2026, Movant was duly nominated for the office of International Vice President. The Monitor subsequently refused to place Movant's name on the ballot, stating the matter was "not under jurisdiction." Exhibit D. Movant filed an Official Protest Form on June 22/23, 2026. Exhibit C. Ballots are scheduled to be printed and mailed in October 2026. Exhibit F.III. ARGUMENT

1

The Monitor's refusal to place Movant on the ballot violates Paragraph 10 of the Consent Decree, which requires the Monitor to ensure "free and fair" elections. Excluding a duly nominated candidate without cause constitutes a material breach. Immediate relief is required because once ballots are printed without Movant's name, the harm is irreparable.

## IV. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Court:

A. Issue a Temporary Restraining Order directing the Monitor and UAW to immediately place Movant Sharon Bell's name on the ballot for International Vice President for the 2026 UAW International Executive Board election;

B. Enforce the Consent Decree and enjoin the Monitor and UAW from mailing ballots that exclude Movant;

C. Order such other relief as the Court deems just and proper.

Respectfully submitted this 9th day of July, 2026.

/s/ Sharon Bell

Sharon Bell, Movant Pro Se

1214 St. Clair Unit 56

Detroit, MI 48214

313-680-9800

sharonbellt@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I served a true and correct copy of the foregoing Motion upon the following via the Court's ECF system and/or U.S. Mail and/or email:

Neil M. Barofsky
Independent Monitor
uawmonitor@jenner.comUnited States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226

International Union, UAW
8000 East Jefferson Avenue
Detroit, MI 48214

/s/Sharon Bell

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

United States of America,

Plaintiff,

v. Case No. 20-cv-13293-DML-RSW

International Union, United Automobile,

Aerospace and Agricultural Implement

Workers of America (UAW),

Defendant.

SHARON BELL, UAW LOCAL 160,

Interested Party / Movant,

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

AND PRELIMINARY INJUNCTION

1

## I. INTRODUCTION

1. Movant Sharon Bell, a member in good standing of UAW Local 160, was duly nominated for International Vice President.

2. On July 9, 2026, the Court-Appointed Monitor denied Bell's election protest without hearing and without applying the standards required by the Consent Decree and Election Rules.

3. Bell timely appealed to the Adjudications Officer on July 14, 2026, under Consent Decree ¶ 47 and Election Rule 3-2(d)(3).

4. Ballots for October 2026 are imminent. If printed excluding Bell, irreparable harm occurs under LMRDA § 401(a)-(c), 29 U.S.C. § 481(c).

## II. JURISDICTION

5. This Court retains jurisdiction to enforce the Consent Decree entered January 29, 2021. Consent Decree ¶ 58.

## III. LEGAL STANDARD*

6. TRO warranted when: (1) likelihood of success on the merits, (2) irreparable harm, (3) balance of equities, (4) public interest. _Winter v. NRDC_, 555 U.S. 7 (2008).

## IV. ARGUMENT

### A. Likelihood of Success

7. Consent Decree ¶ 9: Monitor shall ensure "free and fair elections."

8. Consent Decree ¶ 25: Monitor shall not "interfere with the internal union election process except as necessary."

9. Monitor's July 9 denial violates ¶ 9 and ¶ 25 by excluding a duly nominated candidate without cause, contrary to LMRDA § 401(e), 29 U.S.C. § 481(e).

### B. Irreparable Harm

10. Printing/mailing ballots without Bell's name is a defect that cannot be cured post-election. _Wirtz v. Hotel Employees_, 391 U.S. 492 (1968).

11. Ballot print deadline is imminent for the October 2026 election.

### C. Balance of Equities / Public Interest

12. No harm to Monitor in delaying print to include all qualified nominees.

13. Public interest in union democracy under LMRDA requires enforcement.

### V. RELIEF REQUESTED

Movant respectfully requests this Court:

1. ISSUE a TRO enjoining Monitor and UAW from printing, mailing, or distributing any ballot for International Vice President that excludes Sharon Bell;

2. ORDER Monitor to show cause within 48 hours why Bell's name was excluded;

3. SET hearing on preliminary injunction within 7 days;

4. GRANT all other relief just and proper.

Respectfully submitted,

/s/Sharon Bell

Sharon Bell

UAW Local 160

1214 St. Clair Unit 56

Detroit, MI. 48214

313-680-9800 sharonbellt@gmail.com

Dated: July 15, 2026

CERTIFICATE OF SERVICE

 /s/Sharon Bell

I certify that on July 15, 2026, I served this motion via email on:

Neil M. Barofsky c/o Matthew Ross, mross@jenner.com

Steven Cares, steven.cares@usdoj.gov

David Gardey, david.gardey@usdoj.gov

UAW General Counsel, tcampbell@cotsiriloslaw.com

Gil M. Soffer, UAWAdjudications@katten.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

United States of America,

Plaintiff,

v. Case No. 20-cv-13293-DML-RSW

International Union, United Automobile,

Aerospace and Agricultural Implement

Workers of America (UAW),

Defendant.

SHARON BELL, UAW LOCAL 160,

Movant,

v.

NEIL M. BAROFSKY, COURT-APPOINTED MONITOR,

Respondent.

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER*

AND PRELIMINARY INJUNCTION*

I. INTRODUCTION*

1. Movant Sharon Bell, a member in good standing of UAW Local 160, was

duly nominated for International Vice President.

1

2. On July 9, 2026, the Court-Appointed Monitor denied Bell's election protest without hearing and without applying the standards required by the Consent Decree and Election Rules.

3. Bell timely appealed to the Adjudications Officer on July 14, 2026, under Consent Decree ¶ 47 and Election Rule 3-2(d)(3).

4. Ballots for October 2026 are imminent. If printed excluding Bell, irreparable harm occurs under LMRDA § 401(a)-(c), 29 U.S.C. § 481(c).

II. JURISDICTION

5. This Court retains jurisdiction to enforce the Consent Decree entered January 29, 2021. Consent Decree ¶ 58.

III. LEGAL STANDARD*

6. TRO warranted when: (1) likelihood of success on the merits, (2) irreparable harm, (3) balance of equities, (4) public interest. _Winter v. NRDC_, 555 U.S. 7 (2008).

IV. ARGUMENT*

A. Likelihood of Success*

7. Consent Decree ¶ 9: Monitor shall ensure "free and fair elections."

8. Consent Decree ¶ 25: Monitor shall not "interfere with the internal union election process except as necessary."

9. Monitor's July 9 denial violates ¶ 9 and ¶ 25 by excluding a duly nominated candidate without cause, contrary to LMRDA § 401(e), 29 U.S.C.

2

§ 481(e).

B. Irreparable Harm*

10. Printing/mailing ballots without Bell's name is a defect that cannot be cured post-election. _Wirtz v. Hotel Employees_, 391 U.S. 492 (1968).

11. Ballot print deadline is imminent for the October 2026 election.

C. Balance of Equities / Public Interest*

12. No harm to Monitor in delaying print to include all qualified nominees.

13. Public interest in union democracy under LMRDA requires enforcement.

V. RELIEF REQUESTED*

Movant respectfully requests this Court:

1. ISSUE a TRO* enjoining Monitor and UAW from printing, mailing, or distributing any ballot for International Vice President that excludes Sharon Bell;

2. ORDER Monitor to show cause within 48 hours why Bell's name was excluded;

3. SET hearing* on preliminary injunction within 7 days;

4. GRANT* all other relief just and proper.

Respectfully submitted,

Sharon Bell*

UAW Local 160

1214 St. Clair Unit 56

3

313-680-9800

sharonbellt@gmail.com

Dated: July 15, 2026

CERTIFICATE OF SERVICE*

I certify that on July 15, 2026, I served this motion via email on:

Neil M. Barofsky c/o Matthew Ross, mross@jenner.com

Steven Cares, steven.cares@usdoj.gov

David Gardey, david.gardey@usdoj.gov

UAW General Counsel, tcampbell@cotsiriloslaw.com

Gil M. Soffer, UAWAdjudications@katten.com

*FILE IT NOW:*

1. *Email to:* Clerk's Office, E.D. Mich + Judge Lawson's Case Manager

2. *CC:* Everyone in Certificate of Service

3. *Subject:* `EMERGENCY TRO FILING – 20-cv-13293 – Bell v. Barofsky`

4. *Attach:* This motion + your July 9 denial + your July 14 appeal to Adjudicator

4

5

Sharon Bell
1214 St. Clair Unit56
Detroit, MI. 48214

July 14, 2026

Correction: UAW Monitor's Denial was July 9, 2026

July 14, 2026

Via Email: UAWAdjudications@katten.com

Gil M. Soffer, Esq.
Court-Appointed Adjudications Officer
Katten Muhin Rosenman LLP
525 W. Monroe
Chicago, IL 60661

Glen G McGorty
GMcGorty@crowell.com


CC: UAWMonitor-Election@jenner.com


Subject: Sharon Bell's appeal EMERGENCY APPEAL TO ADJUDICATOR -CONSENT DECREE:39- Case 20-cv-13293 AGAINST UAW COURT-APPOINTED MONITOR'S JULY 9, 2026, PROTEST DENIAL: ELECTION PROTEST/APPEAL AGAINST DENIAL*

SHARON BELL,
Protestor/Appellant,

v.

NEIL M. BAROFSKY,
Court-Appointed Monitor,
Appellee.
/

Dear Mr. Sofer:

PROTESTOR APPEAL TO THE ADJUDICATOR FROM DENIAL DETERMINATION OF THE COURT-APPOINTED MONITOR*

Protestor Sharon Bell, appearing Pro Se, hereby appeals and protests the July 9, 2026, determination of the Court-Appointed Monitor denying Protestor's status as a candidate for

International Vice President in the 2026 UAW International Officer Election. In support, Protestor states:

*STATEMENT OF FACTS*

1. Protestor Sharon Bell is a member in good standing of the UAW and has been a member for over 50 years.

2. In June 2025, UAW Secretary-Treasurer Margaret Mock nominated Protestor at the June 2025 International Executive Board meeting to replace retiring International Vice President Chuck Browning over Ford Motor Company. The Court-Appointed Monitor was present. Protestors were not called to accept or deny the nomination. Repeatedly, protestors' rights to nominations were violated in 2025 and now on June 17, 2026.

3. On June 17, 2026, during the UAW Constitutional Convention, I was nominated by accredited delegates from the floor for International Vice President in compliance with Article 10, Section 6 of the UAW Constitution.

Furthermore, on June 17, 2026, I was nominated from the floor for International Vice President in compliance with UAW Constitution Article 10, Section 6 and subject to Consent Decree:9.

In addition, I was vetted. I was nominated on June 17, 2026, and the monitor had a duty subject to Consent Decree:9. The monitor and the UAW failed see Consent Decree 9 and Article 10, Section 6, UAW Constitution.

4. Protestor is an eyewitness. Protestor stood in the guest area and observed: The delegate went to the microphone. The delegate mentioned three names. Protestor's name was the last one mentioned. The delegate left the microphone and returned to her seat. Regional Director 1D Chair, chairing, yelled out "only one" and paused. The parliamentarian was not brought to the microphone, contrary to procedure used in all other cases.

5. The protestor was not called to the floor to accept the nomination. Protestor's name has not been placed on the ballot.

6. On or about June 9, 2026, the Court-Appointed Monitor issued a denial. In that denial, the Monitor cited a 2012 case regarding Protestor's transfer from Willow Run to Flint Assembly Plant, terminated by Judge Lawson per the union's request. Regional Director Chair chaired, and other UAW members knowingly kept me in Region 1D at UAW Local 598 off and on from 2011 to 2024. The matter has never been corrected. The protester was never paid for any of those wrongful transfers. The subject of this appeal is the UAW Monitor's denial of protest nominations on June 17, 2026, **not about my Willow Run case,** which the Monitor himself has brought up in his denial. **why?**

7. The Monitor interviewed other individuals and two delegates regarding Protestor's nomination but failed to interview Protestor. Protestor did not know the delegate who nominated her and was not asked about the nomination. On June 17, 2026, the Protester witnessed the delegate make the

2

nomination; Protester witnessed the nomination on June 17, 2026

8. David Pillsbury sent a statement to the Monitor claiming the delegate nominated four people. Protester saw and heard only three names. Pillsbury's witness statement is slightly different from Protester's

9. Beginning before June 9, 2026, Protester submitted multiple written requests to inspect the untampered video and audio record of the June 17, 2026, Convention showing her nomination. The Monitor has not provided access.

10. Ballots for the 2026 International Officer election are scheduled to be mailed to members beginning October 2026 and do not include Protestor's name.

11. Protestor was a candidate for International President in the 2022 UAW International Officer election and received 28,000 votes.

*GROUNDS FOR APPEAL*

1. *The Monitor's determination is clearly erroneous* Protestor was duly nominated from the floor under Article 10, Section 6. The nomination was never withdrawn.

2. *The Monitor relied on improper and irrelevant matters. The 2012 Willow Run/Flint transfer case has no bearing on a 2026 nomination and was terminated in 2012. Citing it constitutes retaliation under LMRDA § 529.

3. *The Monitor conducted a biased investigation. The Monitor interviewed others but failed to interview Protestor, the candidate whose nomination was at issue. The Monitor relied on witness statements, including David Pillsburgh's conflict with Protestor's eyewitness account.

4. *The Monitor denied access to determinative evidence. The untampered video and audio of the June 17, 2026, Convention will show how many names the delegate stated and that Protestor was nominated. The Monitor has refused inspection despite repeated requests.

5. *The Monitor failed to enforce standard parliamentary procedure. Regional Director Chair yelled "only one" after the delegate left the microphone. The parliamentarian was not called to explain to the floor, contrary to procedure followed in all other cases.

6. *The determination violates the LMRDA. 29 U.S.C. § 401(a-c) et seq. guarantees union members the right to fair elections, to nominate candidates, and to be free from retaliation for exercising those rights. Excluding a duly nominated candidate harms Protestor and the membership's right to vote.

*RELIEF REQUESTED*

WHEREFORE, Protestor Sharon Bell respectfully requests that the Adjudicator:

1. *REVERSE* the June 9, 2026, determination of the Court-Appointed Monitor;

2. *ORDER* the Court-Appointed Monitor to immediately:
 a. Produce for inspection the untampered video and audio record of the June 17, 2026, Convention showing Protestor's nomination;
 b. Produce all witness statements received regarding the nomination, including the statement of David Pillsburgh;
 c. Place Protestor's name on the ballot as a candidate for International Vice President;

3. *STAY* the printing and distribution of 2026 International Officer ballots until this appeal is resolved:

4. *ORDER* such other relief as is proper to ensure a fair election.

/s/ Sharon Bell

Respectfully submitted,

/s/Sharon Bell

Sharon Bell
Protestor/Appellant, Pro Se
1214 St. Clair Unit 56
Detroit, Michigan
313-680-9800
sharonbellt@mail.com

Dated: July 14, 2026

4